FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 1 1 2004

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

In re METROPOLITAN SECURITIES
LITIGATION

THIS DOCUMENT RELATES TO: ALL
ACTIONS

No. CV-04-025-FVS

CLASS ACTION

ORDER RE: LEAD PLAINTIFF AND
LEAD PLAINTIFF'S COUNSEL

**THIS MATTER** came before the Court on May 10, 2004, pursuant to the Motion for Appointment of Lead Plaintiffs and for Appointment of Lead Plaintiffs' Lead Counsel (Ct. Rec. 30 in No. CV-04-025-FVS), and the Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel (Ct. Rec. 27 in No. CV-04-028-FVS; Ct. Rec. 37 in No. CV-04-025-FVS). Bradley Jones and Steve Berman appeared on behalf of the group of plaintiffs including Keith Cauvel (hereinafter the Saylor group). Darrell Scott represented the group of plaintiffs including Esther Hall and the Meyers family. Lori Phillips appeared on behalf of Ernst & Young. The Court issued an Order re: Appointment of Lead Plaintiff on June 7, 2004, in which it determined that the Saylor group is the presumptively most adequate lead plaintiff, and permitted objections to be filed rebutting the Saylor group's showing under Civil Rule of Procedure 23. Submissions were subsequently filed, and the matter came before the Court again on August 5, 2004.

///

///

ORDER RE: LEAD PLAINTIFF AND LEAD PLAINTIFF'S COUNSEL- 1

## DISCUSSION

The parties agree that the Saylor group's Motion for Appointment of Lead Plaintiff and Lead Plaintiff's Counsel should be granted, and that the Meyers family's Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel should be denied. The parties disagree, however, over the language that should be included in the Court's Order. The Meyers family asserts that the Order should not attempt to designate a class or authorize the Lead Plaintiff or Lead Plaintiff's Counsel to represent the class because a motion for class certification, along with all potential issues related thereto, has not yet been presented to the Court. The Meyers family also asserts that the Lead Plaintiff and Lead Plaintiff's Counsel should not be authorized to represent the class for purposes of the bankruptcy proceedings. See *Metropolitan Mortgage & Securities Co, Inc., et al. v. Keith Cauvel, et al.*, No. CV-04-187-FVS. The Saylor group maintains that the Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel should be granted without the limitations proposed by the Meyers family, who are merely attempting to relitigate issues which the Court has already resolved.

The Court determines that the Saylor group's Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel is **GRANTED**, and the Meyers family's Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel is **DENIED**. Nothing in this Order precludes the litigation of any issues related to a potential motion for class certification under Federal Rule of Civil Procedure 23.

ORDER RE: LEAD PLAINTIFF AND LEAD PLAINTIFF'S COUNSEL- 2

**IT IS HEREBY ORDERED:**

1. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Saylor Group's Motion for Appointment of Lead Plaintiff is **GRANTED**. The members of the Saylor group, Arthur Becker, Venus ("Vee") Hafford Webber, Eva Draughn, George Saylor, Becklyn Wilkey and Floyd Bodner are appointed as Lead Plaintiff on behalf of a potential class for all purposes in this action pursuant to 15 U.S.C. § 78u(a)(3)(B).

2. The Meyers Family's Motion for Appointment of Lead Plaintiff is **DENIED**.

3. The Court approves Lead Plaintiff's selection of Lead Counsel. The law firms of Hagens Berman LLP and Gordon Thomas Honeywell Malanca Peterson & Daheim LP are appointed Lead Plaintiff's Co-Lead Counsel to represent a potential class for all purposes in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

4. Co-Lead Plaintiff's Counsel shall have the authority and responsibility to:

    a. Coordinate the briefing and argument of motions;

    b. Coordinate the conduct of discovery proceedings;

    c. Coordinate the examination of witnesses in depositions;

    d. Call meetings of counsel as they deem necessary and appropriate from time to time;

    e. Coordinate settlement negotiations with counsel for defendants;

ORDER RE: LEAD PLAINTIFF AND LEAD PLAINTIFF'S COUNSEL- 3

f.   Coordinate communications with and appearances before the Court, and coordinate the dissemination of notices and orders on behalf of plaintiffs; and

g.   Coordinate all other activities and matters concerning the prosecution or resolution of the consolidated actions;

5.  Defendants' counsel may rely upon agreements made with Co-Lead Plaintiff's Counsel. Such agreements shall be binding on all plaintiffs.

6.  Nothing in this Order precludes the litigation of any issues related to a potential motion for class certification under Federal Rule of Civil Procedure 23.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

DATED this 10th day of August, 2004.

*Fred Van Sickle*
Fred Van Sickle
Chief United States District Judge

ORDER RE: LEAD PLAINTIFF AND LEAD PLAINTIFF'S COUNSEL- 4