THE HONORABLE FRED Van SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA 98402
253-620-6500

STEVE W. BERMAN, WSBA No. 12536
CLYDE A. PLATT, JR., WSBA No. 22946
BRENT R. WALTON, WSBA No. 27395
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609
206-623-7292

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-025-FVS |
|---|---|
|  | CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

In order to protect the confidentiality of certain information obtained by the parties in connection with the consolidated cases above, the parties, through their counsel of record, hereby agree as follows:

Stip. Protective Order Re Confidential Info - 1 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

A. Any party or non-party may designate as "Confidential," as set forth herein, any document or information that that party or witness considers in good faith to contain non-public, confidential, trade secret, proprietary, or private financial information subject to protection under the Federal Rules of Civil Procedure (hereinafter referred to as "Confidential Information").

B. A party or non-party may designate a document produced by it that that party or witness considers in good faith to contain Confidential Information by marking the document "Confidential."

C. A party or non-party may designate information disclosed by it during a deposition or in response to written discovery that that party or witness considers in good faith to contain Confidential Information by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript (or videotape) of such material. Both the non-confidential and confidential transcripts (or videotapes) shall use a single set of continuous numbers so that the continuity of the deposition transcript pagination is maintained. Additionally a party may designate in writing, within 30 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript (or portions of the videotape) and/or specific responses be treated as Confidential Information. All costs associated with the preparation of separate confidential and non-confidential transcripts and videotapes or of executing procedures for denominating Confidential Information in transcripts as referenced in this Section shall be borne by the designating party who shall also arrange for separate payment for such services through the service provider(s).

Stip. Protective Order Re Confidential Info - 2 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

D.  Any Confidential Information that is inadvertently produced without written notice or identification as to its confidential nature may be so designated in writing by the producing party after the realization that the Confidential Information has been produced without such designation. However, until the discovery materials are designated Confidential as set forth above, the parties shall be entitled to treat the material as non-confidential. Upon designation, such Confidential Information shall then be treated as Confidential in accordance with the provisions of this Order.

E.  Any non-designating party may object to any confidentiality designations or any proposed confidentiality designations in writing or on the record. Upon such an objection, the parties shall follow the procedures described in paragraph J below. After any confidentiality designation is made according to the procedures set forth in paragraphs B, C, or D, the designated documents or information shall be treated as confidential until the objection is resolved according to the procedures described in paragraph J below.

F.  No Confidential Information may be used for any purpose other than litigation of (i) the actions consolidated under Cause No. CV-04-025-FVS ("the Class Actions"), (ii) any action or dispute involving any of the defendants to the Class Actions and Metropolitan Mortgage & Securities Co., Inc. ("Metropolitan") or Summit Securities, Inc. ("Summit") or any subsidiary of Metropolitan or Summit (including, but not limited to, Western United Life Assurance Co.) or any receiver or statutory successor to those entities (collectively, "the Metropolitan Group"), or (iii) any investigatory or enforcement proceeding brought by any federal or state agency against a defendant in the Class Actions relating to the Metropolitan Group (the actions

Stip. Protective Order Re Confidential Info - 3 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

and proceedings described in i, ii, and iii are collectively referred to herein as "the Actions"), provided that any party to the Class Actions that discloses Confidential Information, which was designated confidential by another party or non-party in the Class Actions, in another action obtains the agreement of all parties to that other action to be bound by this Order prior to such disclosure.

G. Except with the prior written consent of the party or non-party designating documents or other information confidential or upon prior order of this Court obtained upon notice to such other counsel, Confidential Information shall not be disclosed to any person other than:

1. Counsel of record for the respective parties to the Actions, including in-house counsel, co-counsel or insurance counsel;

2. Employees of such counsel assisting in the conduct of the Actions for use in accordance with this stipulation and order;

3. The parties to the Actions (including their partners and employees). With respect to the Class Actions, "the parties" shall include individual or lead plaintiffs, proposed class representatives and/or class representatives, and proposed class members and/or class members (to the extent deemed necessary by counsel, for the prosecution or defense of the Actions) and the defendants in the Class Actions;

4. Consultants or experts retained for the prosecution or defense of the Actions, provided that each such consultant or expert shall have executed a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information) before being shown or given any Confidential Information;

Stip. Protective Order Re Confidential Info - 4 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

5. Any authors of the Confidential Information and any individuals shown to have been an original recipient of the Confidential Information;

