UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

In re METROPOLITAN SECURITIES
LITIGATION

No.  CV-04-025-FVS

ORDER CERTIFYING A
SETTLEMENT CLASS,
PRELIMINARILY APPROVING
PARTIAL SETTLEMENTS,
APPOINTMENT OF
SETTLEMENT CLASS
REPRESENTATIVES AND
SETTLEMENT CLASS COUNSEL,
APPROVING FORM AND
MANNER OF NOTICE, AND
SCHEDULING HEARING ON
FAIRNESS AND FINAL
APPROVAL OF PARTIAL
SETTLEMENTS PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 23(e)

The Lead Plaintiffs and Lead Counsel have moved the Court, pursuant to

Fed.R.Civ.P. 23, for an Order certifying a Settlement Class and approving two partial

settlements of the above-captioned action in accordance with the terms and provisions of

the Settlement Agreements.  Those Settlement Agreements, together with the exhibits

thereto, set forth the terms and conditions of two proposed settlements as to the Settling Defendants and for dismissal of the action with prejudice as to the Settling Defendants. In addition, Lead Plaintiffs and Lead Counsel have moved the Court to appoint them Settlement Class Representatives and Settlement Class Counsel, respectively, to approve the form and manner of both mailed and published notice, and to set a date and time for a hearing when fairness and final approval of the Settlement Agreements may be considered.

The Court has read and considered the moving papers, including the Settlement Agreements and the exhibits thereto, and has read and considered all other papers filed and proceedings relating to the Settlement Agreements and is otherwise fully informed in the premises. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion , **Ct. Rec. 373**, is **GRANTED**.

**IT IS FURTHER ORDERED**:

1. This Order incorporates by reference the definitions in the Settlement Agreements.

2. The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the proposed Settlement Class and the Settling Defendants.

3. Pursuant to Fed.R.Civ.P. 23(a), (b)(3), ©) and (e), the Court determines for

purposes of this partial settlement only that all prerequisites to certification of the Settlement Class have been met and, specifically, that: (1) the members of the Settlement Class are in the thousands and so numerous that joinder of all class members in this action is impractical; (2) there are questions of law and fact common to the Settlement Class in that the Amended and Consolidating Complaint alleges a common course of conduct over the Class Period, defined below, directed against the Settlement Class members, generally relied upon by them, which conduct allegedly violated common statutory provisions; (3) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (4) the Lead Plaintiffs appointed by the Court in this litigation have demonstrated their ability to oversee this litigation for the interests of the Settlement Class and are certified as Settlement Class Representatives; (5) Lead Counsel appointed by the Court in this litigation are experienced and capable counsel, and they should be appointed as Settlement Class Counsel to represent the Settlement Class; and (6) in negotiating and entering into the Settlement Agreements, the Lead Plaintiffs and the Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class members. These findings are made for purposes of this partial settlement only, and the non-settling defendants reserve all challenges to the certifiability of any claims against them.

4. The following Settlement Class is hereby certified pursuant to Fed.R.Civ.P. 23(a)

and (b)(3):

> all persons who purchased investment debentures or preferred stock issued by Metropolitan or investment certificates or preferred stock issued by Summit pursuant to registration statements that became or were effective during the period from February 13, 2001 through December 15, 2003 (the "Class Period") (excluded from the proposed Settlement Class are registered representatives who sold Metropolitan or Summit securities, defendants, and their immediate family members, any entity in which they have a controlling interest, and the heirs, successors or assigns of the same).

5.    The Court approves, as to form and content, the Mailed Notice and the Publication Notice attached hereto as Exhibits A and B.

6.    The date and time of the Fairness Hearing shall be added to the Mailed Notice and Publication Notice before they are mailed and published, respectively, in accordance with Paragraphs 8(a) and (b) below.

7.    The Court finds that the mailing, publication and distribution of the Mailed Notice and the Publication Notice substantially in the manner and form set forth in Paragraphs 8(a) and (b) below constitute the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who can be identified through reasonable effort, and constitutes valid, due and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed.R.Civ.P. 23 and due

process.

8.      The Notice Administrator, to be retained by Lead Plaintiffs is empowered to supervise and administer the Notice procedure as set forth below:

a.      Commencing on or before August 18, 2006, the Notice Administrator shall mail or cause to be mailed, by first class mail, postage prepaid, copies of the Mailed Notice to all Settlement Class Members who can be identified by Settlement Class Counsel with reasonable effort at each such Settlement Class members' last known address; and

b.      On or before August 18, 2006, the Notice Administrator shall cause the Publication Notice to be published twice in the Spokane Spokesman-Review and once in Investor's Business Daily.

