THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA 98402-4314
253-620-6500
253-620-6565

STEVE W. BERMAN, WSBA No. 12536
CLYDE A. PLATT, JR., WSBA No. 22946
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609
206-623-7292
206-623-0594
**Attorneys for Plaintiffs**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 06 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-025-FVS <br><br> <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGMENT AND ORDER FINALLY APPROVING PARTIAL SETTLEMENTS, DISMISSING CLAIMS AGAINST SETTLING DEFENDANTS, BARRING CLAIMS FOR CONTRIBUTION AND INDEMNITY, ESTABLISHING A SETTLEMENT FUND, AWARDING |

JUDGMENT AND ORDER - 1 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

|   | COSTS TO SETTLEMENT CLASS REPRESENTATIVES AND DIRECTING THE ENTRY OF A F.R.Civ.P. 54(b) JUDGMENT |
|---|---|

THIS MATTER came on for hearing on October 6, 2006 upon the motion of the Settlement Class Representatives for final approval of the participation of the Settlement Class in the following partial settlements: (1) A "Summit Settlement Agreement"; and (2) A "Metropolitan Settlement Agreement" (collectively the "Partial Settlements"). Copies of the Summit and Metropolitan Settlement Agreements are attached to the June 2, 2006 Declaration of Bradley Jones [Docket No. 376].

On August 1, 2006, the Court entered an Order Certifying A Settlement Class, Preliminarily Approving Partial Settlements, Appointing Settlement Class Representatives and Settlement Class Counsel, Approving Form and Manner of Notice, and Scheduling Hearing on Fairness and Final Approval of Partial Settlements Pursuant to Federal Rule of Civil Procedure 23(e) (Docket No. 384). That Order is expressly incorporated herein. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Summit Settlement Agreement and the Metropolitan Settlement Agreement, all papers filed and proceedings had herein, and having reviewed the entire record in this litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

JUDGMENT AND ORDER - 2 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1. The Court, for purposes of this Judgment and Order of Dismissal (the "Judgment"), adopts all defined terms as set forth in the Summit Settlement Agreement and Metropolitan Settlement Agreement, with the following exception. For the purposes of this Judgment, the term "Settling Defendants" is defined to include Robert K. Potter, Clayton E. Rudd, James V. Hawkins, Gregory S. Strate, Philip W. Sandifur, Samuel Smith, Bruce J. Blohowiak, B. Elaine Hoskin, Gary D. Brajcich, the Estate of Harold W. Erfurth, Reuel C. Swanson, William A. Smith, John T. Trimble and Erik E. Skaggs. The respective spouses, marital communities and estates of the Settling Defendants are the "Additional Released Parties."

2. The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class and the Settling Defendants. The Court has certified, for settlement purposes only, a Settlement Class as follows:

> All persons who purchased investment debentures or preferred stock issued by Metropolitan or investment certificates or preferred stock issued by Summit pursuant to registration statements that became or were effective during the period from February 13, 2001 through December 15, 2003 (the "Class Period") (excluded from the proposed Settlement Class are registered representatives who sold Metropolitan or Summit securities, defendants, and their immediate family members, any entity in which they have a controlling interests, and the heirs, successors or assigns of the same).

JUDGMENT AND ORDER - 3 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

3.  The Court finds that the distribution of the Notice of Pendency and Partial Settlement of Class Action, and publication of both the Notice and the Summary Notice of Proposed Partial Class Action Settlements and Settlement Hearing (as provided for in the Court's August 1, 2006 Order), constituted the best notice practicable under the circumstances to apprise all Settlement Class Members of the pendency of this action, the terms of the proposed partial settlements of this action, and their rights with respect to the foregoing, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Proposed Settlements. The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, federal law, due process, the United States Constitution, and any other applicable law.

4.  The Court finds that all Settlement Class Members have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a "request for exclusion" in conformance with the terms of the Summit Settlement Agreement and the Metropolitan Settlement Agreement. The Court further finds that those persons identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement.

5.  The Court approves the partial settlement of this action, as set forth in the Summit Settlement Agreement and Metropolitan Settlement Agreement, including the releases contained therein, the relative contributions of the Settling

JUDGMENT AND ORDER - 4 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

Defendants, and all other terms, as fair, just, reasonable, and adequate to the Settlement Class.

