UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE METROPOLITAN SECURITIES LITIGATION | No. CV-04-0025-FVS<br><br>ORDER GRANTING MOTION TO STRIKE |

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Strike, Ct. Rec. 532, and Roth Capital Partners, LLC's Motion to Dismiss, Ct. Rec. 524.

Last year, this Court considered four motions to dismiss the Plaintiffs' Second Consolidated Amended Complaint ("SCAC") brought by the various Defendants. The Court permitted the Defendants to file hundreds of pages of briefing, heard oral argument on the four motions, and fully considered the arguments of the parties. On November 5, 2007, the Court issued a 78-page order requiring the Plaintiffs to substantially reorganize the complaint. On January 3, 2008, the Plaintiffs filed their Third Consolidated and Amended Complaint ("TCAC"). Apart from the reorganization required by the Court, the TCAC should be substantially similar to its predecessor.

The Defendants now move to dismiss the TCAC on a variety of grounds, the majority of which either were or could have been addressed in the previous round of 12(b)(6) motions. Were the Court to devote the same degree of time and consideration to the Defendants' substantive arguments that it devoted last year, resolution of the

ORDER GRANTING MOTION TO STRIKE- 1

pending motions to dismiss could take months. Given that this action has been pending for over four years, it would simply be unfair to subject the Plaintiffs to an unnecessary delay of this magnitude. As the Court stated in its prior order, "the time has come for discovery to commence and the litigation to proceed." Order Denying Defendants' Motion For Extension of Time, Ct. Rec. 509, at 1. The Plaintiffs' motion to strike will therefore be granted in part and Roth Capital Partners, LLC's motion to dismiss denied.

The Court will, however, consider Ernst & Young, LLP's argument concerning the TCAC's compliance with Federal Rules of Civil Procedure 8(a) and 9(b). The Court directed the Plaintiffs to resolve certain problems in the SCAC. It is only fair to afford the Defendants an opportunity to address the Plaintiffs' compliance with this directive.

**A.   Pricewaterhousecoopers LLP**

Pricewaterhousecoopers, LLP ("PWC") argues that the TCAC fails to allege that the post-effective amendment to the registration statement for Metropolitan's Preferred Stock, Series E-7, effective November 14, 2001, was misleading. This argument could not have been raised during the prior round of briefing, PWC argues, because the Court's November 5 order "radically altered the landscape regarding the applicable statute of repose" by holding that December 17, 2001 is the "cut-off date" for the statute of repose. Mem. Of Points And Authorities In Supp. of PWC's Opposition to Pls.' Mot. To Strike Claims Asserted in the TCAC, Ct. Rec. 538, at 5. However, the importance of December 17, 2001 was brought to PWC's attention during the prior round of briefing. In response to PWC's motion to dismiss the SCAC, the

ORDER GRANTING MOTION TO STRIKE- 2

Plaintiffs argued that the Consolidated and Amended Complaint was effectively filed on December 17, 2004. PWC responded to this argument in its reply brief. Reply Mem. Of Points And Authorities In Support of PWC's Mot. To Dismiss Pls.' SCAC, Ct. Rec. 470, at 12-13. Given that the Court had essentially dispensed with page limits, there was nothing to prevent PWC from raising the alleged deficiency it identifies here in its reply brief as well.

PWC further argues that the post-effective amendment of December 20, 2001 did not restart the limitations period. This argument was addressed and resolved in the Court's November 7 order. *See* Order Granting In Part and Denying in Part Defendants' Motions to Dismiss, Ct. Rec. 494, at 31-33.

**B.    Ernst & Young, LLP**

Ernst & Young, LLP ("EY") makes two arguments. First, EY argues that the TCAC fails to comply with the pleading requirements of Rules 8(a) and 9(b). This argument concerns changes that the Plaintiffs made to their complaint pursuant to the Court's prior order. The Court will therefore give it full consideration.

EY further argues that the TCAC fails to allege "that the purported misrepresentations in the Companies' 2001 financial statements are material." EY's Opposition to Plaintiffs' Mot. To Strike, Ct. Rec. 537, at 5. This argument differs from the materiality argument EY raised in the last round of briefing, EY contends, because the TCAC exposed the "quantitative immateriality" of the alleged misstatements in the financial statements for the first time. *Id.* at 6.

