UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

IN RE METROPOLITAN SECURITIES LITIGATION,

No. CV-04-0025-FVS

ORDER DENYING MOTION TO DISMISS

**THIS MATTER** came before the Court for a hearing on Ernst & Young, LLP's Motion to Dismiss, Ct. Rec. 520, on March 20, 2008. Bradley B. Jones appeared on behalf of the Plaintiffs. Christopher Lind appeared on behalf of Ernst & Young, LLP. Kenneth P. Herzinger appeared on behalf of Pricewaterhousecoopers, LLP. This order is intended to memorialize and supplement the Court's oral ruling.

**BACKGROUND**

On November 5, 2007, the Court granted in part and denied in part four motions to dismiss brought by the various Defendants. The Court's order dismissed the Plaintiffs' Second Consolidated and Amended Complaint ("SCAC") and directed the Plaintiffs to file a Third Consolidated and Amended Complaint ("TCAC") addressing the problems identified in the Court's Order Granting In Part and Denying In Part Defendants' Motions to Dismiss, Ct. Rec. 494 ("Order").

On January 4, 2008, the Plaintiffs filed their TCAC, Ct. Rec. 497. The Court denied the Defendants' request for an extended briefing schedule and PWC, EY, Roth, and Ness moved to dismiss the TCAC on various grounds. On March 13, 2008, the Court granted Ness's

ORDER DENYING MOTION TO DISMISS- 1

motion. The Court also struck PWC's motion and denied Roth's on the grounds that all of the arguments they raised either were or could have been brought during last year's extensive briefing. For the same reason, the Court also denied EY's motion in part, explaining that it would not consider materiality arguments in the context of a 12(b)(6) motion.

EY's remaining arguments in support of its motion to dismiss are now before the Court.

**DISCUSSION**

**III. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a complaint that fails to state a claim upon which relief can be granted. Such dismissal is proper "only when there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Siaperas v. Mont. State Comp. Ins. Fund*, 480 F.3d 1001, 1003 (9th Cir. 2007). For the purposes of a 12(b)(6) motion, all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein* v. *Wash. Energy Co.*, 83 F.3d, 1140 (9th Cir. 1996). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998).

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 944, 945 (2007)(internal citations omitted). However,

the Court is not required to accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). "In practice, a complaint must . . . contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 127 S. Ct. at 1969, 167 L. Ed. 2d at 944 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)(ellipsis and emphasis in original).

**II.  COMPLIANCE WITH RULE 8**

In its November 5 order, the Court held that the SCAC failed to comply with the short and plain statement requirement of Rule 8. Specifically, the Court found that the SCAC was too long, included unnecessary factual allegations, repeated many allegations, and failed to identify allegedly false statements. Order at 16-17. The Court directed the Plaintiffs to address these problems in their TCAC.

The Court finds that the TCAC complies with Rule 8. Though lengthy, the TCAC is one-third shorter than the SCAC and, consequently, less cumbersome. The Plaintiffs have also incorporated three characteristics into the TCAC that make it unnecessary to search blindly for the allegations that apply to a particular Defendant.

First, like the SCAC, the TCAC begins with a table of contents. A brief perusal of the table of contents will tell each of the Defendants which claim or claims are brought against it and on which page the claim or claims can be found. *See* TCAC at vi-vii. Skimming the table of contents will give the Defendants a broad picture of the

ORDER DENYING MOTION TO DISMISS- 3

factual allegations brought against each of them.

Second, the substantive portion of the TCAC begins with a Summary of the Action. TCAC at 1. This summary provides a concise explanation of the action. For instance, the Plaintiffs' allegations against EY are explained in Paragraphs 5 and 7. These two paragraphs provide a clear description of the claims asserted against EY.

Finally, the Claims for Relief in the TCAC remedy many of the shortcomings of the SCAC. For example, Count V of the TCAC states a claim under Section 11 against EY. Count V begins by identifying the legal theory, the underlying statute, and the particular registration statements upon which it is based. TCAC ¶ 564. It goes on to explain that EY made two representations: 1) Metropolitan and Summit's FY 2001 financial statements complied with GAAP standards; and 2) EY conducted its audit of the FY 2001 financial statement in compliance with GAAS standards. Count V then summarizes the reasons that these statements were allegedly false and cites to the particular pages of the TCAC that explain these allegations in more detail. TCAC ¶ 565.

Given the nature of this litigation, the number of parties involved, and the complexity of the claims alleged, the complaint is sufficiently improved to give the Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 1634, 161 L. Ed. 2d 577, 588 (2005)(internal quotation marks and citation omitted). The complaint will therefore not be dismissed on the basis of Rule 8.

ORDER DENYING MOTION TO DISMISS- 4

## II. COMPLIANCE WITH RULE 9

In its November 5 order, the Court held that the Plaintiffs' Section 11 strict liability claims sounded in fraud because, "[a]part from their references to the Defendants' states of mind, the SCAC's fraud and strict liability counts [were] virtually identical." Order at 19. The Court also found that the SCAC failed to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b) because it relied on "shot gun" and "puzzle" pleading. *Id*. at 20. The SCAC was also deficient for the purposes of Rule 9 in that it did not connect its factual allegations to the elements of the Plaintiffs' various claims. *Id*. at 21. The Court directed the Plaintiffs to comply with the requirements of Rule 9(b) in their TCAC.

Rather than pursuing their defective fraud claims, the Plaintiffs have chosen to strip the allegations of fraud from the TCAC. They have removed the Section 11 claims that alleged fraudulent intent and abandoned their allegations concerning the Ponzi scheme. Each of the TCAC's Section 11 counts explicitly states that it is "based solely on claims of strict liability and/or negligence." TCAC ¶¶ 542; 552; 563; 571; 579. The Plaintiffs have deleted all references to fraudulent intent but one, and the Plaintiffs admit Paragraph 47's reference to fraud was included inadvertently.

The TCAC thus sounds in negligence rather than fraud. Consequently, Rule 9(b) is inapplicable and does not provide a basis for dismissal. The statement at issue in Paragraph 47 should properly allege that the registration statements were "misleading" rather than fraudulent.

ORDER DENYING MOTION TO DISMISS- 5

The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. Ernst & Young LLP's Motion to Dismiss, **Ct. Rec. 520,** is **DENIED** in its entirety.

2. Henceforth, the last sentence of Paragraph 47 of the TCAC shall read, "Nevertheless, he and other Defendants authorized the issuance of misleading registration statements that materially misled investors about this fundamental fact of the Metropolitan Group enterprise."

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  21st  day of March, 2008.

                            s/ Fred Van Sickle
                            Fred Van Sickle
                    United States District Judge

ORDER DENYING MOTION TO DISMISS- 6