UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

IN RE METROPOLITAN SECURITIES
LITIGATION

No. CV-04-25-FVS

ORDER GRANTING MOTION TO
CERTIFY FEDERAL CLAIMS
CLASS

**THIS MATTER** comes before the Court based upon the plaintiffs' motion to certify the Federal Claims Class under Federal Rule of Civil Procedure 23.[1]

**BACKGROUND**

On June 16, 2008, the plaintiffs moved to certify two classes. One is entitled "Federal Claims Class." On September 30, 2008, the plaintiffs revised the definition of this proposed class. It now consists of the following members:

> All persons who purchased investment debentures and preferred stock issued by Metropolitan Mortgage & Securities Company, Inc. ("Metropolitan") and investment certificates and preferred stock issued by Summit Securities, Inc.

---

[1] Having reviewed the parties' submissions, the Court concludes that oral argument will not be helpful insofar as the proposed Federal Claims Class is concerned. Oral argument with respect to the proposed State Claims Class is scheduled for December 16, 2008.

ORDER - 1

> ("Summit") pursuant to registration statements that became or were effective during the period from February 13, 2001, through December 15, 2003 ("the Class Period"), for violations of federal securities laws. This Class does not include any purchasers of Summit Series S-3 preferred stock nor persons who purchased Metropolitan Series E-7 preferred stock on a secondary market.

(Revised Proposed Order (Ct. Rec. 616-2) at 2.)  Ernst & Young LLP and PricewaterhouseCoopers LLP (hereinafter "the defendants") object.

**RULING**

The plaintiffs' motion for certification of the Federal Claims Class is governed by Federal Rule of Civil Procedure 23. Initially, they must satisfy the four prerequisites of Rule 23(a) by showing: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir.2003). The defendants do not challenge the plaintiffs' ability to establish the preceding prerequisites; and the Court finds the plaintiffs have established all four insofar as the Federal Claims Class is concerned. First, a large number of persons allegedly purchased securities pursuant to the disputed registration statements during the relevant period of time. Joinder of all of them would be impractical. Second, the plaintiffs allegations regarding the disputed registration statements raise issues of law and fact that are common to the members of the proposed class. Third, the

misstatements and omissions that allegedly injured the named plaintiffs also allegedly injured other members of the proposed class. Finally, there are no conflicts between the interests of the named plaintiffs and those of other class members, and the named plaintiffs are represented by qualified and competent counsel.

Since the plaintiffs have satisfied the four prerequisites of Rule 23(a), the focus shifts to Rule 23(b). The plaintiffs are seeking certification under (b)(3). In order to obtain certification of a (b)(3) class, they must demonstrate that questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that the class-action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615, 117 S.Ct. 2231, 2246, 138 L.Ed.2d 689 (1997). In their reply of September 30, 2008, the plaintiffs made several concessions regarding the scope of the proposed Federal Claims Class. As a result of the plaintiffs' concessions, three issues remain: (1) whether common issues predominate with respect to class members who purchased Metropolitan Preferred Stock Series E-7, (2) whether common issues predominate with respect to class members who purchased Summit Investment Certificates Series B/B-1 and Metropolitan Investment Debentures Series III/III-A, and (3) whether the Summit Investment Certificates and Metropolitan Investment Debentures should be split into separate classes.

A. Metropolitan Preferred Stock Series E-7

"Section 11 . . . provides a private cause of action for

investors who purchase securities pursuant to a registration statement containing a material misstatement or omission." (Order of November 5, 2007, at 22.) "Damages for a Section 11 violation are measured by the difference between the amount paid for the security and its price at either the time it was sold or the date the Section 11 claim was filed." *Miller v. Pezzani (In re Worlds of Wonder Sec. Litig.)*, 35 F.3d 1407, 1421 (9th Cir.1994) (internal punctuation and citation omitted), *cert. denied*, 516 U.S. 868, 116 S.Ct. 185, 133 L.Ed.2d 123 (1995) (hereinafter "*In re Worlds of Wonder Sec. Litig.*"). A Section 11 defendant may limit its liability for damages by showing the difference in price was caused by some factor other than its alleged misrepresentations or omissions. (Defendant Ernst & Young LLP's memorandum of November 13, 2008, at 4 (citing 15 U.S.C. § 77k(e))). This is an affirmative defense, *In re Worlds of Wonder*, 35 F.3d at 1422, which is often referred to as the "loss causation defense." *Id.* at 1421.

