THE HONORABLE FRED VAN SICKLE

CARL J. ORESKOVICH (Bar No. 12779)
ETTER, McMAHON, LAMBERSON,
CLARY & ORESKOVICH, P.C.
Bank of Whitman, Suite 210
618 W. Riverside Avenue
Spokane, WA 99201
Telephone:   509-747-9100
Facsimile:   509-623-1438

JULIA B. STRICKLAND (Pro Hac Vice)
MARY D. MANESIS (Pro Hac Vice)
BRIAN C. FRONTINO (Pro Hac Vice)
GEORGE S. AZADIAN (Pro Hac Vice)
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California  90067-3086
Telephone:   310-556-5800
Facsimile:   310-556-5959

Attorneys for Defendant
Roth Capital Partners, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-0025-FVS |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROTH CAPITAL PARTNERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE LARRY Y. DANN, PH.D. |
| | **ORAL ARGUMENT REQUESTED** |
| | Hearing Date:   December 16, 2009 Hearing Time:   9:00 a.m. |

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

LA 51200267v1

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................. 1

II.  LEGAL STANDARDS ........................................................................ 2

    A.   Rule 702 & Expert Testimony. ................................................... 2

    B.   Daubert Factors Are Not Applicable Where Expert Testimony Is Based on Specialized Knowledge. ........................................... 2

III. ARGUMENT ....................................................................................... 3

    A.   Professor Dann Is A Highly Qualified Expert Witness. .............. 3

    B.   Professor Dann's Specialized Knowledge Will Assist the Jury. .............. 3

    C.   Plaintiffs Never Deposed Professor Dann Yet Now Seek to Exclude Him. ............................................................................ 4

    D.   Professor Dann Should Be Allowed to Testify at Trial Concerning His Rebuttal of Plaintiffs' Flawed Damages Calculations. .......................................................................... 5

        1.   Professor Dann Uses Reliable Principles in Rebutting Plaintiffs' Damages Calculations. .................................. 6

        2.   Professor Dann Rebuts Plaintiffs' Damages Calculations in a Reliable Manner. ...................................... 6

    E.   Professor Dann Should Be Allowed to Testify at Trial Regarding Loss Causation. ......................................................... 8

        1.   Professor Dann's Opinions Regarding Loss Causation Are Reliable. ............................................................ 8

        2.   Plaintiffs' Additional Arguments Are Equally Meritless. .............. 9

IV.  CONCLUSION ................................................................................. 11

-i-

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4
Benedict v. United States,
    822 F.2d 1426 (6th Cir. 1987) ............................................................. 5

5
Daubert v. Merrell Dow Pharm.,
    509 U.S. 579 (1993) ...................................................................... 2, 7, 9, 10

6

7
Dorn v. Burlington Santa Fe R.R. Co.,
    397 F.3d 1183 (9th Cir. 2005) ........................................................ 9, 10

8

9
Humetrix, Inc. v. Gemplus S.C.A.,
    268 F.3d 910 (9th Cir. 2001) .......................................................... 9, 10

10

11
In re Cendant Corp. Litig.,
    264 F.3d 201 (3d Cir. 2001) .............................................................. 5

12
In re Paoli R.R. Yard PCB Litig.,
    35 F.3d 717 (3d Cir. 1994) ................................................................ 9

13

14
Kumho Tire Co. v. Carmichael,
    526 U.S. 137 (1999) .......................................................................... 2

15
Manchak v. N-Viro Energy Sys.,
    876 F. Supp. 1123 (C.D. Cal. 1994) .................................................. 5

16

17
Obrey v. Johnson,
    400 F.3d 691 (9th Cir. 2005) ........................................................... 10

18

19
United States v. Hankey,
    203 F.3d 1160 (9th Cir. 2000) ........................................................... 2

20

21
United States v. Mitchell,
    365 F.3d 215 (3d Cir. 2004) .............................................................. 5

22
United States v. Velasquez,
    64 F.3d 844 (3d Cir. 1995) ................................................................ 5

23

24
STATUTES

25
15 U.S.C. § 77k(e) ................................................................................ 5

26
Federal Rule of Evidence 702 ....................................................... 2, 7, 10

27

28
ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

# I.   **INTRODUCTION**

Plaintiffs' Motion to Exclude the opinions and testimony of Roth Capital Partners, LLC's ("Roth") damages expert, Larry Y. Dann, Ph.D., should be denied. Professor Dann submitted an expert report regarding two critical issues in this case – plaintiffs' calculation of damages and Roth's "loss causation" defense that investors' losses were caused by factors other than the alleged misstatements and omissions at issue.[1]   Plaintiffs seek to exclude Professor Dann from testifying at trial despite the fact they <u>never bothered to depose him</u>.   Plaintiffs blithely criticize Dann's expertise and opinions yet never explored his significant academic experience concerning valuation, damages, and financial distress, his prior experience as a securities damages expert or the parameters and bases for his expert opinions in this case.

