THE HONORABLE FRED Van SICKLE

BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA 98402
253-620-6500


JENIPHR A.E. BRECKENRIDGE, WSBA No. 21410
TYLER S. WEAVER, WSBA No. 29413
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609
206-623-7292

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | No. CV-04-025-FVS<br><br>CLASS ACTION<br><br>CLASS REPRESENTATIVES MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT WITH ROTH CAPITAL PARTNERS, LLC,<br><br>WITHOUT ORAL ARGUMENT<br><br>HEARING DATE: March 2, 2010<br>6:30 P.m. |

MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT
WITH ROTH CAPITAL PARTNERS, LLC - 1 of 5
(Case No. CV04-0025-FVS)
[1459627 v7.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

| | |
|---|---|
| 1 | Plaintiffs, pursuant to F.R.Civ.P. 23, hereby respectfully move the Court for entry of: |
| 2 | |
| 3 | • Order Bifurcating and Staying Claims Against Defendant Roth Capital Partners, LLC; |
| 4 | |
| 5 | • Order Preliminary Approving Settlement Between The Class and Defendant Roth Capital Partners, LLC. |
| 6 | |
| 7 | This Motion is supported by the attached Memorandum, Declaration and exhibits, and by all other pleadings and filings in this litigation. |
| 8 | |
| 9 | Dated this 31st day of January, 2010. |

GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP

By   s/Bradley B. Jones
    Bradley B. Jones, WSBA No. 17197
    Kenneth G. Kieffer, WSBA No. 10850
    Attorneys for Plaintiffs

HAGENS BERMAN SOBOL SHAPIRO LLP

By   s/Tyler S. Weaver
    Tyler S. Weaver, WSBA No. 29413
    Jeniphr A.E. Breckenridge, WSBA 21410
    Attorneys for Plaintiffs

MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT
WITH ROTH CAPITAL PARTNERS, LLC - 2 of 5
(Case No. CV04-0025-FVS)
[1459627 v7.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to the CM/ECF participants listed below, and I will mail the same via U.S. Postal Service to the non-CM/ECF participant(s).

Alison Killen Blair at ablair@orrick.com
Andrew K Polovin at andrew.polovin@bartlit-beck.com; anne.doyle@bartlit-beck.com
Brian Charles Frontino at bfrontino@stroock.com; lacalendar@strooock.com
Brian D Buckley at bbuckley@fenwick.com; doconnor@fenwick.com; kroth@fenwick.com
Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com
Charles S Wright at charleswright@dwt.com
Christopher Lind at chris.lind@bartlit-beck.com; anne.doyle@bartlit-beck.com
Christopher D Landgraff at chris.landgraff@barlit-beck.com
Christopher G Emch at emchc@foster.com; pateb@foster.com
Daniel F Shea at dfshea@hhlaw.com
Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com
David D Hoff at dhoff@tousley.com; btaylor@tousley.com
Diana Lynn Weiss at dweiss@orrick.com
E Joseph Giometti at jgiometti@orrick.com; jcopoulos@orrick.com; pbenetz@orrick.com
Earl M Sutherland at esutherland@rmlaw.com; jlading@rmlaw.com
Elizabeth J Cabraser at ecabraser@lchb.com
Erin K Flory at erin@hbsslaw.com; jon@hbsslaw.com
Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com
Gary I Grenley at ggrenley@grebb.com
George S Azadian at gazadian@stroock.com; cdusi@stroock.com
J Scott McBride at scott.mcbride@barlit-beck.com
James Bernard King at jking@ecl-law.com; kschulman@ecl-law.com
James K Barbee at jim@golbeckroth.com
James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com
James P Cusick at jcusick@orrick.com

MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT
WITH ROTH CAPITAL PARTNERS, LLC - 3 of 5
(Case No. CV04-0025-FVS)
[1459627 v7.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1. James P McNeill, III at mcnej@foster.com
2. Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com
3. John Degnan Munding at munding@crumb-munding.com; brittany@crumb-munding.com
4. John M. Hughes at john.hughes@bartlit-beck.com
5. Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com; lacalendar@stroock.com
6. Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com; reception@corrcronin.com
7. Kenneth P Herzinger at kherzinger@orrick.com
8. Kevin Daniel O'Rourke at kevin@southwellorourke.com
9. Kim D Stephens at kstephens@tousley.com; bkinsey@tousley.com
10. Leslie R Weatherhead at lwlibertas@aol.com; emilyr@wkdtlaw.com; janetj@wkdtlaw.com
11. Lester C Houtz at lester.houtz@bartlit-beck.com; anne.doyle@barlit-beck.com
12. Mark Roth at mark@golbeckroth.com
13. Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com
14. Meredith Moss at mmoss@orrick.com
15. Paul H Trinchero at ptrinchero@grebb.com
16. Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com; nlg@randanco.com
17. Philip S Beck at anne.doyle@bartlit-beck.com; susan.dandrea@barlit-beck.com
18. Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com
19. Robert J Nelson at rnelson@lchb.com
20. Ronald L Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com
21. Stellman Keehnel at stellman.keehnel@dlapiper.com; nina.marie@dlapiper.com
22. Stephen M Rummage at steverummage@dwt.com; jeannecadley@dwt.com
23. Steve W Berman at steve@hbsslaw.com; carrie@hbsslaw.com; heatherw@hbsslaw.com
24. Steven Fogg at sfogg@corrcronin.com; hpowell@corrcronin.com
25. Timothy L Filer at filet@foster.com; howej@foster.com
26. Tyler S Weaver at tyler@hbsslaw.com; bonneym@hbsslaw.com; jeniphr@hbsslaw.com

MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT WITH ROTH CAPITAL PARTNERS, LLC - 4 of 5
(Case No. CV04-0025-FVS)
[1459627 v7.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Notice has been delivered by other means to:

*/s/ Lester d'Hoosh*

Legal Assistant to:
F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue Suite 2100
Tacoma WA 98402
253-620-6500
253-620-6565

Tyler S. Weaver, WSBA No. 29413
Jeniphr Breckenridge, WSBA No. 21410
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609

Co-Lead Counsel for Lead Plaintiffs

MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT
WITH ROTH CAPITAL PARTNERS, LLC - 5 of 5
(Case No. CV04-0025-FVS)
[1459627 v7.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# PROPOSED ORDERS

THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402-4314
253-620-6500
253-620-6565

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-025-FVS<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER BIFURCATING AND STAYING CLAIMS AGAINST DEFENDANT ROTH CAPITAL PARTNERS, LLC |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

Having considered the Motion and Memorandum of Plaintiffs, pursuant to Federal Rule of Civil Procedure 42(b), for an Order bifurcating and staying all claims against Defendant Roth Capital Partners, LLC ("Roth"),

**IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Settlement Agreement.

2. The Court has personal jurisdiction over all parties to the Action, including all Class Members, Roth and the non-settling defendants, and subject matter jurisdiction over the Action.

3. In light of the Settlement between the Class and Roth pursuant to the Settlement Agreement dated January 29, 2010 and the trial scheduled to commence in the Action against non-settling defendants on March 15, 2010, and in order to allow the Settling Parties to implement and seek final approval of the Settlement, it will further the interests of convenience, avoiding prejudice to the parties and expediting and economizing to bifurcate any and all claims that have been made, could be made or may be made in this Action against Roth pursuant to Federal Rule of Civil Procedure 42(b).

4. All claims, demands and causes of action, whether known or unknown, that have been asserted, could have been asserted or might be asserted by the Lead Plaintiffs, the Class, any non-settling defendant or any other person or entity in this Action or any other proceeding or forum, which are based upon or relate to the matters alleged in the Consolidated And Fourth Amended Class Action Complaint are hereby: (i) bifurcated from the Action and shall instead be maintained in a separate proceeding before this Court (the "Roth Action"); and (ii) stayed pending determination by the Court as to whether the Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved and whether the Judgment dismissing the Action and the Roth Action with

