THE HONORABLE FRED Van SICKLE

BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA 98402
253-620-6500

STEVE W. BERMAN, WSBA No. 12536
JENIPHR A.E. BRECKENRIDGE, WSBA No. 21410
TYLER S. WEAVER, WSBA No. 29413
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609
206-623-7292

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | No. CV-04-025-FVS<br><br>CLASS ACTION<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT<br><br>WITHOUT ORAL ARGUMENT<br><br>Hearing Date: March 2, 2010<br>6:30 p.m. |

## I. INTRODUCTION

In this motion, the Class hereby moves for preliminary approval of its claims against Defendant Roth Capital Partners ("Roth"). Class Counsel has engaged in negotiations with Roth for months, resulting in a settlement for $5 million. Class Counsel strongly believes that this settlement is in the best

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 1 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

interests of the Class as a whole, especially in light of the Court's summary-judgment ruling on January 29, 2010. Class Counsel therefore requests that the Court approve the settlement.

In connection with that approval, as explained below, the Class also requests that the Court (1) delay consideration of the form and manner of notice until trial of the claims against the other Defendants, and (2) in the meantime, provide Roth the peace it has settled for by bifurcating the Class claims against Roth and preliminarily bar claims against Roth pending consideration of whether to finally approve the settlement. For the reasons outlined below, the Class believes that these are necessary steps in approving this settlement given the present circumstances.

## II. FACTS

### A. The Negotiation of the Settlement Agreement.

The Settlement Agreement is the product of several months' worth of negotiations between Roth and the Class. Roth and the Class first participated in a joint mediation session between Roth, PwC, and EY before Ret. Judge Layn Phillips in June 2009. Declaration of Brad Jones in Support of Motion for Preliminary Approval of Settlement ("Jones Decl."), ¶¶ 4-5. Roth and the Class did not reach agreement during that mediation but, at the suggestion of Judge Phillips, resumed discussions following the completion of briefing of the motions for summary judgment and the *Daubert* motions. *Id.* After numerous subsequent discussions, the Class and Roth reached final agreement on January 29, 2010. *Id.*

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

B.  **The Amount of the Settlements and the Terms and Conditions of Payment.**

The essential term of the Settlement Agreement is that in return for the payment of $5 million, the Class will release all claims against Roth.

The Settlement Agreement is expressly conditioned on the entry of a number of orders by this Court:

- An order preliminarily approving the Settlement and enjoining the assertion of claims against Roth by other defendants or third parties.
- Entry of a bar order upon final approval of the Settlement.
- An order bifurcating claims against Roth.
- Notice to the Class following trial of the Class' remaining claims.
- An order of final approval from the Court.

In this motion, Plaintiffs seek only preliminary approval, bifurcation of claims against Roth, and a stay on claims against Roth pending consideration of whether the Court should enter a final approval order and a bar order in connection with final approval of the Settlement.

C.  **Claims Released by the Class and by Roth.**

The Settlement Agreement provides that the Class will release Roth, and its officers and agents, from all known and unknown claims of any nature that the Class has against them arising out of the subject matter of this class action. Agreement, ¶ IV.A.

D.  **Bar on Claims against Roth.**

By entering into the Settlement Agreement, Roth made clear to the Class that its objective was to buy peace not only from the claims of Class

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 3 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

but also from claims of other defendants and any claims that might be brought against Roth by third parties. Accordingly, Roth insisted on a provision, to which the Class agreed, obligating the Class to request the entry of a Court order permanently barring any such third claims against it.

The Class requests that the Court enter as part of its preliminary approval an order that temporarily bars the remaining defendants in this case from asserting claims against Roth, pending consideration of final approval. The Class believes that such an order would be appropriate pending the resolution of trial and the consideration of final approval, in order to avoid unnecessary litigation prior to and during trial, before the verdict is rendered and the parties know whether (and to what extent) the remaining defendants actually have claims to assert against Roth. Further, the Court's January 28, 2010, Order on summary judgment may negate negates any claims for contribution by Ernst & Young and PricewatehouseCoopers, as the Court ruled that Roth had established as a matter of law that it was entitled to rely on their representations. Order at pp. 8-10.

When the Class comes before this Court for an order finally approving the settlement, the Class will seek entry of a permanent bar order pursuant to Ninth Circuit law, including *Franklin v. Kaypro*, 884 F.2d 1222 (9th Cir. 1989). Agreement, ¶ VI.A. *See also* Ex. B to Agreement. However, the Court does not now, on this motion, need to consider whether a final bar order would be appropriate.

