THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA NO. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA  98402-4314
253-620-6500
253-620-6565

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101-2609
206-623-7292
206-623-0594
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | NO. CV-04-025 FVS<br><br>CLASS ACTION<br><br>**DECLARATION OF BRADLEY B. JONES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT**<br><br>WITHOUT ORAL ARGUMENT<br><br>Hearing Date:  March 2, 2010<br>6:30 p.m. |

I, Bradley B. Jones, declare as follows:

JONES DEC IN SUPPORT OF MOT FOR PRELIM.
APPROVAL OF PARTIAL SETTLEMENT - 1 of 6

(CV-04-025-FVS)
[1459598 v4.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1.     I am one of the co-Lead Counsel for the Lead Plaintiffs in the above-entitled action.  I make this Declaration based upon my personal knowledge.

2.     Attached to this Declaration as Exhibit 1 is a true and correct copy of the Settlement Agreement that Class Counsel has entered into with Defendant Roth Capital Partners ("Roth").

3.     I strongly recommend approval of the Settlement Agreement, as I believe it is in the best interests of the Class, and it reflects the Court's January 28, 2010, ruling on Roth's motion for summary judgment.

4.     We reached the Settlement Agreement with Roth only after extensive negotiations and discussions that began with a formal day-long mediation in June 2009 before Ret. Judge Layn Phillips.  Plaintiffs did not reach agreement with Roth at that mediation, but in November 2009, following the briefing of motions for summary judgment, Judge Phillips contacted the parties and reignited discussions between the Class and Roth.

5.     The negotiations with Roth continued through December 2009 and January 2010, as I led discussions with Roth and its counsel both directly and with the assistance of Judge Phillips and his staff.  In addition, I consulted with the Lead Plaintiffs several times during these negotiations, and received their unanimous approval of the ultimate agreement.

6.     My support of this Settlement is based on my assessment of the factual and legal issues surrounding the claims against Roth following years

JONES DEC IN SUPPORT OF MOT FOR PRELIM.
APPROVAL OF PARTIAL SETTLEMENT - 2 of 6
(CV-04-025-FVS)
[1459598 v4.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

of discovery, including the review of thousands of pages of documents from this case and related litigation, taking and reviewing hundreds of depositions, and engaging in extensive expert discovery. My support of the Settlement has only been strengthened by the Court's recent ruling on Roth's motion for summary judgment.

7.    During negotiations, I was provided financial statements concerning Roth's assets and liabilities. It became clear during negotiations that the Class bore a significant risk that should we refuse to settle with Roth, Roth would not be able to pay the full amount of any judgment against it, especially after incurring the costs of litigating through trial.

I declare under penalty of perjury under the laws of the United States of America that foregoing is true and correct.

Dated this 31st day of January, 2010, at Seattle, Washington.

s/ Bradley B. Jones
Bradley B. Jones

JONES DEC IN SUPPORT OF MOT FOR PRELIM.
APPROVAL OF PARTIAL SETTLEMENT - 3 of 6
(CV-04-025-FVS)
[1459598 v4.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to the CM/ECF participants listed below, and I will mail the same via U.S. Postal Service to the non-CM/ECF participant(s).

Alison Killen Blair at ablair@orrick.com
Andrew K Polovin at andrew.polovin@bartlit-beck.com;
    anne.doyle@bartlit-beck.com
Brian Charles Frontino at bfrontino@stroock.com; lacalendar@strooock.com
Brian D Buckley at bbuckley@fenwick.com; doconnor@fenwick.com;
    kroth@fenwick.com
Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com
Charles S Wright at charleswright@dwt.com; brianspangler@dwt.com
Christopher Lind at chris.lind@bartlit-beck.com; anne.doyle@bartlit-beck.com
Christopher D Landgraff at chris.landgraff@barlit-beck.com
Christopher G Emch at emchc@foster.com; pateb@foster.com
Daniel F Shea at dfshea@hhlaw.com
Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com
David D Hoff at dhoff@tousley.com; btaylor@tousley.com
Diana Lynn Weiss at dweiss@orrick.com
E Joseph Giometti at jgiometti@orrick.com; jcopoulos@orrick.com;
    pbenetz@orrick.com
Earl M Sutherland at esutherland@rmlaw.com; jlading@rmlaw.com
Elizabeth J Cabraser at ecabraser@lchb.com
Erin K Flory at erin@hbsslaw.com; jon@hbsslaw.com
Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com
Gary I Grenley at ggrenley@grebb.com
George S Azadian at gazadian@stroock.com; cdusi@stroock.com
J Scott McBride at scott.mcbride@barlit-beck.com
James Bernard King at jking@ecl-law.com; kschulman@ecl-law.com
James K Barbee at jim@golbeckroth.com
James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com

JONES DEC IN SUPPORT OF MOT FOR PRELIM.
APPROVAL OF PARTIAL SETTLEMENT - 4 of 6

(CV-04-025-FVS)
[1459598 v4.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1  James P Cusick at jcusick@orrick.com
2  James P McNeill, III at mcnej@foster.com
   Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com;
3      hickc@foster.com
4  John Degnan Munding at munding@crumb-munding.com;
       brittany@crumb-munding.com
5  John M. Hughes at john.hughes@bartlit-beck.com
6  Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com;
       lacalendar@stroock.com
7  Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com;
8      reception@corrcronin.com
   Kenneth P Herzinger at kherzinger@orrick.com
9  Kevin Daniel O'Rourke at kevin@southwellorourke.com
   Kim D Stephens at kstephens@tousley.com; bkinsey@tousley.com
10 Leslie R Weatherhead at lwlibertas@aol.com; emilyr@wkdtlaw.com;
11     janetj@wkdtlaw.com
   Lester C Houtz at lester.houtz@bartlit-beck.com; anne.doyle@barlit-beck.com
12 Mark Roth at mark@golbeckroth.com
13 Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com
   Meredith Moss at mmoss@orrick.com
14 Paul H Trinchero at ptrinchero@grebb.com
15 Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com;
       nlg@randanco.com
16 Philip S Beck at anne.doyle@bartlit-beck.com;
17 susan.dandrea@barlit-beck.com
   Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com
18 Robert J Nelson at rnelson@lchb.com
19 Ronald L Berenstain at rberenstain@perkinscoie.com;
       jstarr@perkinscoie.com
20 Stellman Keehnel at stellman.keehnel@dlapiper.com;
21     nina.marie@dlapiper.com
   Stephen M Rummage at  steverummage@dwt.com; jeannecadley@dwt.com
22 Steve W Berman at steve@hbsslaw.com; carrie@hbsslaw.com;
23     heatherw@hbsslaw.com
   Steven Fogg at sfogg@corrcronin.com; hpowell@corrcronin.com
24 Timothy L Filer at filet@foster.com; howej@foster.com
25 Tyler S Weaver at tyler@hbsslaw.com; bonneym@hbsslaw.com;

26 JONES DEC IN SUPPORT OF MOT FOR PRELIM.
   APPROVAL OF PARTIAL SETTLEMENT - 5 of 6

   (CV-04-025-FVS)
   [1459598 v4.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1    jeniphr@hbsslaw.com

2    **Notice has been delivered by other means to:**

3

4    *Lester C Houber*

5    Legal Assistant to:
     F. Mike Shaffer, WSBA No. 18669

6    Bradley B. Jones, WSBA No. 17197
     Kenneth G. Kieffer, WSBA No. 10850

7    John C. Guadnola, WSBA No. 08636

8    GORDON THOMAS HONEYWELL LLP
     1201 Pacific Avenue Suite 2100

9    Tacoma WA  98402

10   253-620-6500
     253-620-6565

11

12   Tyler S. Weaver, WSBA No. 29413
     Jeniphr Breckenridge, WSBA 21410

13   HAGENS BERMAN SOBOL SHAPIRO LLP

14   1301 Fifth Avenue, Suite 2900
     Seattle, WA 98101-2609

15

16   Co-Lead Counsel for Lead Plaintiffs

17

18

19

20

21

22

23

24

25

26   JONES DEC IN SUPPORT OF MOT FOR PRELIM.
     APPROVAL OF PARTIAL SETTLEMENT - 6 of 6

     (CV-04-025-FVS)
     [1459598 v4.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# EXHIBIT 1

EXHIBIT ____*i*____, PAGE __7__

EXHIBIT 1

# SETTLEMENT AGREEMENT

WHEREAS Metropolitan Mortgage & Securities Company, Inc. ("Metropolitan") and Summit Securities, Inc. ("Summit") are affiliated corporations that were engaged, in part, in the marketing and sales of their securities through a subsidiary of Summit, Metropolitan Investment Securities, Inc. ("MIS"); and

