UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

No. CV-04-25-FVS

In re METROPOLITAN SECURITIES
LITIGATION

ORDER DISMISSING COUNT VI

**THIS MATTER** came before the Court for oral argument on January 5, 2010, based upon PricewaterhouseCoopers' motion for summary judgment with respect to Count VI.

**BACKGROUND**

PricewaterhouseCoopers ("PwC") audited the Fiscal Year ("FY") 2000 financial statements for Metropolitan Mortgage & Securities Co., Inc., ("Met"). Met included the PwC-certified financial statements in a Form S-2 registration statement it filed with the Securities and Exchange Commission ("SEC") on November 8, 2001. Met filed the registration statement for the purpose of offering Series E-7 preferred stock. The registration statement contained a summary of investor rights. The SEC declared the registration statement effective on November 14, 2001. However, Met did not immediately offer the Series E-7 preferred stock to investors in the State of Washington. On December 20, 2001, Met filed an amendment to the November 14th registration statement. The amendment added four exhibits to the registration statements. One of the exhibits was

ORDER - 1

entitled "AMENDED AND RESTATED STATEMENT OF RIGHTS, DESIGNATIONS AND PREFERENCES OF VARIABLE RATE CUMULATIVE PREFERRED STOCK, SERIES E-7 PURSUANT TO RCW 23B.06.020."  The parties refer to this exhibit as the "full Statement of Rights."  On January 25, 2002, Met filed a Form 8-K.  The Form 8-K included a press release announcing both that Met's Series E-7 preferred stock "had been approved for listing" on the American Stock Exchange ("AMEX") and that the "listing becomes effective Friday, January 25, 2002."  The plaintiffs purchased Series E-7 preferred stock thereafter.  The share price dropped dramatically during the second half of 2003.  The plaintiffs filed the instant action on January 20, 2004.  They added PwC as a defendant on December 17, 2004, because PwC had certified Met's FY 2000 financial statements, which Met incorporated into the November 14th registration statement.  Count VI alleges the disputed financial statements contain false and misleading statements of material fact.  The plaintiffs seek damages from PwC under § 11 of the Securities Act of 1933.  15 U.S.C. § 77k.  PwC moves for summary judgment on the ground Count VI is barred by a three-year statute of repose.  15 U.S.C. § 77m.

**RULING**

"In no event shall . . . [an] action be brought to enforce a liability created under section 77k . . . more than three years after the security was bona fide offered to the public."  15 U.S.C. § 77m. The plaintiffs did not add Count VI until December 17, 2004, which was more than three years after the date upon which the registration statement for the Series E-7 preferred stock became effective.  Given

ORDER - 2

the delay, PwC argues Count VI is time-barred.  Not so, say the plaintiffs.  In their opinion, a security is not "bona fide offered" for purposes of § 77m until the issuer actually offers to sell the security to the public.  *Cf. P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 103 n. 6 (2d Cir.2004) (hereinafter "*P. Stolz*") ("The relevant question for § 13 is when was the stock really and truly (genuinely) being offered to the public, as opposed to, say, a simulated offering.").  The plaintiffs allege the Series E-7 preferred stock was not offered to the public until January 25, 2002.  Prior to that date, say the plaintiffs, Met was barred by the law of the State of Washington from offering the securities to the public in this state.  If the plaintiffs' interpretation of § 77m is correct, Count VI is not time-barred because the clock began to run on January 25, 2002, and they added Count VI on December 17, 2004, which was less than three years later.  However, the plaintiffs' interpretation of § 77m is incorrect.  In the case of registered securities, "a security is 'bona fide offered to the public' at the effective date of the registration statement[.]"  *Griffin v. PaineWebber, Inc.*, 84 F.Supp.2d 508, 512 (S.D.N.Y.2000) (quoting *Finkel v. Stratton Corp.*, 962 F.2d 169, 173 (2d Cir.1992)).  The Second Circuit acknowledged as much in *P. Stolz*, albeit in dictum.  355 F.3d at 104 ("In the case of § 11 liability, the repose period is triggered by the effective date of the (allegedly false) registration statement for the offer -- *i.e.*, the beginning of the offer." (citing *Finkel.*, 962 F.2d at 173; *Griffin*, 84 F.Supp.2d at 512; *Morse v. Peat, Marwick, Mitchell & Co.*, 445 F.Supp.

