The Honorable Fred Van Sickle

STEVE W. BERMAN, WSBA No. 12536
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609
(206) 623-7292

BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
F. MIKE SHAFFER, WSBA No. 18669
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
(253) 620-6500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-0025-FVS |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ORDER PRELIMINARILY APPROVING SETTLEMENT BETWEEN THE CLASS AND DEFENDANT ROTH CAPITAL PARTNERS, LLC |

Having considered the Motion and Memorandum of Plaintiffs, pursuant to Federal Rule of Civil Procedure 23, for an Order preliminarily approving the proposed settlement (the "Settlement") between the Class and defendant Roth Capital Partners, LLC ("Roth") in accordance with the terms and provisions of the Settlement Agreement dated January 29, 2010,

ORDER PRELIMINARILY APPROVING SETTLEMENT - 1

**IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Settlement Agreement and the Judgment. Additionally, the following terms are defined herein: (i) "Non Settling Defendant" and "Non Settling Defendants" refer to those defendants which or who were named in the Action as of January 1, 2010 other than Roth (specifically, PricewaterhouseCoopers LLP, Ernst & Young LLP, C. Paul Sandifur, Jr., Thomas Turner, Robert Ness, William Snider and Irv Marcus); and (ii) "Previously Settled Defendant" and "Previously Settled Defendants" refer to those defendants dismissed from the Action pursuant to the Court's Judgment and Order Finally Approving Partial Settlements filed October 6, 2006 (specifically, Robert K. Potter, Clayton E. Rudd, James V. Hawkins, Gregory S. Strate, Philip W. Sandifur, Samuel Smith, Bruce J. Blohowiak, B. Elaine Hoskin, Gary D. Brajcich, the Estate of Harold W. Erfurth, Reuel C. Swanson, William A. Smith, John T. Trimble and Erik E. Skaggs).

2. The Court has personal jurisdiction over all parties to the Action and the Roth Action, including all Class Members, Roth and the Non Settling Defendants, and subject matter jurisdiction over the Action and the Roth Action.

3. Without further order of the Court, the Settling Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

4. In the interest of conserving expenses to the Class, pursuant to the terms of the Settlement Agreement, the Court shall defer approval of the form and

ORDER
PRELIMINARILY APPROVING
SETTLEMENT - 2


1918 E<small>IGHTH</small> A<small>VENUE</small>, S<small>UITE</small> 3300 • S<small>EATTLE</small>, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352464 V1

manner of providing notice of the Settlement to the Class and scheduling a hearing for final approval of the Settlement and Settlement Agreement (the "Final Approval Hearing").

5.  The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Final Approval Hearing.

6.  This Order shall become null and void, with the exception of the Bifurcation Order, and be without prejudice to the rights of the Settling Parties, all of whom shall be deemed to have reverted to their respective statuses in the Action and the Roth Action as of January 29, 2010, if: (i) the Effective Date does not occur; or (ii) the proposed Settlement is terminated or does not become effective for any other reason. In such event, the Settlement Agreement shall become null and void and have no further force and effect, and the Settlement shall be without prejudice and none of its terms shall be effective or enforceable.

7.  The Action is stayed as to Roth in all respects until further order of the Court, except as may be necessary to implement and effectuate the Settlement and Settlement Agreement.

8.  Pending determination by the Court as to whether the Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved, and whether the Judgment dismissing the Action and the Roth Action with prejudice as to Roth and an order barring claims against the Roth Released Parties should be entered, no Lead Plaintiff nor any Class Member, either

ORDER PRELIMINARILY APPROVING SETTLEMENT - 3



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352464 V1

1  directly, representatively or in any other capacity, shall assert, commence or
2  prosecute against any of the Roth Released Parties any of the Roth Released
3  Claims in this Action or the Roth Action or any other proceeding or forum.  This
4  injunction is necessary to protect and effectuate the Settlement, this Order, and the
5  Court's flexibility and authority to effectuate the Settlement and to enter judgment
6  when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its
7  judgments pursuant to 28 U.S.C. Section 1651(a).

        9.      Pursuant to 15 U.S.C. § 78u-4(f)(7)(A), the Settlement Agreement and applicable law, any and all claims arising out of any claims under the federal securities laws released by the Class, including, but not limited to, any claims based upon, arising out of or relating to the claims or allegations that were asserted or could have been asserted by the Class in the Action, the Class Action Complaint, Consolidated and Amended Class Action Complaint, Consolidated and Second Amended Class Action Complaint, Consolidated and Third Amended Class Action Complaint, Consolidated and Fourth Amended Class Action Complaint, or the Roth Action, (a) by any person against the Roth Released Parties, and (b) by the Roth Released Parties as to any Non Settling Defendant are hereby permanently barred, enjoined and restrained.  This bar shall apply whether or not the Roth Released Parties are "covered persons" as defined in 15 U.S.C. § 78u-4(f)(10).  Accordingly, without limiting the above, any person (including any Non Settling Defendant and all persons purporting to act on his, its or their behalf and all persons purporting to claim by or through him, it or them, whether

ORDER
PRELIMINARILY APPROVING
SETTLEMENT - 4



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352464 V1

under a subrogation theory or otherwise) is hereby permanently barred, enjoined and restrained from asserting, commencing or prosecuting against the Roth Released Parties any such claims, and the Roth Released Parties are hereby permanently barred, enjoined and restrained from asserting, commencing or prosecuting against any Non Settling Defendant any such claims.

