THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402-4314
253-620-6500
253-620-6565

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-025-FVS<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT BETWEEN THE CLASS AND DEFENDANT ROTH CAPITAL PARTNERS, LLC |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

Having considered the Motion and Memorandum of Plaintiffs, pursuant to Federal Rule of Civil Procedure 23, for an Order preliminarily approving the proposed settlement (the "Settlement") between the Class and defendant Roth Capital Partners, LLC ("Roth") in accordance with the terms and provisions of the Settlement Agreement dated January 29, 2010,

**IT IS HEREBY ORDERED:**

1.  This Order incorporates by reference the definitions in the Settlement Agreement and the Judgment.

2.  The Court has personal jurisdiction over all parties to the Action and the Roth Action, including all Class Members and Roth, and subject matter jurisdiction over the Action and the Roth Action.

3.  Without further order of the Court, the Settling Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

4.  In the interest of conserving expenses to the Class, pursuant to the terms of the Settlement Agreement, the Court shall defer approval of the form and manner of providing notice of the Settlement to the Class, and scheduling a hearing for final approval of the Settlement and Settlement Agreement (the "Final Approval Hearing").

5.  The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Final Approval Hearing.

6.  This Order shall become null and void, with the exception of the Bifurcation Order, and be without prejudice to the rights of the Settling Parties, all of whom shall be deemed to have reverted to their respective statuses in the Action and the Roth Action as of January 29, 2010, if: (i) the Effective Date does not occur; or (ii) the proposed Settlement is terminated or does not become effective for any other reason. In such event, the Settlement Agreement shall become null and void and

1  have no further force and effect, and the Settlement shall be without prejudice and
2  none of its terms shall be effective or enforceable.
3       7.   The Action is stayed as to Roth in all respects until further order of the
4  Court, except as may be necessary to implement and effectuate the Settlement and
5  Settlement Agreement.
6       8.   Pending determination by the Court as to whether the Settlement, as set
7  forth in the Settlement Agreement, is fair, reasonable and adequate and should be
8  finally approved and whether the Judgment dismissing the Action and the Roth
9  Action with prejudice as to Roth and whether an order barring claims against the
10 Roth Released Parties should be entered, no Lead Plaintiff nor any Class Member,
11 either directly, representatively or in any other capacity, shall assert, commence or
12 prosecute against any of the Roth Released Parties any of the Roth Released Claims
13 in this Action or the Roth Action or any other proceeding or forum.  This injunction
14 is necessary to protect and effectuate the Settlement, this Order, and the Court's
15 flexibility and authority to effectuate the Settlement and to enter judgment when
16 appropriate, and is ordered in aid of the Court's jurisdiction and to protect its
17 judgments pursuant to 28 U.S.C. Section 1651(a).
18      9.   Pending determination by the Court as to whether the Settlement, as set
19 forth in the Settlement Agreement, is fair, reasonable and adequate and should be
20 finally approved and whether the Judgment dismissing the Action and the Roth
21 Action with prejudice as to Roth and whether an order barring claims against the
22 Roth Released Parties should be entered, no present or future defendant in the Action
23 or in the Roth Action, either directly, representatively or in any other capacity, shall
24 assert, commence or prosecute any claim against any of the Roth Released Parties,
25 however styled, whether legal or equitable, known or unknown, whether arising
26 under state law or federal non-securities law, whether for indemnification or
27 contribution or otherwise denominated (including without limitation claims for
28 breach of contract or misrepresentation), where the claim is based on, arises out of or

1  relates to claims or allegations asserted in the Action or the Roth Action. This
2  injunction is necessary to protect and effectuate the Settlement, this Order, and the
3  Court's flexibility and authority to effectuate this Settlement and to enter judgment
4  when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its
5  judgments pursuant to 28 U.S.C. Section 1651(a).
6        10. In the event the Action proceeds to trial as to a non-settling
7  defendant(s): (i) the Class may not use any finding, ruling, order, trial testimony,
8  verdict or judgment or any attribution of fault or responsibility to Roth, for any
9  purpose whatsoever against Roth in the Action, the Roth Action or in any other
10 proceeding or forum; (ii) any finding, ruling, order, trial testimony, verdict or
11 judgment or any attribution of fault or responsibility to Roth, shall not be admissible
12 for any purpose whatsoever as against Roth in the Action, the Roth Action or in any
13 other proceeding or forum; (iii) any finding, ruling, order, trial testimony, verdict or
14 judgment or any attribution of fault or responsibility to Roth, shall not constitute
15 collateral estoppel or res judicata as to Roth in the Action, the Roth Action or in any
16 other proceeding or forum; (iv) Roth shall not use any finding, ruling, order, trial
17 testimony, verdict or judgment for any purpose whatsoever against the Class in the
18 Action or the Roth Action or against the Class in any other proceeding or forum; (v)
19 any finding, ruling, order, trial testimony, attribution of fault or responsibility to any
20 other defendant, verdict or judgment shall not be admissible for any purpose against
21 the Class in the Action or the Roth Action or against the Class in any other
22 proceeding or forum in any litigation between Roth and the Class; and (vi) any
23 finding, ruling, order, trial testimony, attribution of fault or responsibility to any
24 other defendant, verdict or judgment shall not constitute collateral estoppel or res
25 judicata as to the Class in the Action or the Roth Action or against the Class in any
26 other proceeding or forum in any litigation between Roth and the Class. If the
27 Settlement is terminated or fails to become effective for any reason, the Class shall
28 not be estopped from asserting the liability of Roth in the Action, the Roth Action or

any other proceeding or forum as if no settlement had been negotiated or entered into, and Roth shall not be estopped from challenging liability in the Action, the Roth Action or any other proceeding or forum as if no settlement had been negotiated or entered into.

11. This Order shall not be construed or used as an admission, concession or declaration by or against Roth of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against the Class Representatives or the Class, that their claims lack merit, that their damages are in any way limited, or that the relief requested in the Action or the Roth Action is inappropriate, or as a waiver by any party of any defenses of claims he, she, or it may have.

12. The Class shall move the Court for an order approving and directing notice of the Settlement to the Class, and setting a final approval hearing, no later than the earlier of either (i) final resolution of the Class's claims against the non-settling defendants in the Action, or (ii) June 15, 2010, or such continued date as the Class and Roth may agree to in writing.

**IT IS SO ORDERED** this 12th day of February, 2010.

s/ Fred Van Sickle
UNITED STATES DISTRICT JUDGE

Presented by:

GORDON THOMAS HONEYWELL LLP

By: _____
Bradley B. Jones
Attorneys for Plaintiffs and the Class

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____

- 4 -
ORDER PRELIMINARILY APPROVING SETTLEMENT
(Case No. CV-04-025-FVS)