THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402-4314
253-620-6500
253-620-6565

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101-2609

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-025-FVS <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] ORDER BIFURCATING AND STAYING CLAIMS AGAINST DEFENDANT ROTH CAPITAL PARTNERS, LLC |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

Having considered the Motion and Memorandum of Plaintiffs, pursuant to Federal Rule of Civil Procedure 42(b), for an Order bifurcating and staying all claims against Defendant Roth Capital Partners, LLC ("Roth"),

**IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Settlement Agreement.

2. The Court has personal jurisdiction over all parties to the Action, including all Class Members, Roth and the non-settling defendants, and subject matter jurisdiction over the Action.

3. In light of the Settlement between the Class and Roth pursuant to the Settlement Agreement dated January 29, 2010 and the trial scheduled to commence in the Action against non-settling defendants on March 15, 2010, and in order to allow the Settling Parties to implement and seek final approval of the Settlement, it will further the interests of convenience, avoiding prejudice to the parties and expediting and economizing to bifurcate any and all claims that have been made, could be made or may be made in this Action against Roth pursuant to Federal Rule of Civil Procedure 42(b).

4. All claims, demands and causes of action, whether known or unknown, that have been asserted, could have been asserted or might be asserted by the Lead Plaintiffs, the Class, any non-settling defendant or any other person or entity in this Action or any other proceeding or forum, which are based upon or relate to the matters alleged in the Consolidated And Fourth Amended Class Action Complaint are hereby: (i) bifurcated from the Action and shall instead be maintained in a separate proceeding before this Court (the "Roth Action"); and (ii) stayed pending determination by the Court as to whether the Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved and whether the Judgment dismissing the Action and the Roth Action with

1  prejudice as to Roth, including a provision barring any claims against the Roth
2  Released Parties, should be entered.
3      5.   In the event the Action proceeds to trial as to a non-settling
4  defendant(s): (i) the Class may not use any finding, ruling, order, trial testimony,
5  verdict or judgment or any attribution of fault or responsibility to Roth, for any
6  purpose whatsoever against Roth in the Action, the Roth Action or in any other
7  proceeding or forum; (ii) any finding, ruling, order, trial testimony, verdict or
8  judgment or any attribution of fault or responsibility to Roth, shall not be admissible
9  for any purpose whatsoever as against Roth in the Action, the Roth Action or in any
10 other proceeding or forum; (iii) any finding, ruling, order, trial testimony, verdict or
11 judgment or any attribution of fault or responsibility to Roth, shall not constitute
12 collateral estoppel or res judicata as to Roth in the Action, the Roth Action or in any
13 other proceeding or forum; (iv) Roth shall not use any finding, ruling, order, trial
14 testimony, verdict or judgment for any purpose whatsoever against the Class in the
15 Action or the Roth Action or against the Class in any other proceeding or forum; (v)
16 any finding, ruling, order, trial testimony, attribution of fault or responsibility to any
17 other defendant, verdict or judgment shall not be admissible for any purpose against
18 the Class in the Action or the Roth Action or against the Class in any other
19 proceeding or forum in any litigation between Roth and the Class; and (vi) any
20 finding, ruling, order, trial testimony, attribution of fault or responsibility to any
21 other defendant, verdict or judgment shall not constitute collateral estoppel or res
22 judicata as to the Class in the Action or the Roth Action or against the Class in any
23 other proceeding or forum in any litigation between Roth and the Class. If the
24 Settlement is terminated or fails to become effective for any reason, the Class shall
25 not be estopped from asserting the liability of Roth in the Action, the Roth Action or
26 any other proceeding or forum as if no settlement had been negotiated or entered
27 into, and Roth shall not be estopped from challenging liability in the Action, the Roth
28

Action or any other proceeding or forum as if no settlement had been negotiated or entered into.

6. The Settling Parties shall have the right to move for an order by this Court modifying the provisions of, or terminating, this Order.

**IT IS SO ORDERED** this 12th day of February, 2010.

                                                  s/ Fred Van Sickle
                                      UNITED STATES DISTRICT JUDGE

Presented by:

GORDON THOMAS HONEYWELL LLP

By: _____
Bradley B. Jones
Attorneys for Plaintiffs and the Class

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____
Tyler S. Weaver
Attorneys for Plaintiffs and the Class