The Honorable Fred Van Sickle

STEVE W. BERMAN, WSBA No. 12536
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
(206) 623-7292

BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
F. MIKE SHAFFER, WSBA No. 18669
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA  98402
(253) 620-6500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-0025-FVS |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE ON BROKER REPRESENTATIONS |
| | Hearing Date: March 3, 2010<br>Time: 9:00 a.m. |

MEM. RE:  MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
INVESTOR RELIANCE - 1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ...................................................................................... 4

II. THE EVIDENCE SUBJECT TO THIS MOTION ......................................... 4

III. ARGUMENT ............................................................................................. 6

    A. Evidence of Investors' Reliance or Understanding Is Irrelevant Under Section 11 ........................................................................... 6

    B. PwC Cannot Back-Door the Evidence by Arguing it Bears on the Materiality of Any Misrepresentation ..................................... 9

    C. The Evidence Is Not Relevant to the Negative Causation Defense .... 11

    D. The Evidence is Not Relevant to Witness Credibility ....................... 13

    E. Plaintiffs Bizzell, Webber Romero, and Wilkey Will Not Pursue Their WSSA Claims at Trial .................................................. 13

IV. CONCLUSION ......................................................................................... 13



# TABLE OF AUTHORITIES

Page(s)

### CASES

*Alpern v. UtiliCorp United*,
   84 F.3d 1525 (8th Cir. 1996) .................................................................................................7

*Caravan Mobile Home Sales, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*,
   769 F.2d 561 (9th Cir. 1985) ..................................................................................................9

*Herman & Maclean v. Huddleston*,
   459 U.S. 375 (1983) ................................................................................................................6

*In re Constar Int'l Inc. Sec. Litig.*,
   585 F.3d 774 (3d Cir. 2009) ...................................................................................................7

*In re Daou Sys.*,
   411 F.3d 1006 (9th Cir. 2005) ................................................................................................6

*In re Donald J. Trump Casino Sec. Litig.*,
   7 F.3d 357 (3d Cir. 1993) .....................................................................................................10

*In re Metro. Secs. Litig.*,
   532 F. Supp. 2d 1260 (E.D. Wash. 2007) ...............................................................................7

*In re: HealthSouth Corp. Secs. Litig.*,
   2009 U.S. Dist. LEXIS 90607 (N.D. Ala. Sept. 30, 2009) ........................................................7

*Parnes v. Gateway 2000, Inc.*,
   122 F.3d 539 (8th Cir. 1997) ................................................................................................10

*Rubke v. Capitol Bancorp Ltd.*,
   551 F.3d 1156 (9th Cir. 2009) ................................................................................................9

*TSC Indus., Inc. v. Northway, Inc.*,
   426 U.S. 438 (1976) ..............................................................................................................10

### STATUTES

15 U.S.C. § 77 ............................................................................................................... *passim*

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE - 3



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## I.  INTRODUCTION

As the Court is aware, the upcoming trial in this case will concern Plaintiffs' claim against PwC, pursuant to Section 11, that the Metropolitan Group's FY 2000 financial statements were materiality misstated.  Under Section 11, it is irrelevant whether an investor did or did not rely on the alleged misrepresentations.

Despite that legal reality, PwC has made clear, through its deposition designations and its proposed trial exhibits, that it has every intention of turning the impending trial into a debate about what investors in Metropolitan and Summit securities subjectively believed about the safety of the securities at the time they purchased them.

Unfortunately for PwC, what investors knew or did not know or believed or felt or thought or were even told about these securities before purchasing them is entirely irrelevant.  Plaintiffs therefore move to exclude argument, documents, and testimony that is offered on the issue of what Plaintiffs and other Class members might have believed or been told about the securities before they purchased them.

## II.  THE EVIDENCE SUBJECT TO THIS MOTION

The evidence that PwC has designated which bears on what investors were, or might have been, told about Metropolitan and Summit securities runs a wide gamut.  The following is a summary of the major categories of evidence PwC seeks to introduce on this issue:

1. Evidence of how the securities were marketed to investors.

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
INVESTOR RELIANCE - 4



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

2. Evidence of surveys of investors as to their perceptions of Metropolitan and Summit securities.

3. Evidence of investigations of the sole dealer of these securities, Metropolitan Investment Securities (MIS), by various organizations.

4. Evidence of findings made against MIS and its head, Ronald Pellegrino, regarding the marketing and sale of the securities.

