STEVE W. BERMAN, WSBA No. 12536
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292

The Honorable Fred Van Sickle

BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
F. MIKE SHAFFER, WSBA No. 18669
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
(253) 620-6500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-0025-FVS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | PLAINITFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO TOM TURNER'S CRIMINAL CONVICTION AND DETAILS OF THE TRILLIUM TRANSACTION<br><br>Hearing Date: March 3, 2010<br>Time: 9:00 a.m. |

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 1
(Case No. CV-04-0025-FVS)

HAGENS BERMAN
1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11-355012 V1

## I. INTRODUCTION

PricewaterhouseCoopers ("PwC") has designated evidence related to a specific 2002 Metropolitan transaction known as the Trillium transaction, and has also designated evidence of Defendant Tom Turner's 2007 conviction on charges of misleading Ernst & Young (E&Y) with regard to the E&Y audit of the 2002 financials related to the Trillium transaction. PwC has also joined in E&Y's exhibits, which contain even broader designations of this sort of evidence.

PwC's arguments for the relevancy and admissibility of this evidence, especially given that E&Y will no longer be at trial, are extremely attenuated. The details of the September 2002 Trillium transaction are not relevant to *any* issue in this case, and neither is Mr. Turner's conviction, which came years after the companies collapsed. Allowing this evidence into trial will simply result in a confusing and irrelevant sideshow about the complicated Trillium deal and Mr. Turner's conviction, and result in the jury baselessly speculating about whether Mr. Turner might have done the same thing to PwC on the 2000 audit – even though there is not a shred of evidence that he did. The evidence must be excluded in order to keep the trial and the jury focused on truly relevant matters.

## II. THE EVIDENCE SUBJECT TO THIS MOTION

The evidence designated by PwC and E&Y related to the Trillium deal and Mr. Turner's role in that deal is extensive (and PwC has stated an attempt to join in all E&Y designations). It includes documentation about all aspects of the exceedingly complicated deal, Turner's involvement in the deal, Turner's

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 2
(Case No. CV-04-0025-FVS)



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11-355012 V1

communications with E&Y, Metropolitan's internal investigations of Turner, E&Y's conclusions about Turner, the long, subsequent criminal proceedings against Turner, and his eventual conviction. Plaintiffs object to all of this material as irrelevant, prejudicial, misleading, and confusing.

## III.   ARGUMENT

### A.   The Evidence is Not Relevant

At the most fundamental level, the evidence regarding Turner and Trillium must be excluded. A brief review of the facts will help demonstrate why that is.

The Trillium transaction (or transactions) was entered into in the last days of fiscal year 2002 and involved a series of complicated transactions among related companies on both sides of the transaction, who were exchanging funds. Mr. Turner was the primary negotiator on this transaction for the Metropolitan companies. He was convicted years later of lying to E&Y about one particular intricacy of this transaction, namely the close and incestuous relationships between the other parties involved in the deal. E&Y pointed directly to the Trillium transaction, and to Turner's actions with regard to that transaction, when it withdrew as auditor on January 20, 2004, and disavowed its prior audit opinions on the 2001 and 2002 financials.

PwC, the one remaining defendant at trial, was never involved with the Trillium deal (which concluded nearly a year and a half after PwC was terminated as Metropolitan's auditor), was never lied to about the Trillium deal, and never withdrew its auditing opinions because it thought Turner had lied. Further,

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 3
(Case No. CV-04-0025-FVS)



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Plaintiffs' claims that will proceed to trial are about whether the 2000 financial statements audited by PwC contained material misrepresentations. A 2002 transaction is simply not relevant to those claims. Indeed, as PwC admitted in its responses to objections to exhibits, "PwC agrees that evidence regarding management's 2002 fraud is irrelevant to whether the 2000 financial statements were materially misstated." Ct. Rec. 1003, p. 9.

