The Honorable Fred Van Sickle

STEVE W. BERMAN, WSBA No. 12536
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101-2609
(206) 623-7292

BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
F. MIKE SHAFFER, WSBA No. 18669
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
(253) 620-6500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-0025-FVS |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | PLAINITFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE ARGUMENT REGARDING SEC "APPROVAL" OF 2000 FINANCIALS<br><br>Hearing Date: March 3, 2010<br>Time: 9:00 a.m. |

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 1
No. CV-04-0025-FVS



## I. INTRODUCTION

As the Court is aware from prior motion practice, one of the central issues in this case is the extent to which SEC comment-letters dated from October 2002 to October 2003 regarding concerns over accounting issues prevented Metropolitan and Summit from selling new securities, thereby plunging the companies into an irreversible liquidity crisis. Plaintiffs also allege that accounting issues raised by the SEC in those letters were the same issues Plaintiffs have indentified as misstatements on the 2000 financials.

PricewaterhouseCoopers ("PwC") has made clear that it intends to argue at trial that because the SEC had previously approved registration statements that contained the 2000 financials, that constitutes a seal of approval by the SEC, and is evidence demonstrating that the accounting on the 2000 financials was correct and that PwC therefore audited those financials correctly. In fact, they have even offered an expert on the issue, Jennifer Bethel, who is subject to a pending *Daubert* motion. However, any such argument is expressly forbidden by applicable law, and by common sense, and should not be allowed at trial. To allow such argument and testimony would violate the law, create undue prejudice, and mislead and confuse the jury.

## II. EVIDENCE AT ISSUE IN THIS MOTION

PwC has designated as exhibits several letters from 2001 and 2002 between the SEC and Metropolitan and Summit regarding various registration statements which incorporated the 2000 financials audited by PwC. The registration statements at issue were deemed effective, in some cases after no comments from the SEC, in other cases after very few comments. Those letters – and argument

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 2
No. CV-04-0025-FVS



HAGENS BERMAN
1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 348478 V1

and expert testimony about them – is what this motion is about.

### III.  ARGUMENT

Congress has specifically drafted two applicable statutes which go so far as to make it *unlawful* for anyone to even imply that an SEC review of a financial statement or registration statement constitutes a conclusion that the SEC deemed that statement to be complete and accurate.  In 15 U.S.C. § 77w, Congress specifically addressed the SEC's review of registration statements:

> Neither the fact that the registration statement for a security has been filed or is in effect nor the fact that a stop order is not in effect with respect thereto shall be deemed a finding by the [SEC] that the registration statement is true and accurate on its face or that it does not contain an untrue statement of fact or omit to state a material fact, or be held to mean that the [SEC] has in any way passed upon the merits of, or given approval to, such security. It shall be unlawful to make, or cause to be made, to any prospective purchaser any representation contrary to the foregoing provisions of this section.

An extremely similar provision, at 15 U.S.C. § 78z, is even broader:

> no action or failure to act by the [SEC] … shall be construed to mean that [the SEC] has in any way passed upon the merits of, or given approval to, any security …, nor shall such action or failure to act with regard to any statement or report filed [with the SEC] … be deemed a finding by [the SEC] such statement is true and accurate on its face or that it is not false or misleading. It shall be unlawful to make, or cause to be made, to any prospective purchaser or seller of a security any representation that any such action or failure to act by any such authority is to be construed.

The law could scarcely be clearer, then, that PwC cannot argue, imply, or intimate that the SEC gave a stamp of approval to the 2000 financials.  Allowing PwC to stand up at trial and argue or suggest otherwise to the jury would create a serious risk of misleading or confusing the jury as the relevant facts and law.  If

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 3
No. CV-04-0025-FVS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  348478 V1

PwC has an alternate theory of the relevance of these documents, they might be admissible for that purpose, but they cannot be used to suggest that the SEC had somehow blessed the 2000 financials by not digging in deeply to the accounting on those financials prior to October 2002.  This evidence, any related argument, should not be allowed under Fed. R. Evid. 402 and 403.[1]

PwC, in its responses to objections to exhibits, has attempted to claim that it will not run afoul of these prohibitions because it does not intend to offer evidence that the SEC made a "finding" that the 2000 financials were accurate.  Instead, PwC claims, it can make the following arguments:

- That "the SEC's 2001 inquiry … is probative of whether those transactions were properly accounted for in Metropolitan's FY 2000 financials."  Ct. Rec. 1003, p. 40.
- That the evidence is "probative of whether audit evidence reviewed and relied on was sufficient …."  *Id.*

---

[1] While the statutes make clear the prohibition on arguing the SEC's approval constitutes evidence of the validity or correctness of a financial statement, those statutes do not preclude Plaintiffs from arguing that the SEC's concerns over accounting matters in 2002 and 2003 demonstrate a causal link between the alleged misstatement and Plaintiffs' damages.  Plaintiffs are not arguing that the SEC found the 2000 financials to be in error, but rather that the SEC raised questions about the same accounting policies that Plaintiffs alleged resulted in material misstatements, thereby causing a liquidity crisis which resulted from the SEC's failure to approve new securities.

