The Honorable Fred Van Sickle

STEVE W. BERMAN, WSBA No. 12536
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292

BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
F. MIKE SHAFFER, WSBA No. 18669
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
(253) 620-6500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-0025-FVS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | PLAINITFFS' MEMORANUDM IN SUPPORT OF MOTION *IN LIMINE* TO CONFIRM "SUIT DATE" AS DECEMBER 17, 2004<br><br>Hearing Date: March 3, 2010<br>Time: 9:00 a.m. |

## I.    INTRODUCTION

In connection with the cross motions for summary judgment on negative causation, Plaintiffs argued that the correct "suit date" for the purposes of calculating damages against PwC in this case for assessing damages and loss-

causation issues is December 17, 2004, the day claims were first filed against PwC. The Court did not reach the issue in its ruling denying the parties' respective motions for summary judgment. However, Plaintiffs believe the resolution of the issue is important to resolve prior to trial, and therefore request that the Court rule *in limine* that the "suit date" for the purpose of Plaintiffs' claims against PwC is December 17, 2004.

## II.    ARGUMENT

### A.    Section 11 Measures Damages As of the Date Plaintiff Filed A Claim Against a Defendant

Section 11 damages are the difference between the security's purchase price and its value "as of the time such suit was brought …." 15 U.S.C. § 77k(e). The "time such suit was brought" refers to the date a suit authorized under subsection 11(a) was filed. For PwC, that date is December 17, 2004, the date that PwC was first added as a defendant, (Ct. Rec. 150, attachments 1-13), in the Consolidated Amended Complaint, not January 20, 2004, the date the first complaint in this case was filed. The December 17, 2004 Complaint asserted the first § 11 claim against PwC, *id*. at 109-13. This was the initial claim against PwC and does not relate back to an earlier complaint.

PwC nonetheless made clear in prior filings (and at oral argument on summary judgment) that it believes the proper suit date is January 20, 2004 – *before* Plaintiffs named PwC as a defendant and before Plaintiffs had even alleged a Section 11 claim against any party. To Plaintiffs' knowledge, no court has ever found that the § 11 suit date as to a particular defendant was a date *before the*

MEM. RE: MOTION *IN LIMINE* TO
CONFIRM "SUIT DATE" AS
DECEMBER 17, 2004 - 2



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352867 V1

*defendant was added to the lawsuit and where the new complaint did not relate back to an earlier filing.*

Complex securities scams do not necessarily fully reveal themselves to the public at once. More typically, the scam is unveiled piecemeal via a series of public disclosures or by the materialization of previously concealed risks. Parties responsible for a false or misleading registration statement thus may be named as § 11 defendants at different times, in response to different disclosures or events. For example, if the first public disclosure of misstatements in a registration statement does not implicate the statement's financial reports, the § 11 plaintiff would not have grounds to name the issuer's auditor as a defendant in the initial § 11 claim. But if subsequent disclosures or events trigger additional losses by exposing errors in the financial reports, the plaintiff might extend the § 11 claim to the auditor.

PwC's position would immunize culpable auditors from § 11 liability in such a case and create a conflict between the securities law and the Federal Rules of Civil Procedure. If the initial complaint's filing date governed the calculation of § 11 damages as to all defendants, even for subsequent losses attributable to the acts of subsequently named defendants, those subsequently named defendants would evade liability even though their actions caused the loss in value. The law does not grant this sweeping immunity to securities violators.

PwC's contrived reading of § 11 is contrary to the Security Act's remedial purpose of protecting public investors from serious abuses in the securities market,

MEM. RE: MOTION *IN LIMINE* TO
CONFIRM "SUIT DATE" AS
DECEMBER 17, 2004 - 3



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352867 V1

*see, e.g., SEC v. W. J. Howey Co.*, 328 U.S. 293, 301 (1946) (Securities Act's "statutory policy" is "affording broad protection to investors"); *Reves v. Ernst & Young*, 494 U.S. 56, 60 (1990). This remedial purpose will not allow interpretation of § 11 in such a contrived manner as to grant PwC immunity simply because different plaintiffs[1] filed different claims against different defendants on January 20, 2004.

PwC's position also ignores the relevant relation-back principles. Only under narrow, and inapplicable, circumstances of notice and mistake regarding the identity of closely related parties do courts allow a claim to relate back to a prior claim filed against a different defendant. *See, e.g.*, *Nelson v. Adams USA*, 529 U.S. 460, 467 n.1, 471 (2000); *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986); *Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1995); *Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 857 (9th Cir. 1986). *See also Westport Ins. Corp. v. Markham Group, Inc.*, 2009 U.S. Dist. LEXIS 76877, at *15-16 n.4 (E.D. Wash. Aug. 26, 2009); *Bower v. Bunker Hill Co.*, 675 F. Supp. 1254, 1257 (E.D. Wash. 1986). PwC suggests no grounds for the § 11 claims against them to relate back to complaints that did not name them. And for good reason; if Plaintiffs' claims

---

[1] None of the three groups of plaintiffs that filed the initial complaint on January 20, 2004, and the First Amended Complaint on January 30, 2004, continued as named plaintiffs in the December 27, 2004 complaint.



