THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA NO. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA  98402-4314
253-620-6500

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
206-623-7292
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | NO. CV-04-025 FVS<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT CONCERNING INDIVIDUALIZED ISSUES OF THE CLASS REPRESENTATIVES<br><br>Hearing Date: March 3, 2010<br>9:00 a.m.<br><br>**WITH ORAL ARGUMENT** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE AND ARGUMENT CONCERNING
INDIVIDUALIZED ISSUES OF THE CLASS
REPRESENTATIVES - 1 of 11
(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## I. PRELIMINARY STATEMENT

Plaintiffs respectfully move *in limine* to preclude PricewaterhouseCoopers ("PwC") from introducing evidence or advancing argument concerning individualized issues relating to the Class Representatives.

In PwC's Trial Exhibit List, PwC lists numerous exhibits which have nothing to do with the issues in this Section 11 case. For example, PwC identifies Class Representatives' individual certifications and proof of claim forms in the prior Interpleader Settlement Agreement, (Exs. 7350, 7351), Pleadings and Correspondence Relative to Class Representatives' retention agreements with counsel and their appointment as Lead Plaintiffs (Exs. 6960), Class Representatives' letters of complaint (Exs. 6689), and Class Representatives' account statements (Exs. 6931, 6932, 6933, 6934, 6935, 6936, 6937, 6938, 7365, 7366, 7367, 7368). Each of these items is irrelevant or is unduly prejudicial under Federal Rules of Evidence 402 and 403, and the Court should preclude the introduction of such evidence and preclude argument relating to same.

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE AND ARGUMENT CONCERNING
INDIVIDUALIZED ISSUES OF THE CLASS
REPRESENTATIVES - 2 of 11
(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

## II. ARGUMENT

### A. Pursuant to Federal Rule of Evidence 402, the Court Should Preclude All Evidence Relating to the Particular Circumstances of the Individual Class Representatives as Irrelevant.

On November 25, 2008, the Court certified this case as a class action finding that common issues clearly predominate and that there were no individualized issues impeding the trial of this matter. (Court Rec. 656) Nonetheless, it is apparent from PwC's Trial Exhibit List that PwC intends to litigate a host of individualized issues.

Federal Rule Evidence 402 states that "[e]vidence which is not relevant is not admissible." The issues in this case are quite simple and clear. This action is brought under Section 11 of the Securities Act of 1933. Section 11 imposes liability where a registration statement contains "an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k(a). There is no requirement that Plaintiffs prove reliance or due diligence. To the contrary, reliance is presumed. *Desai v. Deutsche Bank Securities Ltd.,* 573F.3d 931, 939 (9th Cir. 2009). Any evidence or testimony relating to the individual decisions of the Class Representatives to purchase Metropolitan Group securities – i.e. relating to "transaction causation" should be excluded from the trial, as such evidence would constitute "individualized" evidence contrary to the presumption of

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE AND ARGUMENT CONCERNING
INDIVIDUALIZED ISSUES OF THE CLASS
REPRESENTATIVES - 3 of 11
(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

reliance and, would be irrelevant to the class-wide issues that must be resolved by the jury.

Accordingly, all of the evidence proffered by PwC relating to the Class Representative's individualized issues should be excluded from the trial in this action.

## B. Pursuant to Federal Rule of Evidence 403, the Court Should Preclude All Evidence Relating to the Particular Circumstances of the Individual Class Representatives as it Would Cause Undue Prejudice to the Class.

Even if the evidence relating to individual issues of the Class Representatives were considered relevant, this evidence is clearly prohibited by Rule 403 because it will confuse the jury and cause undue prejudice to the Class.

Federal Rule of Evidence 403 requires District Courts to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." "Although relevant evidence is presumptively admissible, a court has the authority to exclude it if the risks posed by the introduction of the evidence significantly outweigh its probative worth." *White v. Ford Motor Co.*, 500 F.3d 963, 977 (9th Cir. 2007). Evidence is "unfairly prejudicial if it will induce the jury to decide the case on an improper basis, . . ., rather than on the evidence presented." *United States v. Thomas*, 321 F.3d 627, 629 (7th

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE AND ARGUMENT CONCERNING
INDIVIDUALIZED ISSUES OF THE CLASS
REPRESENTATIVES - 4 of 11

(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Cir. 2003) (quoting *United States v. Pulido,* 69 F.3d 192, 201 (7th Cir. 1995); *see Crawford v. Edmonson,* 764 F.2d 479, 484 (7th Cir. 1985) (unfair prejudice is the likelihood that the evidence will induce the jury to decide the case on an improper basis); *see United States v. Medina,* 755 F.2d 1269, 1274 (7th Cir. 1985) (the prejudicial impact of evidence is measured according to the extent to which the jury might consider the evidence for purposes other than that for which it was intended).

