THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA NO. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA  98402-4314
253-620-6500

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
206-623-7292
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | NO. CV-04-025 FVS<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF REGULATORY ENFORCEMENT INVESTIGATIONS AND ACTIONS UNRELATED TO ACCOUNTING MATTERS<br><br>Hearing Date: March 3, 2010<br>9:00 a.m.<br><br>**WITH ORAL ARGUMENT** |

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
ENFORCEMENT - 1 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## I.     PRELIMINARY STATEMENT

This is a Section 11 case involving claims relating to Metropolitan Group registration statements.  As a result of recent settlements, the remaining claims involve PwC and Metropolitan and Summit FY 2000 financial statements and five Individual Defendants who signed those registration statements.

Nonetheless, PwC has made clear its intent that this trial be about everything but the registration statements.  PwC hopes to make this trial about the alphabet soup of regulatory agencies that investigated matters wholly apart from the registration statements including the U.S. Department of Justice, the U.S. Postal Service, the SEC, NASD (now FINRA) and the Washington Department of Financial Institutions ("DFI").

PwC seeks to introduce documents and evidence concerning these matters to divert the jury's attention and to inflame and confuse the jury in the hope it will place blame on other persons who had little if any involvement with the registration statements.  For the following reasons, the Court should preclude such argument and declare each of these items is inadmissible under Federal Rules of Evidence.

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
ENFORCEMENT - 2 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

II.    ARGUMENT

A.    Evidence of Regulatory Investigations and Enforcement Proceedings Are Inadmissible.

As the Court is well aware, the NASD conducted an investigation in late 2002 and into 2003 concerning Metropolitan Investment Securities, Inc. ("MIS"), the subsidiary of Summit that was the exclusive broker for the sales of all Metropolitan Group securities.  Plaintiffs have not objected to the introduction of evidence of the fact of the investigation and its result, namely the entry by MIS into an Acceptance, Waiver and Consent (AWC) agreement with the NASD in October 2003.  From this evidence, PwC can make its arguments relative to its "negative causation" defense.

PwC has made clear that this is not sufficient to achieve its goal of distracting the jury.  Instead, PwC hopes to run far afield with a plethora of evidence relating to a host of investigations and regulatory actions, most of which occurred long after the bankruptcies of Metropolitan and Summit and none of which concerned the registration statements, the financial statements or accounting issues.  In general, these matters concern investigations into the sales and marketing practices of individual brokers, some of whom were subsequently sanctioned.

There are a variety of reasons for excluding this evidence.  First and foremost, it is not relevant.  Because this is a Section 11 case, reliance on the registration statements is presumed.  Thus, "transaction causation" is

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
ENFORCEMENT - 3 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

not at issue.  What a broker said or didn't say is simply not relevant to whether there were false and misleading statements in the registration statement.  *See*, Plaintiffs' Memorandum in Support of Motion to Exclude Evidence Related to Investor Reliance on Broker Misrepresentations.

Second, introduction of such evidence would be confusing to the jury and have the tendency to mislead them into believing that broker representations or actions were relevant to Section 11 liability.  Thus, the evidence should be precluded under FRE 403 as more prejudicial than probative.

Third, introduction of such evidence would be highly prejudicial to the Class.  Focusing on the alleged "bad acts" of actors who have no responsibility for the registration statements with regard to conduct that is not relevant to Section 11 claims or damages creates the very real possibility of prejudice and decision making on factors that are improper and outside the law.

Therefore, Plaintiffs respectfully request that the Court preclude evidence and testimony related to:

- The investigation of William Edward Sears and Patricia Sears-Million by the Postal Service and the resulting criminal complaint and plea agreement in *United States of America v. William Edward Sears and Patricia Sears-Million*, Dist. Ct. Or, Cause No. 05-377 (HA);

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
ENFORCEMENT - 4 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

- The investigation by the SEC and resulting SEC enforcement action, *In the Matter of Metropolitan Mortgage & Securities Co., Inc., Summit Securities, Inc., and Western United Holding Co.*, US Securities and Exchange Commission File No. SF-02682-A;

- The investigation and subsequent enforcement action in Securities and Exchange Commission v. C. Paul Sandifur, Jr., Thomas Turner, Robert Ness, Thomas Masters, Dan W. Sandy, David Syre and Trillium Corporation, Dist. Ct. E.D. WA, Cause No. CV5-1631 (JCC);

- The NASD investigation and resulting enforcement action titled *Department of Enforcement v. Ronald Pelligrino*, NASD Office of Hearing Officers Disciplinary Proceeding No. C3B050012;

- The Washington DFI investigations and related enforcement actions against Ross Bruner, Ryan Saccomanno, Ronald Saccomanno and Steve Hoag, OAH Case No: 2005-DFI 1.

