THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA NO. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA  98402-4314
253-620-6500

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
206-623-7292
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | NO. CV-04-025 FVS<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF OMNIBUS MOTIONS *IN LIMINE*<br><br>Hearing Date: March 3, 2010<br>9:00 a.m.<br><br>**WITH ORAL ARGUMENT** |

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE*
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

I.   RELIEF REQUESTED ........................................................................... 1

II.   ARGUMENT ....................................................................................... 1

    A.   Peremptory Challenges ................................................................. 2

    B.   The Court Should Give Expanded Preliminary Jury Instructions. ........................................................................................... 3

    C.   Plaintiffs Should Be Permitted, Pursuant to Fed. R. Evid. 611(c), to Examine Witnesses Identified with PwC by Leading Questions ......................................................................... 5

    D.   Other Cases Involving Counsel ..................................................... 7

    E.   Deposition Testimony Needs to be Designated by Page and Line ............................................................................................. 7

    F.   Twenty-four (24) Hour Notice of Witnesses and Exhibits ............ 8

    G.   Personal Beliefs or Opinions of Defense Counsel ....................... 8

    H.   The Arbitration Awards and Related Judgments are Inadmissible Hearsay ................................................................... 8

    I.   The Court Should Exclude Evidence or Argument Relating to Settlement Negotiations, Including Mediation and the Underlying Litigation ..................................................................... 12

    J.   The Court Should Exclude Reference to the Absence of Parties or Witnesses Not Called .................................................... 13

    K.   The Court Should Exclude Reference to the Fact this Motion Has been Made ............................................................... 14

III.   CONCLUSION .................................................................................... 14

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - i
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## I. RELIEF REQUESTED

COME NOW Plaintiffs and move the Court for entry of orders *in limine* as requested herein.[1]

## II. ARGUMENT

"Pretrial motions are useful tools to resolve issues which would otherwise 'clutter up' the trial. Such motions reduce the need for sidebar conferences and argument outside the hearing of the jury, thereby saving jurors' time and eliminating distractions." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986). Federal Rule of Civil Procedure 16 and Federal Rule of Evidence ("FRE") 104 allow the court to enter an order *in limine* prohibiting trial counsel from presenting evidence on matters properly excludable.

Federal Rules of Evidence 401-403 establish the rules governing the admissibility of evidence. Rule 401 provides:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of

---

[1] For the convenience of the Court and PwC, Plaintiffs have included a number of the more simple and straightforward motions *in limine* in one document, as opposed to filing separate motions, declarations, exhibits, noting forms, and proposed orders for each and every discrete issue. Plaintiffs are separately filing discrete motions *in limine* directed toward some of the larger or more disputed matters. As to the present omnibus motion, Plaintiffs file herewith a unified proposed order.

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 1
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE 401. Rule 402 precludes the admission of evidence that is not relevant, and Rule 403 further limits the admissibility of certain evidence, even if relevant "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

Plaintiffs anticipate that PwC will attempt to introduce certain evidence and testimony at trial that should properly be excluded. Plaintiffs respectfully request the Court to exclude reference to or evidence of the matters identified in the sections that follow.

### A. Peremptory Challenges

During jury selection, the Court should allow both the Plaintiffs and PwC three peremptory challenges, pursuant to 28 U.S.C.A. § 1870.

In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly. *Id.* The "right" to peremptory challenges is one of the most important rights to a litigant. *John Long Trucking, Inc. v. Greear,* 421 F.2d 125, 127-28 (10th Cir. 1970). Any questions regarding the allowance of additional peremptory challenges should be resolved in favor of such

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 2
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

additional challenges.

The Court should permit PwC the use of three peremptory challenges and should also allow Plaintiffs three such challenges.

B. **The Court Should Give Expanded Preliminary Jury Instructions.**

The Court, under Fed. R. Civ. P. 51 (b)(3), "may instruct the jury at any time after trial begins and before the jury is discharged." Plaintiffs request that the Court instruct the jury about trial procedures, the concepts of direct and circumstantial evidence, and generalized undisputed facts the burden of proof before evidence is presented, and then repeat these instructions, along with other final instructions, at the close of evidence.

