THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA NO. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA  98402-4314
253-620-6500

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
206-623-7292
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | NO. CV-04-025 FVS |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE PwC FROM ARGUING THAT THE JURY CAN CONSIDER DISCLOSURES MADE IN PORTIONS OF THE REGISTRATION STATEMENTS OTHER THAN THE FINANCIAL STATEMENTS TO DETERMINE WHETHER ANY MISSTATMENT AND/OR OMISSION WAS MATERIAL UNDER SECTION 11 |

MEM: RE: MOTION *IN LIMINE* TO PRECLUDE PwC
FROM ARGUING THAT THE JURY CAN CONSIDER
DISCLOURES MADE IN PORTIONS OF THE
REGISTRATION STATEMENTS - 1 of 9
(CV-04-025-FVS)
[1459254 v11.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Hearing Date: March 3, 2009
9:00 a.m.
WITH ORAL ARGUMENT

## I.    PRELIMINARY STATEMENT

PwC intends to argue that the false and misleading statements and omissions in the FY 2000 certified financial statements audited by PwC are rendered immaterial because of disclosures in other portions of the registration statement.    This argument is improper and misleading. Disclosures in other parts of a registration statement cannot cure, fit or lessen false and misleading financial statement disclosures.    SEC and accounting authority require that the financial statements stand on their own.    PwC cannot attempt to shoehorn other sources of information available to the investor to supply disclosures missing from the financial statements themselves; and the law requires complete disclosure without need for the investor to search for pieces of the puzzle from disparate sources.    Accordingly, such arguments by PwC is improper and would merely confuse and mislead the jury, and the Court should preclude PwC making such arguments during the trial.

## II.    ARGUMENT

The existence of information elsewhere in a registration statement cannot alter PwC's responsibility to be truthful about whether it did a GAAS compliant audit and whether the FY 2000 financial statements conformed to

MEM: RE: MOTION *IN LIMINE* TO PRECLUDE PwC
FROM ARGUING THAT THE JURY CAN CONSIDER
DISCLOURES MADE IN PORTIONS OF THE
REGISTRATION STATEMENTS - 2 of 9
(CV-04-025-FVS)
[1459254 v11.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

GAAP.  Nor does such "unexpertised" information otherwise relieve PwC of the need for a qualified or adverse opinion or a disclaimer of opinion.  Such information also cannot cure PwC's failure to present a statement of "parent only" cash flows for Metropolitan and Summit, as required by GAAP.  Financial statements not prepared in accordance with GAAP "will be presumed to be misleading or inaccurate, despite footnote or other disclosures . . ."  *Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.*, 454 F.3d 1168, 1176 -1177 (10th Cir. 2006).

The auditor cannot look to information located outside the financial statements and accompanying notes to supplement his otherwise false and misleading opinion.  The legal concept of materiality of information in the marketplace is based on a straightforward examination of the information available to the marketplace and its importance to investors at the time.  See *Basic Inc. v. Levinson*, 485 U.S. 224, 232 (1988).  And it is clear that failures or omissions in the registration statement, or other disclosure documents do not cure shortcomings in the financial statements.  *Ponce v. S.E.C.*, 345 F.3d 722, 730-732 (9th Cir. 2003).

Courts have consistently held that financial statement disclosures must be clear, complete and cannot be contradictory or spread out piece-meal within the same document or buried in a mass of verbiage.  A disclosure is inadequate under the federal securities laws if it takes a

MEM: RE: MOTION *IN LIMINE* TO PRECLUDE PwC
FROM ARGUING THAT THE JURY CAN CONSIDER
DISCLOURES MADE IN PORTIONS OF THE
REGISTRATION STATEMENTS - 3 of 9
(CV-04-025-FVS)
[1459254 v11.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

