THE HONORABLE FRED VAN SICKLE

F. MIKE SHAFFER, WSBA No. 18669
BRADLEY B. JONES, WSBA NO. 17197
KENNETH G. KIEFFER, WSBA No. 10850
JOHN C. GUADNOLA, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma WA  98402-4314
253-620-6500

STEVE W. BERMAN, WSBA No. 12536
TYLER S. WEAVER, WSBA No. 29413
JENIPHR BRECKENRIDGE, WSBA No. 21410
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
206-623-7292
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | NO. CV-04-025 FVS<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT CONCERNING THE SEC'S FAILURE TO PROCEED AGAINST PwC IN CONNECTION WITH MET<br><br>Hearing Date:  March 3, 2010<br>9:00 a.m.<br><br>**WITH ORAL ARGUMENT** |

PLTFS' MEMORANDUM IN SUPP. OF MIL TO
PRECLUDE EVIDENCE & ARGUMENT  - 1 of 9
(CV-04-025-FVS)
[1459275 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

## I. PRELIMINARY STATEMENT

Plaintiffs anticipate that PwC will seek to introduce evidence or advance argument at trial that the Securities and Exchange Commission ("SEC") did not elect to bring an enforcement action against PwC in connection with the Metropolitan Group and that non-action is probative of PwC's liability. But the case law clearly prohibits such evidence or argument on the grounds that it is irrelevant and would be prejudicial and potentially misleading to the jury.

## II. ARGUMENT

Section 23 of the Securities Act entitled "Unlawful Representations" provides clearly that:

> Neither the fact that the registration statement for a security has been filed or is in effect, nor the fact that a stop order is not in effect with respect thereto shall be deemed a finding by the Commission that the registration statement is true and accurate on its face or that it does not contain an untrue statement of fact or omit to state a material fact, or be held to mean that the Commission has in any way passed upon the merits of, or given approval to, such security. It shall be unlawful to make, or cause to be made, to any prospective purchaser any representation contrary to the foregoing provisions of this section.

15 U.S.C. § 77w.

This language refers to Section 8(d) of the Securities Act that authorizes the SEC to issue a stop order to the effect that sales of securities

PLTFS' MEMORANDUM IN SUPP. OF MIL TO
PRECLUDE EVIDENCE & ARGUMENT - 2 of 9
(CV-04-025-FVS)
[1459275 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

under an effective Registration should cease due to material misrepresentations and omissions in the Registration Statement. Historically, this provision has not been frequently utilized largely because the Division of Corporation Finance is not in a position to make a case on the record shortly after a Registration Statement is declared effective. This language of Section 23 simply provides that no conclusions as to a Registration Statement can be drawn from the fact that the SEC did not authorize a stop order proceeding.

Section 26 of the Securities Exchange Act of 1934 ("Exchange Act") also entitled "Unlawful Representations" contains an even broader prohibition precluding any reference to actions or inactions by the SEC.

15 U.S.C. § 78z, states:

> no action or failure to act by the [SEC] . . . shall be construed to mean that [the SEC] has in any way passed upon the merits of, or given approval to, any security . . . , nor shall such action or failure to act with regard to any statement or report filed [with the SEC] . . . be deemed a finding by [the SEC] such statement is true and accurate on its face or that it is not false or misleading. It shall be unlawful to make, or cause to be made, to any prospective purchaser or seller of a security any representation that any such action or failure to act by any such authority is to be construed.

These provisions reflect the disclosure philosophy of the Securities Act as stated by President Franklin D. Roosevelt in a letter to Congress, dated

PLTFS' MEMORANDUM IN SUPP. OF MIL TO
PRECLUDE EVIDENCE & ARGUMENT - 3 of 9
(CV-04-025-FVS)
[1459275 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

29 March 1933, recommending the legislation that became the Securities Act:

> Of course, the Federal Government cannot and should not take any action which might be construed as approving or guaranteeing that newly issued securities are sound in the sense that their value will be maintained or that the properties which they represent will earn profits.

