UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-25-FVS<br><br>ORDER RE EXPECTED TESTIMONY OF JANE NETTESHEIM |

**THIS MATTER** comes before the Court without oral argument based upon PricewaterhouseCoopers' motion to exclude the expected testimony of Jane Nettesheim.

**BACKGROUND**

Metropolitan Mortgage & Securities Co., Inc., ("Met"), and Summit Securities, Inc. ("Summit") sold securities through Metropolitan Investment Securities, Inc. ("MIS"). Met and Summit depended upon the sale of securities in order to raise the money they needed to finance their operations. During 2002 and 2003, they filed new registration statements with the Securities and Exchange Commission ("SEC"). The SEC did not declare them effective. Furthermore, the National Association of Securities Dealers ("NASD") began an investigation of MIS. The NASD's investigation of MIS culminated in a consent decree, which was entered during October of 2003. Among other things, MIS agreed to pay a fine of $500,000 and to refrain from selling

ORDER - 1

securities.  Thus, by the Fall of 2003, Met and Summit had no new securities to sell and no mechanism for selling new securities even if the SEC had declared effective the registration statements the companies had filed.  The companies soon ran out of cash and ceased operations.  The plaintiffs filed suit on January 20, 2004.  Met and Summit filed bankruptcy petitions the following month.

   The plaintiffs seek damages from PricewaterhouseCoopers LLP ("PwC") under Section 11 of the Securities Act of 1933.  15 U.S.C. § 77k(a).  If the plaintiffs prove liability, they are entitled to "the difference between the amount paid for the security . . . and . . . the value thereof as of the time such suit was brought[.]"  15 U.S.C. § 77k(e).  The plaintiffs have retained Jane Nettesheim to calculate their damages.  In order to do so, she must establish two values.  The first is the value of the plaintiffs' securities when they purchased them.  The second is the value of the plaintiffs' securities when they filed suit.  Ms. Nettesheim says she encountered an obstacle when she attempted to determine the second value.  She says she was unable to locate reliable financial information regarding the value of the plaintiffs' debt securities on January 20, 2004, *i.e.*, the day they filed suit.  Consequently, Ms. Nettesheim decided the value of their debt securities on that date is equal to the total amount of money they will receive from the bankruptcy court and from lawsuits. (Expert Report dated June 26, 2009, at 13; Rebuttal Expert Report dated September 4, 2009, at 55.)  PwC argues this opinion is

ORDER - 2

inadmissible under Federal Rule of Evidence 702.

**RULING**

Among other things, an expert opinion must be "the product of reliable principles and methods[.]" Fed.R.Evid. 702.  PwC's motion to exclude Ms. Nettesheim's anticipated testimony challenged the plaintiffs to identify the principles or methods upon which she relied in concluding the value of their debt securities on January 20, 2004, is equal to the total amount of money they will receive from the bankruptcy court and from lawsuits.  In an effort to meet PwC's challenge, the plaintiffs cited several passages in her reports of June 26, 2009, and September 4, 2009.  The following passage is representative:

> Given the lack of any market in the relevant securities at any time after December 2003, and the unreliability of contemporaneous financial statements and reports as previously described, the only non-speculative value that can be ascribed to the Metropolitan Debentures and Summit Investment Certificates must be the payouts actually received from settlements and through the resolution of the bankruptcy.

(Rebuttal Expert Report dated September 4, 2009, ¶ 90, at 55.)  The Court assumes, for purposes of argument, Ms. Nettesheim's premises are valid.  However, even if they are, she has not explained why the value of the plaintiffs' debt securities on January 20, 2004, equals the sum of the payouts they will receive.  Neither her June 26th report nor her September 4th report cites any literature -- academic or professional -- supporting her theory of valuation.  To the contrary,

ORDER - 3

both reports proceed on the assumption the theory is valid without explaining why that's so. And perhaps it is valid; but if it is, its validity is not obvious. All the Court can say, given the record as it now stands, is Ms. Nettesheim has presented an ingenious theory which may or may not have an adequate analytic foundation. That is not enough to satisfy the requirements of Rule 702.

**IT IS HEREBY ORDERED:**

PricewaterhouseCoopers' motion to exclude the expected testimony of Jane Nettesheim (**Ct. Rec. 749**) is **granted in part**. Ms. Nettesheim may not testify "the only non-speculative value that can be ascribed to the Metropolitan Debentures and Summit Investment Certificates must be the payouts actually received from settlements and through the resolution of the bankruptcy."

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  18th   day of February, 2010.

                              s/Fred Van Sickle
                              Fred Van Sickle
                    Senior United States District Judge

ORDER - 4