UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-25-FVS<br><br>ORDER RE EXPECTED TESTIMONY OF JOHN R. NILSON |

**THIS MATTER** comes before the Court without oral argument based upon PricewaterhouseCoopers' motion to exclude the expected testimony of John R. Nilson.

**BACKGROUND**

PricewaterhouseCoopers LLP ("PwC") sold a tax shelter to Metropolitan Mortgage & Securities Co., Inc. ("Met"). The shelter was named the "Foreign Leveraged Investment Program" ("FLIP"). It consisted of series of investments in a Swiss bank and other foreign corporations. PwC indicated the FLIP would result in an $80 million loss that would generate $28 million in tax savings for Met. During 1999, PwC issued a written opinion indicating, on a "more likely than not" basis, Met would be permitted to retain the tax savings generated by the FLIP in the event the Internal Revenue Service ("IRS") challenged the transaction.

John R. Nilson is a retired IRS Revenue Agent. The plaintiffs

ORDER - 1

intend to qualify him as an expert concerning tax shelters. He is prepared to testify that, as of 1999, the FLIP was not "more than likely than not" to survive an IRS challenge. PwC urges the Court to exclude Mr. Nilson's expected testimony in that regard. As PwC observes, the plaintiffs do not contest Met's Fiscal Year ("FY") 1999 financial statement. Rather, it is Met's FY 2000 financial statement and PwC's audit thereof that are in dispute. The plaintiffs have retained a different expert, Harris L. Devor, to evaluate the FY 2000 financial statement and audit. He did not rely upon Mr. Nilson's work in formulating his opinions, and, indeed, he does not dispute PwC's FY 1999 treatment of the FLIP. Given Mr. Devor's opinion regarding PwC's FY 1999 treatment of the FLIP, and given the fact the plaintiffs are not contesting Met's FY 1999 financial statement and PwC's audit thereof, PwC argues Mr. Nilson's expected testimony is irrelevant and prejudicial.

**RULING**

The plaintiffs' accounting expert, Mr. Devor, does not think PwC made any material accounting errors when auditing Met's FY 1999 financial statement. Rather, according to him, the errors occurred during the FY 2000 audit. Mr. Nilson's expected testimony does not support Mr. Devor's opinions regarding the FY 2000 audit, and it is inconsistent with Mr. Devor's opinions regarding the FY 1999 audit. Thus, Mr. Nilson's testimony regarding the IRS's reaction to the FLIP is irrelevant. Fed.R.Evid. 401 (evidence is relevant if it has a

ORDER - 2

"tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").  The plaintiffs may not offer Mr. Nilson's testimony on this issue during their case in chief.  However, if PwC's witnesses defend its 1999 tax advice regarding the FLIP, then the plaintiffs may call Mr. Nilson as a rebuttal witness.

**IT IS HEREBY ORDERED:**

PricewaterhouseCoopers' motion to exclude the expected testimony of John R. Nilson (**Ct. Rec. 745**) is **granted in part**.  During the plaintiff's case in chief, Mr. Nilson may not testify that, as of 1999, the FLIP was not "more than likely than not" to survive an IRS challenge.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___18th___ day of February, 2010.

                                    s/Fred Van Sickle
                                    Fred Van Sickle
                         Senior United States District Judge