6. The Court, court personnel, and court reporters in the Actions;

7. Any mediator retained by any two or more parties to the Actions, provided that each mediator shall have executed a copy of the Certification annexed to this Order before being shown or given any Confidential Information;

8. Any arbitrator retained by any two or more parties to the Actions, provided that each arbitrator shall have executed a copy of the Certification annexed to this Order before being shown or given any Confidential Information;

9. Persons engaged by any counsel or party to the Actions to photocopy, image, or maintain the Confidential Information;

10. Witnesses (other than persons described in paragraph G(5)). A witness shall be requested to sign the Certification before being shown Confidential Information. Any witness who will not sign the Certification as requested may nevertheless be shown Confidential Information only in a deposition (or at trial as provided for in paragraph N). At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph C above. Witnesses who will not sign the Certification as requested but who are shown Confidential Information at a deposition shall not be allowed to retain copies of the Confidential Information;

Stip. Protective Order Re Confidential Info - 5 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

11. Other persons only (i) after notice to all parties and upon order of the Court, or (ii) upon written consent of the producing party; and

12. Under no circumstances shall any Confidential Information, or information set forth in or derived from Confidential Information, be communicated, directly or indirectly, to any member or form of the press or media without the prior consent of the party or non-party that designated the Confidential Information.

H. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information that are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelope or container, a copy of the first page of the document(s) shall be attached. If Confidential Information is included in the first page attached to the outside of the envelope or container, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope or container and a statement substantially in the following form shall also be printed on the envelope:

> This envelope or container is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed except by Order of the Court or agreement by the parties.

In the event that the Court's local rules are amended to provide for filing documents under seal using the Court's electronic case filing procedures, those procedures may be followed in lieu of the procedures described in the preceding paragraph.

Stip. Protective Order Re Confidential Info - 6 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

I. Information produced by non-parties may be designated as "Confidential" pursuant to paragraphs B, C, or D of this Order. Nothing herein shall restrict a party or non-party from using or disclosing its own Confidential Information in any manner it deems appropriate.

J. If a party contends that any material designated as "Confidential" is not entitled to confidential treatment, that party may at any time give written notice challenging the designation to the party that designated the material (the "designating party") as "Confidential." The designating party shall respond in writing to the notice challenging the designation within 20 days, or within such other period of time as may be agreed upon by the parties. If the designating party refuses to remove the "Confidential" designation, its response shall state the reasons for this refusal. If the parties are unable to resolve their dispute over the designation of the material, any party may move the Court for an order removing the designation or affirming that the designation was properly made. In the event that any such motion is made, the party that designated the material as "Confidential" shall have the burden of establishing that the material is entitled to confidential treatment.

K. Notwithstanding any challenge to the designation of material as Confidential Information, all such material shall be treated as confidential and shall be subject to the provisions hereof unless and until one of the following occurs:

    1. The party or non-party who designated the material as Confidential Information withdraws such designation in writing; or

    2. The Court rules the material is not Confidential Information.

Stip. Protective Order Re Confidential Info - 7 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

L. In the event any Confidential Information is subpoenaed or requested during the pendency of any of the Actions by any court, regulatory, administrative, law enforcement or legislative body or any person or litigant purporting to have authority to subpoena or request such information, including requests based on any state or federal Freedom of Information Act, no Confidential Information shall be so disclosed without first giving fourteen (14) calendar days' advance written notice to the party or non-party that designated the Confidential Information, so as to enable the party or non-party to have a reasonable opportunity to seek appropriate relief.

M. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the Actions, a party in the possession of documents designated Confidential, other than that which is contained in discovery responses, deposition transcripts and documents filed with the Court, shall either (a) return such documents no later than 90 days after termination of the last Action, to counsel for the party or non-party who provided such documents, or (b) destroy such documents within 90 days upon consent of the party or non-party who provided the documents, and certify in writing within 90 days that the documents have been destroyed.

N. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial.

O. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

Stip. Protective Order Re Confidential Info - 8 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

P.   Nothing herein shall limit, expand, supersede or in any way alter or modify any other protective orders or confidentiality agreements that have been entered into by any of the parties to this Order or in any of the Actions, including the Stipulated Protective Order And Confidentiality Agreement Regarding Disclosure Of Financial Information For Settlement Purposes entered by this Court and the Bankruptcy Court on or about February 15, 2005, and the Stipulated Protective Order And Confidentiality Agreement regarding the confidentiality of legal billing information entered by the Bankruptcy Court on or about November 1, 2004.  All such other protective orders and confidentiality agreements in any of the Actions shall remain in full force and effect.