9.      At or prior to the Fairness Hearing (as defined below), Settlement Class Counsel shall file with the Court and serve on counsel for the Settling Defendants proof by declaration the mailing and publication described in Paragraphs 8(a) and (b) above.

10.     The Court preliminarily approves the creation of a Settlement Fund in the amount of $1,000,000 to be funded out of the proceeds of the Settlement Agreements (if finally approved by the Court).  The Settlement Fund, if finally approved, shall be maintained in an interest-bearing account, and shall be used exclusively to reimburse Settlement Class Representatives and Settlement Class Counsel for out-of-pocket expenses incurred by Settlement Class Representatives and Settlement Class Counsel on behalf of

the Settlement Class. All distributions out of the Settlement Fund shall be subject to further Order of the Court.

11.     Settlement Class members who wish to comment or object to the Settlement Agreements must do so in accordance with the instructions contained in the Mailed Notice.

12.     A hearing (the "**Fairness Hearing**") shall be held on **October 6, 2006, at 9:00 a.m.**, before the Honorable Fred Van Sickle, United States District Court Judge, at the United States District Court for the Eastern District of Washington, W. 920 Riverside Avenue, Spokane, WA 99210, for the purpose of determining (a) whether the proposed Settlements as set forth in the Settlement Agreements are fair, reasonable and adequate and should be approved by the Court; (b) whether an Order of Final Judgment and Dismissal as to the Settling Defendants should be entered; and ©) to rule upon such other matters as the Settlement Agreements contemplate and as the Court may deem just and proper.

13.     All papers in support of or opposition to the Settlement Agreements shall be filed at least seven (7) days prior to the Fairness Hearing.

14.     Any Settlement Class Member may appear and show cause (if he, she, or it has any) why the Court should or should not (a) approve the proposed Settlements as set forth in the Settlement Agreements, as fair, reasonable and adequate; and (b) enter an Order of Final Judgment and Dismissal as to the Settling Defendants; provided, however,

that no person shall be heard with respect to, or shall be entitled to contest, the foregoing matters unless on or before **September 22, 2006**, that person has served by hand or by first class mail notice of his, her or its intention to appear, setting forth briefly each objection and the basis therefore, together with copies of any papers and briefs in support of said objections and proof of membership in the Settlement Class, upon Settlement Class Counsel (on behalf of Named Plaintiffs and the Settlement Class) and upon Tim J. Filer, Esq. (on behalf of the Settling Defendants); and has filed said objection, papers, and briefs with the Court upon:  Clerk of Court, United States District Court, Eastern District of Washington, W 920 Riverside Avenue, Spokane, WA 99210.

Unless otherwise ordered by the Court, any Settlement Class Member who does not make his or her objection in the manner provided for herein, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the foregoing matters.

15.    The Court may adjourn the Fairness Hearing from time to time and without further notice to the Settlement Class.  The Court reserves the right to approve the Settlements at or after the Fairness Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Settlement Class.  The Court further reserves the right to enter a Final Order, dismissing the action with prejudice as to

the Settling Defendants  at or after the Fairness Hearing and without further notice to the Settlement Class.

16.     Upon entry of the Final Order, the Court will dismiss this action in its entirety as to Settling Defendants with prejudice and without costs (except as otherwise provided in the Settlement Agreements).

17.     All reasonable costs and expenses incurred in identifying and providing notice to Settlement Class Members and in administering the Settlement Fund shall be paid as set forth in the Settlement Agreements.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Preliminary Approval Order or the Settlement Agreements.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

Dated this 1st day of August, 2006

_____
                    *s/ Fred Van Sickle*
                    FRED VAN SICKLE
            UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

---

### *In re METROPOLITAN SECURITIES LITIGATION*

---

**In The United States District Court For The Eastern District of Washington**

---

### *SUMMARY OF NOTICE OF PROPOSED PARTIAL CLASS ACTION SETTLEMENTS AND SETTLEMENT HEARING*

---

If you purchased investment debentures or preferred stock issued by Metropolitan Mortgage & Securities Company, Inc. ("Metropolitan") or investment certificates or preferred stock issued by Summit Securities, Inc. ("Summit") pursuant to registration statements that became or were effective during the period from February 13, 2001 through December 15, 2003 (the "Class Period"), you may be eligible to participate in a partial settlement of this case.