6. The record before the Court demonstrates that the potential damages alleged by the Plaintiffs in this litigation greatly exceed the Settling Defendants' assets available to satisfy a judgment against them. In addition, the insurance policies which are funding the Partial Settlements have already been partially depleted by payment of covered defense costs. Those policy proceeds now available for settlement purposes would certainly be exhausted through reimbursement of additional defense costs in the absence of the Partial Settlements. Finally, the record before the Court amply demonstrates that the Partial Settlements were reached as the result of vigorous, protracted and arm's-length negotiations and that the Partial Settlements have been entered into in good faith.

7. Except as to any individual claim of those persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, all claims of the Settlement Class Representatives and the members of the Settlement Class referred to in Sections IV(A)(1) and (2) and Section IV (C) of the Summit Settlement Agreement and the Metropolitan Settlement Agreement are dismissed with prejudice as to each of the Settling Defendants and Additional Released Parties.

8. Pursuant to 15 U.S.C. §78u-4(f)(7)(A), the Metropolitan Settlement Agreement and the Summit Settlement Agreement, any and all claims for contribution arising out of any claims under the federal securities laws released

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

by the Settlement Class, including, but not limited to any claims that are based upon, arise out of or relate to the Class Action, and/or any claims that were alleged or could have been alleged in the initial Complaint, the Amended Complaint or the Second Amended Complaint, (a) by any person against a Settling Defendant, and (b) by any Settling Defendant, except as set out in 15 U.S.C. §78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied and unenforceable.  This contribution bar shall apply whether or not the Settling Defendant is a "covered person" as defined in 15 U.S.C. §78u-4(f)(10).  Accordingly, without limiting the above, any person (including any defendant in the Class Action who is not a Settling Defendant and all persons purporting to act on his, its or their behalf and all persons purporting to claim by or through him, it or them whether under a subrogation theory or otherwise) is hereby permanently enjoined from commencing, prosecuting or asserting against any of the Settling Defendants any such claim for contribution, and each Settling Defendant is hereby permanently enjoined from commencing, prosecuting, or asserting against any person (including any defendant in the Class Action who is not a Settling Defendant) any such claim for contribution.

9.   Any final verdict or judgment to which 15 U.S.C. §78u-4(f)(7)(B) applies that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any defendant in the Class Action who is not a Settling Defendant shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for the

JUDGMENT AND ORDER - 6 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

loss to the Settlement Class or the Settlement Class Member, or (b) the amount paid by or on behalf of the Settling Defendants to the Settlement Class in connection with the Summit Settlement Agreement and the Metropolitan Settlement Agreement except to the extent, if any, that such reduction may be affected by the provisions of 15 U.S.C. §77(k)(f)(1). If any final verdict or judgment under the federal securities laws that is not subject to 15 U.S.C. §78u-4(f)(7)(B) is obtained by or on behalf of the Settlement Class or a Settlement Class Member against any defendant in the Class Action who is not a Settling Defendant, then such final verdict or judgment shall be reduced according to the judgment reduction provisions applicable under Ninth Circuit law as set forth in *Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) and/or, to the extent applicable, the provisions of U.S.C. § 77(k)(f)(l).

10. The Court finds that the Partial Settlements represent a reasonable and good faith settlement of all claims arising under state law or federal non-securities law released by the Securities Claimants under the Summit Settlement Agreement and the Metropolitan Settlement Agreement and is sufficient to discharge the Settling Defendants and Additional Released Parties from all such claims. The Court further finds that the Settling Defendants and Additional Released Parties are entitled to protection to the fullest extent permitted by applicable state law and federal non-securities law from liability to third parties for contribution or indemnification or any other claim where the claimant's injury is the claimant's liability to the Securities Claimants. These protections include, without limitation, those provided by RCW 4.22.060, Sections 877 and

JUDGMENT AND ORDER - 7 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

877.6 of the California Code of Civil Procedure and any comparable statute or common law of any other state (the "Additional Contribution Protections"). To extent such Additional Contribution Protections apply, any defendant in the Class Action who is not a Settling Defendant shall have any final verdict or judgment obtained by or on behalf of the Settlement Class against such non-settling defendant reduced according to the corresponding judgment reduction provisions applicable under such state law or federal non-securities law, including, but not limited to, those provided by RCW 4.22.060, Sections 877 and 877.6 of the California Code of Civil Procedure and any comparable statute or common law of any other state.