ORDER GRANTING MOTION TO STRIKE- 3

However, as the Court has previously held, the Plaintiffs' allegation that EY approved false and misleading financial statements is sufficient at the pleading stage. Order Granting In Part and Denying in Part Defendants' Motions to Dismiss, Ct. Rec. 494, at 54. Moreover, as the Court has also previously explained, judicial determinations of materiality are seldom appropriate. *Id.* at 44. Whether a reasonable investor would view the inaccurate representation of particular numerical amounts as "having significantly altered the total mix of information made available" is clearly a factual question that would be particularly inappropriate for judicial determination. The Court will not venture to intrude upon the province of the fact-finder in such a manner.[1]

### C.  Roth Capital Partners, LLC

Roth Capital Partners, LLC ("Roth") argues that, as a Qualified Independent Underwriter, it can not be held liable for any misrepresentations in the certified financial statements for FY 2000 and FY 2001 that were included in the registration statements at issue. Roth made this same argument in support of its prior motion to dismiss. *See* Roth's Mem. Of Points And Authorities In Supp. Of Def. Roth's Mot. To Dismiss SCAC, Ct. Rec. 435, at 5-7, 24-28. For the reasons explained below, the Court did not find the argument persuasive at that time and does not find it any more so now.

It is true, as Roth argues, that an underwriter may not usually

---

[1] In the interests of minimizing costs and promoting judicial economy, the Court urges the parties to bear the stringency of the materiality standard in mind in conducting future motion practice.

ORDER GRANTING MOTION TO STRIKE- 4

be held liable for material misrepresentations or omissions "purporting to be made on the authority of an expert," provided that the underwriter "had no reasonable ground to believe, and did not believe" that the section of the registration statement in question contained any misrepresentations or omissions. 15 U.S.C. § 77k(b)(3)(C). However, an underwriter has an obligation to conduct further investigation if, in conducting its due diligence, the underwriter discovers facts that would lead a reasonable person to question the accuracy of such "expertised" portions of the registration statement. *In re Worldcom, Inc. Sec. Litig.*, 346 F. Supp. 2d 628, 684 (S.D.N.Y. 2004). Roth's liability for misstatements in the Registration Statements is thus a question of fact to be determined on the basis of due diligence. The Court declines to address such an issue in the context of a 12(b)(6) motion.

The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Plaintiffs' Motion to Strike, **Ct. Rec. 532**, is **GRANTED IN PART** and **DENIED IN PART.**

2. The Plaintiffs' Motion To Shorten Time, **Ct. Rec. 534**, is **DENIED.**

3. Pricewaterhousecoopers, LLP's Motion to Dismiss, **Ct. Rec. 513**, is **STRICKEN.**

4. Pricewaterhousecoopers, LLP's Requests for Judicial Notice, **Ct. Rec. 515** and **Ct. Rec. 527**, are **DENIED AS MOOT.**

5. Roth Capital Partners, LLC's Motion to Dismiss, **Ct. Rec. 524**, is **DENIED.**

ORDER GRANTING MOTION TO STRIKE- 5

6. Ernst & Young, LLP's Motion to Dismiss, **Ct. Rec. 520**, is **DENIED IN PART**.

7.  As previously scheduled, the Court will hear oral argument on the issue of whether the Third Consolidated and Amended Complaint complies with the requirements of Federal Rule of Civil Procedure 8(a) and 9(b). **The parties shall not attempt to address any of the other issues that have been raised in the terminated motions to dismiss.** Counsel for Ernst & Young, LLP shall have 20 minutes in which to present its argument.  Counsel for the Plaintiffs shall likewise have twenty minutes in which to present their argument.

8. A telephonic scheduling conference will be held on April 11, 2008 at 10:00 a.m.  Counsel shall call the Court's conference line at 509-458-6382.

9. On or before April 4, 2008, the parties shall file a Proposed Discovery Plan as discussed in FRCP 26(f) that includes the disclosures required under Rule 26(a)(1).

10. On or before April 4, 2008, the parties shall file a Joint Status Certificate outlining the issues set forth below.  If a joint certificate cannot be completed, the parties shall file separate certificates.

   a. What additional motions, if any, are anticipated?

   b. Are any special procedures needed, such as consolidation of actions for discovery or pretrial, reference to a special master, a magistrate, arbitration, or to the Judicial Panel on Multi-district Litigation, or application for Manual for Complex Litigation?

ORDER GRANTING MOTION TO STRIKE- 6

      c. Are any modifications to the standard pretrial procedures needed because of simplicity or complexity of this case?

      d. What are the prospects for settlement?

      e. Are there any other matters to discuss that may insure the effective resolution of this case?

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  13th  day of March, 2008.

                s/ Fred Van Sickle
                Fred Van Sickle
           United States District Judge

ORDER GRANTING MOTION TO STRIKE- 7