The defendants are asserting a loss causation defense in this case. While they do not intend to seek a ruling upon the merits of the defense until after the Court rules upon the plaintiffs' motion for class certification, they have presented some of the evidence they intend to rely upon later in the case.[2] For example, they have

---

[2] The defendants have made the decision to wait until later to litigate loss causation. *Cf. In re Salomon Analyst Metromedia Litigation*, 544 F.3d 474, 485 (2nd Cir.2008) ("'The trial court erred in ruling that the class certification stage is not the proper time for defendants to rebut lead Plaintiffs' fraud-on-the-market presumption.'" (quoting *Oscar Private Equity*

ORDER - 4

presented evidence indicating the price of E-7 preferred stock dropped dramatically during the Summer and Fall of 2003. They have also presented evidence indicating Metropolitan made a number of announcements concerning its financial problems during roughly the same period. Later in the case, the defendants will attempt to prove it was Metropolitan's damaging announcements, rather than their acts or omissions, that caused the E-7 stock to drop in price.

The defendants argue the existence of a loss causation defense precludes class certification. According to the defendants, the applicability of the defense cannot be determined through evidence that is common to all class members. To the contrary, in the defendants' opinion, the Court will be required to proceed investor by investor. The defendants claim the Court will be unable to decide whether an investor's loss was caused by Metropolitan's announcements unless the Court compares the dates upon which the investor purchased and sold his E-7 stock with dates upon which the damaging announcements occurred. Some investors may be subject to the defense; others may not. Regardless of the outcome, say the defendants, the process is inherently individualistic; so much so the plaintiffs cannot establish that questions of law and fact common to the members of the class predominate over questions affecting individual members.

The defendants' argument faces at least two obstacles. Generally speaking, disputes concerning the damages suffered by individual class members do not preclude a finding of predominance. *See Williams v.*

*Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 270 (5th Cir.2007))).

ORDER - 5

*Sinclair*, 529 F.2d 1383, 1388 (9th Cir.1975). *Cf. Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir.2003) ("The individuation of damages in consumer class actions is rarely determinative under Rule 23(b)(3)."). Furthermore, the defendants have not cited, and independent research has failed to uncover, a Section 11 case in which a court has ruled that the existence of a loss causation defense precludes certification under Rule 23(b)(3).[3]

Given the dearth of Section 11 case law, the defendants cite a decision of the Fifth Circuit that addressed "violations of section 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 of the Securities Exchange Commission." *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 262 (5th Cir.2007) (hereinafter "*Oscar*"). One of the issues in a 10b-5 action is whether investors relied upon the defendant's alleged misrepresentations or omissions. *See, e.g., Oscar*, 487 F.3d at 264 and n.5. As a result of this requirement, investors seeking class certification under Rule 23(b)(3) face an obstacle. If they have to establish reliance individually, *i.e.*, investor by investor, then "questions of individual reliance . . . predominate, and the proposed class . . . fails[.]" *Id.* at 264. In order to overcome this obstacle, investors

---

[3]Others have also looked for, and been unable to find, either precedent or persuasive authority regarding this issue. *See, e.g., In re Dynegy, Inc. Secs. Litig.*, 226 F.R.D. 263, 283 (S.D.Tex.2004) ("Defendants have not cited and the court has not found any case that has relied on the negative causation defense to limit a putative class at the class certification stage of litigation.").