Professor Dann should be allowed to testify at trial regarding both these critical issues.   With respect to damages, plaintiffs bear the burden of proving damages under Section 11 of the Securities Act of 1933 – a burden their damages expert comes nowhere near satisfying.   Professor Dann forcefully rebuts, as does the auditors' damages expert, the fundamentally flawed methodology employed by plaintiffs' expert in calculating damages.   Dann's expert testimony will be crucial to the jury in determining whether plaintiffs have established the massive damages they seek to recover.   As to loss causation, plaintiffs' criticisms that Professor Dann did not consider certain facts or agree with plaintiffs and the auditors' experts are baseless.   Plaintiffs never deposed Professor Dann to determine what facts he considered, and any battle of the experts concerning the causes of plaintiffs' alleged damages is for the jury to resolve, <u>not</u> grounds for excluding substantiated, reliable and helpful expert testimony.

---

[1]   Plaintiffs do not challenge Professor Dann's opinion that the securities at issue contained a "risk premium."   Nevertheless, the facts and legal arguments herein also establish the admissibility of that opinion.

- 1 -
ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

## II.    LEGAL STANDARDS

**A.    Rule 702 & Expert Testimony.**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Expert testimony is liberally admitted. Daubert v. Merrell Dow Pharm., 509 U.S. 579, 588 (1993) (Rule 702 is part of the "liberal thrust" of Federal Rules of Evidence and their "general approach of relaxing the traditional barriers to opinion testimony.").

**B.    Daubert Factors Are Not Applicable Where Expert Testimony Is Based on Specialized Knowledge.**

The Daubert court enumerated a non-exhaustive list of factors that might bear on a court's determination of whether an expert's testimony is based on reliable principles or methods. Daubert, 509 U.S. at 592-94. The general principle that an expert's testimony must be reliable applies to all forms of expert testimony. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 148 (1999). However, in stressing that the inquiry under Daubert was intended to be a "flexible one," the Supreme Court has made clear that the Daubert factors may not be pertinent in assessing reliability. Id. at 150. Importantly, with regard to expert testimony that is based on specialized knowledge, like the opinions of Professor Dann here, the Daubert factors "simply are not applicable." See United States v. Hankey, 203 F.3d 1160, 1169 (9th Cir. 2000).

- 2 -

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

1

### III.   ARGUMENT

2  **A.    Professor Dann Is A Highly Qualified Expert Witness.**

3  Professor Dann is highly qualified to testify as an expert in this case by virtue

4  of his extensive education, experience and knowledge.  Professor Dann received a

5  Ph.D. in Management (Finance) from the University of California, Los Angeles, and

6  a MBA from Harvard University.  (Declaration of Larry Y. Dann ("Dann Decl.") ¶

7  2.)  Dann has been a professor of finance for more than 30 years, and currently is the

8  Richard W. Lindholm Professor Emeritus of Finance at the University of Oregon.

9  (Id.)  During his academic career as a finance professor, Professor Dann has taught

10  numerous courses in advanced financial management, financial analysis and

11  valuation, investments, and case problems in finance (presenting business situations

12  that pose alternative courses of action) to undergraduate students, full-time MBA

13  students, Executive MBA students and Ph.D. students.  (Id.)  In addition to his

14  numerous publications cited in his *curriculum vitae*, Professor Dann has been an

15  associate editor of various journals, including *Journal of Financial and Quantitative*

16  *Analysis, Accounting and Finance, Journal of Financial Economics*, and *Journal of*

17  *Financial Research*.  (Id.)