1  prejudice as to Roth, including a provision barring any claims against the Roth
2  Released Parties, should be entered.
3      5. In the event the Action proceeds to trial as to a non-settling
4  defendant(s): (i) the Class may not use any finding, ruling, order, trial testimony,
5  verdict or judgment or any attribution of fault or responsibility to Roth, for any
6  purpose whatsoever against Roth in the Action, the Roth Action or in any other
7  proceeding or forum; (ii) any finding, ruling, order, trial testimony, verdict or
8  judgment or any attribution of fault or responsibility to Roth, shall not be admissible
9  for any purpose whatsoever as against Roth in the Action, the Roth Action or in any
10 other proceeding or forum; (iii) any finding, ruling, order, trial testimony, verdict or
11 judgment or any attribution of fault or responsibility to Roth, shall not constitute
12 collateral estoppel or res judicata as to Roth in the Action, the Roth Action or in any
13 other proceeding or forum; (iv) Roth shall not use any finding, ruling, order, trial
14 testimony, verdict or judgment for any purpose whatsoever against the Class in the
15 Action or the Roth Action or against the Class in any other proceeding or forum; (v)
16 any finding, ruling, order, trial testimony, attribution of fault or responsibility to any
17 other defendant, verdict or judgment shall not be admissible for any purpose against
18 the Class in the Action or the Roth Action or against the Class in any other
19 proceeding or forum in any litigation between Roth and the Class; and (vi) any
20 finding, ruling, order, trial testimony, attribution of fault or responsibility to any
21 other defendant, verdict or judgment shall not constitute collateral estoppel or res
22 judicata as to the Class in the Action or the Roth Action or against the Class in any
23 other proceeding or forum in any litigation between Roth and the Class. If the
24 Settlement is terminated or fails to become effective for any reason, the Class shall
25 not be estopped from asserting the liability of Roth in the Action, the Roth Action or
26 any other proceeding or forum as if no settlement had been negotiated or entered
27 into, and Roth shall not be estopped from challenging liability in the Action, the Roth
28

1  Action or any other proceeding or forum as if no settlement had been negotiated or
2  entered into.
3      6.  The Settling Parties shall have the right to move for an order by this
4  Court modifying the provisions of, or terminating, this Order.
5      **IT IS SO ORDERED** this _____ day of _____, 2010.
6
7                                                    _____
                                                     UNITED STATES DISTRICT JUDGE
8  Presented by:
9  GORDON THOMAS HONEYWELL LLP
10
11 By: _____
       Bradley B. Jones
12     Attorneys for Plaintiffs and the Class
13
14 HAGENS BERMAN SOBOL SHAPIRO LLP
15 By: _____
       Tyler S. Weaver
16     Attorneys for Plaintiffs and the Class
17
18
19
20
21
22
23
24
25
26
27
28

1                                                    THE HONORABLE FRED VAN SICKLE

2  F. MIKE SHAFFER, WSBA No. 18669
3  BRADLEY B. JONES, WSBA No. 17197
   KENNETH G. KIEFFER, WSBA No. 10850
4  JOHN C. GUADNOLA, WSBA No. 08636
   GORDON THOMAS HONEYWELL LLP
5  1201 Pacific Avenue, Suite 2100
   Tacoma, WA 98402-4314
6  253-620-6500
7  253-620-6565

8  STEVE W. BERMAN, WSBA No. 12536
   TYLER S. WEAVER, WSBA No. 29413
9  JENIPHR BRECKENRIDGE, WSBA No. 21410
10 ERIN K. FLORY, WSBA No. 16631
   HAGENS BERMAN SOBOL SHAPIRO LLP
11 1301 Fifth Avenue, Suite 2900
   Seattle, WA 98101-2609
12
13 Attorneys for Plaintiffs

14                    UNITED STATES DISTRICT COURT
15
                      EASTERN DISTRICT OF WASHINGTON
16

17 In re METROPOLITAN SECURITIES  )  No. CV-04-025-FVS
18 LITIGATION                     )
                                  )  CLASS ACTION
19 ─────────────────────────────  )
                                  )  [PROPOSED] ORDER
20 THIS DOCUMENT RELATES TO:      )  PRELIMINARILY APPROVING
   ALL ACTIONS                    )  SETTLEMENT BETWEEN THE
21                                )  CLASS AND DEFENDANT ROTH
                                  )  CAPITAL PARTNERS, LLC
22                                )
23                                )
   ─────────────────────────────  )
24
25
26
27
28

Having considered the Motion and Memorandum of Plaintiffs, pursuant to Federal Rule of Civil Procedure 23, for an Order preliminarily approving the proposed settlement (the "Settlement") between the Class and defendant Roth Capital Partners, LLC ("Roth") in accordance with the terms and provisions of the Settlement Agreement dated January 29, 2010,

**IT IS HEREBY ORDERED:**

1.  This Order incorporates by reference the definitions in the Settlement Agreement and the Judgment.

2.  The Court has personal jurisdiction over all parties to the Action and the Roth Action, including all Class Members and Roth, and subject matter jurisdiction over the Action and the Roth Action.