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 4 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

### E. Bifurcation of Claims Pending Trial.

As a condition to settlement, Roth also demanded, and the Class agreed, that the Settlement should be conditioned on Roth's ability to avoid having to try the claims against it after having (presumably) a settlement that the Court has preliminarily approved. The timing and nature of the Settlement makes it essentially impossible – prior to trial – to secure preliminary approval of the Settlement, provide notice to the Class, allow sufficient time for the Class to decide whether to object to the Settlement, and allow the Court time to consider whether to finally approve the Settlement. Therefore, in order for Roth to receive peace under the Settlement and not be required to defend claims that it has settled, the Class requests that the Court enter an order bifurcating the Class' claims against Roth pending consideration of final approval.

### F. The Duty to Cooperate.

In addition, Roth has agreed to reasonably cooperate with counsel for the Class in pursuit of their claims against the remaining defendants, subject to Roth's exercise of any legal privileges. In addition, Lead Plaintiffs and Class Counsel have agreed to cooperate with Roth in pursuit of any claims Roth might assert against other parties for partial recovery. Agreement, ¶¶ IX.A, B..

### G. Notice to the Class.

In more conventional circumstances, the Class would move for approval of a form and manner of notice to the Class in connection with this motion for preliminary approval. However, because the Settlement only resolves claims against one defendant, and does so shortly before trial of

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 5 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

the claims against remaining defendants, the Class hereby requests that the Court preliminarily approve the Settlement but leave the issue of the form and manner of notice to the Class until the earlier of (i) final resolution of claims against the remaining Defendants, or (ii) June 15, 2010, subject to the parties' agreement to a later date.  Agreement, ¶ V.B.  It is possible, and perhaps likely, that the trial or the trial's outcome will result in another event requiring notice to the Class.  In addition, given the considerable pressure of the last weeks before trial, Class counsel believe that the Class is best represented by having their focus on the trial rather than ensuring full notice to the Class of a pending settlement.

### III.   ARGUMENT

#### A.   Standards for Preliminary Approval.

The dismissal or compromise of any class action requires the Court's approval.  Fed. R. Civ. P. 23(e).  There are three steps to be taken by the Court in considering approval of a proposed class-action settlement:  (1) the Court must preliminarily approve the proposed settlement; (2) members of the class must be given notice of the proposed settlement; and (3) a final hearing must be held, after which the Court must decide whether the proposed settlement is fair, reasonable and adequate.  *See* Manual For Complex Litigation (Fourth) § 21.632, at 320-21 (2004).

The primary question raised by a request for preliminary approval is whether the proposed settlement is "within the range of possible approval." *Id.*, § 21.632 at 321.  Preliminary approval does not require the Court to answer the ultimate question of whether a proposed settlement is fair,

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 6 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

reasonable and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the members of the Class and they have had an opportunity to voice their view of the settlements. Preliminary approval is merely the prerequisite to giving notice so that members of a class have "a full and fair opportunity to consider the proposed [settlement] and develop a response." *Williams v. Vukavich*, 720 F.2d 909, 921 (6th Cr. 1983).

Courts have consistently noted that the standard for preliminary approval is less rigorous than the analysis at final approval. Preliminary approval is appropriate so long as the proposed settlement falls "within the range of possible judicial approval." A. Conte & H.B. Newberg, *Newberg on Class Actions,* § 11.25 (4th ed. 2002), quoting *Manual for Complex Litigation Third* § 30.41 (1997). The purpose of the preliminary approval process is for the Court to ascertain whether reason exists to proceed by notifying the class members of the settlement and to hold a fairness hearing. *See, e.g., Armstrong v. Board of School Directors,* 616 F.2d 305, 314 (7th Cir. 1980). In considering whether to grant a motion for preliminary approval of a proposed settlement agreement, the court utilizes a "threshold inquiry" intended merely to realize conspicuous defects. *See, e.g., In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 337-38 (N.D. Ohio 2001).

Unless the Court's initial examination "disclose[s] grounds to doubt its fairness or other obvious deficiencies," the Court should order that notice of

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 7 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

a formal fairness hearing be given to settlement class members under Rule 23(e). *See* Manual For Complex Litigation (Fourth), § 21.633 at 321-22.

Moreover, the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See id.* Here, experienced counsel for the Class has concluded that the proposed partial settlement is in the best interests of the Class, as explained below. The Settlement merits preliminary approval.

### 1. The Settlement Is the Result of Non-Collusive Negotiations.

The proposed Settlement is the result of serious, informed, non-collusive negotiations. As described above and in the Jones Declaration, Class Counsel and counsel for Roth participated in a formal mediation in June 2009, followed by a series of telephone calls and other communications that continued through January 2010. The parties conducted the negotiations primarily through Ret. Judge Layn Phillips.