WHEREAS Metropolitan sold, among other securities, Investment Debentures, Series III and III-A, pursuant to a registration statement declared effective by the Securities and Exchange Commission ("SEC") on April 29, 2002, and sold Preferred Stock, Series E-7, pursuant to registration statements declared effective by the SEC on November 14, 2001 and August 13, 2002, and Summit sold, among other securities, Investment Certificates, Series B and B-1, pursuant to a registration statement declared effective by the SEC on February 13, 2002 (collectively, the "Relevant Securities"); and

WHEREAS Roth Capital Partners, LLC ("Roth") served as the Qualified Independent Underwriter ("QIU") for the Relevant Securities and certain other securities sold by Metropolitan or Summit or their subsidiaries; and

WHEREAS Metropolitan and Summit, along with MIS, filed for bankruptcy protection on or about February 4, 2004; and

WHEREAS Plaintiffs Venus ("Vee") Hafford Webber, Eva Draughn, through the representative of her estate, Beverly Bizzell, Becklynn Wilkey, Floyd Bodner, Steven and Linda Peterson, and Robert Legard (collectively, "Lead Plaintiffs" or "Class Representatives") have filed a Consolidated and Fourth Amended Class Action Complaint for violations of the Securities Act of 1933 against Roth, Ernst & Young, LLP, PricewaterhouseCoopers LLP and certain former officers and directors of Metropolitan and Summit captioned *In re Metropolitan Securities Litigation*, No. CV-04-025-FVS (the

-1-

EXHIBIT_____1_____, PAGE____8____

"Action"), pending in the United States District Court for the Eastern District of Washington (the "Court"); and

WHEREAS Roth denies that it committed any acts or omissions, or engaged in any wrongdoing, giving rise to any liability and/or violation of law, and has denied the allegations in the Action and asserted numerous defenses to the Action; and

WHEREAS on November 25, 2008, the Court issued an Order certifying a Federal Claims Class of persons who purchased the Relevant Securities and certain other securities and appointed Lead Plaintiffs as Class Representatives; and

WHEREAS on March 16, 2009, the Court issued an Order amending the definition of the Class; and

WHEREAS the Class and Roth participated in mediation before The Hon. Layn Phillips (Retired) and subsequently engaged in lengthy negotiations in an effort to reach a settlement; and

WHEREAS the Class and Roth (collectively, the "Settling Parties") wish to avoid the ongoing expense, risk and uncertainty involved in continued litigation over the matters that have been or could have been alleged by the Class in the Action and instead wish to compromise and settle all the claims that have been or could have been made by the Class against Roth.

NOW, THEREFORE, the Settling Parties memorialize the terms of a binding settlement (the "Settlement") through the execution of this Settlement Agreement.

## I.    DEFINITIONS

In addition to the capitalized terms defined above and at other places in this Settlement Agreement, the capitalized terms below shall have the following meanings:

EXHIBIT _____1_____, PAGE _9_

A.    <u>Bifurcation Order</u>.    *"Bifurcation Order"* means the order bifurcating the Class's claims against Roth, which shall be substantially in the form attached hereto as Exhibit B. The bifurcated action shall be referred to as the "Roth Action."

B.    <u>Class</u>.    *"Class"* means the class certified by the Court's Order dated March 16, 2009, as follows:  "All persons who purchased investment debentures or preferred stock issued by Metropolitan Mortgage & Securities Company, Inc. ('Metropolitan') or investment certificates by Summit Securities, Inc. pursuant to registration statements that became or were effective during the period from February 13, 2001 through July 31, 2003 (the 'Class Period'), except that the Class does not include persons whose only purchases were of Metropolitan Series E-7 Preferred Stock on a secondary market, including on the American Stock Exchange or the internal trading desk at Metropolitan Investment Securities, Inc."  Persons or entities who or which elected to exclude themselves from the Class shall not be included in this Settlement.

C.    <u>Class Counsel</u>.    *"Class Counsel"* means the law firms of Gordon Thomas Honeywell LLP and Hagens Berman Sobol Shapiro LLP.

D.    <u>Class Member</u>.  *"Class Member"* means any person or entity who or which is a member of the Class and who have not been excluded therefrom.

E.    <u>Effective Date</u>.  *"Effective Date"* means fifteen (15) days following the date on which all of the following have occurred:

a)    the Court enters an order substantially in the form of Exhibit A hereto;

b)    the Court enters an order substantially in the form of Exhibit B hereto;

c)    the Court enters a final judgment substantially in the form of Exhibit C hereto (the "Judgment" as defined in Section I(H), below); and

d)    the Court's Judgment becomes Final, as defined below.

- 3 -

EXHIBIT _____ 1 , PAGE _1 0_

F.    **Escrow Agent.**  *"Escrow Agent"* means the financial institution chosen by Class Counsel to receive, hold, invest and disburse the Settlement Amount pursuant to this Settlement Agreement, any escrow agreement between Class Counsel and the Escrow Agent, and/or Court order.

G.    **Final.**  *"Final,"* with respect to the Judgment, means the later of:  (1) if there is no appeal from the Judgment, the expiration of the time for filing or noticing an appeal; or (2) if there is an appeal from the Judgment, the date of final affirmance on appeal and the expiration of any time for further judicial review whether by appeal, reconsideration or a petition for writ of certiorari and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to the grant.  Any proceeding or order, or any appeal or petition for a writ of certiorari, pertaining solely to any plan of allocation and/or application for attorneys' fees and expenses, shall not in any way delay or preclude the Judgment from becoming Final.

H.    **Judgment.**  *"Judgment"* means the Judgment to be entered finally approving the Settlement and dismissing the Action and the Roth Action with prejudice, which shall be substantially in the form attached hereto as Exhibit C.

I.    **Preliminary Approval.**  *"Preliminary Approval"* means the order preliminarily approving the Settlement, which shall be substantially in the form attached hereto as Exhibit A.

J.    **Roth.**  *"Roth"* means Roth Capital Partners, LLC and its past, present and future predecessors, successors, officers, directors, partners, members, employees, agents, attorneys, accountants, insurers, advisors, representatives, affiliated persons and entities, and all persons and entities acting for or on its or their behalf.

- 4 -

EXHIBIT ____1____, PAGE __11__

## II.    SETTLEMENT CONSIDERATION

A.    In full and complete settlement of the claims asserted in the Action against Roth and in consideration of the releases set forth in Section IV below, Roth shall cause the amount of five million dollars ($5,000,000) (the "Settlement Amount") to be paid into an interest-bearing account (the "Escrow Account"), within ten (10) business days following the Effective Date.

## III.    THE SETTLEMENT FUND

A.    The Settlement Amount, and all interest accrued thereon, are the "Settlement Fund." The Settlement Fund created under this Settlement Agreement shall be established and maintained as a Qualified Settlement Account in accordance with Section 468B of the Internal Revenue Code, as amended (the "Code"), and the Treasury Regulations promulgated thereunder. The Settling Parties agree to negotiate in good faith, subject to court approval, any changes to this Settlement Agreement necessary to obtain IRS approval of the Settlement Fund as a Qualified Settlement Account.

B.    Class Counsel or its designated Escrow Agent is appointed to be the "administrator" of the Settlement Fund within the meaning of Treasury Regulation Section 1.468B-2(k)(3). As such, Class Counsel or its designated Escrow Agent will comply with the duties and obligations applicable to the administrator under the Treasury Regulations promulgated under Code Section 468B, including, but not limited to, the following: (i) obtaining a tax identification number for the Settlement Fund; (ii) preparing and timely filing, or causing to be prepared and timely filed, all tax returns the Settlement Fund is required to file under federal or state law; (iii) paying from the Settlement Fund all taxes, including penalties, interest and additions to tax, that are imposed upon the Settlement Fund by federal or state law; (iv) complying with applicable federal or state information

- 5 -

**EXHIBIT** _____/_____, PAGE _/2_

reporting or withholding requirements; and (v) filing, or causing to be filed, tax elections available to the Settlement Fund, including a request for a prompt assessment of tax under Code Section 6501(d) if and when Class Counsel deems it appropriate to do so. If at any time it is determined that the Settlement Fund does not qualify as a Qualified Settlement Account under Code Section 468B, Class Counsel shall promptly seek refunds of all taxes paid by the Settlement Fund. Class Counsel shall pay to the Settlement Fund all such refunds received, together with interest actually received from all taxing authorities.