ORDER - 3

619, 622-24 (S.D.N.Y.1977))).  Here, the registration statement for the Series E-7 preferred stock became effective on November 14, 2001. The plaintiffs named PwC as a defendant on December 17, 2004, which was more than three years later.  Consequently, Count VI is barred by § 77m unless a post-effective amendment triggered a new period of repose.

The plaintiffs argue Met's November 14th registration statement was materially incomplete because it contained only a summary of investor rights rather than a full statement of rights.  According to the plaintiffs, it was incumbent upon Met to cure the defect by filing a post-effective amendment, which Met did on December 20, 2001.  Met attached a number of exhibits to the amendment.  One of the exhibits was a full Statement of Rights.  The plaintiffs argue the addition of the statement of rights "represent[ed] a fundamental change in the information set forth in the registration statement."  17 C.F.R. § 229.512(a)(1)(ii).  The significance of the plaintiffs' argument is this:  Item 512(a) of Regulation S-K requires an issuer to file a post-effective amendment in three situations.  17 C.F.R. § 229.512(a)(1).  One of them occurs when a post-effective amendment is necessary "[t]o reflect in the prospectus . . . facts or events arising after the effective date of the registration statement . . . which . . . represent a fundamental change in the information set forth in the registrations statement."  17 C.F.R. § 229.512(a)(1)(ii). A mandatory post-effective amendment is "deemed to be a new registration statement relating to the securities offered therein[.]"

ORDER - 4

Item 512(a)(1), 17 C.F.R. § 229.512(a)(2).  Furthermore, "the offering

of such securities at that time shall be deemed to be the initial bona

fide offering thereof."  *Id.*  In other words, a mandatory post-

effective amendment -- *e.g.*, a post-effective amendment that is

covered by Item 512(a)(1)(ii) -- triggers a new period of repose.  It

is clear, then, why the plaintiffs argue the December 20th post-

effective amendment is covered by Item 512(a)(1)(ii).  If it is, then

it triggered a new three-year period of repose pursuant to Item

512(a)(2); and, as the plaintiffs point out, Count VI was added less

than three years later.

PwC denies the December 20th post-effective amendment was

mandated by Item 512(a)(1)(ii).  One of the issues PwC raises is

whether the amendment "represent[ed] a fundamental change in the

information set forth in the registrations statement."  17 C.F.R. §

229.512(a)(1)(ii).  As PwC observes, the SEC has provided examples of

what it means by the term "fundamental changes."  They include "major

changes in the issuer's operations, such as significant acquisitions

or dispositions" and "any change in the business or operations of the

registrant that would necessitate a restatement of the financial

statements[.]"  *Delayed or Continuous Offering and Sale of Securities*,

46 Fed. Reg. 42,001, *42,007-08.  Measured against that standard,

Met's decision to add a full statement of rights to a registration

statement that already contained a summary of rights was not a

fundamental change.  The plaintiffs protest that the supplemental

information set forth in the full Statement of Rights was material to

ORDER - 5

a reasonable investor.  Perhaps so; but materiality is not the test. The test is fundamental change; and the latter is more demanding than the former.  A change may be material without being fundamental. *Id.* at *42,008.  In sum, since the December 20th amendment adding a full statement of rights did not "represent a fundamental change in the information set forth in the registration statement," the December 20th amendment did not trigger a new period of repose.  Instead, the period of repose ended on November 14, 2004.  Count VI was added over one month later.  As a result, it is time-barred.

**IT IS HEREBY ORDERED:**

PricewaterhouseCoopers' motion for summary judgment with respect to Count VI (**Ct. Rec. 754**) is **granted.**  Count VI is dismissed with prejudice.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   8th   day of February, 2010.

s/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge

ORDER - 6