10. If any final verdict or judgment, or portion of any final verdict or judgment, under the federal securities laws is obtained by or on behalf of the Class or a Class Member against any Non Settling Defendant over matters for which Roth would have been jointly and severally liable, as determined by the jury through special interrogatories allocating any liability for the expertise and non-expertise portions of the registration statements to Roth, any Previously Settled Defendant and/or any Non Settling Defendant, then such final verdict or judgment, or portion of any final verdict or judgment, over matters for which Roth would have been jointly and severally liable shall be reduced by the greater of: (a) an amount that corresponds to the percentage of fault or responsibility attributed to Roth for the alleged loss to the Class or the Class Member as determined by the jury with regard to the portion of the judgment for which Roth would have been jointly and severally liable; or (b) the amounts paid by or on behalf of Roth to the Class or the Class Member in connection with the Settlement Agreement.

11. The Court finds that the Settlement represents a reasonable and good faith settlement of all claims arising under state law or federal non-securities law released by the Class under the Settlement Agreement and is sufficient to discharge

ORDER PRELIMINARILY APPROVING SETTLEMENT - 5



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352464 V1

the Roth Released Parties from all such claims. The Court further finds that the Roth Released Parties are entitled to protection to the fullest extent permitted by applicable state law and federal non-securities law from liability to third parties for contribution or indemnification or any other claim where the claimant's injury is the claimant's liability to the Class. These protections include, without limitation, those provided by Revised Code of Washington 4.22.060, California Code of Civil Procedure Sections 877 and 877.6 and any comparable statute or common law of any other state (the "Additional Contribution Protections"). The Court further finds that, to the extent such Additional Contribution Protections apply, any Non Settling Defendant shall have any final verdict or judgment obtained by or on behalf of the Class or a Class Member against such Non Settling Defendant reduced according to the corresponding judgment reduction provisions applicable under such state law or federal non-securities law, including, but not limited to, those provided by Revised Code of Washington 4.22.060, California Code of Civil Procedure Sections 877 and 877.6 and any comparable statute or common law of any other state.

12. Pursuant to the Settlement Agreement and applicable law, any person (including any Non Settling Defendant, and all persons and entities representing them or otherwise acting on their behalf), is permanently barred, enjoined and restrained from asserting, commencing or prosecuting any claim under state law or federal non-securities law against the Roth Released Parties, however styled, whether legal or equitable, whether known or unknown, whether for

ORDER PRELIMINARILY APPROVING SETTLEMENT - 6

001758-11 352464 V1



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

indemnification or contribution or otherwise denominated (including without limitation claims for breach of contract or misrepresentation), where the claim is based on, arises out of or relates to claims or allegations that were asserted or could have been asserted in the Action or the Roth Action (the "Barred Claims").

13. Because the Non Settling Defendants, and all persons and entities representing them or otherwise acting on their behalf, are barred from asserting any Barred Claims against the Roth Released Parties, any final verdict or judgment obtained by the Class or a Class Member against a Non Settling Defendant shall be reduced in accordance with the judgment reduction provisions under state law or federal non-securities law applicable to such Barred Claims.

14. In the event the Action proceeds to trial as to any Non Settling Defendant: (i) the Class may not use any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to Roth, for any purpose whatsoever against Roth in the Action, the Roth Action or in any other proceeding or forum; (ii) any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to Roth, shall not be admissible for any purpose whatsoever as against Roth in the Action, the Roth Action or in any other proceeding or forum; (iii) any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to Roth, shall not constitute collateral estoppel or res judicata as to Roth in the Action, the Roth Action or in any other proceeding or forum; (iv) Roth shall not use any finding, ruling, order, trial testimony, verdict or judgment for any purpose

ORDER PRELIMINARILY APPROVING SETTLEMENT - 7



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  352464 V1

whatsoever against the Class in the Action or the Roth Action or against the Class in any other proceeding or forum; (v) any finding, ruling, order, trial testimony, attribution of fault or responsibility to any other defendant, verdict or judgment shall not be admissible for any purpose against the Class in the Action or the Roth Action or against the Class in any other proceeding or forum in any litigation between Roth and the Class; and (vi) any finding, ruling, order, trial testimony, attribution of fault or responsibility to any other defendant, verdict or judgment shall not constitute collateral estoppel or res judicata as to the Class in the Action or the Roth Action or against the Class in any other proceeding or forum in any litigation between Roth and the Class.  If the Settlement is terminated or fails to become effective for any reason, the Class shall not be estopped from asserting the liability of Roth in the Action, the Roth Action or any other proceeding or forum as if no settlement had been negotiated or entered into, and Roth shall not be estopped from challenging liability in the Action, the Roth Action or any other proceeding or forum as if no settlement had been negotiated or entered into.

15. This Order shall not be construed or used as an admission, concession or declaration by or against Roth of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against the Class Representatives or the Class, that their claims lack merit, that their damages are in any way limited, or that the relief requested in the Action or the Roth Action is inappropriate, or as a waiver by any party of any defenses of claims he, she, or it may have.

ORDER
PRELIMINARILY APPROVING
SETTLEMENT - 8



001758-11 352464 V1

16.     The Class shall move the Court for an order approving and directing notice of the Settlement to the Class, and setting a final approval hearing, no later than the earlier of either (i) final resolution of the Class's claims against the Non Settling Defendants, or (ii) June 15, 2010, or such continued date as the Class and Roth may agree to in writing.

**IT IS SO ORDERED** this ___12th___ day of ___February___, 2010.

s/ Fred Van Sickle
UNITED STATES DISTRICT JUDGE

Presented by:

GORDON THOMAS HONEYWELL LLP

By: _____
Bradley B. Jones
Attorneys for Plaintiffs and the Class

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____
Tyler S. Weaver
Attorneys for Plaintiffs and the Class

ORDER PRELIMINARILY APPROVING SETTLEMENT - 9



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352464 V1