5. Evidence that Class members, including some Lead Plaintiffs, purchased securities from PJ Sears-Million and William Sears, who have served time in federal prison after being charged with misrepresenting the safety of Metropolitan and Summit securities.

6. Evidence that Class members, including some Lead Plaintiffs, sued their brokers for misrepresenting securities to investors.

7. Evidence that brokers were sanctioned by governmental agencies for their representations to investors about these securities.

8. Evidence of what brokers reported about their difficulty selling certain securities.

9. Evidence of presentations to brokers by hired consultants.

10. Evidence of conversations some of the Lead Plaintiffs had with investigators of both MIS and PJ Sears-Million.

11. Evidence as to whether Class members subjectively believed that the securities were high-risk.

This may not be an exhaustive list of the sort of evidence or testimony PwC wishes to present or elicit at trial, but it is representative. Plaintiffs have specifically objected to designated exhibits and deposition testimony related to these issues, as covered in prior briefing. Ct. Recs. 969 and 979. However, given PwC's obvious intent to bury the jury with irrelevant and prejudicial evidence about investor communications and understandings regarding their securities

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
INVESTOR RELIANCE - 5



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

Case 2:04-cv-00025-FVS    Document 1011    Filed 02/16/10

purchases, Plaintiffs hereby move for a broad directive from the Court that evidence and argument about that issue has no place in this trial.

### III.   ARGUMENT

**A.   Evidence of Investors' Reliance or Understanding Is Irrelevant Under Section 11**

The only claim that will be tried against PwC in this case is pursuant to Section 11, 15 U.S.C. § 77k. As the Supreme Court has described Section 11 claims generally:

> Section 11 of the 1933 Act allows purchasers of a registered security to sue certain enumerated parties in a registered offering when false or misleading information is included in a registration statement. The section was designed to assure compliance with the disclosure provisions of the Act by imposing a stringent standard of liability on the parties who play a direct role in a registered offering. *If a plaintiff purchased a security issued pursuant to a registration statement, he need only show a material misstatement or omission to establish his prima facie case. Liability against the issuer of a security is virtually absolute, even for innocent misstatements.*

*Herman & Maclean v. Huddleston*, 459 U.S. 375, 381-82 (1983) (emphasis added). As the Ninth Circuit has put it, "[t]he plaintiff in a § 11 claim must demonstrate (1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment." *In re Daou Sys.*, 411 F.3d 1006, 1027 (9th Cir. 2005).

There is no element of a Section 11 claim that requires a plaintiff to prove that she relied on, or even read or was aware of, the representation that she claims

MEM. RE:  MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
INVESTOR RELIANCE - 6



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

was false or misleading. Nor does reliance, or a plaintiff's subjective understanding or belief, constitute any portion of any defense available to PwC under Section 11. As the Third Circuit recently stated:

> [R]eliance is *not* an element under § 11. As the District Court noted, because reliance is not an element under § 11, "the conduct of the defendants, not the knowledge of the plaintiffs, is determinative" of materiality. … The crucial questions are: "[W]as there a misrepresentation? And, if so, was it objectively material?" … Since reliance is irrelevant in a § 11 case, a § 11 case will never demand individualized proof as to an investor's reliance or knowledge ….

*See In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 784 (3d Cir. 2009) (emphasis in original) (citations omitted). This Court has previously recognized this same principle, in this case. *See In re Metro. Secs. Litig.*, 532 F. Supp. 2d 1260, 1270 (E.D. Wash. 2007) (no reliance required under section 11 when purchases are not after-market purchases; following later certification, after-market purchases are excluded from the Class). *See also* 15 U.S.C. § 77k(a) (investor reliance is *only* relevant under section 11 when purchases were more than one year after issuance of registration statement); *Alpern v. UtiliCorp United*, 84 F.3d 1525, 1541 (8th Cir. 1996) ("A claim under § 11 does not require proof of reliance, causation, or scienter, but only materiality and damages."); *In re: HealthSouth Corp. Secs. Litig.*, 2009 U.S. Dist. LEXIS 90607, at *106 (N.D. Ala. Sept. 30, 2009) ("a plaintiff in a Section 11 case does not need to prove reliance; the statute presumes that one whose purchase of a security can be traceable to a registration statement containing a misrepresentation would have relied on that registration statement.").