Yet PwC nonetheless argues that this admittedly irrelevant evidence should be allowed in because it bears on evidence of loss causation. *Id.* However, nobody has ever claimed that the Trillium deal itself caused any loss in value of the securities held by the Class, or that the Trillium deal played any role in the companies' liquidity crisis. The *only* link PwC draws between the Trillium evidence and loss causation is that E&Y withdrew its prior audit opinions on January 20, 2004, and stated that its reason for withdrawing was that Mr. Turner had lied to E&Y in 2002. *Id.* at 9-10. Yet PwC cannot show, and has not even argued, how E&Ys alleged basis for that withdrawal (which is both hearsay and hearsay within hearsay) entitles PwC to introduce alleged evidence of management fraud on the 2002 financials and the fact that Mr. Turner was convicted 5 years later of lying to E&Y. The reason, presumably, is that even if one accepts E&Y's stated reasons for withdrawing, that does not make the details of Trillium and Mr. Turner's conviction relevant to loss causation or any other issue in this case.

The only case PwC can make for any relevancy is that the withdrawal of E&Y's audit opinion might be relevant to loss causation because the withdrawal

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 4
(Case No. CV-04-0025-FVS)



001758-11-355012 v1

was publicly disclosed, and might have affected the value of the securities. *Id.* at 10. However, at most, that entitles PwC to establish simply that E&Y did not withdraw because of anything that happened on the 2000 financials. To be clear, Plaintiffs do not object to elicitation of that simple fact. But that does *not* mean that it would be relevant for PwC to engage in a massive frolic and detour into the details of Trillium and what Mr. Turner supposedly did and did not say.

PwC has made a few other, mostly feeble, arguments for the relevance of this evidence. PwC claims that it must be allowed to demonstrate the reasons that E&Y withdrew its audit opinions in January 20, 2004, because the withdrawal of those opinions meant that Metropolitan and Summit could not have sold securities. *Id.* at 9. Even if this theory was viable, it still would not mean that the details of Trillium and Turner's conviction are relevant. All that is relevant under PwC's new theory is that the opinions were withdrawn and that they were not withdrawn because of material misrepresentations on the 2000 financials. And furthermore, PwC's theory that the January 2004 opinion had any affect on the companies' ability to sell securities is highly dubious. The companies had not had any securities to sell since July 2003 because the SEC had not approved new registration statements, and as PwC is fond of pointing out, the NASD had temporarily barred MIS (Metropolitan and Summit's exclusive securities broker) from selling securities in October 2003. Thus, there was no hope of selling securities in 2004, and PwC's premise for the relevance of the Trillium/Turner matter is baseless.

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 5
(Case No. CV-04-0025-FVS)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11-355012 V1

PwC also argues that if Plaintiffs are successful in establishing a suit date other than January 20, 2004, evidence of the Trillium transaction and Turner's conviction would be relevant "to show that it was EY's withdrawal and not some other disclosure that caused plaintiffs to file their original complaint …." *Id.* at 11. This argument is nonsensical. The reason Plaintiffs filed their original complaint is completely irrelevant, therefore so is evidence that bears on the reasons. Moreover, PwC's theory apparently supposes that Plaintiffs somehow learned of E&Y's January 20 withdrawal and filed suit the same day. There is no evidence to support such a theory, even if it was relevant. And the argument certainly does not mean the Trillium deal and the Turner conviction are somehow rendered relevant.

**B.     The Evidence Must Also Be Excluded Pursuant to FED. R. EVID. 404**

Even if the evidence was theoretically relevant, it would still be subject to exclusion pursuant to FED. R. EVID. 404. Plaintiffs strongly suspect that the real reason PwC wants to introduce evidence about Trillium and Mr. Turner's involvement is that they want to explicitly or implicitly label Mr. Turner as the type of person who lies to auditors. It appears that PwC wants the jury to believe, or suspect, or speculate that because Mr. Turner was fraudulent with regard to the 2002 financials, he was also fraudulent in 2000 when PwC performed its audit. This would be to PwCs great benefit, since it has no evidence that Mr. Turner (or anyone else) defrauded it on the 2000 audit, yet joint and several liability for PwC would not extend to Mr. Turner if he was found to be fraudulent on the 2000 audit but PwC was not. *See* 15 U.S.C. § 77k(f)(1). Rule 404 specifically prohibits the

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 6
(Case No. CV-04-0025-FVS)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11-355012 V1

use of evidence regarding Trillium and Turner for these purposes.