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 4
No. CV-04-0025-FVS



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  348478 V1

- That the evidence is "probative of … whether the SEC's alleged foot-dragging in 2003 was motivated by concerns about the FLIP and Koa." *Id.* at 41.[2]

- That the evidence is "probative of … whether Metropolitan's FY 2000 accounting for FLIP and Koa was appropriate." *Id.*

- That the evidence is "probative of … whether the audit evidence was relied upon by PwC was sufficient." *Id.*

- That the evidence is "probative of … whether the SEC was concerned about that FY 2000 accounting years later in 2003." *Id.*

However, PwC's attempts at circumventing the law simply beg the question – *how is what the SEC did or did not do in earlier proceedings probative of any of these "facts" if the SEC did not issue a "finding" as to the accuracy of the 2000 financials?* To take a specific example, the earlier SEC process cannot be "probative" of "whether … transactions were properly accounted for in Metropolitan's FY 2000 financials" because the SEC review cannot be deemed a "finding" as to the accuracy of those financials. Since the SEC cannot be deemed to have made that finding, whether the SEC deemed those earlier registration statements effective is irrelevant to the question of whether the financials are accurate. No matter how PwC twists its description of the supposed relevance of

---

[2] To be clear, Plaintiffs are not "alleging" that the SEC "dragged its feet," nor are they arguing about the SEC's "motivation." Plaintiffs will demonstrate, using the face of the SEC's 2002 and 2003 letters, that for an entire year the SEC was asking questions about issues that are directly related to the alleged misrepresentations in the 2000 financials. The SEC's intent is not at issue.

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 5
No. CV-04-0025-FVS



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  348478 V1

its argument, PwC simply cannot avoid the fact that its use of this evidence will be to either directly state or imply that the SEC had issued such a finding.[3]

In addition, Plaintiffs note that the restriction on the use of SEC action or inaction as evidence of approval of financials or a registration statement simply results from common sense. The SEC is not an auditor – that was PwC's role. The SEC, as a practical matter, does not have the ability or the resources to flyspeck or re-audit every financial statement filed by every public company in the United States, much less every registration statement filed by a relatively insignificant company such as Metropolitan Mortgage. In the spring of 2002 (the same time period during which PwC claims the SEC was giving a thumbs-up to 2000 financials), the U.S. General Accounting Office reported as follows to Congress regarding its findings on SEC operations and workload:

> U.S. securities markets have grown tremendously and become more complex and international. As a result, SEC's workload has increased in volume and complexity over the past decade. [A]round 1996, SEC's workload (e.g., filing, applications, and examinations) started to increase at a much higher rate than SEC staff years devoted to this workload. ….

SEC Operations: Increased Workload Creates Challenges, at second page (not numbered). *See* www.gao.gov/cgi-bin/getrpt?GAO-02-302. As also stated in the same report:

---

[3] PwC has cited one case it believes supports its argument, *Union Pac. R.R. Co. v. Chicago & Northern Western R.R. Co.*, 226 F. Supp. 400, 406 (N.D. Ill. 1964). However, an honest reading of the case reveals that the case does not touch on these issues but instead was apparently discussing a private party's standing to sue where the SEC has already acted.

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 6
No. CV-04-0025-FVS



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 348478 V1

> SEC and industry officials said SEC's ability to fulfill its mission has become increasingly strained due in part to imbalances between SEC's workload … and staff resources. … [L]imited resources have forced SEC to be selective in its enforcement activities …. [C]ertain filings were subject to less frequent and less complete reviews as workloads increased.

*Id.* at 11-12. It is precisely these sorts of hard realities about the SEC's ability to review filings, and its need to allocate limited resources to a nearly boundless workload, that makes it so dangerous and improper to argue or imply that SEC review of a financial statement constitutes a conclusion that the statement is accurate and in compliance with GAAP or that the auditors did their jobs correctly. The law makes such representations unlawful to for a reason. PwC should not be allowed to present such an argument, directly or indirectly, at trial.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court preclude PwC from arguing, or introducing evidence for the purpose of demonstrating, that the SEC approved of the accounting or auditing underlying Metropolitan and Summit's 2000 financial statements.

Dated this 16th day of February, 2010.