MEM. RE: MOTION *IN LIMINE* TO CONFIRM "SUIT DATE" AS DECEMBER 17, 2004 - 4

001758-11 352867 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

related back to January 20, 2004, then PwC would face potential liability for millions of dollars in additional securities.

There is, accordingly, no basis to place the Securities Act and Rule 15(c) in conflict and extend immunity for § 11 violations to later-added defendants. Sound analysis and authority compel rejection of PwC's position.

### B. The Cases Cited By PwC at Oral Argument are Inapposite

At oral argument on January 5, 2010, PwC's counsel cited three authorities in response to Plaintiffs' argument regarding the correct "suit date" in this case. A review of PwC's authorities demonstrates that they do not effectively rebut Plaintiffs' analysis that relation-back principles indicate that while a § 11 claim can relate back to an earlier, similar claim against the same defendant, such a claim cannot relate back to a subsequently added defendant.

In *Alpern v. UtiliCorp United*, 84 F.3d 1525, 1543 (8th Cir. 1996), the Court expressly relied on relation-back principles under Rule 15(c)(2) in finding that a later-filed § 11 claim related back to a § 10 claim because it "was based on the same transactions, occurrences, and conduct alleged in the original complaint." The decision contains no suggestion that the related-back § 11 claim applied to newly added defendants, or that amended complaints added new defendants at all. *Alpern* is consistent with Plaintiffs' argument.

In *Beecher v. Able*, 435 F. Supp. 397, 402 (S.D.N.Y. 1975), the court chose as the suit date the date that the first of three consolidated § 11 claims was filed. The court explained that the entire class had been contemplated at the time the first

MEM. RE: MOTION *IN LIMINE* TO
CONFIRM "SUIT DATE" AS
DECEMBER 17, 2004 - 5



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352867 V1

action was filed and that using that filing date could minimize date shopping in future cases, thereby limiting multiple identical suits. *Id*. Because of the circumstances of that case, which apparently did not include the addition of defendants in a later complaint, the court did not need to consider relation-back principles. The case is simply inapposite.

*In re AFC Enters. Sec. Litig.*, 348 F. Supp. 2d 1363, 1379 (N.D. Ga. 2004) arguably supports defendants' position, in that the district court ruled that the suit date was the date of the initial complaint for all defendants, including later-added ones. The court purported to rely on *Alpern*, but apparently failed to consider whether the relation-back principles applied in *Alpern* were appropriate in the case of later-added defendants. By nominally applying but implicitly revising the relation-back rules in the context of § 11 standing, the court needlessly created a quagmire of conflicting law that this Court should not follow.

In addition, Plaintiffs note that if PwC actually argues that the Complaint filed on December 17, 2004, should relate back to the Complaint filed on January 20, 2004, then the tolling of the statute of limitations also should relate back to the original complaint. If that were the case, it would constitute a basis for reversing the Court's statute-of-limitations summary judgment Order dated February 8, 2010. There is simply no logical or rule-based analysis that calls for entirely different approaches between relation back for tolling purposes and relation back for "suit date" purposes under § 11.

MEM. RE: MOTION *IN LIMINE* TO
CONFIRM "SUIT DATE" AS
DECEMBER 17, 2004 - 6



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352867 V1

**C.  Plaintiffs' Prior Assumptions That the Suit Date Was January 20, 2004 Are Not Dispositive**

At oral argument regarding the motions for summary judgment, PwC contended that Plaintiffs should not be allowed to make arguments about a suit date other than January 20, 2004, because they did not previously dispute whether that was the correct suit date.  Plaintiffs recognize they have filed briefs with the Court in which they stated that appropriate date was January 20, 2004, but that issue was not previously in dispute, and Plaintiffs only recently realized the issue, but even then Plaintiffs raised it four months prior to trial.  There is no basis for any argument that Plaintiffs should be estopped from raising the issue.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs request that the Court rule that the "suit date" for the purposes of this case is December 17, 2004.

Dated this 16th day of February, 2010.

HAGENS BERMAN SOBOL SHAPIRO LLP


By /s/ Tyler S. Weaver
   Steve W. Berman, WSBA No. 12536
   Erin K. Flory, WSBA No. 16631
   Tyler S. Weaver, WSBA No. 29413
   Jeniphr Breckenridge, WSBA No. 21410
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

MEM. RE: MOTION *IN LIMINE* TO CONFIRM "SUIT DATE" AS DECEMBER 17, 2004 - 7


1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352867 V1

F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
GORDON, THOMAS HONEYWELL,
    MALANCA, PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA  98402
Telephone:  (253) 620-6500
Facsimile:   (253) 620-6565