PwC has designated numerous documents which relate solely to the individual Class Representatives. These include, among other things: Class Representatives' individual certifications and proof of claim forms in the prior Interpleader Settlement Agreement (Exs. 7350, 7351), Pleadings and Correspondence Relative to Class Representatives' retention agreements with counsel and their appointment as Lead Plaintiffs (Exs. 6960), Class Representatives' letters of complaint (Exs. 6689), and Class

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE AND ARGUMENT CONCERNING
INDIVIDUALIZED ISSUES OF THE CLASS
REPRESENTATIVES - 5 of 11

(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Representatives' account statements (Exs. 6931, 6932, 6933, 6934, 6935, 6936, 6937, 6938, 7365, 7366, 7367, 7368).[1]

None of this evidence is even remotely relevant to the class-wide issues that must be decided at trial. Indeed, the only purpose this evidence could serve would be to unfairly prejudice the Class' claims in the eyes of the jury by proving ulterior and irrelevant propositions, such as whether this particular Class Representative equitably deserves to recover or the amount of his recovery in the prior action. Any evidence which could cause the jury

---

[1] In certain limited contexts, for example where a Class Representative lacks his or her subscription agreement, or confirmation letter, their account statement may be relevant to establish the Metropolitan Group securities they purchased. Otherwise, the account statements are unnecessarily cumulative, duplicative and confusing. In at least one instance PwC seeks a to introduce the entire brokerage account records of one Plaintiff, including securities having nothing to do whatsoever with the claims before this Court. What is clear is that PwC seeks to make this a trial about the Class Representatives, what they knew, why they invested, the details of their relationship with Class Counsel, *etc.*

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE AND ARGUMENT CONCERNING
INDIVIDUALIZED ISSUES OF THE CLASS
REPRESENTATIVES - 6 of 11

(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

to believe that the particular circumstances of an individual Class Representative disqualifies them from any recovery or otherwise reduces the amounts to which that Representative is entitled to recover under Section 11's damages formula would be unfairly prejudicial to the Class, and thus, has no place in a trial of class-wide issues. See Fed. R. Evid. 403, Adv. Comm. Notes (evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

Here, there is no basis to permit PwC to engage in irrelevant and prejudicial arguments related to the individual plaintiffs, and there is substantial risk of confusion and prejudice to the Class by the introduction of such evidence.

### III. CONCLUSION

Accordingly, Plaintiffs request that the Court enter an Order precluding evidence and argument concerning individualized issues in this case including, without limitation, Interpleader Settlement Agreement, (Exs. 7350, 7351), Pleadings and Correspondence Relative to Class Representatives' retention agreements with counsel and their appointment as Lead Plaintiffs (Exs. 6960), Class Representatives' letters of complaint (Exs. 6689), and Class Representatives' account statements (Exs. 6931, 6932, 6933, 6934, 6935, 6936, 6937, 6938, 7365, 7366, 7367, 7368).

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE AND ARGUMENT CONCERNING
INDIVIDUALIZED ISSUES OF THE CLASS
REPRESENTATIVES - 7 of 11

(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Dated this 16th day of February 2010.

GORDON THOMAS HONEYWELL LLP

By  s/ Bradley B. Jones
    F. Mike Shaffer, WSBA No. 18669
    Bradley B. Jones, WSBA No. 17197
    Kenneth G. Kieffer, WSBA No. 10850
    John C. Guadnola, WSBA No. 08636
    Attorneys for Plaintiffs

HAGENS BERMAN SOBOL SHAPIRO LLP

By  s/ Steve W. Berman
    Steve W. Berman, WSBA No. 12536
    Erin K. Flory, WSBA No. 16631
    Jeniphr Breckenridge, WSBA No. 21410
    Tyler S. Weaver, WSBA No. 29413
    Attorneys for Plaintiffs

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT CONCERNING INDIVIDUALIZED ISSUES OF THE CLASS REPRESENTATIVES - 8 of 11

(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to the CM/ECF participants listed below, and I will mail the same via U.S. Postal Service to the non-CM/ECF participant(s).