Some of these matters resulted in plea agreements or settlements. Others resulted in sanctions. Regardless of the outcome, they have no relevance in the present action. *Beck v. Cantor, Fitzgerald & Co., Inc.,* 621 F.Supp. 1547, 1565 (N.D.Ill.1985) (exclusion of all evidence of SEC investigation, SEC opinion and plaintiff's acquiescence in the SEC opinion as

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO PRECLUDE EVIDENCE REGULATORY ENFORCEMENT - 5 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

"irrelevant and immaterial for several reasons", including Court's view that plaintiff's acquiescence in SEC opinion was inadmissible pursuant to Rules 408 and 410); *In re Cenco Inc. Sec. Lit.,* 601 F.Supp. 336, 337 n. 3 (N.D.Ill.1984) (references to SEC Accounting and Auditing Enforcement Release inadmissible as evidence of settlement pursuant to Rule 408).

**B.    Regulatory Orders are Inadmissible.**

Regulatory enforcement orders have repeatedly been excluded from evidence based on Rule 408. *See, e.g., Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.,* 998 F.2d 1224, 1247 (3d Cir.1993) (evidence of settlements in two antitrust actions inadmissible under Fed.R.Evid. 408); *In re Japanese Elec. Prods. Antitrust Lit.,* 723 F.2d 238, 275 (3d Cir.1983), *rev'd on other grounds sub nom Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 471 U.S. 1002, 105 S.Ct. 1863, 85 L.Ed.2d 157 (1985) (consent order in regulatory matter not admissible in a related civil judicial proceeding). *See also Kramas v. Security Gas & Oil, Inc.,* 672 F.2d 766, 772 (9th Cir.1982) (exclusion of evidence of SEC Consent Decision affirmed, albeit pursuant to Rule 404(b) and Rule 403).

Accordingly, any evidence of regulatory enforcement actions, including those with the former Metropolitan or Summit officers, directors, and MIS personnel or brokers must be excluded.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

**C.    Settlements Are Inadmissible Pursuant to Federal Rule of Evidence 408.**

As to any proceeding that resulted in a settlement, FRE 408 provides another independent basis for exclusion.  Such evidence and argument is inadmissible under FRE 408(a).   Conceivably, the evidence may be admissible for some other purpose, but not to prove fault or place the blame on another party.  Plaintiffs cannot be certain which settlements PwC may seek to offer evidence about, but this motion extends to testimony, exhibits, or argument about any such settlements, including those matters listed above as well as:

- The April 2006 Interpleader Settlement agreement among the Debtors (Metropolitan and Summit), the Securities Class Plaintiffs, dozens of brokers and hundreds of their former clients and certain former officers and directors of Metropolitan and Summit which contains explicit disclaimers of any liability by the settling parties and expressly invokes the protections of FRE 408;

- The March 2008 settlement between PwC and the Metropolitan and Summit Creditors' Trusts;

- The settlement between Metropolitan and the IRS regarding the FLIP Transaction; and

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
ENFORCEMENT - 7 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

- Settlements between the NASD (FINRA) or Securities and Exchange Commission (SEC) and some of Metropolitan and Summit's former directors, officers, and employees or brokers.

Any and all evidence of such settlements should be excluded under FRE 408(a) if offered for the purpose of proving (or disproving) fault or other culpability by any of the parties to such settlements. That Rule provides as follows:

**Prohibited Uses.** Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim …:

(1)   furnishing or offering or promising to furnish - or accepting or offering or promising to accept - a valuable consideration in compromising or attempting to compromise the claim; and

(2)   conduct or statements made in compromise negotiations regarding the claim ….

By its terms, FRE 408(a) prohibits a party from using evidence of a settlement agreement to prove either liability or the absence of liability. That prohibition extends to settlements involving third parties, such as the settlements at issue here, that a party offers at trial in an effort to eliminate or reduce its own liability or damages. *See United States v. Contra Costa County Water Dist.,* 678 F.2d 90 (9th Cir. 1982) (affirming district court's

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO PRECLUDE EVIDENCE REGULATORY ENFORCEMENT - 8 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

exclusion of settlement agreement that water district offered as evidence that its damages should be reduced by amount of settlement negotiated with another party); *Hudspeth v. C.I.R.,* 914 F.2d 1207, 1213 (9th Cir. 1990) (FRE 408 applies to third party settlements).