Due to the complexity of the case and the evidence that Plaintiffs intend to offer in the case-in-chief, as well as the anticipated testimony PwC will elicit on cross-examination, we believe providing detailed preliminary instructions - before the presentation of evidence - will assist the jury better to understand the facts, aid in its analysis, and clarify its role:

> An alternative procedure is to instruct jurors before evidence is presented, thus providing them with a framework within which to consider the evidence to come. Empirical research suggests that preliminary instructions increase juror satisfaction with trials, and assist jurors in following legal guidelines. Judges and attorneys also express satisfaction with preliminary instructions, reported increased juror attentiveness during the proceeding due to clarification of both the jury's function and of the important issues at trial.

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 3
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Joe S. Cecil, Valerie P. Hans & Elizabeth C. Wiggins, Symposium Issue on the Selection and Function of the Modern Jury: Article: Citizen Comprehension of Difficult Issues: Lessons from Civil Jury Trials, 40 Am. U.L. Rev. 727, 770 (1991).

Concepts of direct and circumstantial evidence and the burden of proof in a civil case are not routine matters for jurors, and instructions on these concepts before the presentation of evidence can assist the jury in evaluating the testimony and trial exhibits.

Simply stated, "particularly in a complex case, the judge should give comprehensive instructions in lay terms to the jury before opening statements." *See* John C. Lowe, *Reinventing an Outdated Wheel: Innovations in Complex Litigation*, 2 Va. J.L. & Tech. 6 (1997). A practical reason exists for this admonition: "If it is to be assumed that jurors have ordinary intelligence, it may *not be* assumed that they are students of the law." *Atkinson v. Roth,* 297 F.2d 570, 574 (3d Cir. 1961); *see also McClendon v. Reynolds Elec. & Eng'g,* 432 F.2d 320, 323 (5th Cir. 1970).

Preliminary instructions can alleviate confusion and misunderstanding among jurors in their roles as decision-makers:

> [P]reinstruction can play a particularly useful role in addressing doctrinal complexity and in developing appropriate decision rules for the jury. Preliminary instructions on the relevant substantive law can give the jury a framework for processing and recalling trial testimony. Some experimental studies suggest that jurors who receive preliminary instructions are

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 4
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

> better able to recall relevant facts and more likely to apply relevant legal concepts properly...
>
> ... Some experimental data indicate that preinstruction may help jurors to perceive distinctions among multiple parties ....

Catherine T. Struve, *Constitutional Decision Rules for Juries,* 37 Colum. Human Rights L. Rev. 659, 715 (2006).

Indeed, the trend among the Circuits is to permit preliminary jury instructions to assist jurors in their decision-making roles. *In Anderson v. Griffin,* 397 F.3d 515, 520 (7th Cir. 2005), Judge Posner recognized that providing preliminary jury instructions at the outset of a case may reduce the need for cautionary instructions at the end of a case. In *Tak Sun Tan v. Runnels,* 413 F.3d 1101, 1116-17 (9th Cir. 2005), prior to opening statements and at the closing arguments, the trial court preinstructed the jurors as to their responsibilities and duties and provided instructions designed to keep the jurors within the bounds of the evidence, away from any inappropriate behavior, and directed that their decision must be based on the facts and the law.

Given the inherent complexities of securities fraud class actions, particularly those like the present case involving accounting allegations and events spanning many years, Plaintiffs, believe the jury would be well served by a comprehensive set of jury instructions prior to opening statements.

C.  **Plaintiffs Should Be Permitted, Pursuant to Fed. R. Evid. 611(c), to Examine Witnesses Identified With PwC by Leading Questions**

Plaintiffs will call their case-in-chief witnesses who are current or former employees of PwC. Plaintiffs should be permitted to examine these

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 5
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

witnesses with leading questions. Fed. R. Evid. 611(c) provides: "When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions." To protect a witness and to elicit truthful testimony, the Federal Rules of Evidence permit the use of leading questions on direct for "witnesses automatically regarded as adverse, and therefore subject to interrogation by leading questions without further showing of actual hostility." *Ellis v. City of Chicago*, 667 F.2d 606, 612-13 (7th Cir. 1981); *see* FRE 611(c) Advisory Committee Notes. Rule 611(c) states:

> Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or *a witness identified with an adverse party*, interrogation may be by leading questions.