financial analyst to discern the truth. *Virginia Bankshares, Inc. v. Sandberg,* 501 U.S. 1083, 1089 (1991) (where disclosures conflict, "[I]f it would take a financial analyst to spot the tension between [the truth and the misleading statement], whatever is misleading will remain materially so, and liability should follow"); see *Seinfeld v. Gray,* 404 F.3d 645 (2d Cir. 2005) (Omission of information from proxy statement is actionable under Securities and Exchange Commission (SEC) rule prohibiting false or misleading statements in proxy statements, either if SEC regulations specifically require disclosure of omitted information in proxy statement, or if omission makes other statements in proxy statement materially false or misleading); *Greenapple v. Detroit Edison Co.,* 618 F.2d 198 (2d Cir. 1980) (method of presentation that obscures or distorts significance of material facts violates § 11); *Gould v. American-Hawaiian S.S. Co.,* 535 F.2d 761, 774 (3d Cir. 1976) (information may be so "buried" in a proxy statement that it constitutes a material misstatement or omission of fact, observing that "nowhere [is there] a statement giving emphasis to the conflicts of interest similar to that given to the board's approval of the merger agreement" [citations omitted]); *Gerstle v. Gamble-Skogmo, Inc.,* 478 F.2d 1281, 1297 (2d Cir. 1973) ("it is not sufficient that overtones might have been picked up by the sensitive antennae of investment analysts"); *SEC v. Falstaff Brewing Corp.,* 629 F.2d 62 (D.C. Cir. 1980) (disclosure cannot be buried in a mass of information

MEM: RE: MOTION *IN LIMINE* TO PRECLUDE PwC
FROM ARGUING THAT THE JURY CAN CONSIDER
DISCLOURES MADE IN PORTIONS OF THE
REGISTRATION STATEMENTS - 4 of 9

(CV-04-025-FVS)
[1459254 v11.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

that would give the correct impression only when pieced together; proxy statement was inadequate in that it failed to disclose with sufficient clarity the effect of a proposal on a corporation's control where the data necessary to calculate the impact of the proposal was spread over two pages).

Plaintiffs also contend, and the evidence is, that investors in Metropolitan and Summit securities did not receive adequate warnings in the form of financial statement disclosures about, *inter alia,* the dangerous liquidity created by the false accounting for the FLIP and Koa transactions, intercompany transactions, lack of adequate evidential matter to support asset valuations and the inappropriate booking of interest income on loans long delinquent. Plaintiffs' underwriting expert, James Miller, a highly experienced and sophisticated analyst, spent many hours poring over numerous reports in order to prepare parent only cash flows for Metropolitan and Summit which amply demonstrate the dangerous liquidity condition of Metropolitan and Summit and their absolute dependence upon the continual sale of hundreds of millions of dollars in securities. *See*, Miller Rebuttal Report, September 4, 2009, pp. 3-8. Here, PwC cannot argue that disclosures outside the financial statements themselves cure such misstatements or omissions.

MEM: RE: MOTION *IN LIMINE* TO PRECLUDE PwC
FROM ARGUING THAT THE JURY CAN CONSIDER
DISCLOURES MADE IN PORTIONS OF THE
REGISTRATION STATEMENTS - 5 of 9
(CV-04-025-FVS)
[1459254 v11.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

It is ironic that PwC makes this argument while simultaneously arguing in one of its motions *in limine* that it cannot be held liable for any portion of the prospectus beyond its own report in the financial statements.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court preclude PwC from introducing evidence, advancing argument or otherwise stating at trial that the jury can consider disclosures made in portions of the Registration Statements other than the financial statements  to determine whether any misstatement and/or omission was material under Section 11.

Dated this 16th day of February 2010.

GORDON THOMAS HONEYWELL LLP

By  s/ Bradley B. Jones
    F. Mike Shaffer, WSBA No. 18669
    Bradley B. Jones, WSBA No. 17197
    Kenneth G. Kieffer, WSBA No. 10850
    John C. Guadnola, WSBA No. 08636
    Attorneys for Plaintiffs

HAGENS BERMAN SOBOL SHAPIRO LLP

By  s/ Steve W. Berman
    Steve W. Berman, WSBA No. 12536
    Erin K. Flory, WSBA No. 16631
    Jeniphr Breckenridge, WSBA No. 21410
    Tyler S. Weaver, WSBA No. 29413
    Attorneys for Plaintiffs

(CV-04-025-FVS)
[1459254 v11.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to the CM/ECF participants listed below, and I will mail the same via U.S. Postal Service to the non-CM/ECF participant(s).