H.R. Rep. No. 85, "Federal Supervision Of Traffic In Investment Securities In Interstate Commerce," 73d Cong. 1st Sess. at 2-3 to 2-4 (3 May 1933).

These provisions of the Securities Act and the Exchange Act could not be clearer with regard to whether the SEC's actions or inactions are probative of the contents of a registration statement and the liability of those who prepared or certified any of its contents. The SEC simply does not verify the factual accuracy of registration statements and their associate financial statements. Under the statutory provisions quoted above, it makes no difference whether the SEC staff commented on the registration statements or initiated or elected not to initiate an enforcement action against those involved. The statutes clearly provide that no one can represent or intimate that the SEC approved a security or passed on the merits of the security in any respect or context.

The federal securities laws and case law make clear that any effort by defense counsel to make any statement to the jury implying that SEC inaction against a defendant indicates that the Plaintiff's case lacks merit is

PLTFS' MEMORANDUM IN SUPP. OF MIL TO
PRECLUDE EVIDENCE & ARGUMENT - 4 of 9
(CV-04-025-FVS)
[1459275 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

prohibited. *Abromson v. American Pacific Corp.*, 114 F.3d 898, 903 (9th Cir. 1997) (SEC inaction does not support any inference as to defendant's culpability); *cf. Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 147 (3d Cir. 2002) ("evidence of non-arrest, like evidence of non-prosecution or acquittal of a crime, is generally inadmissible in a civil trial concerning the same incident," because "the probative value of evidence of non-arrest is very limited" and there is a "danger of the jury in a civil trial exaggerating its worth"); *Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1252 (6th Cir. 1987) (evidence of party's non-prosecution on criminal charges was inadmissible in a civil case, and was "highly prejudicial" to the issue of whether the party had in fact violated the law); *American Home Assurance Co. v. Sunshine Supermarket, Inc.*, 53 F.2d 321, 325 (3d Cir. 1985) ("prosecutorial discretion may take into account many other factors not relevant in a civil suit. At best, the evidence of non-prosecution is evidence of an opinion by the prosecutor").

The law is clear that whether or not the SEC or any other government agency in exercising its discretion decided not to bring charges or claims against PwC in connection with the Metropolitan Group is not probative of any element of this Section 11 case. Further, any probative value of such evidence is substantially outweighed by unfair prejudice or confusion of the jury and is further prohibited under Federal Rule of Evidence 403.

PLTFS' MEMORANDUM IN SUPP. OF MIL TO
PRECLUDE EVIDENCE & ARGUMENT - 5 of 9
(CV-04-025-FVS)
[1459275 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

### III. CONCLUSION

Accordingly, Plaintiffs request that the Court order Defendant PwC not to argue, comment or seek to offer evidence concerning the SEC's failure to file an enforcement action against PwC.

Dated this 16th day of February 2010.

GORDON THOMAS HONEYWELL LLP

By  s/ Bradley B. Jones
    F. Mike Shaffer, WSBA No. 18669
    Bradley B. Jones, WSBA No. 17197
    Kenneth G. Kieffer, WSBA No. 10850
    John C. Guadnola, WSBA No. 08636
    Attorneys for Plaintiffs

HAGENS BERMAN SOBOL SHAPIRO LLP

By_____
    Steve W. Berman, WSBA No. 12536
    Erin K. Flory, WSBA No. 16631
    Jeniphr Breckenridge, WSBA No. 21410
    Tyler S. Weaver, WSBA No. 29413
    Attorneys for Plaintiffs

PLTFS' MEMORANDUM IN SUPP. OF MIL TO PRECLUDE EVIDENCE & ARGUMENT - 6 of 9
(CV-04-025-FVS)
[1459275 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to the CM/ECF participants listed below, and I will mail the same via U.S. Postal Service to the non-CM/ECF participant(s).