Q.   This Order may only be modified by the written consent of all parties to the Order and the Court, or, with respect only to the Confidential Information of a specific party or non-party, by the written consent of that party or non-party that designated the Confidential Information.  Nothing contained herein shall be construed or applied to alter or limit the rights of any party under any applicable insurance policies.  This Order shall not prevent any party from later seeking to modify its terms or from seeking such further provisions or relief as may be deemed appropriate or desirable.

****

****

****

****

****

Stip. Protective Order Re Confidential Info - 9 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

R. The parties will remain bound by this Order and the Court shall retain jurisdiction to enforce this Order after termination of the Actions.

DATED: May ___, 2005

        GORDON, THOMAS, HONEYWELL,
        MALANCA, PETERSON & DAHEIM LLP

        By /s/ Brad Jones
            F. Mike Shaffer, WSBA No. 18669
            fshaffer@gth-law.com
            Bradley B. Jones, WSBA No. 17197
            bjones@gth-law.com
            Kenneth G. Kieffer, WSBA No. 10850
            kkieffer@gth-law.com
            Attorneys for Plaintiffs

        HAGENS BERMAN SOBOL SHAPIRO LLP

        By /s/ Clyde A. Platt, Jr.
            Steve W. Berman, WSBA No. 12536
            Clyde A. Platt, Jr., WSBA No. 22946
            Brent R. Walton, WSBA No. 27395
            Attorneys for Plaintiffs

Approved as to form and
Notice of Presentment Waived:

DLA PIPER RUDNICK GRAY CARY US LLP

By: /s/ Brian D. Buckley
    Stellman Keehnel, WSBA #9309
    Brian D. Buckley, WSBA #26423

Stip. Protective Order Re Confidential Info - 10 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

CORR CRONIN MICHELSON BAUMGARDNER
 & PREECE LLP

By: /s/
    Kelly P. Corr, WSBA #555
    Steven W. Fogg, WSBA #23528


DAVIS WRIGHT TREMAINE LLP

By: /s/
    Stephen M. Rummage, WSBA #11168
    Charles S. Wright, WSBA #31940


REED McCLURE

By: /s/
    Earl M. Sutherland, WSBA #23928


FOSTER PEPPER & SHEFELMAN PLLC

By: /s/ Christopher G. Emch
    Tim J. Filer, WSBA #16285
    Christopher G. Emch, WSBA #26457
    Jeffrey S. Miller, WSBA #28077


HELLER EHRMAN LLP

By: /s/ Lori Lynn Phillips
    George E. Greer, WSBA #11051
    Lori Lynn Phillips, WSBA #25473

Stip. Protective Order Re Confidential Info - 11 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1  ORRICK HERRINGTON & SUTCLIFFE LLP

2  By: /s/
3      Kenneth Herzinger
4      Michael Torpey

5
6  HOLDEN & ORESKOVICH

7  By: /s/ Carl J. Oreskovich
8      Carl J. Oreskovich, WSBA #12779

9
10 STROOCK & STROOCK & LAVAN, LLP

11 By: /s/ Mary Manesis
12     Mary Manesis

13
14
15
16
17
18
19
20
21
22
23
24
25
26

Stip. Protective Order Re Confidential Info - 12 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# [PROPOSED] ORDER

IT IS SO ORDERED.

DATED this 15th day of June, 2005.

s/ Fred Van Sickle
HON. FRED VAN SICKLE
UNITED STATES DISTRICT JUDGE

Stip. Protective Order Re Confidential Info - 13 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# CERTIFICATION

I, _____, certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____, 2005, in *In re Metropolitan Securities Litigation*, No CV-04-0025-FVS (Consolidated). I have been given a copy of and have read that Order and agree to be bound by it. I understand that all such Confidential Information and copies thereof, including, but not limited to, any notes or other transcripts made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to the counsel for the party or other person who provided such Confidential Information.