Two Settlement Agreements have been reached between the Lead Plaintiffs, appointed by the Court, on their own behalf and on behalf of the proposed Settlement Class and some, but not all, of the former officers and directors of Metropolitan and Summit ("Settling Officers and Directors"). Important facts are highlighted below and explained in the attached Notice of Pendency and Partial Settlement of Class Action ("Notice").

**Securities and Time Period:** This case involves the Metropolitan debentures and preferred stock and Summit investment certificates and preferred stock described above (the "Securities"). During the Class Period, Securities in the amount of approximately $300 million were sold.

**Settlement Fund:** The Settlement Fund consists of $4,899,500 in cash (approximately 1.6 cents for each dollar of the estimated volume of Securities sold during the Class Period). Lead Plaintiffs have recommended to the Court that the Settlement Fund should be placed in an interest-bearing account pending further order by the Court. Lead Plaintiffs have not yet proposed a plan of allocation to the Court.

**Potential Outcome Of Case:** Lead Plaintiffs and Settling Defendants do not agree on the amount of damages that would be recoverable if the Lead Plaintiffs had prevailed on each claim alleged. Recoverable damages in this case are limited to losses caused by conduct actionable under the applicable laws. If this case had gone to trial against the Settling Defendants, they would have asserted numerous defenses including defenses that (1) they did not engage in any actionable conduct, (2) that, in performing their duties, the Settling Defendants reasonably relied on the Professional Defendants and others, and (3) that some of the losses of Class Members were caused by non-actionable market, industry or general economic factors.

**Reason For Settlement With Settling Officers and Directors:** The Settlement Agreements will exhaust all insurance coverage available to the Settling Officers and Directors, and Lead Plaintiffs and Class Counsel believe that the settlements are fair and reasonable to the proposed Settlement Class. In addition, the settlements will avoid the

risks of continued litigation against the Settling Officers and Directors (including the risk that the Settling Officers and Directors might prevail in that litigation based on their defenses to the claims) and will allow Lead Plaintiffs to focus their claims against the remaining defendants, who are identified in the Notice.

**Attorneys' Fees and Expenses:**  Class Counsel are not seeking an award of attorneys' fees from the Settlement Fund at this time.  However, Class Counsel have requested that the Court set aside $1 million (approximately .3 cents per dollar invested in the Securities) in an Expense Fund to reimburse Class Counsel for approximately $600,000 in litigation costs already incurred and to fund costs to be incurred in prosecuting claims against the remaining defendants.    At a future date, upon further notice to the Settlement Class, Class Counsel will apply to the Court for an award of attorneys' fees.

**Class Counsel:**

Steve W. Berman
Clyde A. Platt, Jr.
Jeniphr A.E. Breckenridge
HAGENS BERMAN SOBOL & SHAPIRO, LLP
Seattle, Washington
            **or**
F. Mike Shaffer
Bradley B. Jones
Kenneth G. Kieffer
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
Tacoma, Washington

If you have any questions, you are entitled to consult with Plaintiffs' Class Counsel by calling the following, toll-free number:  800-447-7657.  You can email Class Counsel at the following email address:  metropolitanlitigation@gilardi.com.

Any written inquiries should be addressed to Class Counsel at **IN RE METROPOLITAN SECURITIES LITIGATION, c/o Gilardi & Co. LLC, PO Box 990, Corde Madera, CA 94976-0990.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

In re METROPOLITAN SECURITIES
LITIGATION

No.  CV-04-025-FVS

**NOTICE OF PENDENCY AND PARTIAL SETTLEMENT OF CLASS**

***NOTICE OF PENDENCY AND PARTIAL SETTLEMENT OF CLASS ACTION***

*To:*     *All persons who purchased investment debentures and preferred stock issued by Metropolitan Mortgage & Securities Company, Inc. ("Metropolitan") and investment certificates and preferred stock issued by Summit Securities, Inc. ("Summit") pursuant to registration statements that became or were effective during the period from February 13, 2001 through December 15, 2003 (the "Class Period") (excluded from the proposed Settlement Class are registered representatives who sold Metropolitan or Summit securities, defendants, and their immediate family members, any entity in which they have a controlling interest, and the heirs, successors or assigns of the same)*