To effect the Settlements, the Court orders that:

(a)   Any and all defendants in the Class Action who are not Settling Defendants are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against the Settling Defendants, however styled, whether legal or equitable, known or unknown, whether arising under state law or federal non-securities law, whether for indemnification or contribution or otherwise denominated (including claims for breach of contract or misrepresentation), where the claim is based on, arises out of or relates to the Class Action including, without limitation, any claim in which such non-settling defendant seeks to recover from any of the Settling Defendants or the Additional Released Parties (1) any amounts that a non-settling defendant has paid, become liable to pay or may become liable to pay in the Class Action or in any proceeding commenced by a Settlement Class Member or (2) any costs,

JUDGMENT AND ORDER - 8 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

expenses or attorney fees that a non-settling defendant has incurred or may incur in defending against any claim asserted in the Class Action or in any proceeding commenced by a Settlement Class Member (hereafter "Barred Claims"). All Barred Claims are hereby extinguished, discharged, satisfied and made unenforceable.

(b)  Because the non-settling defendants are barred from asserting any Barred Claims against the Settling Defendants and the Additional Released Parties, any final verdict or judgment entered against the non-settling defendants by the Settlement Class or a Settlement Class Member shall be reduced as determined by and provided for under the state law or federal non-securities law applicable to such Barred Claims.

(c)  If the Settlement Class obtains a settlement, judgment or verdict based upon, arising out of or relating to the Class Action against a person, and, notwithstanding the provisions in Paragraphs 8, 9, 10(a) and 10(b) above, that person obtains a recovery against a Settling Defendant or an Additional Released Party for (1) amounts that person has become liable to pay or may become liable to pay to the Settlement Class and/or (2) any costs, expenses or attorney fees that person has incurred in defending such claims, the Settlement Class shall reduce or credit any judgment or settlement against that person by the amount of that person's recovery against the Settling Defendant or the Additional Released Party, which amount shall then be credited to the recovery against the Settling Defendant or the Additional Released Party.

JUDGMENT AND ORDER - 9 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

11.     The Court approves the creation of a Settlement Fund in the amount of $1,000,000 to be funded out of the proceeds of the Summit and Metropolitan Settlement Agreements. The Settlement Fund shall be maintained in an interest-bearing account, and shall be used exclusively to reimburse Settlement Class Representatives and Settlement Class Counsel for out-of-pocket expenses incurred by Settlement Class Representatives and Settlement Class Counsel on behalf of the Settlement Class. All distributions out of the Settlement Fund shall be subject to Paragraph 12 of this Order and to further Order of the Court.

12.     Litigation expenses are compensable in a common fund case if the particular costs are reasonable and if they are of the type typically billed by attorneys to paying clients in the market place. *See, e.g., Vincent v. Hughes Air West*, 557 F.2d 759, 769 (9th Cir. 1977); *In re Bankamerica Corp. Securities Litigation*, 228 F.Supp.2d 1061, 1066-67 (E.D. Mo. 2002); *In re Media Vision Technology Sec. Litigation*, 930 F.Supp. 1362, 1366 (N.D. Cal. 1996). Settlement Class Representatives and Seattle Class Counsel seek an award of $647,398.63 at this time. Having reviewed the expenses for which reimbursement is sought, and mindful of the extensive litigation and work that has been performed to date, the Court finds that these expenses are reasonable, and they are the types of expenses routinely charged to hourly paying clients and, therefore, should be reimbursed out of the Settlement Fund at this time.

13.     The Settlements do not result in final adjudication of the matter as to all defendants. Therefore, the Court reserves making the findings required by 15 U.S.C. 78u-4(c)(i)

JUDGMENT AND ORDER - 10 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

14. This Court shall retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Partial Settlements.

15. The Court hereby finds that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay of entry of this Final Judgment, and therefore the Court hereby directs that Final Judgment be entered approving the Partial Settlements and directing performance of the terms of the Partial Settlements.

IT IS SO ORDERED this 6th day of October, 2006.

*Fred Van Sickle*
UNITED STATES DISTRICT JUDGE

Presented by:

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By *Bradley B. Jones*
F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
Attorneys for Plaintiffs

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *Clyde A. Platt*
Steve W. Berman, WSBA No. 12536
Clyde A. Platt, Jr., WSBA No. 22946
Erin K. Flory, WSBA No. 16631
Attorneys for Plaintiffs

JUDGMENT AND ORDER - 11 of 11
(Case No. CV04-025-FVS)
[1361776 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# EXHIBIT 1
# EXCLUSIONS

1. Schwartz, Margaret
   Wenatchee, Washington

2. Jeanroy, Donald
   Boise, Idaho

3. Hundhausen, Mr. and Mrs. William
   Spokane, Washington

4. Ayers, Katheen
   Newberg, Oregon

5. Bumgartner, Harlyn
   Chewelah, Washington

6. Stannard, Newton
   East Wenatchee, Washington