ORDER - 6

seeking certification of a (b)(3) class in a 10b-5 action may attempt to invoke a presumption approved in *Basic Inc. v. Levinson*, 485 U.S. 224, 247, 108 S.Ct. 978, 992, 99 L.Ed.2d 194 (1988). A rebuttable presumption of reliance arises where "(1) the defendant made public material misrepresentations, (2) the defendant's shares were traded in an efficient market, and (3) the plaintiffs traded shares between the time the misrepresentations were made and the time the truth was revealed." *Oscar*, 487 F.3d at 264 (internal punctuation and citation omitted). *See also Miles v. Merrill Lynch & Co., (In re Initial Pub. Offerings Sec. Litig.)*, 471 F.3d 24, 42 (2d Cir.2006). The Fifth Circuit has developed strict requirements for investors who seek to invoke the *Basic* presumption in order to obtain certification of a (b)(3) class in a 10b-5 action. *Oscar*, 487 F.3d at 266-70. The requirements set forth in *Oscar* are controversial. District courts outside the Fifth Circuit have greeted them with skepticism. *See, e.g., Lapin v. Goldman Sachs & Co.*, No. 04 Civ. 2236(RJS), 2008 WL 4222850, at *16 (S.D.N.Y. Sept. 15, 2008). The Ninth Circuit has yet to consider, much less approve, *Oscar*'s rationale and holding. Moreover, even if the Ninth Circuit ultimately follows *Oscar*, the requirements set forth in that case have limited application here. The claim before the Court is not a 10b-5 claim; it is a Section 11 claim. The plaintiffs do not have to qualify for the *Basic* presumption in order to demonstrate predominance under Rule 23(b)(3). *Cf. APA Excelsior III L.P. v. Premiere Technologies, Inc.*, 476 F.3d 1261, 1272 (11th Cir.2007) (Section 11 "creates a presumption that any person acquiring such security was legally harmed by the defective

ORDER - 7

registration statement") (internal punctuation and citation omitted)).

Where does that leave us? *Oscar* provides little or no guidance. There is no Section 11 case supporting the defendants' position, and, as a general rule, individual differences in damages do no preclude certification under Rule 23(b)(3).  In light of these circumstances, the Court finds that, despite the existence of the defendants' loss causation defense, common issues predominate with respect to those class members who purchased Metropolitan E-7 preferred stock.  Put somewhat differently, the existence of a loss causation defense is not, by itself, sufficient to preclude certification of a (b)(3) class in a Section 11 action.

### B. Metropolitan III Debentures and Summit B Investment Certificates

The defendants contend Metropolitan III Debentures and Summit B Investment Certificates are not entitled to class treatment because common issues do not predominate, and, if the Court determines otherwise, the Court should split the two types of securities into separate classes.  Both contentions rest on a common factual foundation: Metropolitan and Summit were separate entities that prepared and filed separate financial statements.  In the defendants' opinion, "[p]laintiffs have failed to show the presence of any common issues that would arise in the resolution of different Section 11 claims relating to different registration statements issued by different companies incorporating different financial statements." (Defendant Ernst & Young LLP's memorandum of November 13, 2008, at 19.)  If Metropolitan and Summit had been operated as truly separate

ORDER - 8

entities, the defendants would have a compelling argument; but that's not what occurred.  There is substantial evidence "'the Metropolitan Group was essentially operated and controlled by a small core group of management (itself controlled and dominated by [C. Paul Sandifur, Jr.]) and . . . none of the members of the Metropolitan Group . . . were operated as independent entities[.]'"  (Plaintiffs' Reply of September 30, 2008, at 15 (quoting Examiner's Report at 13).)  Given the allegedly interlocking nature of the companies, the Court finds that common issues predominate with respect to those class members who purchased Metropolitan III debentures and Summit B investment certificates during the relevant time period, and that Metropolitan III debentures and the Summit B investment certificates need not be split into separate classes.

**IT IS HEREBY ORDERED:**

1. The plaintiffs' motion to certify the Federal Claims Class (**Ct. Rec. 590**) is granted.

2. The Court reserves ruling, pending oral argument, concerning the plaintiffs' motion to certify the State Claims Class (**Ct. Rec. 590**).

3. Plaintiffs Venus Hafford Webber, Eva Draughn (who appears through her daughter and personal representative, Beverly M. Bizzell), Becklyn Wilkey, Steven and Linda Peterson, Robert Legard, and Floyd Bodner are hereby appointed representatives of the Federal Claims Class.

4. Steve W. Berman of Hagens Berman Sobol Shapiro LLP, and Bradley B. Jones of Gordon, Thomas, Honeywell, Malanca, Peterson &

1  Daheim LLP are appointed Class Counsel for the Federal Claims Class.

2      5.  After the Court decides the plaintiffs' motion for
3  certification of the State Claims Class, counsel shall promptly confer
4  regarding a proposed Notice Plan.  Not only that, but also they shall
5  submit a Joint Proposal Regarding Notice of pendency of Class Action.

6      **IT IS SO ORDERED.**  The District Court Executive is hereby
7  directed to enter this order and furnish copies to counsel.

8      **DATED** this <u>25th</u> day of November, 2008.

                                          S/Fred Van Sickle
                                          Fred Van Sickle
                           Senior United States District Judge