18  Professor Dann has been retained as an expert witness in more than 10 cases

19  concerning securities, valuations and damages under Section 11 and Section 10b-5 of

20  the Securities Exchange Act of 1934, among other topics.  (Id. ¶ 5.)  Professor Dann

21  has testified at trial and a NASD hearing.  (Id.)  The reliability of Professor Dann's

22  work as an expert is evidenced by the fact that his opinions and testimony have never

23  been excluded.  (Id.)

24  **B.    Professor Dann's Specialized Knowledge Will Assist the Jury.**

25  Throughout his 30-year academic career, Professor Dann has lectured

26  extensively on "financial distress" (a company's inability or difficulty satisfying its

27  obligations to creditors) and bankruptcy in the courses he teaches.  (Id. ¶ 3.)  In

28  - 3 -

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

LA 51200267v1

1  lecturing on these issues, Professor Dann relies on numerous authoritative sources

2  including a widely-used finance textbook, Brealey and Myers, *Principles of*

3  *Corporate Finance*; Harvard Business School cases and notes related to bankruptcy

4  issues such as "UAL, 2004: Pulling Out of Bankruptcy," "Sunbeam-Oster Company,

5  Inc.," and "Note on Bankruptcy in the United States"; papers published by prominent

6  academics concerning bankruptcy and financial distress issues such as Gilson, Stuart

7  C., Managing Default: Some Evidence on How Firms Choose Between Workouts

8  and Bankruptcy, *Journal of Applied Corporate Finance*, (Summer 1991, vol. 4, no.

9  2). (Id.)

10     Professor Dann also lectures on "capital budgeting" (the process by which a

11  company determines whether to undertake projects requiring capital investment,

12  often involving an assessment of cash flows) and "real options analysis" (the process

13  by which a company analyzes the risks and benefits of alternatives that are difficult

14  to quantify). (Id. ¶ 4.) In teaching these topics, Professor Dann uses the *Principles*

15  *of Corporate Finance* and academic papers published on real options analysis such

16  as K. Hevert, "Real Options Primer: A Practical Synthesis of Concepts and Valuation

17  Approaches," *Journal of Applied Corporate Finance*, (Summer 2001, vol. 14, no. 2.)

18  (Id.) Through his teaching, publications, and prior work as an expert in securities

19  cases, Professor Dann has accumulated a considerable body of specialized

20  knowledge that will greatly assist the jury in understanding the critically important

21  damages and loss causation issues in this case.

22  **C.     Plaintiffs Never Deposed Professor Dann Yet Now Seek to Exclude Him.**

23     Despite Roth's offer to produce him, plaintiffs chose not to depose Professor

24  Dann. Yet, plaintiffs now seek to exclude Professor Dann from testifying at trial on

25  the grounds that he lacks expertise and did not consider certain facts or employ

26  appropriate methodology in reaching his opinions – all topics that plaintiffs could

27  have explored had they bothered to take his deposition. Had plaintiffs deposed

28  
- 4 -

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

LA 51200267v1

1    Professor Dann, they could have questioned him concerning the bases for his expert

2    opinions, his academic and research experience, specialized knowledge and his prior

3    experience as a securities expert.  Plaintiffs' failure to take Professor Dann's

4    deposition alone provides grounds for denying their motion to exclude him.

5    **D.     Professor Dann Should Be Allowed to Testify at Trial Concerning His**

6    **Rebuttal of Plaintiffs' Flawed Damages Calculations.**

7            Since plaintiffs held their securities when they filed this lawsuit on January 20,

8    2004 (the "Suit Date"), the measure of damages under Section 11 is the difference

9    between the price paid for the securities and the value of the securities as of the Suit

10   Date.  15 U.S.C. § 77k(e).  Plaintiffs clearly bear the burden of proving the amount

11   of damages for their Section 11 claims.  In re Cendant Corp. Litig., 264 F.3d 201,

12   249 (3d Cir. 2001).  Accordingly, Professor Dann's opinions regarding damages

13   focus on a rebuttal of the methods employed by plaintiffs' expert, Jane Nettesheim,

14   in computing damages.  It is well-settled that an expert should be allowed to testify

15   concerning the reliability and methodology of another expert's opinions.  United

16   States v. Mitchell, 365 F.3d 215, 247 (3d Cir. 2004) (error to exclude testimony of

17   qualified opposing expert); United States v. Velasquez, 64 F.3d 844, 852 (3d Cir.