3.  Without further order of the Court, the Settling Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

4.  In the interest of conserving expenses to the Class, pursuant to the terms of the Settlement Agreement, the Court shall defer approval of the form and manner of providing notice of the Settlement to the Class, and scheduling a hearing for final approval of the Settlement and Settlement Agreement (the "Final Approval Hearing").

5.  The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Final Approval Hearing.

6.  This Order shall become null and void, with the exception of the Bifurcation Order, and be without prejudice to the rights of the Settling Parties, all of whom shall be deemed to have reverted to their respective statuses in the Action and the Roth Action as of January 29, 2010, if: (i) the Effective Date does not occur; or (ii) the proposed Settlement is terminated or does not become effective for any other reason. In such event, the Settlement Agreement shall become null and void and

have no further force and effect, and the Settlement shall be without prejudice and none of its terms shall be effective or enforceable.

7. The Action is stayed as to Roth in all respects until further order of the Court, except as may be necessary to implement and effectuate the Settlement and Settlement Agreement.

8. Pending determination by the Court as to whether the Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved and whether the Judgment dismissing the Action and the Roth Action with prejudice as to Roth and whether an order barring claims against the Roth Released Parties should be entered, no Lead Plaintiff nor any Class Member, either directly, representatively or in any other capacity, shall assert, commence or prosecute against any of the Roth Released Parties any of the Roth Released Claims in this Action or the Roth Action or any other proceeding or forum. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. Section 1651(a).

9. Pending determination by the Court as to whether the Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved and whether the Judgment dismissing the Action and the Roth Action with prejudice as to Roth and whether an order barring claims against the Roth Released Parties should be entered, no present or future defendant in the Action or in the Roth Action, either directly, representatively or in any other capacity, shall assert, commence or prosecute any claim against any of the Roth Released Parties, however styled, whether legal or equitable, known or unknown, whether arising under state law or federal non-securities law, whether for indemnification or contribution or otherwise denominated (including without limitation claims for breach of contract or misrepresentation), where the claim is based on, arises out of or

relates to claims or allegations asserted in the Action or the Roth Action. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. Section 1651(a).

      10. In the event the Action proceeds to trial as to a non-settling defendant(s): (i) the Class may not use any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to Roth, for any purpose whatsoever against Roth in the Action, the Roth Action or in any other proceeding or forum; (ii) any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to Roth, shall not be admissible for any purpose whatsoever as against Roth in the Action, the Roth Action or in any other proceeding or forum; (iii) any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to Roth, shall not constitute collateral estoppel or res judicata as to Roth in the Action, the Roth Action or in any other proceeding or forum; (iv) Roth shall not use any finding, ruling, order, trial testimony, verdict or judgment for any purpose whatsoever against the Class in the Action or the Roth Action or against the Class in any other proceeding or forum; (v) any finding, ruling, order, trial testimony, attribution of fault or responsibility to any other defendant, verdict or judgment shall not be admissible for any purpose against the Class in the Action or the Roth Action or against the Class in any other proceeding or forum in any litigation between Roth and the Class; and (vi) any finding, ruling, order, trial testimony, attribution of fault or responsibility to any other defendant, verdict or judgment shall not constitute collateral estoppel or res judicata as to the Class in the Action or the Roth Action or against the Class in any other proceeding or forum in any litigation between Roth and the Class. If the Settlement is terminated or fails to become effective for any reason, the Class shall not be estopped from asserting the liability of Roth in the Action, the Roth Action or

any other proceeding or forum as if no settlement had been negotiated or entered into, and Roth shall not be estopped from challenging liability in the Action, the Roth Action or any other proceeding or forum as if no settlement had been negotiated or entered into.

11. This Order shall not be construed or used as an admission, concession or declaration by or against Roth of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against the Class Representatives or the Class, that their claims lack merit, that their damages are in any way limited, or that the relief requested in the Action or the Roth Action is inappropriate, or as a waiver by any party of any defenses of claims he, she, or it may have.

12. The Class shall move the Court for an order approving and directing notice of the Settlement to the Class, and setting a final approval hearing, no later than the earlier of either (i) final resolution of the Class's claims against the non-settling defendants in the Action, or (ii) June 15, 2010, or such continued date as the Class and Roth may agree to in writing.

**IT IS SO ORDERED** this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

GORDON THOMAS HONEYWELL LLP

By: _____
Bradley B. Jones
Attorneys for Plaintiffs and the Class

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____

1  Tyler S. Weaver
2  Attorneys for Plaintiffs and the Class