### 2. The Settlement Fall Within the Range of Possible Approval.

Class Counsel, with the guidance of the Lead Plaintiffs, exercised their judgment based on extensive knowledge of the facts of the case and the legal issues facing the Class, as well as judgments about the strengths and weaknesses of the case. After an extensive analysis of those confidential materials, Class Counsel concluded that the terms of the Settlement Agreement are fair, just, and adequate, and resolves this dispute to the best of Roth's ability to pay. That decision was reached in light of the fact that Roth has no insurance covering its defense of the claims in this case or at trial, and that the prospects of recovering the full amount of any judgment

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 8 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

against Roth at trial would be seriously jeopardized by the amount that Roth would have to spend to defend itself leading up to, and during, a six-month trial. *See* Jones Decl., ¶ 7.

Class Counsel is also, of course, extremely well-versed in the facts and legal issues to be tried in this case, having undergone years of discovery, including reviewing hundreds of thousands of pages of discovery produced by parties in this case and related cases, taking or reviewing hundreds of depositions and trial transcripts in this case and related cases, and engaging in extensive expert discovery.

The legal issues related to the Class' claims against Roth also came into sharp focus in the summary-judgment phase, and in particular after the Court's order dated January 28, 2010. That order significantly affected the value of the Class claims against Roth, and makes clear the reasonableness of this settlement. After considering the discovery, Roth's financial situation, the significant risk presented by trial and possible or likely appeal, the outcome of the summary-judgment order, and Roth's agreement to cooperate with the Class in the trial of its claims against the remaining defendants, Class Counsel strongly believe that this settlement is in the best interests of the Class members. *See id.*, ¶ 3.

### 3. Class Counsel Does Not Seek an Award of Fees or Costs at This Time

Class Counsel does not now move for a payment of fees or costs under the Settlement. Class Counsel will file the appropriate motion for determination of fees and costs in connection with final approval of the Settlement. The Settlement is expressly not conditioned on the Court's

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 9 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

approval of an award of a particular or minimum amount of fees and costs. Agreement, § X.

### 4. The Court Should Bifurcate Claims against Roth and Preliminarily Bar Claims against Roth Pending Final Approval

The Class also requests that the Court enter two related orders that are necessary to protect Roth and effectuate the Settlement. The reasons underlying this request are that the Settlement does not resolve all claims against all defendants in this case, trial is less than two months away, and there is no chance that the Settlement will (or could) be finally approved prior to trial given the time necessary for notice and comment from Class members. In these circumstances, it is reasonable for Roth to request, and the Court to grant, certain protections that would allow the parties to litigate the Class claims in the event the Settlement is not finally approved, yet not require it to participate as a defendant in the upcoming trial.

To that end, the Settlement is conditioned in part on the entry of an order bifurcating the Class claims against Roth pending consideration of final approval. This order, as set out in Exhibit B to the Agreement, severs the Class claims against Roth from the claims against the other defendants. The result will be a trial on those claims against other parties, in which Roth does not participate as a defendant. This protects Roth yet does not prejudice any other defendant, as the auditors and the individual defendants will have the opportunity to defend their claims and attempt, should they choose, to argue that Roth is liable a portion of the damages.

Additionally, the Settlement is conditioned on entry of an order that preliminarily bars the other Defendants from stating claims against Roth

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 10 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

prior to the Court's consideration of final approval of the Settlement and a permanent bar order. This is also reasonable in the circumstances, given that the other defendants will not even know, until after trial, whether they have a claim against Roth, much less how much that claim might be worth. The remaining defendants will not be prejudiced, and in fact Ernst & Young and PricewaterhouseCoopers may not have effective claims of contribution following the Court's January 28, 2010 Order.

B.  **It Is Appropriate to Propose and Distribute Class Notice After Trial**

Rule 23(e)(1) requires, in the event of any proposed settlement or compromise of a class action, that the class that would be bound by the settlement receive "direct notice in a reasonable manner" before the settlement can be finally approved. Typically, notice follows close on the heels of preliminary approval and is part of the preliminary approval process. However, Class Counsel believe that the timing of this partial settlement before trial indicates that in this case, it is in the best interests of the Class to delay notice until after trial of the remaining claims against the remaining Defendants.

## V.  CONCLUSION

For the foregoing reasons, respectfully request that the Court enter the Proposed Orders, which will provide: (i) preliminary approval of the settlement; (ii) bifurcation of the Class's claims against Roth; and (iii) an order barring the remaining defendants from asserting claims against Roth

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 11 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

pending the outcome of the trial and final approval of the Settlement, whichever is later.