  C. All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Roth with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement account or fund for federal or state income-tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the implementation of this Section (including, without limitation, expenses of a tax attorney or consultant and mailing and distribution costs and expenses relating to filing or failing to file the returns described in this Section ("Tax Expenses")), shall be paid out of the Settlement Fund (except to the extent theretofore paid from the Settlement Fund); in all events, Roth shall have no liability or responsibility for Taxes or Tax Expenses. The Class shall be solely responsible for Taxes and Tax Expenses. Further, Taxes and Tax Expenses shall be timely paid by Class Counsel out of the Settlement Fund without need for an additional or prior order from the Court, and Class Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to the Class any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any

EXHIBIT_____1_____, PAGE__13__

amounts that may be required to be withheld under Treasury Regulation Section 1.468(B)-2(I)(2)); neither Roth nor its counsel shall have any liability or responsibility for such payment or withholding. The Class, as appropriate, is permitted to retain the services of a tax attorney, accountant or consultant to the extent reasonably necessary to carry out the provisions of this Section. Class Counsel, the Class and Roth agree to cooperate with each other and any tax attorneys, accountants or consultants of the Class to the extent reasonably necessary to carry out the provisions of this Section.

D.    All costs and expenses associated with administering the Settlement and providing notice of the Settlement to the Class (the "Notice and Administration Expenses"), including, but not limited to, the costs and expenses of a claims administrator, identifying Class Members, preparing, printing and mailing notice and proofs of claim, providing notice by publication or other means as ordered by the Court, processing claims, communicating with Class Members, and implementing any plan of allocation, shall be paid or reimbursed from the Settlement Fund. Roth shall have no liability for the payment of any Notice and Administration Expenses.

## IV.    RELEASES

A.    <u>Release By The Class</u>. Upon occurrence of the Effective Date, Lead Plaintiffs and each Class Member, on behalf of themselves and each of their respective past, present and future predecessors, successors, parents, subsidiaries, affiliates, employees, agents, attorneys, accountants, insurers, advisors, representatives, assigns, heirs, executors, trustees, administrators, and custodians, and any person or entity acting on their behalf (collectively, the "Class Releasors"), by operation of the Judgment, will fully, finally and unconditionally release and forever discharge Roth and its past, present and future predecessors, successors, officers, directors, partners, members, employees,

EXHIBIT _____1_____, PAGE _14_

agents, attorneys, accountants, insurers, advisors, representatives, affiliated persons or entities, and all persons and entities acting for or on its or their behalf (collectively, the "Roth Released Parties") from any and all demands, claims, causes of action, rights, duties and liabilities, of every nature and description whatsoever, including both known claims and Unknown Claims, whether suspected or unsuspected, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, that have been, or could have been, asserted by Lead Plaintiffs and the Class, or their agents, representatives, successors or assigns, in the Action or the Roth Action or any other proceeding or forum, arising out of or relating to: (a) the facts, transactions, events, occurrences, acts, failures to act, statements, omissions or disclosures alleged in the Action and/or the Roth Action; (b) the purchase or other acquisition of, or sale or other disposition of, any securities (or interests therein) (whether on the open market or otherwise) issued by Metropolitan or Summit or any of their subsidiaries or affiliates, for which Roth served as QIU, including, but not limited to, the Relevant Securities; (c) the statements contained in the registration statements (including all documents incorporated by reference therein) of Metropolitan, Summit or their subsidiaries and/or prospectuses and offering materials for all such securities; and (d) the administration of the Settlement Fund (collectively, the "Roth Released Claims"). Upon occurrence of the Effective Date, the Class Releasors shall be forever barred and enjoined from commencing, instituting, or maintaining any of the Roth Released Claims against the Roth Released Parties.

B.    **Release By Roth.**  Upon occurrence of the Effective Date, by operation of the Judgment, Roth will release Lead Plaintiffs and Class Counsel (collectively, the "Plaintiff Released Parties") from any and all claims, demands, causes of action, actions, rights, liabilities, contract obligations, damages, attorneys' fees, costs, torts, suits, debts, sums of

EXHIBIT _____|_____, PAGE __15__

money, accountings, reckonings, bills, covenants, controversies, agreements, promises whatsoever, at law or in equity or otherwise, direct or indirect, known or unknown, which Roth now owns or holds, or has at any time heretofore owned or held, or may in the future own or hold, against the persons and entities they are releasing or any of them, in any capacity, that have been, or could have been, asserted by Roth based upon, arising out of, or relating to the institution or prosecution of the Action or the Roth Action (collectively, the "Plaintiff Released Claims").

C.    **No Other Beneficiaries.**  Notwithstanding any other provision of this Section that could be construed to the contrary, nothing herein shall be construed to release or waive any claims the Class Releasors may have against any individuals or entities other than the Roth Released Parties, nor any claims the Roth Released Parties may have against any individuals or entities other than the Plaintiff Released Parties.

D.    **Unknown Claims Released.**    With respect to the releases specified in Sections IV(A) and (B) above, and except as specifically set forth above, the Settling Parties hereby waive any and all rights that they may have against each other under or pursuant to (i) the provisions of Section 1542 of the Civil Code of the State of California, and/or (ii) the provisions of any other similar statutory, regulatory or common law of any state, or of the United States.  Section 1542 of the Civil Code of the State of California provides:

> A general release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time
> of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor.

The parties understand fully the statutory language of Section 1542 of the Civil Code of the State of California and, having been so apprised, nevertheless release all unknown claims ("Unknown Claims") as provided in Sections IV(A) and (B) above.

EXHIBIT_____1_____, PAGE __16__

## V.    PRELIMINARY APPROVAL AND BIFURCATION

A.    Promptly after execution of this Settlement Agreement, the Class shall move for entry of Preliminary Approval and the Bifurcation Order, on an expedited basis.   The Settling Parties agree that bifurcation of all claims that have been asserted or could have been asserted by the Class and/or non-settling defendants against Roth in the Action, is an express condition to the Settlement and Settlement Agreement.   The Settling Parties further agree that, in the event the Court declines to enter Preliminary Approval or the Bifurcation Order in any material respect, or declines to enter orders materially similar to the Preliminary Approval or Bifurcation Order on or before March 2, 2010, the Class and Roth each shall have the right to terminate the Settlement and Settlement Agreement pursuant to Section VIII.

B.    The Settling Parties do not anticipate seeking an order approving and directing notice of the Settlement to the Class and setting a final approval hearing, until the earlier of (i) final resolution of the Class's claims against the non-settling defendants in the Action, or (ii) June 15, 2010 or such continued date as the Settling Parties may agree to in writing. At such time, the Settling Parties shall seek approval by the Court of notice of the Settlement to the Class, in a form and manner that is acceptable to Roth.

C.    The Settling Parties agree that in the event the Action proceeds to trial as to any non-settling defendant(s), any verdict or judgment that may be obtained by or on behalf of the Class against the non-settling defendant(s) in which any fault or responsibility is attributed to Roth shall not affect the validity or enforceability of the Settlement or Settlement Agreement in any way.  Any such verdict, judgment or allocation shall not be used by either the Class or Roth to terminate and/or modify the Settlement Agreement or disturb Preliminary Approval, the Bifurcation Order or the Judgment.

EXHIBIT ____1____ . PAGE __17__

D.    The Settling Parties further agree that in the event the Action proceeds to trial as to any non-settling defendant(s): (i) the Class may not use any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to Roth, for any purpose whatsoever against Roth in the Action, the Roth Action or in any other proceeding or forum;  (ii) any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to Roth, shall not be admissible for any purpose whatsoever as against Roth in the Action, the Roth Action or in any other proceeding or forum; (iii) any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to Roth, shall not constitute collateral estoppel or res judicata as to Roth in the Action, the Roth Action or in any other proceeding or forum; (iv) Roth shall not use any finding, ruling, order, trial testimony, verdict or judgment for any purpose whatsoever against the Class in the Action or the Roth Action or against the Class in any other proceeding or forum; (v) any finding, ruling, order, trial testimony, attribution of fault or responsibility to any other defendant, verdict or judgment shall not be admissible for any purpose against the Class in the Action or the Roth Action or against the Class in any other proceeding or forum in any litigation between Roth and the Class; and (vi) any finding, ruling, order, trial testimony, attribution of fault or responsibility to any other defendant, verdict or judgment shall not constitute collateral estoppel or res judicata as to the Class in the Action or the Roth Action or against the Class in any other proceeding or forum in any litigation between Roth and the Class.  If the Settlement is terminated or fails to become effective for any reason, the Class shall not be estopped from asserting the liability of Roth in the Action, the Roth Action or any other proceeding or forum as if no settlement had been negotiated or entered into, and Roth shall not be estopped from challenging liability

in the Action, the Roth Action or any other proceeding or forum as if no settlement had been negotiated or entered into.