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE - 7



HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

PwC should not be allowed to present argument to the jury, nor introduce evidence or testimony, which suggests or implies that some or all of the Lead Plaintiffs or the Class members were duped or misled into investing in Metropolitan and Summit securities because they thought they were safe investments. All of the evidence outlined in Section II of this brief serves no purpose other than to suggest that Class members relied on broker's misrepresentations, rather than the registration statements and the accompanying financial statements. Such evidence is not admissible.

Plaintiffs addressed many evidence-specific issues in their briefs in support of their objections to Defendants' exhibits and their objections. Ct. Rec. 967, Appendices C, E, and T; Ct. Rec. 969. As addressed in that briefing, many of the specific exhibits also raise issues of hearsay and character evidence.

In addition, as noted in Ct. Rec. 969, Appx. C, there is a very narrow category of evidence potentially bearing on investor communications that Plaintiffs have not objected to. Plaintiffs do not object to mention or evidence which simply states certain objective facts: that an NASD investigation was commenced in the fall of 2002, that the NASD subsequently issued a "Wells" letter in June 2003 informing MIS of likely sanctions, that the NASD encouraged MIS in July 2003 to close its internal "trading desk," and that following its investigation, the NASD sanctioned MIS in October 2003 and required its closure pending satisfaction of certain conditions. These facts, and the timing and nature of their disclosure to the public, are relevant to PwC's causation theory. While Plaintiffs disagree with the

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
INVESTOR RELIANCE - 8



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

theory, they do not object to the basic admission of testimony or evidence regarding those specific facts.

However, Plaintiffs object to all other argument, evidence, or testimony regarding or related to what investors knew, thought, believed, or did not know about Metropolitan and Summit securities.

**B.    PwC Cannot Back-Door the Evidence by Arguing it Bears on the Materiality of Any Misrepresentation**

PwC has attempted, and will likely continue to attempt, to argue that individual investors' perception of Metropolitan Securities is nonetheless admissible as evidence of whether the alleged misrepresentations in the financial statements were material.  However, the argument falls apart – it would essentially amount to an argument that the financials were not as "material" as what investors might have heard from the brokers about their investments.  This is nothing more than a reliance argument in disguise, and should not be allowed.

In addition as the Ninth Circuit has stated, the test of materiality under section 11 is whether "it would have misled a *reasonable* investor about the nature of his or her investment." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009) (emphasis added).  This test, like any test concerning reasonableness, is *objective*. *Caravan Mobile Home Sales, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 769 F.2d 561, 565 (9th Cir. 1985).  Therefore, attempts to prove that a particular person would or would not have found particular information material in light of what his broker might have told him, is simply not probative of whether the alleged representations and omissions at issue were *objectively*

MEM. RE:  MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE - 9



1918 Eighth Avenue, Suite 3300 • Seattle, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  352696 V1

reasonable. The jury can, and must, consider the objective reasonableness without evidence of subjective understanding.

In their response to Plaintiffs' objections to their exhibits, Ct. Rec. 1003, PwC repeatedly cites to *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438 (1976) to support the argument that what brokers told investors is relevant because it is part of the "total mix" of information bearing on materiality. The case does not help their cause. First, it does not address Section 11. Second, *TSC* defines the materiality standard in terms of objective *reasonableness*: "an omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important …."[1] What a particular person did or did not subjectively know or believe is not relevant to that determination.

In addition, whatever relevance this evidence might have to objective materiality (and Plaintiffs believe there is none), it is clearly outweighed by the risk that the jury will be confused or misled about whether Plaintiffs must prove

---

[1] The other cases PwC cited in its responses to exhibit objections for its materiality arguments similarly set forth objective standards of reasonableness. *See In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 369 (3d Cir. 1993) ("an omitted fact is material if there is a substantial likelihood that a reasonable [investor] would consider it important in deciding how to [act]."); *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 547 (8th Cir. 1997) (assessing statements from the objective standpoint of a "reasonable investor").

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
INVESTOR RELIANCE - 10



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

reliance, when it is clear that reliance (or the lack of it) is not an element of the claim or any defense under Section 11. Any attempts to back-door investor knowledge (or lack of it) as bearing on materiality must be barred under Fed. R. Evid. 403.