C.  **The Evidence Must Also Be Excluded Pursuant to FED. R. EVID. 403**

Whatever relevance PwC might squeeze out of the details of Trillium transaction and Turner's actions, that relevance is clearly and substantially outweighed by the fact that PwC apparently wants to have a mini-trial on the facts of the transaction. PwC denies this, claiming that it has designated only a few exhibits, but PwC has also adopted all of E&Y's designations, and Plaintiffs would almost certainly have to rebut any evidence with evidence of their own, and likely attempt to defend Mr. Turner's role. That would be an incredible waste of time for the jury, the parties, and the Court, and it would force Plaintiffs to use an inordinate portion of their case on a transaction that was not even recorded on the 2000 and 2001 financial statements – the only financials to appear on a registration statement at issue in this case. Essentially, the parties would have to retry the *U.S. v. Turner* case, to no relevant end. The jury would almost certainly be misled and confused by the evidence the parties would introduce on the transaction.

In addition, it would completely mislead and confuse the jury as to what the proper use of this information was, even with a limiting instruction. It would also unfairly prejudice Plaintiffs because it would greatly increase the likelihood that the jury would find Mr. Turner (or others) to have been fraudulent on the 2000 financials, despite the lack of any evidence that they were. Given the nonexistent or, at best, extremely low probative value of this evidence, it is clearly outweighed by these risks and should be excluded.

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 7
(Case No. CV-04-0025-FVS)



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11-353012 V1

1   Dated this 16th day of February, 2010.

2

3                                    HAGENS BERMAN SOBOL SHAPIRO LLP

4

5               By /s/ Tyler S. Weaver
                   Steve W. Berman, WSBA No. 12536
6                  Erin K. Flory, WSBA No. 16631
7                  Jeniphr Breckenridge, WSBA No. 21410
                   Tyler S. Weaver, WSBA No. 29413
8            1918 8th Avenue, Suite 3300
9            Seattle, WA 98101
             Telephone: (206) 623-7292
10           Facsimile: (206) 623-0594

11
             F. Mike Shaffer, WSBA No. 18669
12           Bradley B. Jones, WSBA No. 17197
13           Kenneth G. Kieffer, WSBA No. 10850
             GORDON, THOMAS HONEYWELL,
14               MALANCA, PETERSON & DAHEIM LLP
15           1201 Pacific Avenue, Suite 2100
             Tacoma, WA 98402
16           Telephone: (253) 620-6500
17           Facsimile: (253) 620-6565

18
             *Co-Lead Counsel for Plaintiffs*
19

20

21

22

23

24

25

26

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 8
(Case No. CV-04-0025-FVS)
001758-11-355012 V1



## **CERTIFICATE OF SERVICE**

1  
2  I hereby certify that a true copy of the above document was served upon the
3  attorney of record for each other party via email on February 16, 2010, to the
4  following:
5

6  George S. Azadian Azadian@strook.com

7  James K Barbee at jim@golbeckroth.com

8  Philip S Beck at anne.doyle@bartlit-beck.com; susan.dandrea@bartlit-beck.com

9  Ronald L Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com
10

11  Steve W Berman at steve@hbsslaw.com; heatherw@hbsslaw.com

12  Brian D Buckley at bbuckley@fenwick.com

13  Elizabeth J Cabraser at ecabraser@lchb.com; ewalser@lchb.com

14  Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com;
15  reception@corrcronin.com