                            HAGENS BERMAN SOBOL SHAPIRO LLP

                            By /s/ Tyler S. Weaver
                                Steve W. Berman, WSBA No. 12536
                                Erin K. Flory, WSBA No. 16631
                                Tyler S. Weaver, WSBA No. 29413
                                Jeniphr Breckenridge, WSBA No. 21410
                           1918 8th Avenue, Suite 3300
                           Seattle, WA 98101
                           Telephone: (206) 623-7292
                           Facsimile: (206) 623-0594



001758-11 348478 V1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
GORDON, THOMAS HONEYWELL,
    MALANCA, PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
Telephone: (253) 620-6500
Facsimile: (253) 620-6565

*Co-Lead Counsel for Plaintiffs*

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 8
No. CV-04-0025-FVS

HB  HAGENS BERMAN

1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  348478 V1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party via email on February 16, 2010 to the following:

George S. Azadian Azadian@strook.com

James K Barbee at jim@golbeckroth.com

Philip S Beck at anne.doyle@bartlit-beck.com; susan.dandrea@bartlit-beck.com

Ronald L Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com

Steve W Berman at steve@hbsslaw.com; heatherw@hbsslaw.com

Brian D Buckley at bbuckley@fenwick.com

Elizabeth J Cabraser at ecabraser@lchb.com; ewalser@lchb.com

Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com; reception@corrcronin.com

Pearl Del Rosario at pdelrosario@orrick.com; valdeman@orrick.com

Christopher G Emch at emchc@foster.com; pateb@foster.com

Timothy L Filer at filet@foster.com; howej@foster.com

Steven Fogg at sfogg@corrcronin.com; ivandiver@corrcronin.com

E Joseph Giometti at jgiometti@orrick.com; gjohnson@orrick.com

Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com; nlg@randanco.com

Gary I Grenley at ggrenley@grebb.com

Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 9
No. CV-04-0025-FVS



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1. Kenneth P Herzinger at kherzinger@orrick.com

2. David D Hoff at dhoff@tousley.com; btaylor@tousley.com

3. Tarek Ismail at tarek.ismail@bartlit-beck.com; anne.doyle@bartlit-beck.com

4.

5. Stephen M Knaster at sknaster@orrick.com; vadelman@orrick.com

6. James B. King at jking@ecl-law.com

7. Christopher D Landgraff at chris.landgraff@barlit-beck.com

8. Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com

9. J Scott McBride at scott.mcbride@barlit-beck.com

10. James P McNeill, III at mcnej@foster.com

11.

12. Michael L Merriman at michael.merriman@barlit-beck.com

13. Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com

14.

15. John Degnan Munding at munding@crumb-munding.com; brittany@crumb-munding.com

16. Robert J Nelson at rnelson@lchb.com

17.

18. Kevin Daniel O'Rourke at korourke@southwellorourke.com

19. Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com

20. Erin K. Flory at erin@hbsslaw.com; carrie@hbsslaw.com

21. Andrew K Polovin at andrew.polovin@bartlit-beck.com;
22. anne.doyle@bartlit-beck.com

23. Terry J Price at tprice@rmalw.com

24. Mark Roth at mark@golbeckroth.com

25. Stephen M Rummage at  steverummage@dwt.com; jeannecadley@dwt.com

26.

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 10
No. CV-04-0025-FVS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  348478 V1

1  Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com

2  M Todd Scott at tscott@orrick.com; jwatts@orrick.com; tmanolova@orrick.com

3  James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com

4
5  Daniel F Shea at dfshea@hhlaw.com;

6  Kim D Stephens at kstephens@tousley.com; efile@tousley.com; jalbertson@tousley.com

7
8  Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com; lacalendar@stroock.com

9  Earl M Sutherland at esutherland@rmlaw.com; lfisher@rmlaw.com

10
11 Beth E Terrell at bterrell@tousley.com; bkinsey@tousley.com; efile@tousley.com

12 Paul H Trinchero at ptrinchero@grebb.com

13 Michael C Tu at mtu@orrick.com; sspencer@orrick.com

14 Robert P Varian at rvarian@orrick.com

15 Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com

16
17 Joshua Watts at jwatts@orrick.com; gjohnson@orrick.com

18 Christine Marie Weaver at cw@cweaverlaw.com

19 Leslie Richard Weatherhead at lwlibertas@aol.com

20 Charles S Wright at charleswright@dwt.com; terriray@dwt.com

21
22
23
24
25
26
MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 11
No. CV-04-0025-FVS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  348478 V1

| | |
|---|---|
| 1 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | By  s/ Tyler S. Weaver |
| 3 |     Tyler S. Weaver, WSBA No. 29413 |
|   | 1918 8th Avenue, Suite 3300 |
| 4 | Seattle, WA 98101 |
| 5 | Telephone:  (206) 623-7292 |
|   | Facsimile:   (206) 623-0594 |
| 6 | |
| 7 | *Co-Lead Counsel for Plaintiffs* |

MEM. RE: MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT REGARDING SEC "APPROVAL"
OF 2000 FINANCIALS - 12
No. CV-04-0025-FVS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  348478 V1