*Co-Lead Counsel for Plaintiffs*


1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

# **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party via email on February 16, 2010 to the following:

George S. Azadian Azadian@strook.com

James K Barbee at jim@golbeckroth.com

Philip S Beck at anne.doyle@bartlit-beck.com; susan.dandrea@bartlit-beck.com

Ronald L Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com

Steve W Berman at steve@hbsslaw.com; heatherw@hbsslaw.com

Brian D Buckley at bbuckley@fenwick.com

Elizabeth J Cabraser at ecabraser@lchb.com; ewalser@lchb.com

Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com; reception@corrcronin.com

Pearl Del Rosario at pdelrosario@orrick.com; valdeman@orrick.com

Christopher G Emch at emchc@foster.com; pateb@foster.com

Timothy L Filer at filet@foster.com; howej@foster.com

Steven Fogg at sfogg@corrcronin.com; ivandiver@corrcronin.com

E Joseph Giometti at jgiometti@orrick.com; gjohnson@orrick.com

Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com; nlg@randanco.com

Gary I Grenley at ggrenley@grebb.com

Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com

Kenneth P Herzinger at kherzinger@orrick.com

MEM. RE: MOTION *IN LIMINE* TO
CONFIRM "SUIT DATE" AS
DECEMBER 17, 2004 - 9

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352867 V1

| | |
|---|---|
| 1 | David D Hoff at dhoff@tousley.com; btaylor@tousley.com |
| 2 | Tarek Ismail at tarek.ismail@bartlit-beck.com; anne.doyle@bartlit-beck.com |
| 3 | Stephen M Knaster at sknaster@orrick.com; vadelman@orrick.com |
| 4 | |
| 5 | James B. King at jking@ecl-law.com |
| 6 | Christopher D Landgraff at chris.landgraff@barlit-beck.com |
| 7 | Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com |
| 8 | J Scott McBride at scott.mcbride@barlit-beck.com |
| 9 | James P McNeill, III at mcnej@foster.com |
| 10 | Michael L Merriman at michael.merriman@barlit-beck.com |
| 11 | Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com |
| 12 | |
| 13 | John Degnan Munding at munding@crumb-munding.com; brittany@crumb-munding.com |
| 14 | |
| 15 | Robert J Nelson at rnelson@lchb.com |
| 16 | Kevin Daniel O'Rourke at korourke@southwellorourke.com |
| 17 | Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com |
| 18 | |
| 19 | Erin K. Flory at erin@hbsslaw.com; carrie@hbsslaw.com |
| 20 | Andrew K Polovin at andrew.polovin@bartlit-beck.com; anne.doyle@bartlit-beck.com |
| 21 | |
| 22 | Terry J Price at tprice@rmalw.com |
| 23 | Mark Roth at mark@golbeckroth.com |
| 24 | Stephen M Rummage at steverummage@dwt.com; jeannecadley@dwt.com |
| 25 | Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com |
| 26 | |

MEM. RE: MOTION *IN LIMINE* TO CONFIRM "SUIT DATE" AS DECEMBER 17, 2004 - 10

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352867 V1

1. M Todd Scott at tscott@orrick.com; jwatts@orrick.com; tmanolova@orrick.com

2. James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com

3. Daniel F Shea at dfshea@hhlaw.com;

4. 

5. Kim D Stephens at kstephens@tousley.com; efile@tousley.com; jalbertson@tousley.com

6. 

7. Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com; lacalendar@stroock.com

8. Earl M Sutherland at esutherland@rmlaw.com; lfisher@rmlaw.com

9. Beth E Terrell at bterrell@tousley.com; bkinsey@tousley.com; efile@tousley.com

10. 

11. Paul H Trinchero at ptrinchero@grebb.com

12. Michael C Tu at mtu@orrick.com; sspencer@orrick.com

13. Robert P Varian at rvarian@orrick.com

14. Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com

15. Joshua Watts at jwatts@orrick.com; gjohnson@orrick.com

16. 

17. Christine Marie Weaver at cw@cweaverlaw.com

18. Leslie Richard Weatherhead at lwlibertas@aol.com

19. Charles S Wright at charleswright@dwt.com; terriray@dwt.com

20.
21.
22.
23.
24.
25.
26.

MEM. RE: MOTION *IN LIMINE* TO CONFIRM "SUIT DATE" AS DECEMBER 17, 2004 - 11



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 352867 V1

| | |
|---|---|
| 1 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | By  s/ Tyler S. Weaver |
| 3 |     Tyler S. Weaver, WSBA No. 29413 |
| 4 | 1918 8th Avenue, Suite 3300 |
|   | Seattle, WA 98101 |
| 5 | Telephone:  (206) 623-7292 |
|   | Facsimile:   (206) 623-0594 |
| 6 | |
| 7 | *Co-Lead Counsel for Plaintiffs* |

MEM. RE: MOTION *IN LIMINE* TO
CONFIRM "SUIT DATE" AS
DECEMBER 17, 2004 - 12



1918 E<small>IGHTH</small> A<small>VENUE</small>, S<small>UITE</small> 3300 • S<small>EATTLE</small>, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11  352867 V1