Alison Killen Blair at ablair@orrick.com
Andrew K Polovin at andrew.polovin@bartlit-beck.com; anne.doyle@bartlit-beck.com
Brian Charles Frontino at bfrontino@stroock.com; lacalendar@strooock.com
Brian D Buckley at bbuckley@fenwick.com; doconnor@fenwick.com; kroth@fenwick.com
Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com
Charles S Wright at charleswright@dwt.com; brianspangler@dwt.com
Christopher Lind at chris.lind@bartlit-beck.com; anne.doyle@bartlit-beck.com
Christopher D Landgraff at chris.landgraff@barlit-beck.com
Christopher G Emch at emchc@foster.com; pateb@foster.com
Daniel F Shea at dfshea@hhlaw.com
Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com
David D Hoff at dhoff@tousley.com; btaylor@tousley.com
Diana Lynn Weiss at dlweiss@kslaw.com
E Joseph Giometti at jgiometti@orrick.com; jcopoulos@orrick.com; pbenetz@orrick.com
Earl M Sutherland at esutherland@rmlaw.com; jlading@rmlaw.com
Elizabeth J Cabraser at ecabraser@lchb.com
Erin K Flory at erin@hbsslaw.com; jon@hbsslaw.com
Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com
Gary I Grenley at ggrenley@grebb.com
George S Azadian at gazadian@stroock.com; cdusi@stroock.com
J Scott McBride at scott.mcbride@barlit-beck.com
James Bernard King at jking@ecl-law.com; kschulman@ecl-law.com

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE AND ARGUMENT CONCERNING
INDIVIDUALIZED ISSUES OF THE CLASS
REPRESENTATIVES - 9 of 11

(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1  James K Barbee at jim@golbeckroth.com
2  James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com
   James P Cusick at jcusick@kslaw.com
3  James P McNeill, III at mcnej@foster.com
4  Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com;
       hickc@foster.com
5  John Degnan Munding at munding@crumb-munding.com;
       brittany@crumb-munding.com
6  John M. Hughes at john.hughes@bartlit-beck.com
7  Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com;
       lacalendar@stroock.com
8  Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com;
9      reception@corrcronin.com
   Kenneth P Herzinger at kherzinger@orrick.com
10 Kevin Daniel O'Rourke at kevin@southwellorourke.com
11 Kim D Stephens at kstephens@tousley.com; bkinsey@tousley.com
   Leslie R Weatherhead at lwlibertas@aol.com; emilyr@wkdtlaw.com;
12     janetj@wkdtlaw.com
13 Lester C Houtz at lester.houtz@bartlit-beck.com; anne.doyle@barlit-beck.com
   Mark Roth at mark@golbeckroth.com
14 Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com
15 Meredith Moss at mmoss@orrick.com
   Paul H Trinchero at ptrinchero@grebb.com
16 Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com;
17     nlg@randanco.com
   Philip S Beck at anne.doyle@bartlit-beck.com;
18 susan.dandrea@barlit-beck.com
19 Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com
   Robert J Nelson at rnelson@lchb.com
20 Ronald L Berenstain at rberenstain@perkinscoie.com;
21     jstarr@perkinscoie.com
   Stellman Keehnel at stellman.keehnel@dlapiper.com;
22     nina.marie@dlapiper.com
23 Stephen M Rummage at steverummage@dwt.com; jeannecadley@dwt.com
   Steve W Berman at steve@hbsslaw.com; carrie@hbsslaw.com;
24
25 MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
   EVIDENCE AND ARGUMENT CONCERNING
26 INDIVIDUALIZED ISSUES OF THE CLASS
   REPRESENTATIVES - 10 of 11

(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

      heatherw@hbsslaw.com
Steven Fogg at sfogg@corrcronin.com; hpowell@corrcronin.com
Timothy L Filer at filet@foster.com; howej@foster.com
Tyler S Weaver at tyler@hbsslaw.com; bonneym@hbsslaw.com;
      jeniphr@hbsslaw.com

*/s/ Leslie L Herber*

Legal Assistant to:
F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
John C. Guadnola, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
   1201 Pacific Avenue Suite 2100
   Tacoma WA  98402
   253-620-6500
   253-620-6565
Co-Lead Counsel for Lead Plaintiffs

MEM. RE: MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE AND ARGUMENT CONCERNING
INDIVIDUALIZED ISSUES OF THE CLASS
REPRESENTATIVES - 11 of 11

(CV-04-025-FVS)
[1459244 v9.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565