Based on PwC's responses to Plaintiffs' objections to PwC's deposition designations and exhibits, Plaintiffs expect PwC to argue that such settlements are admissible evidence that third parties - rather than PwC - are at fault or liable for Plaintiffs' injuries. The argument is unavailing. FRE 408(a) prohibits admission of evidence relating to settlements regardless of whether the evidence is relevant to the issue of fault, causation, or damages; even when the case involves comparative fault issues. *See McInnis v. A.M.F., Inc.,* 765 F.2d 240, 248 (1st Cir. 1985) (reversing district court's admission of plaintiffs settlement with a third party where defendant argued that plaintiff's injury was caused by the third party and not by the defendant); *Young v. Verson Allsteel Press Co.,* 539 F. Supp. 193 (E.D. Pa. 1982) (excluding evidence of plaintiff's settlement with former co-defendant based on FRE 408).

Some of the settlements that PwC may seek to admit are inadmissible on additional, independent grounds as well. At this stage, it is difficult to discern what arguments PwC may make in support of admitting evidence of settlements. Therefore, Plaintiffs reserve their right to object to any settlement evidence on additional grounds as well, including the grounds

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
ENFORCEMENT - 9 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

cited in plaintiffs' objections to PwC's witness list, exhibit list, and deposition designations.

**D.    SEC Complaints are Inadmissible.**

Regulatory complaints by a government agency against a private litigant are also inadmissible "immaterial matter" in subsequent civil proceedings. "Immaterial matter," within meaning of federal rule of civil procedure allowing a court to strike immaterial matter from a pleading, is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Campagnolo S.R.L. v. Full Speed Ahead, Inc.* 258 F.R.D. 663 (W.D.Wash. 2009).

In *In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.,* 218 F.R.D. 76, 78 (S.D.N.Y. 2003), the Court held that references to regulatory complaints are immaterial stating that, "references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits are 'immaterial'" under the Federal Rules of Civil Procedure and ordered the references to such matters stricken from the complaint. Likewise, the regulatory complaints filed against Metropolitan, Summit, their former directors, officers and MIS personnel and brokers are immaterial and irrelevant in this case and should be excluded.

In addition, the Court should exclude reference to enforcement documents on the basis that they constitute rank hearsay. Since any regulatory complaints are not admissible to prove the truth of their contents,

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
ENFORCEMENT - 10 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

and they are otherwise irrelevant, the Court should rule *in limine* that they are inadmissible. *See Stevenson v. Hearst Consol. Publ'ns, Inc.,* 214 F.2d 902, 907 (2d Cir. 1954) ("Of course, the complaint was inadmissible as hearsay to prove the truth if its contents.")

**E.    The Receiver's Filings Are Inadmissible**

PwC has identified numerous filings by the WULA Receiver as exhibits it intends to use in this case. The Receiver Filings contain Receiver Status Reports regarding the financial activities and performance of WULA. Except to the extent that some of them contain factual detail needed to compute damages, these reports are irrelevant and any probative value is outweighed by their danger of unfair prejudice, confusion of the issues and misleading the jury. The Court should accordingly preclude reference to such filings, except to the extent certain portions are needed to compute the damages suffered by the Class.

Further, the Receiver Filings should also be excluded because they constitute inadmissible hearsay. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir. 1992) (improper for district court to rely upon orders in bankruptcy proceeding to establish facts asserted therein); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) ("courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation,

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

but rather to establish the fact of such litigation and related filings.")
(emphasis added).

### III.    CONCLUSION

Accordingly, Plaintiffs request the Court enter an Order excluding all references to regulatory enforcement proceedings, regulatory complaints, settlements, consent orders, and Receiver Filings.

Dated this 16th day of February 2010.

GORDON THOMAS HONEYWELL LLP

By  s/ Bradley B. Jones
  F. Mike Shaffer, WSBA No. 18669
  Bradley B. Jones, WSBA No. 17197
  Kenneth G. Kieffer, WSBA No. 10850
  John C. Guadnola, WSBA No. 08636
  Attorneys for Plaintiffs

HAGENS BERMAN SOBOL SHAPIRO LLP

By s/ Steve W. Berman
  Steve W. Berman, WSBA No. 12536
  Erin K. Flory, WSBA No. 16631
  Jeniphr Breckenridge, WSBA No. 21410
  Tyler S. Weaver, WSBA No. 29413
  Attorneys for Plaintiffs

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
ENFORCEMENT - 12 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on February 16, 2010, I electronically filed the

3   foregoing document with the Clerk of the Court using the CM/ECF system.