Fed.R.Evid. 611(c) (emphasis added). The use of leading questions is mostly left to the "sound discretion of the trial judge." *Ellis*, 667 F.2d at 613. Ultimately it is the trial court who "has the authority and responsibility to control the examination of witnesses and the presentation of evidence in order to achieve the objectives of ascertaining truth and avoiding needless consumption of time." *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1477 (11th Cir. 1984). An employee of an adverse party is "identified" with the employer and may be examined with leading questions. *Perkins v. Volkswagen of Am., Inc.*, 596 F.2d 681, 682 (5th Cir. 1979). The same

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 6
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

holds true with respect to witnesses who are former employees of a defendant. *See Stahl v. Sun Microsystems, Inc.*, 775 F. Supp. 1397, 1398 (D. Colo. 1991) (allowing plaintiff to ask leading questions of defendant's former administrative secretary). Plaintiffs intend to call various former PwC employees who were engaged in PwC's audits of the Metropolitan Group. Because these witnesses are "identified with" PwC, Rule 611(c) permits Plaintiffs to examine them with leading questions.

### D. Other Cases Involving Counsel

The Court should prohibit the parties from mentioning, commenting on, or referencing *in any way* any other case in which counsel for defendants or counsel for Plaintiffs may have been involved. Such references are irrelevant and unfairly prejudicial, and therefore, should be excluded. FRE 401-403.

### E. Deposition Testimony Needs to be Designated by Page and Line

Except for purposes of impeaching the prior inconsistent statement of a testifying witness, no deposition testimony should be admitted into evidence unless the proponent of said testimony has previously designated by page and line the said testimony pursuant to this Court's Scheduling Order. The Court should also rule as to the admissibility of any designated testimony and any counter-designated testimony (and on any objections raised thereto) before it is read to the jury.

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 7
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

F. Twenty-four (24) Hour Notice of Witnesses and Exhibits

In order to facilitate the prompt and orderly presentation of witnesses, and to expedite this trial, the parties should be required to give the Court and opposing counsel 24-hour notice of each witness, and exhibit to be called or used at trial. This will provide the parties an opportunity to make any objections outside the presence of the jury and to prepare for the anticipated testimony.

G. Personal Beliefs or Opinions of Defense Counsel

The Court should prohibit any statement or remark by PwC's counsel as to personal beliefs or opinions (as opposed to stating what the facts will show or argument regarding the facts in evidence) concerning the equities or justice inherent in this case. FRE 403; *Stemmons v. Missouri Dept. of Corrections,* 82 F3d 817, 821-822 (8th Cir. 1996) (holding that it is improper for counsel to allude to their personal opinions or beliefs regarding the merits of the case in argument to the jury).

H. The Arbitration Awards and Related Judgments are Inadmissible Hearsay

Rule 801(c) defines hearsay as, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence is not admissible unless it falls within one of the exceptions enumerated in the Federal Rules of Evidence or by statute. Fed. R. Evid. 802; *Nipper v. Snipes,* 7 F.3d 415, 417 (4th Cir. 1993). Plaintiffs believe PwC will try to elicit testimony related to the Arbitrator's Awards in the

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 8
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

*Metropolitan Creditors' Trust, Summit Creditors' Trust, Metropolitan Mortgage & Securities, Inc. and Summit Securities, Inc. v. Ernst & Young, LLP* (CPR File No. G-06-62N) and *Mike Kreidler, Insurance Commissioner of the State of Washington, as Receiver for Western United Life Assurance Company v. Ernst & Young, LLP* arbitrations. However, there are no hearsay exceptions under which those awards and related judgments may be admissible. *See Carter v. Burch,* 34 F.3d 257, 265 (4th Cir. 1994); *Nipper,* 7 F.3d at 418.