Alison Killen Blair at ablair@orrick.com
Andrew K Polovin at andrew.polovin@bartlit-beck.com;
    anne.doyle@bartlit-beck.com
Brian Charles Frontino at bfrontino@stroock.com; lacalendar@strooock.com
Brian D Buckley at  bbuckley@fenwick.com; doconnor@fenwick.com;
    kroth@fenwick.com
Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com
Charles S Wright at charleswright@dwt.com; brianspangler@dwt.com
Christopher Lind at chris.lind@bartlit-beck.com; anne.doyle@bartlit-beck.com
Christopher D Landgraff at chris.landgraff@barlit-beck.com
Christopher G Emch at emchc@foster.com; pateb@foster.com
Daniel F Shea at dfshea@hhlaw.com
Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com
David D Hoff at dhoff@tousley.com; btaylor@tousley.com
Diana Lynn Weiss at dlweiss@kslaw.com
E Joseph Giometti at jgiometti@orrick.com; jcopoulos@orrick.com;
    pbenetz@orrick.com
Earl M Sutherland at esutherland@rmlaw.com; jlading@rmlaw.com
Elizabeth J Cabraser at ecabraser@lchb.com
Erin K Flory at erin@hbsslaw.com; jon@hbsslaw.com
Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com
Gary I Grenley at ggrenley@grebb.com
George S Azadian at gazadian@stroock.com; cdusi@stroock.com
J Scott McBride at scott.mcbride@barlit-beck.com
James Bernard King at jking@ecl-law.com; kschulman@ecl-law.com

MEM: RE: MOTION *IN LIMINE* TO PRECLUDE PwC
FROM ARGUING THAT THE JURY CAN CONSIDER
DISCLOURES MADE IN PORTIONS OF THE
REGISTRATION STATEMENTS - 7 of 9

(CV-04-025-FVS)
[1459254 v11.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1  James K Barbee at jim@golbeckroth.com
2  James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com
   James P Cusick at jcusick@kslaw.com
3  James P McNeill, III at mcnej@foster.com
4  Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com;
       hickc@foster.com
5  John Degnan Munding at munding@crumb-munding.com;
       brittany@crumb-munding.com
6  John M. Hughes at john.hughes@bartlit-beck.com
7  Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com;
       lacalendar@stroock.com
8  Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com;
9     reception@corrcronin.com
   Kenneth P Herzinger at kherzinger@orrick.com
10 Kevin Daniel O'Rourke at kevin@southwellorourke.com
11 Kim D Stephens at kstephens@tousley.com; bkinsey@tousley.com
   Leslie R Weatherhead at lwlibertas@aol.com; emilyr@wkdtlaw.com;
12     janetj@wkdtlaw.com
13 Lester C Houtz at lester.houtz@bartlit-beck.com; anne.doyle@barlit-beck.com
   Mark Roth at mark@golbeckroth.com
14 Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com
15 Meredith Moss at mmoss@orrick.com
   Paul H Trinchero at ptrinchero@grebb.com
16 Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com;
17     nlg@randanco.com
   Philip S Beck at anne.doyle@bartlit-beck.com;
18 susan.dandrea@barlit-beck.com
19 Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com
   Robert J Nelson at rnelson@lchb.com
20 Ronald L Berenstain at rberenstain@perkinscoie.com;
21     jstarr@perkinscoie.com
   Stellman Keehnel at stellman.keehnel@dlapiper.com;
22     nina.marie@dlapiper.com
23 Stephen M Rummage at  steverummage@dwt.com; jeannecadley@dwt.com
   Steve W Berman at steve@hbsslaw.com; carrie@hbsslaw.com;
24
   MEM: RE: MOTION *IN LIMINE* TO PRECLUDE PwC
25 FROM ARGUING THAT THE JURY CAN CONSIDER
26 DISCLOURES MADE IN PORTIONS OF THE
   REGISTRATION STATEMENTS - 8 of 9

(CV-04-025-FVS)
[1459254 v11.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1    heatherw@hbsslaw.com

2    Steven Fogg at sfogg@corrcronin.com; hpowell@corrcronin.com

     Timothy L Filer at filet@foster.com; howej@foster.com

3    Tyler S Weaver at tyler@hbsslaw.com; bonneym@hbsslaw.com;

4    jeniphr@hbsslaw.com

5

6    _____

     Legal Assistant to:

7    F. Mike Shaffer, WSBA No. 18669

     Bradley B. Jones, WSBA No. 17197

8    Kenneth G. Kieffer, WSBA No. 10850

     John C. Guadnola, WSBA No. 08636

9    GORDON THOMAS HONEYWELL LLP

10       1201 Pacific Avenue Suite 2100

     Tacoma WA  98402

11       253-620-6500

         253-620-6565

     Co-Lead Counsel for Lead Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25   MEM: RE: MOTION *IN LIMINE* TO PRECLUDE PwC

26   FROM ARGUING THAT THE JURY CAN CONSIDER

     DISCLOURES MADE IN PORTIONS OF THE

     REGISTRATION STATEMENTS - 9 of 9

     (CV-04-025-FVS)

     [1459254 v11.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565