Alison Killen Blair at ablair@orrick.com
Andrew K Polovin at andrew.polovin@bartlit-beck.com; anne.doyle@bartlit-beck.com
Brian Charles Frontino at bfrontino@stroock.com; lacalendar@strooock.com
Brian D Buckley at bbuckley@fenwick.com; doconnor@fenwick.com; kroth@fenwick.com
Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com
Charles S Wright at charleswright@dwt.com; brianspangler@dwt.com
Christopher Lind at chris.lind@bartlit-beck.com; anne.doyle@bartlit-beck.com
Christopher D Landgraff at chris.landgraff@barlit-beck.com
Christopher G Emch at emchc@foster.com; pateb@foster.com
Daniel F Shea at dfshea@hhlaw.com
Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com
David D Hoff at dhoff@tousley.com; btaylor@tousley.com
Diana Lynn Weiss at dlweiss@kslaw.com
E Joseph Giometti at jgiometti@orrick.com; jcopoulos@orrick.com; pbenetz@orrick.com
Earl M Sutherland at esutherland@rmlaw.com; jlading@rmlaw.com
Elizabeth J Cabraser at ecabraser@lchb.com
Erin K Flory at erin@hbsslaw.com; jon@hbsslaw.com
Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com
Gary I Grenley at ggrenley@grebb.com
George S Azadian at gazadian@stroock.com; cdusi@stroock.com
J Scott McBride at scott.mcbride@barlit-beck.com
James Bernard King at jking@ecl-law.com; kschulman@ecl-law.com
James K Barbee at jim@golbeckroth.com
James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com

PLTFS' MEMORANDUM IN SUPP. OF MIL TO
PRECLUDE EVIDENCE & ARGUMENT - 7 of 9
(CV-04-025-FVS)
[1459275 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

James P Cusick at jcusick@kslaw.com
James P McNeill, III at mcnej@foster.com
Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com
John Degnan Munding at munding@crumb-munding.com; brittany@crumb-munding.com
John M. Hughes at john.hughes@bartlit-beck.com
Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com; lacalendar@stroock.com
Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com; reception@corrcronin.com
Kenneth P Herzinger at kherzinger@orrick.com
Kevin Daniel O'Rourke at kevin@southwellorourke.com
Kim D Stephens at kstephens@tousley.com; bkinsey@tousley.com
Leslie R Weatherhead at lwlibertas@aol.com; emilyr@wkdtlaw.com; janetj@wkdtlaw.com
Lester C Houtz at lester.houtz@bartlit-beck.com; anne.doyle@barlit-beck.com
Mark Roth at mark@golbeckroth.com
Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com
Meredith Moss at mmoss@orrick.com
Paul H Trinchero at ptrinchero@grebb.com
Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com; nlg@randanco.com
Philip S Beck at anne.doyle@bartlit-beck.com; susan.dandrea@barlit-beck.com
Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com
Robert J Nelson at rnelson@lchb.com
Ronald L Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com
Stellman Keehnel at stellman.keehnel@dlapiper.com; nina.marie@dlapiper.com
Stephen M Rummage at steverummage@dwt.com; jeannecadley@dwt.com
Steve W Berman at steve@hbsslaw.com; carrie@hbsslaw.com; heatherw@hbsslaw.com
Steven Fogg at sfogg@corrcronin.com; hpowell@corrcronin.com
Timothy L Filer at filet@foster.com; howej@foster.com

PLTFS' MEMORANDUM IN SUPP. OF MIL TO
PRECLUDE EVIDENCE & ARGUMENT - 8 of 9
(CV-04-025-FVS)
[1459275 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1  Tyler S Weaver at tyler@hbsslaw.com; bonneym@hbsslaw.com;
2  jeniphr@hbsslaw.com

*[signature]*

Legal Assistant to:
F. Mike Shaffer, WSBA No. 18669
Bradley B. Jones, WSBA No. 17197
Kenneth G. Kieffer, WSBA No. 10850
John C. Guadnola, WSBA No. 08636
GORDON THOMAS HONEYWELL LLP
　1201 Pacific Avenue Suite 2100
　Tacoma WA  98402
　253-620-6500
　253-620-6565
Co-Lead Counsel for Lead Plaintiffs

PLTFS' MEMORANDUM IN SUPP. OF MIL TO
PRECLUDE EVIDENCE & ARGUMENT  - 9 of 9
(CV-04-025-FVS)
[1459275 v12.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565