DATED: _____    _____

Stip. Protective Order Re Confidential Info - 14 of 19
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2005, I electronically filed the following pleading:

**STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

The court caused them to be electronically mailed to the following counsel:

Ronald L. Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com

Steve W. Berman at steve@hbsslaw.com; heatherwe@hbsslaw.com

Brian D. Buckley at bbuckley@graycary.com

Matthew A. Carvalho at mcarvalho@hewm.com; sbarber@hewm.com

Kelly P. Corr at kcorr@corrcronin.com; cweaver@corrcronin.com; reception@corrcronin.com

Robert A. Dunn at bdunn@dunnandblack.com; mobrien@dunnandblack.com; lawyers@dunnandblack.com

Christopher G. Emch at emchc@foster.com; hickc@foster.com

Timothy L. Filer at filet@foster.com; howej@foster.com

Steven Fogg at sfogg@corrcronin.com; bmenard@corrcronin.com

Frank (Francis) J. Gebhardt at fjgebhardt@fggzlaw.com; fjgstaff@fggzlaw.com

George E. Greer at ggreer@hewm.com; sedocketing@hewm.com

Gary I. Grenley at ggrenley@grebb.com

Kenneth P. Herzinger at kherzinger@orrick.com

David D. Hoff at dhoff@tousley.com; krichards@tousley.com

Stellman Keehnel at stellman.keehnel@dlapiper.com; pam.wallace@dlapiper.com

Stip. Protective Order Re Confidential Info - 15 of 18
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Mary D. Manesis at mmanesis@stroock.com; rharcourt@stroock.com

Brendan T. Mangan at brendan.magan@hellerehrman.com; kristine.dippold@hellerehrman.com; sedocketing@hellerehrman.com

Jeffrey S. Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com

Carl J. Oreskovich at carl@handolaw.com; roni@handolaw.com

Lori Lynn Phillips at lophillips@hewm.com; sedocketing@hewm.com

Clyde A. Platt, Jr. at clyde@hbsslaw.com; carrie@hbsslaw.com

Terry J. Price at tprice@rmalw.com

Stephen M. Rummage at steverummage@dwt.com; jeannecadley@dwt.com

Darrell W. Scott at darrellscott@mac.com; ssimatos@mac.com

M. Todd Scott at tscott@orrick.com

Meg Smith at mesmith@stroock.com

Kim D. Stephens at kstephens@tousley.com; efile@tousley.com

Earl M. Sutherland at esutherland@rmlaw.com; lbowlin@rmlaw.com

Beth E. Terrell at bterrell@tousley.com; efile@tousley.com

Christine Marie Weaver at cw@cweaverlaw.com

Charles S. Wright at charleswright@dwt.com; chrislewis@dwt.com

and the following counsel will receive the filings via email:

> Elizabeth J. Cabraser
> Lieff Cabraser Heimann & Bernstein LLP
> 275 Battery Street, 30th Floor
> San Francisco CA  94111-33339
> Email: *ecabraser@lchb.com*

Stip. Protective Order Re Confidential Info - 16 of 18
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

Richard M. Heimann
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, 30th Floor
San Francisco CA  94111-3339
Email: *rheimann@lchb.com*

Carter M. Mann
Foster Pepper Tooze LLP
6001 SW Second Avenue, Suite 1800
Portland OR  97204-3171
Email: *mannc@fosterpdx.com*

James P. McNeill, III
Foster Pepper & Shefelman PLLC
422 W Riverside Avenue Suite 1310
Spokane WA  99201-0302
Email: *mcnej@foster.com*

Robert J. Nelson
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, 30th Floor
San Francisco CA  94111-3339
Email: *rnelson@lchb.com*

Nancie K. Potter
Foster Pepper Tooze LLP
601 SW Second Avenue, Suite 1800
Portland OR  97204-3171
Email: *pottn@fosterpdx.com*

Michael L. Rugen
Heller Ehrman White  McAuliffe LLP
333 Bush Street
San Francisco CA  94104-2878
Email: *mrugen@hewm.com*

Stip. Protective Order Re Confidential Info - 17 of 18
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

Julie B. Srickland
Stroock & Stroock & Lavan – CA
2029 Century Park East, Suite 1800
Los Angeles, CA 90067
Email: *jstrickland@stroock.com*

Michael Torpey
Orrick Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco CA 94105
Email: *mtorpey@orrick.com*

Paul H. Trinchero
Grenley Rotenberg Evans Bragg & Bodie
1211 SW Fifth Avenue Suite 1100
Portland OR 97204-3737
Email: *ptrinchero@grebb.com*

Fabrice Vincent
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, 30th Floor
San Francisco CA 94111-33339
Email: *fvincent@lchb.com*

/s/ Sylvia L. Thomas
Legal Assistant to:
F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
  1201 Pacific Avenue Suite 2100
  Tacoma WA 98402
  253-620-6500
  253-620-6565
  Co-Lead Counsel for Lead Plaintiffs

Stip. Protective Order Re Confidential Info - 18 of 18
(Case No. CV04-0025-FVS)
[1308871 v9.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565