***IF YOU FALL WITHIN THIS GROUP, YOU ARE A "SETTLEMENT CLASS MEMBER"***

***PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.***

### *WHY SHOULD I READ THIS NOTICE?*

This Notice is given pursuant to orders issued by the United States District Court for the Eastern District of Washington (the "Court"). This Notice serves to inform you of certification of the Settlement Class and that the Class Representatives have reached proposed partial settlements with some, but not all, of the former officers and directors of Metropolitan and Summit (the "Settling Officers and Directors") and the hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed settlements. The full terms of the settlements are set forth in two Settlement Agreements among the Class Representatives and the Settling Officers and Directors on file with the Court. THE SETTLEMENTS DO NOT RELEASE OR OTHERWISE AFFECT ANY CLAIMS IN THE CLASS ACTION AGAINST THE REMAINING DEFENDANTS, WHICH INCLUDE C. PAUL SANDIFUR, JR., THOMAS TURNER, ROBERT NESS, WILLIAM SNIDER AND IRV MARCUS, EACH OF

WHOM SERVED AS FORMER METROPOLITAN OR SUMMIT OFFICERS AND

DIRECTORS (the "Non-Settling Directors and Officers") AND

PRICEWATERHOUSECOOPERS, LLP ("PWC"), ERNST & YOUNG, LLP ("E&Y"),

AND ROTH CAPITAL PARTNERS, LLC ("ROTH CAPITAL") ("THE PROFESSIONAL

DEFENDANTS"). This Notice is intended to inform you how the certification of the

Settlement Class and the proposed settlements may affect your rights and what steps you

may take in relation to the settlements and relevant Orders of the Court. This Notice is not

intended to be an expression of any opinion by the Court with respect to the truth of the

allegations in this lawsuit or the merits of the claims or defenses asserted. This Notice is

solely to advise you of the pendency of the action, the certification of the Settlement Class,

and the proposed partial settlements and of your rights in connection with the Settlement

Class certification and the settlements.

## WHAT IS THIS LAWSUIT ABOUT?

The Class Representatives allege that the fiscal year 2000 and 2001 audited financial statements of Metropolitan and Summit that were incorporated in the registration statements of Metropolitan and Summit during the Class Period were false and misleading. The Class Representatives claim that the audited financial statements were materially misstated as a result of the negligent failure of PWC and E&Y to adhere to applicable professional and regulatory auditing standards, the negligence of Roth Capital in performing its due diligence and preparation of pricing and yield opinions for securities issued during the Class Period by Metropolitan and Summit, and the negligence of the Metropolitan and Summit directors who signed the registration statements.

As a result, Class Representatives claim those financial statements: (a) materially overstated revenue and earnings and/or understated losses by improperly avoiding losses and improperly recognizing gains; (b) materially overvalued assets (particularly

commercial real estate backed loans and commercial real properties held by Metropolitan

and Summit); ©) materially overstated the value of assets on the companies' balance

sheets; and (d) failed to disclose a material lack of internal controls within Metropolitan

and Summit.

Class Representatives also allege that those improper accounting treatments resulted

in material misstatements of both Metropolitan's and Summit's financial condition in

numerous financial statements promulgated in the registration statements during the Class

Period.

Class Representatives also contend that the Metropolitan and Summit registration

statements that became effective during the Class Period contained other untrue statements

of material fact and omitted to state material facts necessary to make the statements made

not misleading.

The Settling Officers and Directors deny that they engaged in any wrongful conduct

or violated any laws, rules or regulations and believe they have factual and legal defenses to Class Representatives' allegations, but have agreed to settle the claims against them to avoid the burden of litigation.    The Non-Settling Officers and Directors and the Professional Defendants continue to contest Plaintiffs' allegations and deny that they made any misstatements, that any alleged misstatements by them were material, or that such statements were the cause of any decline in the value of the securities held by plaintiffs. The Professional Defendants further deny that they were negligent in performing their professional duties.

The Court has not ruled as to whether the Settling Offices and Directors are liable to the Settlement Class.   In addition, the Court has not yet certified any class to pursue claims against the Non-Settling Officers and Directors and Professional Defendants who are not involved in the settlements.   The issue of whether any such class may be certified will be the subject of future orders by the Court.

**STATUS OF THE CASE.**

The Class Action was originally filed on January 20, 2004.  On February 4, 2004,

Metropolitan and Summit filed for bankruptcy.

On August 11, 2004, the District Court appointed six individual investors to serve

as Lead Plaintiffs and appointed Class Counsel to serve as Lead Plaintiffs' Counsel.  In

January 2005, the District Court granted Lead Plaintiffs' motion to file an amended and

consolidated complaint against the defendants.