18   1995) (error to exclude expert testimony that called into doubt reliability and

19   credibility of opposing expert's testimony); Benedict v. United States, 822 F.2d

20   1426, 1429 (6th Cir. 1987) (expert testimony that disproves the accuracy of an

21   opposing expert's methodology and data is proper rebuttal); Manchak v. N-Viro

22   Energy Sys., 876 F. Supp. 1123, 1133 (C.D. Cal. 1994) (rebuttal expert testimony

23   admitted to challenge validity of test relied on by opposing expert).  As demonstrated

24   below, Professor Dann relies on his decades of relevant academic and research

25   experience and prior experience as a securities damages expert to challenge the

26   fundamental flaws in Ms. Nettesheim's purported damages analysis.

27

28

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

1.     **Professor Dann Uses Reliable Principles in Rebutting Plaintiffs'**
**Damages Calculations.**

Ms. Nettesheim concludes that the value of the debentures issued by Metropolitan Mortgage & Securities Company, Inc. ("Met") and investment certificates issued by Summit Securities, Inc. ("Summit") as of the Suit Date is equal to the total distributions that will be received by the investors of these securities from the companies' bankruptcy estates. (Nettesheim Report ¶ 16.) However, nowhere in Ms. Nettesheim's reports does she offer any support for her assertion that the value of debt securities <u>on the Suit Date</u> equals the distributions that investors will receive <u>years later</u> from the bankruptcy estates.

In rebutting Ms. Nettesheim's conclusion, Professor Dann makes use of an indisputably reliable principle, which was completely ignored by Nettesheim in a transparent effort to increase purported damages – that factors affecting the bankruptcy recovery rate that <u>occurred after the Suit Date</u> must be identified and the bankruptcy recovery rate (if used as a measure of the securities' value <u>as of the Suit Date</u>) must be adjusted accordingly. (Dann Report ¶¶ 15-20.)

2.     **Professor Dann Rebuts Plaintiffs' Damages Calculations in a**
**Reliable Manner.**

In applying this principle, Professor Dann analyzes a number of factors that Ms. Nettesheim <u>completely ignores</u> in erroneously assuming that the value of the debt securities as of the Suit Date is equal to the total proceeds investors will receive from the bankruptcy estates. One of the most glaring issues that Professor Dann addresses is Ms. Nettesheim's assumption that the value of Western United Life Assurance Co. ("WULA"), the largest source of potential recovery for the bankruptcy estates, did not change after the Suit Date. (Dann Report ¶ 17.) In rebutting Ms. Nettesheim's erroneous assumption, Professor Dann analyzes a number of reports filed by the court-appointed receiver of WULA, which reflect a

- 6 -

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

1  massive reduction in WULA's statutory surplus from $117.9 million as of December

2  31, 2003 to $47.7 million as of December 31, 2006.  (Id. fn. 8, ¶ 17.)  Moreover, as

3  further factual bases for his opinion, Professor Dann analyzed the deposition

4  testimony of the companies' bankruptcy trustee, who agreed that the "drop in capital

5  and surplus significantly decreased the company's [WULA's] value to potential

6  purchasers."  (Id.)

7        Professor Dann also analyzes another glaring deficiency in Ms. Nettesheim's

8  methodology in calculating damages – her failure to take into account the decline in

9  value of similar companies after the Suit Date and the corresponding effect of such

10  decline on the bankruptcy recovery rate.  (Dann Report ¶18.)  To provide an

11  example, Professor Dann identifies a number of companies engaged in similar lines

12  of business that suffered massive declines in value after the Suit Date.  (Id.)

13        Professor Dann's use of sufficient factual data, his significant specialized

14  knowledge and qualifications in the areas of distressed companies, valuations and

15  damages in securities cases, and his reliable principles and approach are more than

16  ample to support his rebuttal opinions.  Professor Dann's testimony also will assist

17  the jury in understanding the complex financial and valuation issues raised by

18  Nettesheim and clarify any confusion caused by her flawed methodology.

19  Accordingly, Professor Dann's opinions regarding damages readily satisfy Rule 702,

20  and he should be allowed to present them at trial.  Any criticisms by plaintiffs

21  concerning Dann's damages opinions should be addressed through cross examination

22  at trial, not by exclusion of his testimony.  See Daubert 509 U.S. at 596 ("Vigorous

23  cross-examination, presentation of contrary evidence, and careful instruction on the

24  burden of proof are the traditional and appropriate means of attacking shaky but

25  admissible evidence.").