Dated this 31st day of January, 2010.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

By  s/Bradley B. Jones
   Bradley B. Jones, WSBA No. 17197
   Kenneth G. Kieffer, WSBA No. 10850
   Attorneys for Plaintiffs

HAGENS BERMAN SOBOL SHAPIRO LLP

By   s/Tyler S. Weaver
   Steve W. Berman, WSBA No. 12536
   Jeniphr A.E. Breckenridge, WSBA #21410
   Tyler S. Weaver, WSBA #29413
   Attorneys for Plaintiffs

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 12 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to the CM/ECF participants listed below, and I will mail the same via U.S. Postal Service to the non-CM/ECF participant(s).

Alison Killen Blair at ablair@orrick.com
Andrew K Polovin at andrew.polovin@bartlit-beck.com; anne.doyle@bartlit-beck.com
Brian Charles Frontino at bfrontino@strooock.com; lacalendar@strooock.com
Brian D Buckley at bbuckley@fenwick.com; doconnor@fenwick.com; kroth@fenwick.com
Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com
Charles S Wright at charleswright@dwt.com
Christopher Lind at chris.lind@bartlit-beck.com; anne.doyle@bartlit-beck.com
Christopher D Landgraff at chris.landgraff@barlit-beck.com
Christopher G Emch at emchc@foster.com; pateb@foster.com
Daniel F Shea at dfshea@hhlaw.com
Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com
David D Hoff at dhoff@tousley.com; btaylor@tousley.com
Diana Lynn Weiss at dweiss@orrick.com
E Joseph Giometti at jgiometti@orrick.com; jcopoulos@orrick.com; pbenetz@orrick.com
Earl M Sutherland at esutherland@rmlaw.com; jlading@rmlaw.com
Elizabeth J Cabraser at ecabraser@lchb.com
Erin K Flory at erin@hbsslaw.com; jon@hbsslaw.com
Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com
Gary I Grenley at ggrenley@grebb.com
George S Azadian at gazadian@strooock.com; cdusi@strooock.com
J Scott McBride at scott.mcbride@barlit-beck.com
James Bernard King at jking@ecl-law.com; kschulman@ecl-law.com
James K Barbee at jim@golbeckroth.com
James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com
James P Cusick at jcusick@orrick.com

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 13 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

| | |
|---|---|
| 1 | James P McNeill, III at mcnej@foster.com |
| 2 | Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com |
| 3 | John Degnan Munding at munding@crumb-munding.com; brittany@crumb-munding.com |
| 4 | John M. Hughes at john.hughes@bartlit-beck.com |
| 5 | Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com; lacalendar@stroock.com |
| 6 | Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com; reception@corrcronin.com |
| 7 | Kenneth P Herzinger at kherzinger@orrick.com |
| 8 | Kevin Daniel O'Rourke at kevin@southwellorourke.com |
| 9 | Kim D Stephens at kstephens@tousley.com; bkinsey@tousley.com |
| 10 | Leslie R Weatherhead at lwlibertas@aol.com; emilyr@wkdtlaw.com; janetj@wkdtlaw.com |
| 11 | Lester C Houtz at lester.houtz@bartlit-beck.com; anne.doyle@barlit-beck.com |
| 12 | Mark Roth at mark@golbeckroth.com |
|  | Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com |
| 13 | Meredith Moss at mmoss@orrick.com |
| 14 | Paul H Trinchero at ptrinchero@grebb.com |
|  | Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com; nlg@randanco.com |
| 15 | Philip S Beck at anne.doyle@bartlit-beck.com; susan.dandrea@barlit-beck.com |
| 16 | Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com |
| 17 | Robert J Nelson at rnelson@lchb.com |
| 18 | Ronald L Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com |
| 19 | Stellman Keehnel at stellman.keehnel@dlapiper.com; nina.marie@dlapiper.com |
| 20 | Stephen M Rummage at steverummage@dwt.com; jeannecadley@dwt.com |
| 21 | Steve W Berman at steve@hbsslaw.com; carrie@hbsslaw.com; heatherw@hbsslaw.com |
| 22 | Steven Fogg at sfogg@corrcronin.com; hpowell@corrcronin.com |
| 23 | Timothy L Filer at filet@foster.com; howej@foster.com |
| 24 | Tyler S Weaver at tyler@hbsslaw.com; bonneym@hbsslaw.com; jeniphr@hbsslaw.com |

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 14 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Notice has been delivered by other means to:

*Leslee C Hoober* (signature)

Legal Assistant to:
F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue Suite 2100
Tacoma WA 98402
253-620-6500
253-620-6565

Tyler S. Weaver, WSBA No. 29413
Jeniphr Breckenridge, WSBA No. 21410
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609

Co-Lead Counsel for Lead Plaintiffs

MEMO SUPPORT LEAD PLTFS' MOT FOR
PRELIM. APPROVAL - 15 of 15
(Case No. CV04-0025-FVS)
[1459585 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565