## VI.    FINAL APPROVAL AND JUDGMENT

A.    Upon final approval of the Settlement by the Court, the Judgment shall be entered by the Court.  The Judgment shall include findings and a determination that the Settlement is fair, just, reasonable and adequate, and is being entered into in good faith after arms-length negotiations by the Settling Parties, and that the Roth Released Parties are entitled to the full protection of Revised Code of Washington 4.22.060, California Code of Civil Procedure Sections 877 and 877(b) and any comparable statute of any other state.

B.    The Judgment shall contain a provision that permanently bars, enjoins and restrains any person or entity from asserting, commencing or prosecuting any claim for contribution or indemnification against the Roth Released Parties (or any other claim against the Roth Released Parties where the claimant's injury is based upon, arises from or is related to the claimant's liability to the Class) arising out of or relating to the claims or allegations asserted by the Class in the Action, whether arising under federal, state or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, the Roth Action, in this Court, in any federal or state court, or in any other proceeding or forum.  It is the intention of the Settling Parties that this Settlement shall discharge the Roth Released Parties from all liability to any third parties for contribution or indemnification (or any other claim against the Roth Released Parties where the claimant's injury is based upon or related to the claimant's liability to the Class) that arises out of or relates to the Roth Released Claims, to the fullest extent permitted by law.

C.    The Judgment also shall provide that the judgment reduction requirements applicable under Ninth Circuit law shall apply to any final verdict or judgment that may be

EXHIBIT _____1_____, PAGE _19_

obtained by or on behalf of the Class against a non-settling defendant in which any fault or responsibility is attributed to Roth.

## VII.    PLAN OF ALLOCATION

The Settling Parties agree that Lead Plaintiffs and Class Counsel will submit to the Court at a later date, and upon notice to the Class, a plan of allocation for distribution of monies from the Settlement Fund to claimants in a manner consistent with this Settlement Agreement, and as approved by the Court. The plan of allocation is not a necessary term to the Settlement Agreement, and any decision by the Court or an appellate court concerning the plan of allocation shall not entitle the Class or Roth to terminate and/or modify the Settlement Agreement and shall not affect the validity or finality of the Settlement or Settlement Agreement provided that the plan of allocation provides Roth the full benefit of the releases provided in Sections IV(A) and (B) above. Roth shall have no responsibility or liability for allocation of the Settlement Fund.

## VIII.    TERMINATION

A.    The Class and Roth each shall have the right to terminate the Settlement and Settlement Agreement but only by providing written notice of their election to do so to the other party within five (5) days following: (i) the Court declining to enter Preliminary Approval in any material respect or declining to enter an order materially similar to the Preliminary Approval on or before March 2, 2010; (ii) the Court declining to enter the Bifurcation Order in any material respect or declining to enter an order materially similar to the Bifurcation Order on or before March 2, 2010; (iii) the Court refusing to finally approve the Settlement Agreement or any material part of it; (iv) the Court declining to enter the Judgment in any material respect; (v) the Court declining to enter a Judgment or Order consistent with Section VI above; (vi) the date upon which the Judgment is modified or

EXHIBIT _____1_____, PAGE _20_

reversed in any material respect upon appeal or review; or (vii) in the event the Court enters a judgment other than the Judgment and none of the Settling Parties elects to terminate the Settlement, the date upon which such judgment is modified or reversed in any material respect on appeal or review.

B.    Except as otherwise provided herein, with the exception of the Bifurcation Order, in the event the Settlement is terminated or fails to become effective for any reason:  (i) the Settlement shall be without prejudice and none of its terms shall be effective or enforceable;  (ii) the Settling Parties shall be deemed to have reverted to their respective statuses in the Action and the Roth Action as of January 29, 2010; and (iii) the Settling Parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered.  In such event, the fact and terms of the Settlement Agreement shall not be admissible in any trial of this Action or the Roth Action or any other proceeding or forum.

## IX.    COOPERATION CLAUSE

A.    As partial consideration for this Settlement, Roth and its counsel shall reasonably cooperate with Class Counsel, each at their own expense, in obtaining final approval of the Settlement, and in making witnesses available for attendance at trial, including the opportunity to meet and consult with the witnesses prior to trial, subject to Roth's exercise of any privileges available under applicable law.

B.    As further partial consideration for this Settlement, Class Counsel and Lead Plaintiffs shall reasonably cooperate with Roth and its counsel in obtaining final approval of the Settlement and the Settlement Agreement, and in any pursuit by Roth of claims against individuals or entities who or which are not parties to the Action, subject to the Class's exercise of any privileges available under applicable law.

- 14 -

EXHIBIT _____1_____, PAGE _21_

C.   "Reasonably cooperate" as used in this Section means only that, subject to a party's exercise of any privileges available under applicable law, the Settling Parties will, each at their own expense, make themselves reasonably available to be interviewed, to be deposed, and to testify at trial.

### X.    REQUEST FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

A.    Class Counsel intend to submit an application (the "Fee and Expense Application") for distributions to them from the Settlement Fund for:  (i) an award of attorneys' fees; plus (ii) reimbursement of expenses incurred in connection with prosecuting the Action, including the fees and expenses of any experts or consultants; plus (iii) interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court ("Attorneys' Fees and Expenses").  Class Counsel reserve the right to make additional applications for fees and expenses incurred.  Roth takes no position as to any Fee and Expense Application, and has no responsibility or liability for the allocation of Attorneys' Fees and Expenses.

B.    Subject to court approval, Attorneys' Fees and Expenses awarded to Class Counsel may, with court approval, be paid to Class Counsel from the Settlement Fund immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement, subject to the obligation of Class Counsel jointly to refund or repay any Attorneys' Fees and Expenses to the Settlement Fund plus accrued interest at the rate paid on the Settlement Account by the financial institution holding it, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack or otherwise, the final approval of the Settlement or the fee or expense award is finally denied, reduced or reversed.  Each Class Counsel, as a condition of receiving such Attorneys' Fees and Expenses, on behalf of

- 15 -

itself, agrees that it is subject to the jurisdiction of the Court for the purpose of enforcing this Section.

C.    Lead Plaintiffs and Class Counsel may not cancel or terminate this Settlement Agreement based on the Court's or any appellate court's ruling with respect to any Fee and Expense Application or other fee or expense award in this Action or the Roth Action.

D.    The procedure for, and the allowance or disallowance by, the Court of any Fee and Expense Application are not part of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Settlement set forth herein.

E.    Unless the Court orders otherwise, all Attorneys' Fees and Expenses (including experts' fees and expenses) awarded by the Court to Class Counsel may be paid to Class Counsel out of the Settlement Fund, promptly after entry of the Judgment and the Judgment becoming Final.  Distribution of such Attorneys' Fees and Expenses among Class Counsel shall be at the sole discretion of Class Counsel in accordance with the work performed by Class Counsel and the benefit provided to the Class.

## XI.    MISCELLANEOUS

A.    <u>**No Admission By Roth**</u>.  Roth entered into this Settlement Agreement solely for the purpose of avoiding the expense, risk and uncertainty of litigation.  Entering into, or carrying out, the Settlement Agreement (or exhibits hereto) and any negotiations or proceedings related thereto shall not be construed as, or be deemed to be, evidence of an admission or a concession by Roth that it has any liability, fault or responsibility for any of

- 16 -

EXHIBIT _____1_____, PAGE _23_

the damages or liabilities that the Class claims, and shall not be offered or received in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of the Settlement Agreement and exhibits hereto.

B. **No Admission By The Class**. Lead Plaintiffs and Class Counsel believe that the Action has merit but have entered into this Settlement Agreement because they believe it is in the best interests of the Class. Entering into, or carrying out, the Settlement Agreement (or exhibits hereto) and any negotiations or proceedings related thereto shall not be construed as, or be deemed to be, evidence of an admission or a concession by Lead Plaintiffs or the Class with regard to the merits of their claims and shall not be offered or received in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of the Settlement Agreement and exhibits hereto.

C. **Settlement Communications**. Any pleadings submitted or statements made in furtherance of the Settlement reflected in this Settlement Agreement by the parties hereto are settlement communications subject to Federal Rule of Evidence 408 and Washington Evidence Rule 408. In the event final approval of the Settlement Agreement cannot be achieved, the Settling Parties agree that nothing contained in the Settlement Agreement, any subsequent writings intended to implement the Settlement Agreement, or any pleadings or oral or written statements submitted or made by the Settling Parties in negotiations regarding, pursuant to, or in furtherance of the Settlement Agreement, may be used, quoted, referenced, or admitted in any litigation or proceeding that is unrelated to the consummation or approval of the Settlement Agreement.