### C. The Evidence Is Not Relevant to the Negative Causation Defense

PwC argues, Ct. Rec. 1003 at 13-15, that *all* evidence regarding *all* details of the NASD, SEC, and DFI investigations are necessary to establish its loss-causation defense. They make the same argument with regard to the investigation and conviction of PJ Sears-Million. *Id.* at 27. PwC is wrong. The only tie that PwC makes to the NASD investigation of MIS and Plaintiffs' loss in damages is that (1) Roth withdrew its pricing opinion in June 2003 allegedly in part due to the then-ongoing NASD investigation, (2) the NASD investigation and sanctions were disclosed to the public, and (3) that the sanctions prohibited MIS from selling securities. Plaintiffs do not object to discussion or evidence of these specific facts. But the full details and background of the investigation, and all of the evidence PwC wants to introduce that was covered in the investigation, is not necessary to prove those facts and will unfairly prejudice Plaintiffs by misleading and confusing the jury as to the issue of reliance. PwC has no argument that what a particular broker said to a particular person, or what was said among various Metropolitan employees about investor impressions of the registration statement, has any bearing at all on their negative causation defense. Nor are Plaintiffs going to argue

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE - 11



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

at trial that the NASD investigation was in any way related to the accounting misrepresentations.

PwC's causation argument is, moreover, entirely specious as to the SEC and DFI investigations, which did not prevent MIS from selling securities, were never disclosed to the public during the relevant time frame, and had no bearing on the liquidity of the companies or on Plaintiffs' losses.

PwC's causation argument as to evidence of the PJ Sears-Million investigation and guilty plea does not even pass the giggle test. The fact that Lead Plaintiff Bodner completed an NASD questionnaire about what the Sears told him does not "make it more likely that the NASD investigation caused Roth to withdraw its pricing opinions" (*id.* at 27) – the two are not even plausibly related. Similarly, interviews of Lead Plaintiffs by the U.S. Dept. of Justice about the Sears do not "support the fact that MIS broker misconduct … caused [the NASD] to intervene at MIS." *Id.* The DOJ did not intervene at MIS – the NASD did. And the interviews were in 2004 and 2005; MIS ceased to exist in 2003. And Plaintiffs cannot even fathom PwC's argument that PwC's causation defense is "made more probable" by Mr. Sears' guilty plea about what he told an investor in 2002, *see id.* – it has nothing to do with public disclosures, the collapse of the companies, the loss in value of the securities, or the NASD investigation of MIS. The evidence regarding the Sears investigation and pleas are flatly objectionable.

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
INVESTOR RELIANCE - 12



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

### D. The Evidence is Not Relevant to Witness Credibility

PwC has also argued, Ct. Rec. 1003 at 17, that what a particular Lead Plaintiff may have previously said about his or her broker is somehow relevant to their credibility in this case. PwC apparently assumes the Lead Plaintiffs will testify as to who they believe caused the loss in the value of their securities. They will not do so, and in fact are not qualified to do so. That is the province of the experts in this case, and even if the Lead Plaintiffs had a personal opinion as to loss causation, it would likely be inadmissible. Nor can PwC point to any statement in which any of the Lead Plaintiffs stated that they believed that the auditors did nothing wrong, or that the auditors are not liable at all for the loss in the securities value. There will be nothing to properly impeach the Lead Plaintiffs with.

### E. Plaintiffs Bizzell, Webber Romero, and Wilkey Will Not Pursue Their WSSA Claims at Trial

While reliance is relevant to WSSA claims, the Lead Plaintiffs who have individual claims under WSSA will not be pursuing them at trial. The Lead Plaintiffs who stated individual WSSA claims have decided to dismiss them.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs request that the Court issue an order excluding all argument, documents, and testimony offered on the issue of what Lead Plaintiffs and other Class members might have believed or been told about the securities before they purchased them.

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
INVESTOR RELIANCE - 13

001758-11 352696 V1



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Dated this 16th day of February, 2010.