16  Pearl Del Rosario at pdelrosario@orrick.com; valdeman@orrick.com

17  Christopher G Emch at emchc@foster.com; pateb@foster.com

18  Timothy L Filer at filet@foster.com; howej@foster.com
19

20  Steven Fogg at sfogg@corrcronin.com; ivandiver@corrcronin.com

21  E Joseph Giometti at jgiometti@orrick.com; gjohnson@orrick.com

22  Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com;
    nlg@randanco.com
23

24  Gary I Grenley at ggrenley@grebb.com

25  Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com

26

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 9
(Case No. CV-04-0025-FVS)



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  Kenneth P Herzinger at kherzinger@orrick.com

2  David D Hoff at dhoff@tousley.com; btaylor@tousley.com

3  Tarek Ismail at tarek.ismail@bartlit-beck.com; anne.doyle@bartlit-beck.com

4

5  Stephen M Knaster at sknaster@orrick.com; vadelman@orrick.com

6  James B. King at jking@ecl-law.com

7  Christopher D Landgraff at chris.landgraff@barlit-beck.com

8  Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com

9  J Scott McBride at scott.mcbride@barlit-beck.com

10 James P McNeill, III at mcnej@foster.com

11

12 Michael L Merriman at michael.merriman@barlit-beck.com

13 Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com

14

15 John Degnan Munding at munding@crumb-munding.com; brittany@crumb-munding.com

16 Robert J Nelson at rnelson@lchb.com

17

18 Kevin Daniel O'Rourke at korourke@southwellorourke.com

19 Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com

20 Erin K. Flory at erin@hbsslaw.com; carrie@hbsslaw.com

21 Andrew K Polovin at andrew.polovin@bartlit-beck.com; anne.doyle@bartlit-beck.com

22

23 Terry J Price at tprice@rmalw.com

24 Mark Roth at mark@golbeckroth.com

25 Stephen M Rummage at  steverummage@dwt.com; jeannecadley@dwt.com

26

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 10
(Case No. CV-04-0025-FVS)

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11-355012 V1

1  Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com

2  M Todd Scott at tscott@orrick.com; jwatts@orrick.com; tmanolova@orrick.com

3  James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com

4
5  Daniel F Shea at dfshea@hhlaw.com;

6  Kim D Stephens at kstephens@tousley.com; efile@tousley.com; jalbertson@tousley.com

7
8  Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com; lacalendar@stroock.com

9  Earl M Sutherland at esutherland@rmlaw.com; lfisher@rmlaw.com

10
11  Beth E Terrell at bterrell@tousley.com; bkinsey@tousley.com; efile@tousley.com

12  Paul H Trinchero at ptrinchero@grebb.com

13  Michael C Tu at mtu@orrick.com; sspencer@orrick.com

14  Robert P Varian at rvarian@orrick.com

15  Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com

16  Joshua Watts at jwatts@orrick.com; gjohnson@orrick.com

17
18  Christine Marie Weaver at cw@cweaverlaw.com

19  Leslie Richard Weatherhead at lwlibertas@aol.com

20  Charles S Wright at charleswright@dwt.com; terriray@dwt.com

21
22
23
24
25
26

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 11
(Case No. CV-04-0025-FVS)



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11-355012 V1

| | |
|---|---|
| 1 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | By /s/ Tyler S. Weaver |
| 3 | Tyler S. Weaver, WSBA No. 29413 |
| 4 | 1918 8th Avenue, Suite 3300 |
|   | Seattle, WA 98101 |
| 5 | Telephone: (206) 623-7292 |
|   | Facsimile: (206) 623-0594 |
| 6 | |
| 7 | *Co-Lead Counsel for Plaintiffs* |

MEM. RE: MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE RELATED TO
TURNER'S CONVICTION AND TRILLIUM
TRANSACTION - 12
(Case No. CV-04-0025-FVS)



001758-11-355012 V1