4   The Court or the CM/ECF system will send notification of such filings to the

5   CM/ECF participants listed below, and I will mail the same via U.S. Postal

6   Service to the non-CM/ECF participant(s).

7
Alison Killen Blair at ablair@orrick.com
8   Andrew K Polovin at andrew.polovin@bartlit-beck.com;
9        anne.doyle@bartlit-beck.com
Brian Charles Frontino at bfrontino@stroock.com; lacalendar@strooock.com
10  Brian D Buckley at  bbuckley@fenwick.com; doconnor@fenwick.com;
11       kroth@fenwick.com
Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com
12  Charles S Wright at charleswright@dwt.com; brianspangler@dwt.com
Christopher Lind at chris.lind@bartlit-beck.com; anne.doyle@bartlit-beck.com
13  Christopher D Landgraff at chris.landgraff@barlit-beck.com
Christopher G Emch at emchc@foster.com; pateb@foster.com
14  Daniel F Shea at dfshea@hhlaw.com
15  Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com
David D Hoff at dhoff@tousley.com; btaylor@tousley.com
16  Diana Lynn Weiss at dlweiss@kslaw.com
17  E Joseph Giometti at jgiometti@orrick.com; jcopoulos@orrick.com;
         pbenetz@orrick.com
18  Earl M Sutherland at esutherland@rmlaw.com; jlading@rmlaw.com
19  Elizabeth J Cabraser at ecabraser@lchb.com
Erin K Flory at erin@hbsslaw.com; jon@hbsslaw.com
20  Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com
21  Gary I Grenley at ggrenley@grebb.com
George S Azadian at gazadian@stroock.com; cdusi@stroock.com
22  J Scott McBride at scott.mcbride@barlit-beck.com
23  James Bernard King at jking@ecl-law.com; kschulman@ecl-law.com
James K Barbee at jim@golbeckroth.com
24

25  PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
26  ENFORCEMENT - 13 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1     James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com
2     James P Cusick at jcusick@kslaw.com
     James P McNeill, III at mcnej@foster.com
3     Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com;
        hickc@foster.com
4     John Degnan Munding at munding@crumb-munding.com;
5         brittany@crumb-munding.com
     John M. Hughes at john.hughes@bartlit-beck.com
6     Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com;
7         lacalendar@stroock.com
     Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com;
8         reception@corrcronin.com
9     Kenneth P Herzinger at kherzinger@orrick.com
     Kevin Daniel O'Rourke at kevin@southwellorourke.com
10    Kim D Stephens at kstephens@tousley.com; bkinsey@tousley.com
11    Leslie R Weatherhead at lwlibertas@aol.com; emilyr@wkdtlaw.com;
        janetj@wkdtlaw.com
12    Lester C Houtz at lester.houtz@bartlit-beck.com; anne.doyle@barlit-beck.com
13    Mark Roth at mark@golbeckroth.com
     Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com
14    Meredith Moss at mmoss@orrick.com
15    Paul H Trinchero at ptrinchero@grebb.com
     Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com;
16        nlg@randanco.com
17    Philip S Beck at anne.doyle@bartlit-beck.com;
     susan.dandrea@barlit-beck.com
18    Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com
19    Robert J Nelson at rnelson@lchb.com
     Ronald L Berenstain at rberenstain@perkinscoie.com;
20        jstarr@perkinscoie.com
21    Stellman Keehnel at stellman.keehnel@dlapiper.com;
        nina.marie@dlapiper.com
22    Stephen M Rummage at  steverummage@dwt.com; jeannecadley@dwt.com
23    Steve W Berman at steve@hbsslaw.com; carrie@hbsslaw.com;
        heatherw@hbsslaw.com
24    Steven Fogg at sfogg@corrcronin.com; hpowell@corrcronin.com
25    PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
26    PRECLUDE EVIDENCE REGULATORY
     ENFORCEMENT - 14 of 15
     (CV-04-025-FVS)
     [1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Timothy L Filer at filet@foster.com; howej@foster.com
Tyler S Weaver at tyler@hbsslaw.com; bonneym@hbsslaw.com;
        jeniphr@hbsslaw.com

*Lester L Hobbs*

Legal Assistant to:
F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
John C. Guadnola, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
    1201 Pacific Avenue Suite 2100
    Tacoma WA  98402
    253-620-6500
    253-620-6565
Co-Lead Counsel for Lead Plaintiffs

PLTFS' MEMO IN SUPPORT MTN IN LIMINE TO
PRECLUDE EVIDENCE REGULATORY
ENFORCEMENT - 15 of 15
(CV-04-025-FVS)
[1459231 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565