In fact, the only hearsay exception that allows for the admissibility of findings of fact is limited to findings ". . . resulting from an investigation made pursuant to authority granted by law ... Fed. R. Evid. 803(8)(c); *Carter, supra; Nipper, supra* at 417.[2] Even a judge in a civil trial is not an "investigator" for purposes of Rule 803(8)(c) and "there is not slightest hint, from either the text of the rule or the advisory committee note, that the rule applies to judicial findings of fact." *Nipper, supra.* Thus there is no support for introducing an Arbitration Award resulting from a private arbitration. Since Rule 803(8)(c) is the only basis upon which PwC can attempt to admit the Arbitration Awards and the rule does not apply to judgments, it should be excluded.

Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R.

---

[2] This is why the Examiners Report prepared at the direction of Judge Williams is admissible.

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 9
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Evid. 403. This is particularly true with regard to judicial findings since they . . . present a rare case where, by virtue of their having been made by a judge, they would have likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Carter,* 34 F.3d at 265; see also, *Sparks v. Gilley Trucking Co.,* 992 F.2d 50, 52-3 (4th Cir. 1993).

More specifically, in *Nipper,* the district court admitted into evidence an order from a different action against one of the defendants. The district court attempted to limit the prejudicial effect of the order by giving limited instructions. The Fourth Circuit held that, despite the district court's attempt to limit prejudice by its instructions, the admission of the order was so flagrantly prejudicial that it constituted an abuse of discretion and reversible error. The *Nipper* Court also held that the order was inadmissible hearsay for which no exception applied. The Court placed great weight on the jury's ability (or inability) to refrain from adopting the findings held by the district court.

Many parallels can be drawn from *Nipper* to the present case. PwC clearly intends to introduce the Arbitrators' Awards. The jury will be put in the difficult position of having to distinguish between the arbitrators' findings of fact concerning related causes of action (which constitute inadmissible hearsay) from their own fact-finding duties.

It is beyond dispute that the Plaintiffs will be at a severe disadvantage in presenting their case because of the high likelihood that the jury will place undue weight on the findings made by the arbitrators in spite of any efforts

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 10
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

by the parties and the Court. As a result, whatever probative value the Awards may have (which, as explained below, is negligible) is substantially outweighed by the danger of unfair prejudice to the Plaintiffs. Therefore, the Arbitration Awards and corresponding judgments should be ruled inadmissible.

Apart from the fact the Arbitrators' Awards are hearsay and prejudicial, they are also irrelevant for a variety of reasons. First, the arbitrators had different procedural and legal standards than the present case. These were not Section 11 claims, but rather, accounting malpractice claims. The panels in these two arbitrations made no findings with respect to accounting violations but nonetheless assumed such violations occurred. Additionally, the dispositive issues in the WULA matter involved flaws in WULA's experts' analysis and WULA's resulting failure to prove causation. As to the Creditor's Trust matter, the Panel found bias of the plaintiff's expert who is not appearing in this case and fundamental flaws in the experts' work.

The disparity in the law between those arbitrations and this case was made clear by E&Y's own counsel, Phil Beck, who distinguished the arbitration and the plaintiffs in that matter from the Plaintiffs in this case:

> . . . they [the companies] do not stand in the shoes of the bondholders, and they are not allowed to assert claims on the bondholders' behalf . . . . Incidentally, there were some questions yesterday about the bondholders' actions. Those are under Section 11 of the '33 Securities Act . . . .there is no requirement that they [plaintiffs] show scienter, and there isn't even a requirement that they show

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 11
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

individual reliance. So it's a much easier standard
....

April 7, 2009 *Metropolitan Creditors' Trust v. E&Y* transcript, p. 533.

Furthermore, the Plaintiffs in this case were not a party to those arbitrations. Instead, they involved companies who faced a broad array of issues inapplicable to Plaintiffs such as *in pari delicto*. As such, this evidence must be excluded.

I.  **The Court Should Exclude Evidence or Argument Relating to Settlement Negotiations, Including Mediation and the Underlying Litigation**

Any reference to settlement negotiations or settlements in this or related matters is irrelevant, inadmissible and unfairly prejudicial. Fed. R. Evid. 401, 402, 403, 408. This includes reference to the Interpleader Settlement approved by this Court, including the claims against brokers; mediation and settlement of claims against Roth Capital Partners, LLP and Ernst & Young, LLP, and the failed mediation with PwC in June 2009.