On July 28, 2006, the District Court granted Lead Plaintiffs' motion for certification

of a Settlement Class and for appointment of the Lead Plaintiffs as Class Representatives

and Lead Counsel as Class Counsel.

The Class Representatives have conducted further inquiry concerning the remaining

defendants and will shortly seek permission of the District Court to file an amended

complaint.  When it is filed, all defendants will have an opportunity to file motions to

dismiss, which may take several months to be resolved.  It is possible the defendants could

prevail on those motions to dismiss.

**POTENTIAL OUTCOME OF THE CASE.**

Lead Plaintiffs and Settling Directors and Officers do not agree on the amount of damages that would be recoverable if the Lead Plaintiffs had prevailed on each claim alleged. The issues on which these parties disagree include: (1) the appropriate economic methodology for determining the amount by which the Securities were allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which the Securities were allegedly inflated (if at all) during the Class Period; (3) the effect of various market forces potentially influencing the price of the Securities at various times during the Class Period; (4) the extent to which external factors, such as general market and industry conditions, influenced the price of the Securities at various times during the Class Period; (5) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Securities at various times during the Class Period; (6) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of the Securities at various

times during the Class Period; and (7) whether the statements made or facts allegedly

omitted were actionable under Federal and Washington State securities law. Recoverable

damages in this case are limited to losses caused by conduct actionable under the

applicable laws and, had this case gone to trial, Settling Directors and Officers almost

certainly would have asserted that all of the losses of Class Members were caused by non-

actionable market, industry or general economic factors.

## WHAT ARE THE TERMS OF THE SETTLEMENTS?

The Settlement Agreements provide that the Settlement Class will fully release the

Settling Officers and Directors from all known and unknown claims of any nature that the

Settlement Class or any other party has against the Settling Officers and Directors arising

out of the subject matter of this action. The terms of this release are more fully described

in the Settlement Agreements. You may obtain a copy of the Settlement Agreements from

Class Counsel at the address provided below, and you are encouraged to do so if you have

any questions about the exact terms and scope of this release, or any other terms of the

Settlement Agreements.

In return for the releases, the settlements require the creation of a cash fund for the

Settlement Class in the principal amount of $4,899,500 (the "Settlement Fund")

(approximately 1.6 cents for each dollar invested in the Securities if claims are submitted

for each Security). Subject to the deduction of costs of Notice, and for other litigation

expenses as approved by the Court, discussed below, the Settlement Fund will be available

for eventual distribution to Settlement Class Members. However, as explained more fully

below, the amount and timing of distribution to Settlement Class Members will depend on

**future** Court proceedings and it is therefore not possible to estimate the amount or timing

of any such distribution at this time.

## REASONS FOR THE SETTLEMENTS

Class Representatives and Class Counsel believe that the settlements are fair and

reasonable to the members of the Settlement Class. They have reached this conclusion

based on a review of confidential personal financial statements of the Settling Officers and

Directors which demonstrates the inability of the Settling Officers and Directors to pay a

significant judgment beyond the limited insurance coverage available for the claims of the

Settlement Class. The insurance policies that provide coverage for claims against current

and former officers and directors of Metropolitan and Summit are also being used to cover

their defense costs and defense costs of many other individuals and entities. Each dollar

spent on defense costs reduces by a dollar the amount remaining in the policies. If there

were no settlements at this time, those insurance policies would continue to be used to pay

the costs of defending the Settling Officers and Defendants (as well as those other

individuals and entities) until the proceeds of the policies are depleted. Hence, if there

were no settlements, much if not all of the proceeds of the insurance policies which make

up the Settlement Fund would likely be used up in defending the Settling Officers and

Directors through trial.  Further, under the settlements the Settling Officers and Directors agree to cooperate with the Class Representatives as the Class Representatives focus on their claims against the Non-Settling Officers and Directors and the Professional Defendants.

## DO I NEED TO CONTACT CLASS COUNSEL IN ORDER TO PARTICIPATE IN ANY FUTURE DISTRIBUTION OF THE SETTLEMENT FUND?

No.  If you have received this Notice, that means that your name and address are properly maintained by Class Counsel.  You will receive additional Notice of any distribution, and will be advised if you need to take any additional steps.  If you did not receive this Notice by mail but you believe you should have, or if your address changes, please advise Class Counsel at the address listed below.

## WHO ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS?

Plaintiffs' Class Counsel are:

Steve W. Berman
Clyde A. Platt, Jr.