26

27

28
- 7 -
ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

**E.    Professor Dann Should Be Allowed to Testify at Trial Regarding Loss Causation.**

Professor Dann opines in his report that the alleged losses to investors as of the Suit Date were caused by reasons other than the alleged misrepresentations and omissions in the registration statements at issue – namely, the companies' inability to obtain funds from their insurance subsidiaries after the subsidiaries were placed into receivership, enter into asset sales, obtain external financing or enter into a debt-for-equity swap. (Dann Report ¶¶ 28-35.) As demonstrated below, Dann's loss causation opinions are firmly grounded in the factual record and are the product of his specialized knowledge and reliable principles.

**1.    Professor Dann's Opinions Regarding Loss Causation Are Reliable.**

Professor Dann's opinions are based on his analysis of the relevant facts and expertise in valuation, real options analysis, and distressed companies and will be highly helpful to the jury in understanding the reasons for the investors' alleged losses. Plaintiffs' primary critique of Professor Dann's principles and methods is that he purportedly failed to take into account events that occurred prior to the Suit Date. (Pls.' Motion to Exclude Dann at 7.) Plaintiffs' argument is severely undermined by the failure of their own damages expert, Ms. Nettesheim, to take into account any factors affecting the bankruptcy recovery rate that occurred <u>after</u> the Suit Date. Moreover, plaintiffs have failed to present any evidence that Professor Dann did not, in fact, consider events that occurred prior to the Suit Date. Indeed, Exhibit 2 to the Dann Report contains a list of documents Professor Dann analyzed in forming his opinions, which includes a large number of documents concerning events before the Suit Date.[2] (Dann Decl. ¶ 7.) Plaintiffs never bothered to depose

---

[2] Curiously, Exhibit 2 to the Dann Report as well as Professor Dann's impressive and relevant curriculum vitae (Exhibit 1) were not included in the purported "true and correct copy" of the Dann Report filed in support of Plaintiffs' Motion to Exclude. (<u>See</u> Dann Decl. ¶¶ 6, 7.)

- 8 -

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

1   Dann to determine whether he considered factors occurring prior to the Suit Date but

2   concluded that such factors did not cause investors' losses. In re Paoli R.R. Yard

3   PCB Litig., 35 F.3d 717, 739 (3d Cir. 1994) ("under Daubert a judge at an *in limine*

4   hearing must make findings of fact on the reliability of complicated scientific

5   methodologies and this fact-finding can decide the case, it is important that each side

6   have an opportunity to depose the other side's experts in order to develop strong

7   critiques and defenses of their expert's methodologies.").

8           **2.     Plaintiffs' Additional Arguments Are Equally Meritless.**

9           Plaintiffs assert two additional reasons for excluding Professor Dann's

10  testimony regarding loss causation, both of which are meritless.  First, plaintiffs

11  argue that because both plaintiffs (in their own Motion for Partial Summary

12  Judgment Re: Negative Causation) and the auditors' expert Christopher James

13  ("James") conclude that a "liquidity crisis" caused the collapse of the companies,

14  Professor Dann also must come to that conclusion.  (Pls.' Mot. Summ. J. at 8.)  The

15  specious nature of plaintiffs' argument is evidenced by the fact plaintiffs filed a

16  motion to exclude the testimony of James, with whom plaintiffs claim to be in

17  "complete[] agreement" in this Motion.  (Pls.' Mot. to Exclude Dann at 10.)

18  Moreover, the Ninth Circuit has made clear that expert testimony of one witness that

19  is contradicted by the testimony of an opposing expert is no bar to its admission.

20  Dorn v. Burlington Santa Fe R.R. Co., 397 F.3d 1183, 1196 (9th Cir. 2005).  As one

21  court explained, the "[a]uthority to determine the victor in such a battle of expert

22  witnesses is properly reposed in the jury." Humetrix, Inc. v. Gemplus S.C.A., 268

23  F.3d 910, 919 (9th Cir. 2001).  Moreover, Professor Dann's opinions concerning the

24  reasons for plaintiffs' losses (the companies' inability to obtain funds from their

25  insurance subsidiaries after the subsidiaries were placed into receivership, enter into

26  asset sales, obtain external financing or enter into a debt-for-equity swap) all relate to

27  the companies' inability to generate funds (i.e., liquidity issues).