D. **Exhibits**. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

- 17 -

EXHIBIT ____/____, PAGE _24_

E.    **Headings**. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

F.    **Amendment**. This Settlement Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors in interest.

G.    **Integration**. This Settlement Agreement and its exhibits constitute the entire agreement among the parties hereto concerning Settlement of the Action and supersede all prior agreements, written or oral, among the parties hereto.    No representations, warranties or inducements have been made to any party hereto concerning the Settlement Agreement or its exhibits other than those contained and memorialized in such documents.

H.    **Jurisdiction**.    Without affecting the finality of the Judgment entered in accordance with this Settlement Agreement, the Court shall retain continuing and exclusive jurisdiction over the Settling Parties, including all Class Members, and over the matters set forth in the Settlement Agreement, including the administration and enforcement of the Settlement Agreement.    Any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of the Settlement must be resolved by motion to the Court.

I.    **Governing Law**.    The construction, interpretation, operation, effect and validity of this Settlement Agreement and its exhibits, and all documents necessary to effectuate them, shall be governed by the internal laws of the State of Washington without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

EXHIBIT _____1_____, PAGE _25_

J.      **Counterparts**.  The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the parties hereto shall exchange among themselves original signed counterparts.

K.      **Authority**.   Class Counsel and counsel for Roth represent that they are authorized to sign this Settlement Agreement on behalf of their respective clients.  All counsel must sign the Settlement Agreement before it is effective.

L.      **Implementation**.   The Settling Parties reserve the right, upon written agreement of all of them and subject to the Court's approval, to make any reasonable extensions of time, or modifications to the exhibits, that may be necessary to carry out any of the provisions of this Settlement Agreement.

M.      **Construction**.  None of the parties hereto shall be considered the drafter of this Settlement Agreement for the purpose of any statute, case law or rule of construction that would or might cause any provision to be construed against the drafter.

N.      **Costs**.  Except as otherwise provided herein, the Class and Roth each shall bear their own costs incurred in connection with the drafting and performance of their obligations under the Settlement Agreement.


DATED as of this 29th day of January 2010.


**GORDON THOMAS HONEYWELL LLP**

By: _Bradley B. Jones_ _____
    **Bradley B. Jones**
    **Attorneys for Lead Plaintiffs and the Class**


**HAGENS BERMAN SOBOL SHAPIRO LLP**

EXHIBIT ___1___, PAGE _26_

By: _____
    Tyler S. Weaver
    **Attorneys for Lead Plaintiffs and the Class**


**STROOCK & STROOCK & LAVAN LLP**

By: _____
    Julia B. Strickland
    **Attorneys for Defendant Roth Capital**
    **Partners, LLC**


**ROTH CAPITAL PARTNERS, LLC**

**By:** _____
**Its:** _____

EXHIBIT _____/_____, PAGE __27__

By:_____
   Tyler S. Weaver
   Attorneys for Lead Plaintiffs and the Class


STROOCK & STROOCK & LAVAN LLP

By:_____
   Julia B. Strickland
   Attorneys for Defendant Roth Capital
   Partners, LLC


ROTH CAPITAL PARTNERS, LLC

By:_____
Its:_____

EXHIBIT_____1____, PAGE___28__

By:_____
    Tyler S. Weaver
    Attorneys for Lead Plaintiffs and the Class


STROOCK & STROOCK & LAVAN LLP

By:_____
    Julia B. Strickland
    Attorneys for Defendant Roth Capital
    Partners, LLC


ROTH CAPITAL PARTNERS, LLC

By:_____
Its:_____

EXHIBIT _____/_____, PAGE _29_

# EXHIBIT A

1                                    THE HONORABLE FRED VAN SICKLE

2    F. MIKE SHAFFER, WSBA No. 18669
3    BRADLEY B. JONES, WSBA No. 17197
     KENNETH G. KIEFFER, WSBA No. 10850
4    JOHN C. GUADNOLA, WSBA No. 08636
     GORDON THOMAS HONEYWELL LLP
5    1201 Pacific Avenue, Suite 2100
     Tacoma, WA 98402-4314
6    253-620-6500
7    253-620-6565

8    STEVE W. BERMAN, WSBA No. 12536
     TYLER S. WEAVER, WSBA No. 29413
9    JENIPHR BRECKENRIDGE, WSBA No. 21410
     ERIN K. FLORY, WSBA No. 16631
10   HAGENS BERMAN SOBOL SHAPIRO LLP
11   1301 Fifth Avenue, Suite 2900
     Seattle, WA 98101-2609
12
13   Attorneys for Plaintiffs

14                    UNITED STATES DISTRICT COURT

15                   EASTERN DISTRICT OF WASHINGTON
16

17   In re METROPOLITAN SECURITIES    )   No. CV-04-025-FVS
18   LITIGATION                       )
                                      )   CLASS ACTION
19   _____  )
                                      )   [PROPOSED] ORDER
20   THIS DOCUMENT RELATES TO:        )   PRELIMINARILY APPROVING
21   ALL ACTIONS                      )   SETTLEMENT BETWEEN THE
                                      )   CLASS AND DEFENDANT ROTH
22                                    )   CAPITAL PARTNERS, LLC
                                      )
23   _____  )

24

25

26

27

28

ORDER PRELIMINARILY APPROVING SETTLEMENT
(Case No. CV-04-025-FVS)
LA 51229941

EXHIBIT _____1_____, PAGE __31__

1    Having considered the Motion and Memorandum of Plaintiffs, pursuant to

2 Federal Rule of Civil Procedure 23, for an Order preliminarily approving the

3 proposed settlement (the "Settlement") between the Class and defendant Roth

4 Capital Partners, LLC ("Roth") in accordance with the terms and provisions of the

5 Settlement Agreement dated January 29, 2010,

6    **IT IS HEREBY ORDERED:**

7    1.    This Order incorporates by reference the definitions in the Settlement

8 Agreement and the Judgment.

9    2.    The Court has personal jurisdiction over all parties to the Action and the

10 Roth Action, including all Class Members and Roth, and subject matter jurisdiction

11 over the Action and the Roth Action.

12    3.    Without further order of the Court, the Settling Parties may agree in

13 writing to reasonable extensions of time to carry out any of the provisions of the

14 Settlement Agreement.

15    4.    In the interest of conserving expenses to the Class, pursuant to the terms

16 of the Settlement Agreement, the Court shall defer approval of the form and manner

17 of providing notice of the Settlement to the Class, and scheduling a hearing for final

18 approval of the Settlement and Settlement Agreement (the "Final Approval

19 Hearing").

20    5.    The Court hereby preliminarily approves the Settlement, as embodied in

21 the Settlement Agreement, as being fair, reasonable and adequate as to the Class

22 Members, subject to further consideration at the Final Approval Hearing.

23    6.    This Order shall become null and void, with the exception of the

24 Bifurcation Order, and be without prejudice to the rights of the Settling Parties, all of

25 whom shall be deemed to have reverted to their respective statuses in the Action and

26 the Roth Action as of January 29, 2010, if:  (i) the Effective Date does not occur; or

27 (ii) the proposed Settlement is terminated or does not become effective for any other

28 reason.  In such event, the Settlement Agreement shall become null and void and

- 1 -

ORDER PRELIMINARILY APPROVING SETTLEMENT
(Case No. CV-04-025-FVS)

EXHIBIT _____1_____, PAGE _3 2_

1  have no further force and effect, and the Settlement shall be without prejudice and

2  none of its terms shall be effective or enforceable.

3        7.     The Action is stayed as to Roth in all respects until further order of the

4  Court, except as may be necessary to implement and effectuate the Settlement and

5  Settlement Agreement.

6        8.     Pending determination by the Court as to whether the Settlement, as set

7  forth in the Settlement Agreement, is fair, reasonable and adequate and should be

8  finally approved and whether the Judgment dismissing the Action and the Roth

9  Action with prejudice as to Roth and whether an order barring claims against the

10  Roth Released Parties should be entered, no Lead Plaintiff nor any Class Member,

11  either directly, representatively or in any other capacity, shall assert, commence or

12  prosecute against any of the Roth Released Parties any of the Roth Released Claims

13  in this Action or the Roth Action or any other proceeding or forum.  This injunction

14  is necessary to protect and effectuate the Settlement, this Order, and the Court's

15  flexibility and authority to effectuate the Settlement and to enter judgment when

16  appropriate, and is ordered in aid of the Court's jurisdiction and to protect its

17  judgments pursuant to 28 U.S.C. Section 1651(a).