HAGENS BERMAN SOBOL SHAPIRO LLP


By /s/ Tyler S. Weaver
   Steve W. Berman, WSBA No. 12536
   Erin K. Flory, WSBA No. 16631
   Tyler S. Weaver, WSBA No. 29413
   Jeniphr Breckenridge, WSBA No. 21410
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
GORDON, THOMAS HONEYWELL,
   MALANCA, PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
Telephone: (253) 620-6500
Facsimile: (253) 620-6565

*Co-Lead Counsel for Plaintiffs*

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE - 14



001758-11 352696 V1

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party via email on February 16, 2010 to the following:

George S. Azadian Azadian@strook.com

James K Barbee at jim@golbeckroth.com

Philip S Beck at anne.doyle@bartlit-beck.com; susan.dandrea@bartlit-beck.com

Ronald L Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com

Steve W Berman at steve@hbsslaw.com; heatherw@hbsslaw.com

Brian D Buckley at bbuckley@fenwick.com

Elizabeth J Cabraser at ecabraser@lchb.com; ewalser@lchb.com

Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com; reception@corrcronin.com

Pearl Del Rosario at pdelrosario@orrick.com; valdeman@orrick.com

Christopher G Emch at emchc@foster.com; pateb@foster.com

Timothy L Filer at filet@foster.com; howej@foster.com

Steven Fogg at sfogg@corrcronin.com; ivandiver@corrcronin.com

E Joseph Giometti at jgiometti@orrick.com; gjohnson@orrick.com

Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com; nlg@randanco.com

Gary I Grenley at ggrenley@grebb.com

Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com

Kenneth P Herzinger at kherzinger@orrick.com

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE - 15



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

| | |
|---|---|
| 1 | David D Hoff at dhoff@tousley.com; btaylor@tousley.com |
| 2 | Tarek Ismail at tarek.ismail@bartlit-beck.com; anne.doyle@bartlit-beck.com |
| 3 | Stephen M Knaster at sknaster@orrick.com; vadelman@orrick.com |
| 4 | |
| 5 | James B. King at jking@ecl-law.com |
| 6 | Christopher D Landgraff at chris.landgraff@barlit-beck.com |
| 7 | Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com |
| 8 | J Scott McBride at scott.mcbride@barlit-beck.com |
| 9 | James P McNeill, III at mcnej@foster.com |
| 10 | Michael L Merriman at michael.merriman@barlit-beck.com |
| 11 | Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com |
| 12 | |
| 13 | John Degnan Munding at munding@crumb-munding.com; brittany@crumb-munding.com |
| 14 | |
| 15 | Robert J Nelson at rnelson@lchb.com |
| 16 | Kevin Daniel O'Rourke at korourke@southwellorourke.com |
| 17 | Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com |
| 18 | |
| 19 | Erin K. Flory at erin@hbsslaw.com; carrie@hbsslaw.com |
| 20 | Andrew K Polovin at andrew.polovin@bartlit-beck.com; anne.doyle@bartlit-beck.com |
| 21 | |
| 22 | Terry J Price at tprice@rmalw.com |
| 23 | Mark Roth at mark@golbeckroth.com |
| 24 | Stephen M Rummage at steverummage@dwt.com; jeannecadley@dwt.com |
| 25 | Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com |
| 26 | |

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE - 16

HB HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

1 M Todd Scott at tscott@orrick.com; jwatts@orrick.com; tmanolova@orrick.com

2 James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com

3 Daniel F Shea at dfshea@hhlaw.com;

4
5 Kim D Stephens at kstephens@tousley.com; efile@tousley.com; jalbertson@tousley.com

6 Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com;
7 lacalendar@stroock.com

8 Earl M Sutherland at esutherland@rmlaw.com; lfisher@rmlaw.com

9 Beth E Terrell at bterrell@tousley.com; bkinsey@tousley.com; efile@tousley.com

10
11 Paul H Trinchero at ptrinchero@grebb.com

12 Michael C Tu at mtu@orrick.com; sspencer@orrick.com

13 Robert P Varian at rvarian@orrick.com

14 Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com

15 Joshua Watts at jwatts@orrick.com; gjohnson@orrick.com

16 Christine Marie Weaver at cw@cweaverlaw.com
17
18 Leslie Richard Weatherhead at lwlibertas@aol.com

19 Charles S Wright at charleswright@dwt.com; terriray@dwt.com

20
21
22
23
24
25
26

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE - 17



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352696 V1

1  HAGENS BERMAN SOBOL SHAPIRO LLP

2  By s/ Tyler S. Weaver

3     Tyler S. Weaver, WSBA No. 29413

   1918 8th Avenue, Suite 3300

4  Seattle, WA 98101

   Telephone: (206) 623-7292

5  Facsimile: (206) 623-0594

6

7  *Co-Lead Counsel for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO INVESTOR RELIANCE - 18



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • Fax (206) 623-0594

001758-11 352696 V1