There should also be no reference to mediation or to anything that took place at mediation; the course of mediation is privileged under Washington law. RCW 5.60.070. When state law supplies the rule of decision, as it does here, privilege is determined according to state law. Fed. R. Evid. 501; *see also Lexington Ins. Co. v. Swanson,* 240 F.R.D. 662, 666 (W.D. Wash. 2007). Washington law provides that "any communication made or materials submitted in, or in connection with, the mediation proceeding, whether made or submitted to or by the mediator, a mediation organization, a party, or any person present, are privileged and confidential

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 12
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

n/a

and are not subject to disclosure in any judicial or administrative proceeding." RCW 5.60.070(1).

Admitting evidence of settlement negotiations has a substantial likelihood of interfering with the administration of justice by discouraging full and open disclosure in settlement negotiations, and thereby inhibiting the strong public policy favoring settlement. *Id.*

Plaintiffs separately seek to preclude evidence of the $30 million settlement in the Metropolitan Creditors' Trust, Summit Creditors' Trust, Metropolitan Mortgage & Securities Co., Inc. and Summit Securities, Inc. v, PricewaterhouseCoopers, LLP litigation overseen by this Court (No. CV-05-290-FVS).

Plaintiffs' settlement efforts and discussions should be afforded the evidentiary protections that were specifically designed to encourage such efforts to compromise and settle disputes. See FRE 408; *Contra Costa County Water Dist.*, 678 F.2d at 90 (excluding evidence of settlement negotiations under Rule 408). Moreover, discussions that Plaintiff had with counsel for the Individual Defendants concerning potential settlement are also protected.

J. **The Court Should Exclude Reference to the Absence of Parties or Witnesses Not Called**

Not surprisingly, given the geographic dispersion of the Class Representatives and the length of trial, not all Class Representatives will be able to attend throughout trial. It would be improper for PwC to refer to their absence, to remark on it or call attention to it in any way, or to suggest that

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 13
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

any adverse inference be drawn therefrom. Fed. R. Evid. 401, 402, 403.

Similarly, no reference should be made to the failure of Plaintiffs to call any witnesses. Any witnesses available to the Plaintiffs were equally available to be called by PwC. It would be error to allow PwC to suggest any adverse inference based on the Plaintiffs' alleged failure to call any witness.

### K. The Court Should Exclude Reference to the Fact this Motion Has been Made

There is no relevant purpose in pointing out to the jury any of the particulars of either Plaintiffs' or PwC's motions *in limine* or the Court's orders on the motions. It would be improper for any party to suggest that the other sought to have evidence excluded from the jury's hearing. Any such reference could only be made to create unfair prejudice. Fed. R. Evid. 401, 402, 403. The Court should, therefore, enter an order barring any such reference.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court grant the foregoing motions *in limine*. A proposed Omnibus Order is submitted herewith.

Dated this 16th day of February, 2010.

GORDON THOMAS HONEYWELL LLP

By  s/ Bradley B. Jones
    F. Mike Shaffer, WSBA No. 18669
    Bradley B. Jones, WSBA No. 17197
    Kenneth G. Kieffer, WSBA No. 10850
    John C. Guadnola, WSBA No. 08636
    Attorneys for Plaintiffs

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 14
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

|   |   |
|---|---|
| 1 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | By s/ Steve W. Berman |
| 3 | Steve W. Berman, WSBA No. 12536 |
| 4 | Erin K. Flory, WSBA No. 16631<br>Jeniphr Breckenridge, WSBA No. 21410 |
| 5 | Tyler S. Weaver, WSBA No. 29413<br>Attorneys for Plaintiffs |

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 15
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to the CM/ECF participants listed below, and I will mail the same via U.S. Postal Service to the non-CM/ECF participant(s).