Jeniphr A.E. Breckenridge
HAGENS BERMAN SOBOL & SHAPIRO, LLP
Seattle, Washington

**or**

F. Mike Shaffer
Bradley B. Jones
Kenneth G. Kieffer
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
Tacoma, Washington

If you have any questions, you are entitled to consult with Plaintiffs' Class Counsel by

calling the following, toll-free number:  800-447-7657.  You can **email** Class Counsel at

the following email address:  **metropolitanlitigation@gilardi.com.**

Any **written inquiries** should be addressed to Class Counsel **IN RE**

**METROPOLITAN SECURITIES LITIGATION, c/o Gilardi & Co. LLC, PO Box**

**990, Corde Madera, CA 94976-0990.**

You may obtain a copy of the Settlement Agreements by contacting counsel at the

telephone number listed above, or you may download a copy from Class Counsels'

websites, www.hbsslaw.com or www.gth-law.com.

**CAN I CHOOSE TO EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?**

Yes.  If you want to be excluded from the Settlement Class, you may ask the Court

to exclude you from the Settlement Class by filing a request for exclusion.  You may obtain

a request for exclusion by writing to Class Counsel at the address above.  You must return

the completed request for exclusion form to Class Counsel by mail, postmarked on or

before September 22, 2006.

**If you submit a valid and timely request for exclusion, you will be excluded**

**from the Settlement Class and you will not be entitled to receive any of the proceeds**

**of the settlements.  You will be free, if you wish, to pursue whatever legal rights you**

**may have, if any, against the Settling Officers and Directors at your own expense, but**

**only on your own behalf.**

**CAN I OBJECT TO THE PARTIAL SETTLEMENT?**

Yes.  If you are a Settlement Class Member, you may object to the terms of the

settlements and urge that the Court not approve the settlements.  In order for any objection

to be considered, you **must** file a written statement with Class Counsel at the above

address postmarked by September 22, 2006 and you must file your objection with the

Court no later than September 22, 2006.

## WHAT ARE MY RIGHTS UNDER THE PARTIAL SETTLEMENT?

If you are a Settlement Class Member and you choose not to exclude yourself from

the Settlement Class, you may receive the benefit of, and you will be bound by, the terms

of the proposed settlements described in this Notice, upon final approval of the proposed

settlement by the Court.

## WHEN WILL THE PROCEEDS OF THE SETTLEMENT FUND BE DISTRIBUTED?

Because of the administrative costs of distributing the net proceeds of the

settlements, Class Counsel do not believe that it is economically feasible to distribute the

Settlement Fund to Settlement Class Members at this time.  The Settlement Fund, less any

litigation expenses authorized by the District Court, will be placed in an interest-bearing

account pending further Order of the Court.  It is the hope and goal of the Class

Representatives and Class Counsel that the Settlement Fund will be distributed in

connection with any additional monies recovered from the Non-Settling Directors and

Officers and the Professional Defendants in this action.

## WILL ATTORNEYS' FEES AND EXPENSES BE SOUGHT NOW?

Class Counsel are not seeking an award of attorneys' fees from the Settlement Fund

at this time.  However, Class Counsel have requested that the Court set aside $1 million

(approximately .3 cents per dollar invested in the Securities) in an Expense Fund to

reimburse Class Counsel for approximately $600,000 in litigation costs and expenses

already incurred and to fund costs to be incurred in prosecuting claims against the

Professional Defendants and the Non-Settling Directors and Officers.  The Expense Fund

will be maintained in an interest-bearing account, and distributions will be subject to the

Court's approval.  If any portion of the Expense Fund is not used to reimburse out-of-

pocket costs, that portion will ultimately be distributed to Settlement Class Members.  At

a future date, upon further notice to the Settlement Class, Counsel will apply to the Court

for an award of attorneys' fees.

**THE FAIRNESS HEARING.**

A hearing (the "Fairness Hearing") will be held on October 6, 2006 at 9:00 a.m.

before the Honorable Fred Van Sickle, United States District Court Judge, at the United

States District Court for the Eastern District of Washington at W. 920 Riverside Avenue,

Spokane, Washington, 99210, for the purpose of determining (a) whether the proposed

settlements are fair, reasonable and adequate and should be approved by the Court; and

(b) whether an Order of Final Judgment and Dismissal should be entered.