28
                                        - 9 -
ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

1    Plaintiffs' second argument is that Professor Dann's loss causation testimony

2  should be excluded because "defendants must engage in rigorous statistical analysis"

3  in order to prove loss causation. (Pls.' Mot. to Exclude Dann at 5.) Plaintiffs'

4  argument clearly conflicts with established Ninth Circuit precedent. See Obrey v.

5  Johnson, 400 F.3d 691, 696 (9th Cir. 2005) ("neither the usefulness nor the strength

6  of statistical proof determines admissibility under Rule 702."). Moreover, and

7  critically, plaintiffs concede that there were no corrective disclosures regarding the

8  alleged misstatements until months after the Suit Date. (Pls.' Consolidated and

9  Fourth Amended Class Action Complaint ¶ 541) ("the relevant facts demonstrating

10  the negligence of PWC and Roth and underlying Plaintiffs' claims were not available

11  until the June 8, 2004 publication of the Examiner's Interim Report.") Therefore, the

12  type of statistical analysis plaintiffs erroneously argue is required by Professor Dann

13  simply is not possible given the lack of any corrective disclosures as of the Suit Date.

14  See Jon Koslow, *Estimating Aggregate Damage in Class Action Litigation Under*

15  *Rule 10B*, 59 Fordham L.Rev. 811, 822 (1991).

16    As the Ninth Circuit has stressed, the traditional and appropriate means of

17  attacking expert testimony remain "cross-examination, presentation of contrary

18  evidence, and careful instruction on the burden of proof." Dorn, 397 F.3d at 1196;

19  see also Daubert 509 U.S. at 596. Further, the reasonableness of an expert's

20  assumptions and methods are matters for the jury to determine in weighing the

21  expert's testimony. Humetrix, 268 F.3d at 919. Thus, plaintiffs' arguments for the

22  exclusion of Professor Dann, at best, merely affect the weight accorded to his

23  opinions by the jury and not their admissibility.

- 10 -

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067   (310) 556-5800

LA 51200267v1

1

## IV.    CONCLUSION

2     For the foregoing reasons, Roth respectfully requests that the Court deny

3  plaintiffs' Motion to Exclude Professor Dann in its entirety.

4

5  October 30, 2009                    STROOCK & STROOCK & LAVAN LLP

6                                  By:  /s/ Mary D. Manesis

7                                       MARY D. MANESIS, *Pro Hac Vice*
                                        2029 Century Park East
8                                       Los Angeles, CA 90067
                                        Telephone:  310-556-5800
9                                       Facsimile:   310-556-5959
                                        Email:  mmanesis@stroock.com
10                                      Attorneys for Defendant
11                                      Roth Capital Partners, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

1

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2009 I electronically filed the foregoing document described as:  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROTH CAPITAL PARTNERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE LARRY Y. DANN, PH.D. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record on the CM/ECF for this litigation.


/s/  Mary D. Manesis
Mary D. Manesis

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

LA 51200267v1

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

# CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2009 I electronically filed the foregoing document described as:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROTH CAPITAL PARTNERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE LARRY Y. DANN, PH.D.

I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| George S Azadian | gazadian@stroock.com<br>cdusi@stroock.com |
| James K Barbee | jim@golbeckroth.com |
| Philip S Beck | anne.doyle@bartlit-beck.com,<br>susan.dandrea@bartlit-beck.com |
| Ronald L Berenstain | rberenstain@perkinscoie.com,<br>jstarr@perkinscoie.com |
| Steve W Berman | steve@hbsslaw.com,heatherw@hbsslaw.com,<br>carrie@hbsslaw.com |
| Alison Killen Blair | ablair@orrick.com |
| Brian D Buckley | bbuckley@fenwick.com,kroth@fenwick.com,<br>doconnor@fenwick.com |
| Elizabeth J Cabraser | ecabraser@lchb.com |
| Kelly P Corr | kcorr@corrcronin.com,dpatterson@corrcronin.com<br>reception@corrcronin.com |
| James P Cusick | jcusick@orrick.com |
| Christopher G Emch | emchc@foster.com,pateb@foster.com |
| Timothy J Filer | filet@foster.com,howej@foster.com |
| Erin K Flory | erin@hbsslaw.com,jon@hbsslaw.com |
| Steven Fogg | sfogg@corrcronin.com,hpowell@corrcronin.com |
| Brian C. Frontino | bfrontino@stroock.com,lacalendar@stroock.com |
| E Joseph Giometti | jgiometti@orrick.com,jcopoulos@orrick.com,<br>pbenetz@orrick.com |