18        9.     Pending determination by the Court as to whether the Settlement, as set

19  forth in the Settlement Agreement, is fair, reasonable and adequate and should be

20  finally approved and whether the Judgment dismissing the Action and the Roth

21  Action with prejudice as to Roth and whether an order barring claims against the

22  Roth Released Parties should be entered, no present or future defendant in the Action

23  or in the Roth Action, either directly, representatively or in any other capacity, shall

24  assert, commence or prosecute any claim against any of the Roth Released Parties,

25  however styled, whether legal or equitable, known or unknown, whether arising

26  under state law or federal non-securities law, whether for indemnification or

27  contribution or otherwise denominated (including without limitation claims for

28  breach of contract or misrepresentation), where the claim is based on, arises out of or

ORDER PRELIMINARILY APPROVING SETTLEMENT
(Case No. CV-04-025-FVS)

EXHIBIT _____1_____, PAGE _33_

1  relates to claims or allegations asserted in the Action or the Roth Action.  This

2  injunction is necessary to protect and effectuate the Settlement, this Order, and the

3  Court's flexibility and authority to effectuate this Settlement and to enter judgment

4  when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its

5  judgments pursuant to 28 U.S.C. Section 1651(a).

6       10.  In the event the Action proceeds to trial as to a non-settling

7  defendant(s):  (i) the Class may not use any finding, ruling, order, trial testimony,

8  verdict or judgment or any attribution of fault or responsibility to Roth, for any

9  purpose whatsoever against Roth in the Action, the Roth Action or in any other

10  proceeding or forum;  (ii) any finding, ruling, order, trial testimony, verdict or

11  judgment or any attribution of fault or responsibility to Roth, shall not be admissible

12  for any purpose whatsoever as against Roth in the Action, the Roth Action or in any

13  other proceeding or forum; (iii) any finding, ruling, order, trial testimony, verdict or

14  judgment or any attribution of fault or responsibility to Roth, shall not constitute

15  collateral estoppel or res judicata as to Roth in the Action, the Roth Action or in any

16  other proceeding or forum; (iv) Roth shall not use any finding, ruling, order, trial

17  testimony, verdict or judgment for any purpose whatsoever against the Class in the

18  Action or the Roth Action or against the Class in any other proceeding or forum; (v)

19  any finding, ruling, order, trial testimony, attribution of fault or responsibility to any

20  other defendant, verdict or judgment shall not be admissible for any purpose against

21  the Class in the Action or the Roth Action or against the Class in any other

22  proceeding or forum in any litigation between Roth and the Class; and (vi) any

23  finding, ruling, order, trial testimony, attribution of fault or responsibility to any

24  other defendant, verdict or judgment shall not constitute collateral estoppel or res

25  judicata as to the Class in the Action or the Roth Action or against the Class in any

26  other proceeding or forum in any litigation between Roth and the Class.  If the

27  Settlement is terminated or fails to become effective for any reason, the Class shall

28  not be estopped from asserting the liability of Roth in the Action, the Roth Action or

- 3 -

ORDER PRELIMINARILY APPROVING SETTLEMENT
(Case No. CV-04-025-FVS)

EXHIBIT _____1_____, PAGE _34_

1  any other proceeding or forum as if no settlement had been negotiated or entered

2  into, and Roth shall not be estopped from challenging liability in the Action, the Roth

3  Action or any other proceeding or forum as if no settlement had been negotiated or

4  entered into.

5         11.    This Order shall not be construed or used as an admission, concession or

6  declaration by or against Roth of any fault, wrongdoing, breach, or liability.  Nor

7  shall the Order be construed or used as an admission, concession or declaration by or

8  against the Class Representatives or the Class, that their claims lack merit, that their

9  damages are in any way limited, or that the relief requested in the Action or the Roth

10  Action is inappropriate, or as a waiver by any party of any defenses of claims he, she,

11  or it may have.

12         12.    The Class shall move the Court for an order approving and directing

13  notice of the Settlement to the Class, and setting a final approval hearing, no later

14  than the earlier of either (i) final resolution of the Class's claims against the non-

15  settling defendants in the Action, or (ii) June 15, 2010, or such continued date as the

16  Class and Roth may agree to in writing.

17

18        **IT IS SO ORDERED** this _____ day of _____, 2010.

19

20                                                     _____
                                               UNITED STATES DISTRICT JUDGE

21  Presented by:

22  GORDON THOMAS HONEYWELL LLP

23

24  By: _____

25        Bradley B. Jones
      Attorneys for Plaintiffs and the Class

26

27  HAGENS BERMAN SOBOL SHAPIRO LLP

28  By: _____

                                         - 4 -

ORDER PRELIMINARILY APPROVING SETTLEMENT
(Case No. CV-04-025-FVS)

EXHIBIT _____1_____, PAGE _35_

1    Tyler S. Weaver
      Attorneys for Plaintiffs and the Class
2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

# EXHIBIT B

EXHIBIT _____/_____, PAGE _37_

THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402-4314
253-620-6500
253-620-6565

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-025-FVS |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **[PROPOSED] ORDER BIFURCATING AND STAYING CLAIMS AGAINST DEFENDANT ROTH CAPITAL PARTNERS, LLC** |

ORDER BIFURCATING AND STAYING CLAIMS AGAINST
DEFENDANT ROTH CAPITAL PARTNERS, LLP
(Case No. CV-04-025-FVS)
LA 51229938

EXHIBIT____1____, PAGE 38

1    Having considered the Motion and Memorandum of Plaintiffs, pursuant to

2  Federal Rule of Civil Procedure 42(b), for an Order bifurcating and staying all claims

3  against Defendant Roth Capital Partners, LLC ("Roth"),

4    **IT IS HEREBY ORDERED:**

5    1.    This Order incorporates by reference the definitions in the Settlement

6  Agreement.

7    2.    The Court has personal jurisdiction over all parties to the Action,

8  including all Class Members, Roth and the non-settling defendants, and subject

9  matter jurisdiction over the Action.

10    3.    In light of the Settlement between the Class and Roth pursuant to the

11  Settlement Agreement dated January 29, 2010 and the trial scheduled to commence

12  in the Action against non-settling defendants on March 15, 2010, and in order to

13  allow the Settling Parties to implement and seek final approval of the Settlement, it

14  will further the interests of convenience, avoiding prejudice to the parties and

15  expediting and economizing to bifurcate any and all claims that have been made,

16  could be made or may be made in this Action against Roth pursuant to Federal Rule

17  of Civil Procedure 42(b).

18    4.    All claims, demands and causes of action, whether known or unknown,

19  that have been asserted, could have been asserted or might be asserted by the Lead

20  Plaintiffs, the Class, any non-settling defendant or any other person or entity in this

21  Action or any other proceeding or forum, which are based upon or relate to the

22  matters alleged in the Consolidated And Fourth Amended Class Action Complaint

23  are hereby:  (i) bifurcated from the Action and shall instead be maintained in a

24  separate proceeding before this Court (the "Roth Action"); and (ii) stayed pending

25  determination by the Court as to whether the Settlement, as set forth in the

26  Settlement Agreement, is fair, reasonable and adequate and should be finally

27  approved and whether the Judgment dismissing the Action and the Roth Action with

28

ORDER BIFURCATING CLAIMS AGAINST DEFENDANT ROTH
CAPITAL PARTNERS, LLP
(Case No. CV-04-025-FVS)

**EXHIBIT_____1____, PAGE __39__**

1 || prejudice as to Roth, including a provision barring any claims against the Roth

2 || Released Parties, should be entered.