Alison Killen Blair at ablair@orrick.com
Andrew K Polovin at andrew.polovin@bartlit-beck.com; anne.doyle@bartlit-beck.com
Brian Charles Frontino at bfrontino@stroock.com; lacalendar@strooock.com
Brian D Buckley at bbuckley@fenwick.com; doconnor@fenwick.com; kroth@fenwick.com
Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com
Charles S Wright at charleswright@dwt.com; brianspangler@dwt.com
Christopher Lind at chris.lind@bartlit-beck.com; anne.doyle@bartlit-beck.com
Christopher D Landgraff at chris.landgraff@barlit-beck.com
Christopher G Emch at emchc@foster.com; pateb@foster.com
Daniel F Shea at dfshea@hhlaw.com
Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com
David D Hoff at dhoff@tousley.com; btaylor@tousley.com
Diana Lynn Weiss at dlweiss@kslaw.com
E Joseph Giometti at jgiometti@orrick.com; jcopoulos@orrick.com; pbenetz@orrick.com
Earl M Sutherland at esutherland@rmlaw.com; jlading@rmlaw.com
Elizabeth J Cabraser at ecabraser@lchb.com
Erin K Flory at erin@hbsslaw.com; jon@hbsslaw.com
Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com
Gary I Grenley at ggrenley@grebb.com
George S Azadian at gazadian@stroock.com; cdusi@stroock.com
J Scott McBride at scott.mcbride@barlit-beck.com
James Bernard King at jking@ecl-law.com; kschulman@ecl-law.com
James K Barbee at jim@golbeckroth.com
James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com
James P Cusick at jcusick@kslaw.com

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 16
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

James P McNeill, III at mcnej@foster.com
Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com
John Degnan Munding at munding@crumb-munding.com; brittany@crumb-munding.com
John M. Hughes at john.hughes@bartlit-beck.com
Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com; lacalendar@stroock.com
Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com; reception@corrcronin.com
Kenneth P Herzinger at kherzinger@orrick.com
Kevin Daniel O'Rourke at kevin@southwellorourke.com
Kim D Stephens at kstephens@tousley.com; bkinsey@tousley.com
Leslie R Weatherhead at lwlibertas@aol.com; emilyr@wkdtlaw.com; janetj@wkdtlaw.com
Lester C Houtz at lester.houtz@bartlit-beck.com; anne.doyle@barlit-beck.com
Mark Roth at mark@golbeckroth.com
Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com
Meredith Moss at mmoss@orrick.com
Paul H Trinchero at ptrinchero@grebb.com
Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com; nlg@randanco.com
Philip S Beck at anne.doyle@bartlit-beck.com; susan.dandrea@barlit-beck.com
Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com
Robert J Nelson at rnelson@lchb.com
Ronald L Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com
Stellman Keehnel at stellman.keehnel@dlapiper.com; nina.marie@dlapiper.com
Stephen M Rummage at  steverummage@dwt.com; jeannecadley@dwt.com
Steve W Berman at steve@hbsslaw.com; carrie@hbsslaw.com; heatherw@hbsslaw.com
Steven Fogg at sfogg@corrcronin.com; hpowell@corrcronin.com
Timothy L Filer at filet@foster.com; howej@foster.com

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 17
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

| | |
|---|---|
| 1 | Tyler S Weaver at tyler@hbsslaw.com; bonneym@hbsslaw.com; |
| 2 | jeniphr@hbsslaw.com |
| 3 | *Leslie L House* |
| 4 | Legal Assistant to: |
| 5 | F. Mike Shaffer, WSBA No. 18669 |
| 6 | Bradley B. Jones, WSBA No. 17197 |
| 7 | Kenneth G. Kieffer, WSBA No. 10850 |
| 8 | John C. Guadnola, WSBA No. 08636 |
| 9 | GORDON THOMAS HONEYWELL LLP |
| 10 | 1201 Pacific Avenue Suite 2100 |
| 11 | Tacoma WA  98402 |
| 12 | 253-620-6500 |
| 13 | 253-620-6565 |
| 14 | Co-Lead Counsel for Lead Plaintiffs |

PLTFS MEMO. IN SUPP. OF OMNIBUS MOTIONS *IN LIMINE* - 18
(CV-04-025-FVS)
[1459835 v19.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565