Any Settlement Class Member may appear at the Fairness Hearing and be heard on

any of the foregoing matters; provided, however, that no such person shall be heard unless

his, her or its objection is made in writing and is filed, together with proof of membership

in the Settlement Class and with copies of all other papers and briefs to be submitted to the

Court by him, her or it, no later than September 22, 2006, and show due proof of service

on Plaintiffs' Class Counsel at the address above and upon the following counsel for the

Settling Defendants:  Tim J. Filer, Esq., Foster Pepper & Shefelman, PLLC, 1111 Third

Avenue, Suite 3400, Seattle, WA 98101-3299.

Unless otherwise directed by the Court, any Settlement Class Member who does not

make his, her or its objection in the manner provided shall be deemed to have waived all

objections to the settlements.

**HOW DO I OBTAIN ADDITIONAL INFORMATION?**

This Notice contains only a summary of the terms of the proposed settlements. The

records in this litigation may be examined and copied at any time during regular office

hours, and subject to customary copying fees, at the Clerk of the Court, United States

District Court, Eastern District of Washington. If you have any questions concerning the

matters contained in this Notice, or the remaining claims against the Defendants in this

litigation, you may call Class Counsel, toll-free or send an email to Class Counsel.

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

Dated: <u>August 1, 2006</u>.

By Order of the Court
THE HONORABLE FRED VAN SICKLE

At the request of the Department of Justice and as a courtesy to investors in Metropolitan and Summit, we are including this separate informational Notice prepared by the Department of Justice.  By including this Notice with the Notice of Pendency and Partial Settlement of Class Action (the "Class Action Notice"), Class Representatives are not endorsing the truth or validity of the charges that the government is prosecuting against Mr. Turner. The claims of the Class Representatives in the Class Action are set forth in the Class Action Notice.

## ATTENTION CLASS MEMBERS OF METROPOLITAN MORTGAGE AND SECURITIES COMPANY, INC., LITIGATION

### Notice of the Status of *United States v. Thomas G. Turner*, CR05-355C

We write to provide you with an update on the status of the Turner case and to offer you the opportunity to visit our website if you want to receive notice about future developments in the case.  The Criminal Division of the Department of Justice is prosecuting Thomas G. Turner, a former executive officer of Metropolitan Mortgage and Securities Company, Inc., and former president of Summit Securities, for securities fraud. Mr. Turner has entered a plea of not guilty and he is presumed innocent until the trial on these charges has concluded in the United States District Court for the Western District of Washington.

Through this prosecution, the government is alleging that Mr. Turner misled

Metropolitan's outside auditors about the true nature of a financial transaction in which Metropolitan sold two pieces of property that resulted in Metropolitan reporting a $10 million gain in its fiscal year ending September 30, 2002.  It is also alleged that Mr. Turner concealed the contingent nature of a related $17.6 million Summit loan and, without that transaction, Metropolitan would have recorded a net loss on its consolidated financial statements for the 2002 fiscal year.  The trial has been scheduled for April 9, 2007 before Judge Coughenour in Courtroom 16-B, U.S. Courthouse, 700 Steward Street, Seattle, Washington.

If you believe you have been a victim of these alleged crimes and you wish to receive updated information about future court proceedings in the case, including changes in the trial date, please visit the Department of Justice's website at: http://www.usdoj.gov/criminal/vns.

As of this writing, the DOJ prosecutors in the case will be applying for court approval of certain notice procedures to be followed in alerting the thousands of potential victims of future court proceedings in the Turner case, as required by the Justice For All Act of 2004.  The Act gives the court discretion in cases involving "multiple victims" (like the Turner case) to adopt "reasonable procedures" for notifying victims about the criminal case, such as providing notice on the Department of Justice website as well as other methods.

**EXHIBIT B**

---

## *In re METROPOLITAN SECURITIES LITIGATION*

---

### *In The United States District Court For The Eastern District of Washington*

---

## *NOTICE OF PROPOSED PARTIAL CLASS ACTION SETTLEMENTS AND SETTLEMENT HEARING*

---

*To:    All persons who purchased investment debentures and preferred stock issued by Metropolitan Mortgage & Securities Company, Inc. ("Metropolitan") and investment certificates and preferred stock issued by Summit Securities, Inc. ("Summit") pursuant to registration statements that became or were effective during the period from February 13, 2001 through December 15, 2003 (the "Class Period") (excluded from the proposed Settlement Class are registered representatives who sold Metropolitan or Summit securities, defendants, and their immediate family members, any entity in which they have a controlling interests and the heirs, successors or assigns of the same)*