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

LA 51200267v1

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Peter Jennings Grabicki | pjg@randanco.com,nlg@randanco.com, scc@randanco.com |
| Gary I Grenley | ggrenley@grebb.com |
| Richard M Heimann | rheimann@lchb.com,lsimms@lchb.com |
| Kenneth P Herzinger | kherzinger@orrick.com |
| David D Hoff | dhoff@tousley.com,btaylor@tousley.com |
| Lester C Houtz | lester.houtz@bartlit-beck.com, anne.doyle@bartlit-beck.com |
| James E Howard | howard.james@dorsey.com, summers.shawn@dorsey.com, hall.michelle@dorsey.com |
| John M Hughes | john.hughes@bartlit-beck.com |
| Bradley B Jones | bjones@gth-law.com, sthomas@gth-law.com,glane@gth-law.com |
| Stellman Keehnel | stellman.keehnel@dlapiper.com, nina.marie@dlapiper.com |
| Kenneth G Kieffer | kkieffer@gth-law.com,lhoober@gth-law.com |
| James Bernard King | jking@ecl-law.com,kschulman@ecl-law.com |
| Christopher D Landgraff | chris.landgraff@bartlit-beck.com |
| Christopher Lind | chris.lind@bartlit-beck.com, anne.doyle@bartlit-beck.com |
| Mary D Manesis | mmanesis@stroock.com,cdusi@stroock.com |
| J. Scott McBride | scott.mcbride@bartlit-beck.com |
| James P McNeill, III | mcnej@foster.com |
| Jeffrey S Miller | milje@foster.com,kellie@foster.com, hickc@foster.com, snydd@foster.com |
| Meredith Moss | mmoss@orrick.com |
| John Degnan Munding | munding@crumb-munding.com, brittany@crumb-munding.com |
| Robert J Nelson | rnelson@lchb.com |
| Kevin Daniel O'Rourke | kevin@southwellorourke.com |

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067    (310) 556-5800

LA 51200267v1

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| 1 | Carl Joseph Oreskovich | carl@ettermcmahon.com, roni@ettermcmahon.com |
| 2 | | |
| 3 | Andrew K Polovin | andrew.polovin@bartlit-beck.com,anne.doyle@bartlit-beck.com |
| 4 | Mark Roth | mark@golbeckroth.com |
| 5 | Stephen Michael Rummage | steverummage@dwt.com,jeannecadley@dwt.com |
| 6 | | |
| 7 | Darrell W Scott | scottgroup@mac.com,ssimatos@mac.com |
| | F Mike Shaffer | fshaffer@gth-law.com,ksnyder@gth-law.com |
| 8 | James M Shaker | shaker@ryanlaw.com,callahan@ryanlaw.com |
| 9 | Daniel F Shea | dfshea@hhlaw.com |
| 10 | Kim D Stephens | kstephens@tousley.com,bkinsey@tousley.com |
| 11 | | |
| 12 | Julia B Strickland | jstrickland@stroock.com,lacalendar@stroock.com, tmitchell@stroock.com |
| 13 | Michael S Strube | sstrube@orrick.com,gjohnson@orrick.com |
| 14 | Earl M Sutherland | esutherland@rmlaw.com,jlading@rmlaw.com |
| 15 | Paul H Trinchero | ptrinchero@grebb.com |
| 16 | Fabrice Vincent | fvincent@lchb.com,dclevenger@lchb.com |
| 17 | Leslie Richard Weatherhead | lwlibertas@aol.com,emilyr@wkdtlaw.com, janetj@wkdtlaw.com |
| 18 | | |
| 19 | Tyler S Weaver | tyler@hbsslaw.com,jeniphr@hbsslaw.com,bonneym@hbsslaw.com |
| 20 | Diana Lynn Weiss | dweiss@orrick.com |
| 21 | Charles S Wright | charleswright@dwt.com,terriray@dwt.com |
| 22 | | |
| 23 | | /s/ Mary D. Manesis |
| 24 | | Mary D. Manesis |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

ROTH'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
LARRY Y. DANN, PH.D.
(Case No. CV-04-0025-FVS)

LA 51200267v1