3 ||     5.     In the event the Action proceeds to trial as to a non-settling

4 || defendant(s): (i) the Class may not use any finding, ruling, order, trial testimony,

5 || verdict or judgment or any attribution of fault or responsibility to Roth, for any

6 || purpose whatsoever against Roth in the Action, the Roth Action or in any other

7 || proceeding or forum; (ii) any finding, ruling, order, trial testimony, verdict or

8 || judgment or any attribution of fault or responsibility to Roth, shall not be admissible

9 || for any purpose whatsoever as against Roth in the Action, the Roth Action or in any

10 || other proceeding or forum; (iii) any finding, ruling, order, trial testimony, verdict or

11 || judgment or any attribution of fault or responsibility to Roth, shall not constitute

12 || collateral estoppel or res judicata as to Roth in the Action, the Roth Action or in any

13 || other proceeding or forum; (iv) Roth shall not use any finding, ruling, order, trial

14 || testimony, verdict or judgment for any purpose whatsoever against the Class in the

15 || Action or the Roth Action or against the Class in any other proceeding or forum; (v)

16 || any finding, ruling, order, trial testimony, attribution of fault or responsibility to any

17 || other defendant, verdict or judgment shall not be admissible for any purpose against

18 || the Class in the Action or the Roth Action or against the Class in any other

19 || proceeding or forum in any litigation between Roth and the Class; and (vi) any

20 || finding, ruling, order, trial testimony, attribution of fault or responsibility to any

21 || other defendant, verdict or judgment shall not constitute collateral estoppel or res

22 || judicata as to the Class in the Action or the Roth Action or against the Class in any

23 || other proceeding or forum in any litigation between Roth and the Class. If the

24 || Settlement is terminated or fails to become effective for any reason, the Class shall

25 || not be estopped from asserting the liability of Roth in the Action, the Roth Action or

26 || any other proceeding or forum as if no settlement had been negotiated or entered

27 || into, and Roth shall not be estopped from challenging liability in the Action, the Roth

28 ||

- 2 -

ORDER BIFURCATING CLAIMS AGAINST DEFENDANT ROTH
CAPITAL PARTNERS, LLP
(Case No. CV-04-025-FVS)

EXHIBIT _____1_____, PAGE _40_

1    Action or any other proceeding or forum as if no settlement had been negotiated or

2    entered into.

3         6.       The Settling Parties shall have the right to move for an order by this

4    Court modifying the provisions of, or terminating, this Order.

5         **IT IS SO ORDERED** this _____ day of _____, 2010.

6

7                                              _____
                                              UNITED STATES DISTRICT JUDGE
8    Presented by:

9    GORDON THOMAS HONEYWELL LLP

10

11   By:  _____
          Bradley B. Jones
12        Attorneys for Plaintiffs and the Class

13

14   HAGENS BERMAN SOBOL SHAPIRO LLP

15

16   By:  _____
          Tyler S. Weaver
17        Attorneys for Plaintiffs and the Class

18

19

20

21

22

23

24

25

26

27

28

- 3 -
ORDER BIFURCATING CLAIMS AGAINST DEFENDANT ROTH
CAPITAL PARTNERS, LLP
(Case No. CV-04-025-FVS)

**EXHIBIT**_____**1**_____**, PAGE** _4/_

# EXHIBIT C

1                                                    THE HONORABLE FRED VAN SICKLE

2   F. MIKE SHAFFER, WSBA No. 18669
3   BRADLEY B. JONES, WSBA No. 17197
    KENNETH G. KIEFFER, WSBA No. 10850
4   GORDON THOMAS HONEYWELL
    MALANCA PETERSON & DAHEIM LLP
5   1201 Pacific Avenue, Suite 2100
    Tacoma, WA  98402-4314
6   253-620-6500
7   253-620-6565

8   STEVE W. BERMAN, WSBA No. 12536
    ERIN K. FLORY, WSBA No. 16631
9   JENIPHR BRECKENRIDGE, WSBA No. 21410
    TYLER S. WEAVER, WSBA No. 29413
10  HAGENS BERMAN SOBOL SHAPIRO LLP
11  1301 Fifth Avenue, Suite 2900
    Seattle, WA 98101-2609
12
13  Attorneys for Plaintiffs

14                  UNITED STATES DISTRICT COURT

15                EASTERN DISTRICT OF WASHINGTON

16

17  In re METROPOLITAN SECURITIES     )   No. CV-04-025-FVS
18  LITIGATION                        )
                                      )   CLASS ACTION
19  _____  )
                                      )   [PROPOSED] JUDGMENT AND
20  THIS DOCUMENT RELATES TO:         )   ORDER APPROVING
21  ALL ACTIONS                       )   SETTLEMENT BETWEEN THE
                                      )   CLASS AND DEFENDANT ROTH
22                                    )   CAPITAL PARTNERS, LLC,
                                      )   DISMISSING CLAIMS, BARRING
23                                    )   CLAIMS FOR CONTRIBUTION
                                      )   AND INDEMNITY, AND
24                                    )   DIRECTING ENTRY OF
                                      )   JUDGMENT
25                                    )
26  _____  )

27

28

JUDGMENT AND ORDER APPROVING
SETTLEMENT
(Case No. CV-04-025-FVS)
LA 51229939
EXHIBIT _____1_____, PAGE _43_

1    THIS MATTER came on for hearing on _____, 2010, upon the Motion of
2  Plaintiffs to determine, among other things:  (i) whether the proposed partial
3  settlement (the "Settlement") between the Class and defendant Roth Capital Partners,
4  LLC ("Roth") is fair, reasonable and adequate and should be approved; and (ii)
5  whether judgment should be entered dismissing the Action and the Roth Action on
6  the merits and with prejudice as to Roth.  A copy of the Settlement Agreement is
7  attached to the Declaration of Bradley Jones in Support of_____.  (Docket
8  No. __.)
9    On _____, 2010, the Court entered an Order Preliminarily Approving
10 Settlement and an Order Bifurcating and Staying Claims.  (Docket Nos. ____.)  On
11 _____, 2010, the Court entered an Order Approving Form and Manner of Notice, and
12 Scheduling Hearing on Fairness and Final Approval of Partial Settlement Pursuant to
13 Federal Rule of Civil Procedure 23(e).  (Docket No. ____.)  Those Orders are
14 expressly incorporated herein.
15   Due and adequate notice having been given to the Class, and the Court having
16 considered the Settlement Agreement and exhibits thereto, all papers filed and
17 proceedings relating to the Settlement Agreement, and having reviewed the entire
18 record in the Action, and good cause appearing,
19   **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS**
20 **FOLLOWS:**
21   1.    The Court, for purposes of this Judgment and Order of Dismissal (the
22 "Judgment"), adopts all defined terms as set forth in the Settlement Agreement.
23   2.    The Court has personal jurisdiction over all parties to this Action and
24 the Roth Action, including all Class Members and Roth, and subject matter
25 jurisdiction over the Action and the Roth Action.
26   3.    The Court finds that distribution of _____, and publication of _____ (as
27 provided for in the Court's _____, 2010 Order) (collectively, the "Notice"),
28 constituted the best notice practicable and was reasonably calculated, under the

- 1 -

JUDGMENT AND ORDER APPROVING
SETTLEMENT
(Case No. CV-04-025-FVS)

EXHIBIT _____1_____, PAGE __44__

1   circumstances, to apprise all Class Members of the terms of the Settlement and their

2   rights with respect to the Settlement, and afforded Class Members an opportunity to

3   present their objections, if any, to the Settlement. The Court finds that the provision

4   of Notice to Class Members met all applicable requirements of Federal Rule of Civil

5   Procedure 23, the United States Constitution (including the Due Process Clause), the

6   Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, et seq.), and

7   any other applicable law.

8       4.      The terms of the Settlement Agreement and this Judgment shall be

9   forever binding on the Class Representatives and all Class Members and all of their

10  heirs, executors, administrators, predecessors, successors and affiliates.

11      5.      The Court fully and finally approves the Settlement, as set forth in the

12  Settlement Agreement, including the settlement consideration provided by Roth and

13  the releases and other terms contained therein, as fair, just, reasonable and adequate.

14      6.      The record before the Court demonstrates that the potential damages

15  alleged by the Class in the Action greatly exceed Roth's ability to satisfy a judgment

16  against it.  The record before the Court also amply demonstrates that the Settlement

17  was reached after a vigorous defense of the Action by Roth, including obtaining

18  summary judgment as to certain of Plaintiffs' claims, and vigorous, protracted and

19  arm's-length negotiations, and that the Settlement has been entered into in good

20  faith.

21      7.      The releases set forth in Section IV of the Settlement Agreement are

22  effective upon occurrence of the Effective Date and forever discharge:  (i) the Roth

23  Released Parties from any and all claims of liability arising from or related to the

24  Roth Released Claims; and (ii) the Plaintiff Released Parties from any and all claims

25  of liability arising from or related to the Plaintiff Released Claims.  The Roth

26  Released Claims are hereby compromised, settled, released, discharged and

27  dismissed as against the Roth Released Parties on the merits and with prejudice by

28  virtue of the proceedings herein and this Judgment.  The Plaintiff Released Claims

- 2 -

JUDGMENT AND ORDER APPROVING
SETTLEMENT
(Case No. CV-04-025-FVS)

EXHIBIT _____1_____, PAGE 45

1    are hereby compromised, settled, released, discharged and dismissed as against the

2    Plaintiff Released Parties on the merits and with prejudice by virtue of the

3    proceedings herein and this Judgment.