*If you fall within this group, you are a "Settlement Class Member."*

### *PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS*

There are proposed partial settlements for a class action pending in the United States District Court for the Eastern District of Washington:  In re Metropolitan Securities Litigation, No. CV-04-025-FVS.  A class action complaint was filed by the Settlement Class against certain former officers and directors of Metropolitan and Summit, and against PricewaterhouseCoopers, LLP ("PWC"), Ernst & Young, LLP ("E&Y"), and Roth Capital Partners, LLC ("Roth Capital") ("Professional Defendants") in January 2004.  PWC and

E&Y audited Metropolitan's and Summit's financial statements and performed other accounting functions for Metropolitan and Summit; Roth Capital served as Metropolitan's and Summit's qualified independent underwriter at all relevant times.  In the complaint, the plaintiffs allege that the fiscal year 2000 and 2001 audited financial statements of Metropolitan and Summit that were incorporated in registration statements of Metropolitan and Summit during the Class Period were false and misleading.  All defendants continue to dispute those claims.  The Class Representatives have conducted further inquiry concerning the remaining defendants and will shortly seek permission of the District Court to file an amended complaint.  When it is filed, all defendants will have an opportunity to file motions to dismiss, which may take several months to be resolved.  It is possible the defendants could prevail on those motions to dismiss.

Lead Plaintiffs have reached the proposed partial settlements with certain current and former officers and directors of Metropolitan and Summit (the "Settling Officers and Directors").  The settlements do not release or otherwise affect any claims in the class action against the remaining defendants, which include C. Paul Sandifur, Jr., Thomas Turner, Robert Ness, William Snider and Irv Marcus, each of whom served as former Metropolitan or Summit officers and directors (the "Non-Settling Officers and Directors").  The settlements also do not release or otherwise affect any claims by any persons against the Professional Defendants.  Under the proposed partial settlements, the principal amount

of $4,899,500 will be paid into a Settlement Fund for the Settlement Class to settle all claims against the Settling Officers and Directors in this case.  The full terms of the settlements are set forth in the Settlement Agreements among the Lead Plaintiffs and the Settling Officers and Directors.  The Settlement Fund, less litigation costs approved by the Court, will be placed in an interest-bearing account pending further order of this Court.  No distribution of the net proceeds of the Settlement Fund is proposed at this time.

Lead Plaintiffs appointed by the Court, as well as counsel for the Settlement Class, believe that the settlements are fair and equitable to the Settlement Class Members, especially because the Settling Directors and Officers lack significant financial resources beyond the proceeds of limited insurance policies covering plaintiffs' claims.  Those insurance policies were being depleted to pay the Settling and Non-Settling Directors and Officers' litigation costs.  As a result of the partial settlements, plaintiffs will obtain a significant portion of the remaining insurance proceeds as will creditors of Metropolitan and Summit and persons who made claims against brokers.  In the absence of these partial settlements those insurance proceeds would continue to be depleted by attorneys representing these defendants.  While the Settling Directors and Officers strenuously deny the allegations of the Settlement Class, they are settling this case to avoid the burden of litigation.

A hearing will be held on **October 6, 2006, at 9:00 a.m.,** before the Honorable Fred

Van Sickle, United States District Judge, at the United States District Court for the Eastern District of Washington, located at West 920 Riverside Avenue, Spokane, Washington, to decide whether the proposed settlements should be approved. **If you are a member of the Settlement Class, you do not need to do anything to remain in the Settlement Class.** You will be bound by all proceedings, orders, and judgments entered in connection with the settlements whether favorable or unfavorable. If the settlements are granted final approval, entry of the judgment will release any and all claims you may have against the Settling Directors and Officers relating in any manner to this case.

**If you wish to exclude yourself from the Settlement Class, you must request an exclusion form from Counsel for the Settlement Class and return the completed request for exclusion form by mail, postmarked on or before September 22, 2006. If you wish to comment upon or object to the partial settlement, your comment or objection must comply with the filing and service requirements detailed in the Official Notice and must be mailed not later than September 22, 2006.**

### HOW TO GET MORE INFORMATION

You can access the detailed Official notice at Class Counsels' Websites, www.hbss.law or www.gth-law.com. You can also request the Official Notice by contacting Plaintiffs' Class Counsel at:

> *In re Metropolitan Securities Litigation*
> c/o Gilardi & Co. LLC
> PO Box 990
> Corde Madera, CA  94976-0990

**THIS NOTICE IS NOT AN EXPRESSION BY THE COURT AS TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENTS.**

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT**

Dated: <u>August 1, 2006</u>.

By Order of the Court
THE HONORABLE FRED VAN SICKLE