4         8.     The Court permanently bars and enjoins:  (i) the Class Releasors from

5    filing, commencing, prosecuting, intervening in, participating in (as class members

6    or otherwise), or receiving any benefits or other relief from, any other lawsuit,

7    arbitration or other proceeding or order in any jurisdiction that is based upon, arises

8    out of or relates to the Roth Released Claims; and (ii) Roth from filing, commencing,

9    prosecuting, intervening in, participating in (as class members or otherwise), or

10   receiving any benefits or other relief from, any other lawsuit, arbitration or other

11   proceeding or order in any jurisdiction that is based upon, arises out of or relates to

12   the Plaintiff Released Claims.

13        9.     Pursuant to 15 U.S.C. § 78u-4(f)(7)(A) and the Settlement Agreement,

14   any and all claims arising out of any claims under the federal securities laws released

15   by the Class, including, but not limited, to any claims based upon, arising out of or

16   relating to the claims or allegations that were asserted or could have been asserted by

17   the Class in the Action or the Class Action Complaint, Consolidated and Amended

18   Class Action Complaint, Consolidated and Second Amended Class Action

19   Complaint, Consolidated and Third Amended Class Action Complaint or

20   Consolidated and Fourth Amended Class Action Complaint, (a) by any person

21   against the Roth Released Parties, and (b) by the Roth Released Parties as to non-

22   settling defendants (named as of January 1, 2010) in the Action, except as set out in

23   15 U.S.C. §78u-4(f)(7)(A)(ii), are hereby permanently barred, enjoined and

24   restrained.  This bar shall apply whether or not the Roth Released Parties are

25   "covered persons" as defined in 15 U.S.C. §78u-4(f)(10).  Accordingly, without

26   limiting the above, any person (including any non-settling defendant in the Action

27   and all persons purporting to act on his, its or their behalf and all persons purporting

28   to claim by or through him, it or them whether under a subrogation theory or

- 3 -

JUDGMENT AND ORDER APPROVING
SETTLEMENT
(Case No. CV-04-025-FVS)

EXHIBIT _____ 1 _____, PAGE 46

1  otherwise) is hereby permanently barred, enjoined and restrained from asserting,

2  commencing or prosecuting against the Roth Released Parties any such claims, and

3  the Roth Released Parties are hereby permanently barred, enjoined and restrained

4  from asserting, commencing or prosecuting against any non-settling defendant in the

5  Action any such claims.

6        10.    Any final verdict or judgment to which 15 U.S.C. § 78u-4(f)(7)(B)

7  applies that may be obtained by or on behalf of the Class or a Class Member against

8  any non-settling defendant in the Action shall be reduced by the greater of: (a) an

9  amount that corresponds to the percentage of fault or responsibility attributed to Roth

10 for the alleged loss to the Class or the Class Member; or (b) the amount paid by or on

11 behalf of Roth to the Class in connection with the Settlement Agreement except to

12 the extent, if any, that such reduction may be affected by the provisions of 15 U.S.C.

13 § 77(k)(t)(1). If any final verdict or judgment under the federal securities laws that is

14 not subject to 15 U.S.C. § 78u-4(f)(7)(B) is obtained by or on behalf of the Class or a

15 Class Member against any non-settling defendant in the Action, then such final

16 verdict or judgment shall be reduced according to the judgment reduction provisions

17 applicable under Ninth Circuit law, and/or, to the extent applicable, the provisions of

18 U.S.C. § 77k(f)(l).

19       11.    The Court finds that the Settlement represents a reasonable and good

20 faith settlement of all claims arising under state law or federal non-securities law

21 released by the Class under the Settlement Agreement and is sufficient to discharge

22 the Roth Released Parties from all such claims. The Court further finds that the Roth

23 Released Parties are entitled to protection to the fullest extent permitted by

24 applicable state law and federal non-securities law from liability to third parties for

25 contribution or indemnification or any other claim where the claimant's injury is the

26 claimant's liability to the Class. These protections include, without limitation, those

27 provided by Revised Code of Washington 4.22.060, California Code of Civil

28 Procedure Sections 877 and 877.6 and any comparable statute or common law of any

- 4 -

other state (the "Additional Contribution Protections").  To the extent such Additional Contribution Protections apply, any non-settling defendant in the Action shall have any final verdict or judgment obtained by or on behalf of the Class against such non-settling defendant reduced according to the corresponding judgment reduction provisions applicable under such state law or federal non-securities law, including, but not limited to, those provided by Revised Code of Washington 4.22.060, California Code of Civil Procedure Sections 877 and 877.6 and any comparable statute or common law of any other state.

To effect the Settlement, the Court orders that:

(a)   Any and all non-settling defendants (named as of January 1, 2010) in the Action, and all persons and entities representing them or otherwise acting on their behalf, are permanently barred, enjoined and restrained from asserting, commencing or prosecuting any claim against the Roth Released Parties, however styled, whether legal or equitable, known or unknown, whether arising under state law or federal non-securities law, whether for indemnification or contribution or otherwise denominated (including without limitation claims for breach of contract or misrepresentation), where the claim is based on, arises out of or relates to claims or allegations asserted in the Action or the Roth Action. including, without limitation, any claim in which such non-settling defendant seeks to recover from the Roth Released Parties:  (1) any amounts that a non-settling defendant has paid, has become liable to pay or may become liable to pay in the Action or in any proceeding commenced by a Class Member; and/or (2) any costs, expenses or attorneys' fees that a non-settling defendant has incurred or may incur in defending against any claim asserted in the Action or in any proceeding commenced by a Class Member (hereafter, "Barred Claims").  All Barred Claims are hereby extinguished, discharged, satisfied and made unenforceable.

(b)   Because the non-settling defendants, and all persons and entities representing them or otherwise acting on their behalf, are barred from asserting any

JUDGMENT AND ORDER APPROVING
SETTLEMENT
(Case No. CV-04-025-FVS)

EXHIBIT _____ 1 _____, PAGE _____ 48

1  Barred Claims against the Roth Released Parties, any final verdict or judgment

2  entered against a non-settling defendant by the Class or a Class Member shall be

3  reduced as determined by, and provided for under, the law applicable to such Barred

4  Claims.

5          (c)    If the Class obtains a settlement, judgment or verdict based upon,

6  arising out of or relating to the Action against a person, and, notwithstanding the

7  provisions in Paragraphs 9, 10, 11(a) and 11(b) above, that person obtains a recovery

8  against the Roth Released Parties for: (1) amounts that person has paid, has become

9  liable to pay or may become liable to pay to the Class; and/or (2) any costs, expenses

10  or attorneys' fees that person has incurred in defending such claims, the Class shall

11  reduce or credit any settlement, judgment or verdict against that person by the

12  amount of that person's recovery against the Roth Released Parties, which amount

13  shall then be credited to the recovery against the Roth Released Parties.

14      12.    The Settlement does not result in final adjudication of the matter as to

15  all defendants. Therefore, the Court reserves making the findings required by 15 §

16  U.S.C. 78u-4(c)(i).

17      13.    Without affecting the finality of this Judgment, the Court retains

18  continuing and exclusive jurisdiction over the Class Members and Roth for purposes

19  of the administration, interpretation, implementation, effectuation and enforcement

20  of the Settlement and Settlement Agreement and the Judgment.

21      14.    The Action and the Roth Action are hereby dismissed as against Roth

22  only, on the merits and with prejudice, upon occurrence of the Effective Date.

23  ///

24  ///

25  ///

26

27

28

- 6 -

JUDGMENT AND ORDER APPROVING
SETTLEMENT
(Case No. CV-04-025-FVS)

EXHIBIT _____1_____, PAGE 49

1    15.    Because the Settlement resolves all claims as to Roth in the Action and

2 the Roth Action, the Court finds that there is no just reason to delay entry of this

3 Judgment as a final judgment as against Roth.  Accordingly, the Court directs the

4 immediate entry of final judgment by the clerk of the Court, as against Roth only,

5 pursuant to Federal Rule of Civil Procedure 54(b).

6    **IT IS SO ORDERED** this _____ day of _____, 2010.

7

8    _____
     UNITED STATES DISTRICT JUDGE

9 Presented by:

10 GORDON, THOMAS, HONEYWELL LLP

11

12 By: _____
13    Bradley B. Jones
14    Attorneys for Lead Plaintiffs and the Class

15 HAGENS BERMAN SOBOL SHAPIRO LLP

16

17 By: _____
18    Tyler S. Weaver
19    Attorneys for Lead Plaintiffs and the Class

20

21

22

23

24

25

26

27

28

- 7 -

JUDGMENT AND ORDER APPROVING
SETTLEMENT
(Case No. CV-04-025-FVS)

**EXHIBIT** _____ /_____, **PAGE** 50