The Honorable Fred Van Sickle

STEVE W. BERMAN, WSBA No. 12536
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292

BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
F. MIKE SHAFFER, WSBA No. 18669
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
(253) 620-6500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | No. CV-04-0025-FVS<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMNT BETWEEN THE CLASS AND DEFENDANT ERNST & YOUNG LLP<br><br>Hearing Date: March 26, 2010<br>Time: 6:30 p.m. |

## I.   INTRODUCTION

In this motion, the Class hereby moves for preliminary approval of the settlement of its claims against Defendant Ernst & Young ("E&Y"). Class Counsel has engaged in negotiations with E&Y for months, resulting in a

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG - 1
No. CV-04-0025-FVS

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 354641 V1

settlement for $14.25 million. Class Counsel strongly believes that this settlement is in the best interests of the Class as a whole. Class Counsel therefore requests that the Court approve the settlement.

In connection with that approval, as explained below, the Class also requests that the Court (1) delay consideration of the form and manner of notice until trial or other resolution of the claims against the other Defendants, and (2) in the meantime, provide E&Y the peace it has settled for by bifurcating the Class claims against E&Y and preliminarily barring claims against E&Y pending consideration of whether to finally approve the settlement. For the reasons outlined below, the Class believes that these are necessary steps in approving this settlement given the present circumstances.

The Class does note that, given the fact that they reached an agreement in principle with PricewaterhouseCoopers ("PwC") on February 22, 2010, some of the provisions of the E&Y settlement and the proposed orders submitted in connection with this motion will become moot if the Court approves the PwC settlement and the Class reaches agreement with the remaining individual Defendants. However, given that the PwC settlement is not final, that there is as of this filing no agreement with the remaining Defendants, that the potentially moot provisions regarding allocation of fault are part of the Settlement Agreement, and that the Class had agreed to submit approval papers to the Court no later than February 23, 2010, the Class requests entry of the proposed orders as agreed to by the Class and E&Y. The Class additionally notes that the proposed orders are nearly identical to the orders recently entered by the Court in connection with the Roth settlement.

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG - 2
No. CV-04-0025-FVS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 354641 V1

## II.    FACTS

**A.    The Negotiation of the Settlement Agreement.**

The Settlement Agreement is the product of several months' worth of negotiations between E&Y and the Class.  E&Y and the Class first participated in a joint mediation session between Roth, PwC, and E&Y before Ret. Judge Layn Phillips in June 2009.  Declaration of Tyler Weaver in Support of Motion for Preliminary Approval of Settlement ("Weaver Decl."), ¶ 4.  E&Y and the Class did not reach agreement during that mediation but in late January 2010, following the Court's ruling on the cross-motions for summary judgment on issues related to loss causation, resumed discussions.  *Id.*  After a second formal mediation on February 8, 2010, the Class and E&Y reached final agreement on February 22, 2010.  *Id.*

**B.    The Amount of the Settlement and the Terms and Conditions of Payment**

The essential term of the Settlement Agreement is that in return for the payment of $14.25 million, the Class will release all claims against E&Y.

The Settlement Agreement is expressly conditioned on the entry of a number of orders by this Court:

- An order preliminarily approving the Settlement and enjoining the assertion of claims against E&Y by other defendants or third parties.
- Entry of a bar order upon final approval of the Settlement.
- An order bifurcating claims against E&Y.
- Notice to the Class following trial of the Class' remaining claims.
- An order of final approval from the Court.

In this motion, Plaintiffs seek only preliminary approval, bifurcation of claims against E&Y, and a stay on claims against E&Y pending consideration of

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG - 3
No. CV-04-0025-FVS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 354641 V1

whether the Court should enter a final approval order and a bar order in connection with final approval of the Settlement.

**C.    Claims Released by the Class and by E&Y.**

The Settlement Agreement provides that the Class will release E&Y, and its officers and agents, from all known and unknown claims of any nature that the Class has against them arising out of the subject matter of this class action. Agreement, ¶ IV.A.

**D.    Bar on Claims against E&Y.**

By entering into the Settlement Agreement, E&Y made clear to the Class that its objective was to buy peace not only from the claims of Class but also from claims of other defendants and any claims that might be brought against E&Y by third parties.  Accordingly, E&Y requested a provision similar to a provision in the recent Roth settlement, to which the Class agreed, obligating the Class to request the entry of a Court order barring any such third-party claims against it, and also barring claims of contribution by the defendants who have not settled.

The Class requests that the Court enter as part of its preliminary approval an order that temporarily bars the remaining defendants in this case from asserting claims against E&Y, pending consideration of final approval.  The Class believes that such an order would be appropriate pending the resolution this litigation and the consideration of final approval, in order to avoid unnecessary litigation prior to and during trial, before the parties know whether (and to what extent) any other defendants actually have claims to assert against E&Y.

When the Class comes before this Court for an order finally approving the settlement, the Class will seek entry of a permanent bar order pursuant to Ninth Circuit law, including *Franklin v. Kaypro*, 884 F.2d 1222 (9th Cir. 1989). Agreement, ¶ VI.B.  *See also* Ex. C to Agreement.  However, the Court does not

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG - 4
No. CV-04-0025-FVS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 354641 V1

now, on this motion, need to consider whether a final bar order would be appropriate.

### E. Bifurcation of Claims Pending Trial.

As a condition to settlement, E&Y also demanded, and the Class agreed, that the Settlement should be conditioned on E&Y's ability to avoid having to try the claims against it after having (presumably) a settlement that the Court has preliminarily approved. The timing and nature of the Settlement makes it essentially impossible – prior to trial – to secure preliminary approval of the Settlement, provide notice to the Class, allow sufficient time for the Class to decide whether to object to the Settlement, and allow the Court time to consider whether to finally approve the Settlement. Therefore, in order for E&Y to receive peace under the Settlement and not be required to defend claims that it has settled, the Class requests that the Court enter an order bifurcating the Class' claims against E&Y pending consideration of final approval.

### F. The Duty to Cooperate

In addition, E&Y has agreed to reasonably cooperate with counsel for the Class to obtain final approval of this settlement, and has also agreed to in pursuit of their claims against the remaining defendants by producing E&Y auditor Jack Behrens at trial, subject to E&Y's exercise of any legal privileges. Agreement, ¶ IX.A.

### G. Notice to the Class.

In more conventional circumstances, the Class would move for approval of a form and manner of notice to the Class in connection with this motion for preliminary approval. However, because the Settlement only resolves claims against one defendant, and does so shortly before potential of the claims against remaining defendants, the Class hereby requests that the Court preliminarily

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG - 5
No. CV-04-0025-FVS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 354641 V1

approve the Settlement but leave the issue of the form and manner of notice to the Class until the earlier of (i) final resolution of claims against the remaining Defendants, or (ii) June 15, 2010, subject to the parties' agreement to a later date. Agreement, ¶ V.B. It is highly likely, given the recent agreement with PwC and the possible resolution of the entire case if Plaintiffs are able to resolve their claims against the remaining defendants, that there will be another event requiring notice to the Class. It will be far more efficient, and far less confusing, to have a single notice that informs the Class of the full scope of those events.

### III.    ARGUMENT

**A.    Standards for Preliminary Approval.**

The dismissal or compromise of any class action requires the Court's approval. Fed. R. Civ. P. 23(e). There are three steps to be taken by the Court in considering approval of a proposed class-action settlement: (1) the Court must preliminarily approve the proposed settlement; (2) members of the class must be given notice of the proposed settlement; and (3) a final hearing must be held, after which the Court must decide whether the proposed settlement is fair, reasonable and adequate. *See* Manual For Complex Litigation (Fourth) § 21.632, at 320-21 (2004).

The primary question raised by a request for preliminary approval is whether the proposed settlement is "within the range of possible approval." *Id.*, § 21.632 at 321. Preliminary approval does not require the Court to answer the ultimate question of whether a proposed settlement is fair, reasonable and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the members of the Class and they have had an opportunity to voice their view of the settlements. Preliminary approval is merely the prerequisite to giving notice so that members of a class have "a full and fair opportunity to

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG - 6
No. CV-04-0025-FVS



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 354641 V1

1  consider the proposed [settlement] and develop a response." *Williams v. Vukavich*,
2  720 F.2d 909, 921 (6th Cr. 1983).

3  Courts have consistently noted that the standard for preliminary approval is
4  less rigorous than the analysis at final approval. Preliminary approval is
5  appropriate so long as the proposed settlement falls "within the range of possible
6  judicial approval." A. Conte & H.B. Newberg, *Newberg on Class Actions,* § 11.25
7  (4th ed. 2002), quoting *Manual for Complex Litigation Third* § 30.41 (1997). The
8  purpose of the preliminary approval process is for the Court to ascertain whether
9  reason exists to proceed by notifying the class members of the settlement and to
10 hold a fairness hearing. *See, e.g., Armstrong v. Board of School Directors,* 616
11 F.2d 305, 314 (7th Cir. 1980). In considering whether to grant a motion for
12 preliminary approval of a proposed settlement agreement, the court utilizes a
13 "threshold inquiry" intended merely to realize conspicuous defects. *See, e.g.*, *In re*
14 *Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 337-38 (N.D. Ohio 2001).

15 Unless the Court's initial examination "disclose[s] grounds to doubt its
16 fairness or other obvious deficiencies," the Court should order that notice of a
17 formal fairness hearing be given to settlement class members under Rule 23(e).
18 *See* Manual For Complex Litigation (Fourth), § 21.633 at 321-22.

19 Moreover, the opinion of experienced counsel supporting the settlement is
20 entitled to considerable weight. *See id.* Here, experienced counsel for the Class
21 has concluded that the proposed partial settlement is in the best interests of the
22 Class, as explained below. The Settlement merits preliminary approval.

23 **1.    The Settlement Is the Result of Non-Collusive Negotiations.**

24 The proposed Settlement is the result of serious, informed, non-collusive
25 negotiations. As described above and in the Weaver Declaration, Class Counsel
26 and counsel for E&Y participated in a formal mediation in June 2009, followed by

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG - 7
No. CV-04-0025-FVS



001758-11 354641 V1

1  a second formal mediation on February 8, 2010.  The parties conducted the
2  negotiations almost exclusively through Ret. Judge Layn Phillips.

3  **2.    The Settlement Falls Within the Range of Possible Approval.**

4  Class Counsel, with the guidance of the Lead Plaintiffs, exercised their judgment based on extensive knowledge of the facts of the case and the legal issues facing the Class, as well as judgments about the strengths and weaknesses of the case.  After an extensive analysis, Class Counsel concluded that the terms of the Settlement Agreement are fair, just, and adequate.  *See* Weaver Decl., ¶ 6.

Class Counsel is, of course, extremely well-versed in the facts and legal issues to be tried in this case, having undergone years of discovery, including reviewing hundreds of thousands of pages of discovery produced by parties in this case and related cases, taking or reviewing hundreds of depositions and trial transcripts in this case and related cases, and engaging in extensive expert discovery.  Class Counsel's recommendation of the Settlement also takes into account all of the Court's recent rulings, including the *Daubert* motions decided after this settlement was reached in principle.

**3.    Class Counsel Does Not Seek an Award of Fees or Costs at This Time**

Class Counsel does not now move for a payment of fees or costs under the Settlement.  Class Counsel will file the appropriate motion for determination of fees and costs in connection with final approval of the Settlement.  The Settlement is not conditioned on the Court's approval of an award of a particular or minimum amount of fees and costs.

**4.    The Court Should Bifurcate Claims against E&Y and Preliminarily Bar Claims against E&Y Pending Final Approval**

The Class also requests that the Court enter two related orders that are necessary to protect E&Y and effectuate the Settlement.  The reasons underlying

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG - 8
No. CV-04-0025-FVS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 354641 V1

1  this request are that the Settlement does not resolve all claims against all
2  defendants in this case, trial is less than one month away, and there is no chance
3  that the Settlement will (or could) be finally approved prior to any trial given the
4  time necessary for notice and comment from Class members.  In these
5  circumstances, it is reasonable for E&Y to request, and the Court to grant, certain
6  protections that would allow the parties to litigate the Class claims in the event the
7  Settlement is not finally approved, yet not require it to participate as a defendant in
8  any trial.

9      To that end, the Settlement is conditioned in part on the entry of an order
10 bifurcating the Class claims against E&Y pending consideration of final approval.
11 This order, as set out in Exhibit B to the Agreement, severs the Class claims
12 against E&Y from the claims against the other defendants.  The result may be a
13 trial on those claims against other parties, in which E&Y does not participate as a
14 defendant.  This protects E&Y yet does not prejudice any other defendant, as at
15 any trial the other defendants will have the opportunity to defend their claims and
16 attempt, should they choose, to argue that E&Y is liable for a portion of the
17 damages.

18     Additionally, the Settlement is conditioned on entry of an order that
19 preliminarily bars the other Defendants from stating claims against E&Y prior to
20 the Court's consideration of final approval of the Settlement and a permanent bar
21 order.  This is also reasonable in the circumstances, given that the other defendants
22 will not even know, until after any trial, whether they have a claim against E&Y,
23 much less how much that claim might be worth.  In fact, as of the filing of this
24 motion, it appears likely that no defendant will have a claim for contribution
25 against E&Y.

26

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG - 9
No. CV-04-0025-FVS

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 354641 V1

**B.    It Is Appropriate to Propose and Distribute Class Notice After Trial**

Rule 23(e)(1) requires, in the event of any proposed settlement or compromise of a class action, that the class that would be bound by the settlement receive "direct notice in a reasonable manner" before the settlement can be finally approved. Typically, notice follows close on the heels of preliminary approval and is part of the preliminary approval process. However, Class Counsel believe that the timing of this partial settlement before trial, and in the midst of possible resolution of the entire matter, it is in the best interests of the Class to delay notice until after trial or the resolution of all remaining claims against the remaining Defendants.

## IV.    CONCLUSION

For the foregoing reasons, respectfully request that the Court enter the Proposed Orders, which will provide: (i) preliminary approval of the settlement; (ii) bifurcation of the Class's claims against E&Y; and (iii) an order barring the remaining defendants from asserting claims against E&Y pending the outcome of the trial and final approval of the Settlement, whichever is later.

Dated this 23rd day of February, 2010.

> GORDON, THOMAS, HONEYWELL,
> MALANCA, PETERSON & DAHEIM LLP
>
> By   s/Bradley B. Jones
>       Bradley B. Jones, WSBA No. 17197
>       Kenneth G. Kieffer, WSBA No. 10850
>       Attorneys for Plaintiffs



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

HAGENS BERMAN SOBOL SHAPIRO LLP

By  s/Tyler S. Weaver
   Steve W. Berman, WSBA No. 12536
   Jeniphr A.E. Breckenridge, WSBA #21410
   Tyler S. Weaver, WSBA #29413

Attorneys for Plaintiffs

.

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG -
11
No. CV-04-0025-FVS
001758-11  354641 V1



1918 E<small>IGHTH</small> A<small>VENUE</small>, S<small>UITE</small> 3300 • S<small>EATTLE</small>, WA  98101
(206) 623-7292 • FAX (206) 623-0594

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party via email on February 23, 2010, to the following:

George S. Azadian Azadian@strook.com

James K Barbee at jim@golbeckroth.com

Philip S Beck at anne.doyle@bartlit-beck.com; susan.dandrea@bartlit-beck.com

Ronald L Berenstain at rberenstain@perkinscoie.com; jstarr@perkinscoie.com

Steve W Berman at steve@hbsslaw.com; heatherw@hbsslaw.com

Brian D Buckley at bbuckley@fenwick.com

Elizabeth J Cabraser at ecabraser@lchb.com; ewalser@lchb.com

Kelly P Corr at kcorr@corrcronin.com; dpatterson@corrcronin.com; reception@corrcronin.com

James P. Cusick at jcusick@kslaw.com

Pearl Del Rosario at pdelrosario@orrick.com; valdeman@orrick.com

Christopher G Emch at emchc@foster.com; pateb@foster.com

Timothy L Filer at filet@foster.com; howej@foster.com

Steven Fogg at sfogg@corrcronin.com; ivandiver@corrcronin.com

E Joseph Giometti at jgiometti@orrick.com; gjohnson@orrick.com

Peter Jennings Grabicki at pjg@randanco.com; scc@randanco.com; nlg@randanco.com

Gary I Grenley at ggrenley@grebb.com

MEM. IN SUPPORT OF MOTION FOR PRELIM. APPROVAL OF SETTLEMNT BETWEEN CLASS AND ERNST & YOUNG - 12
No. CV-04-0025-FVS
001758-11 354641 V1



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1. Richard M Heimann at rheimann@lchb.com; lsimms@lchb.com

2. Kenneth P Herzinger at kherzinger@orrick.com

3. David D Hoff at dhoff@tousley.com; btaylor@tousley.com

4. Tarek Ismail at tarek.ismail@bartlit-beck.com; anne.doyle@bartlit-beck.com

5. Stephen M Knaster at sknaster@orrick.com; vadelman@orrick.com

6. James B. King at jking@ecl-law.com

7. Christopher D Landgraff at chris.landgraff@barlit-beck.com

8. Mary D Manesis at mmanesis@stroock.com; cdusi@stroock.com

9. J Scott McBride at scott.mcbride@barlit-beck.com

10. James P McNeill, III at mcnej@foster.com

11. Michael L Merriman at michael.merriman@barlit-beck.com

12. Jeffrey S Miller at milje@foster.com; kellie@foster.com; snydd@foster.com; hickc@foster.com

13. John Degnan Munding at munding@crumb-munding.com; brittany@crumb-munding.com

14. Robert J Nelson at rnelson@lchb.com

15. Kevin Daniel O'Rourke at korourke@southwellorourke.com

16. Carl J Oreskovich at carl@ettermcmahon.com; roni@ettermcmahon.com

17. Erin K. Flory at erin@hbsslaw.com; carrie@hbsslaw.com

18. Andrew K Polovin at andrew.polovin@bartlit-beck.com; anne.doyle@bartlit-beck.com

19. Terry J Price at tprice@rmalw.com

20. Mark Roth at mark@golbeckroth.com

MEM. IN SUPPORT OF MOTION FOR PRELIM. APPROVAL OF SETTLEMNT BETWEEN CLASS AND ERNST & YOUNG - 13
No. CV-04-0025-FVS
001758-11 354641 V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  Stephen M Rummage at  steverummage@dwt.com; jeannecadley@dwt.com

2  Darrell W Scott at scottgroup@mac.com; ssimatos@mac.com

3  M Todd Scott at tscott@orrick.com; jwatts@orrick.com; tmanolova@orrick.com

4  James M Shaker at shaker@ryanlaw.com; callahan@ryanlaw.com

5

6  Daniel F Shea at dfshea@hhlaw.com;

7  Kim D Stephens at kstephens@tousley.com; efile@tousley.com; jalbertson@tousley.com

8

9  Julia B Strickland at jstrickland@stroock.com; tmitchell@stroock.com; lacalendar@stroock.com

10

11  Earl M Sutherland at esutherland@rmlaw.com; lfisher@rmlaw.com

12  Beth E Terrell at bterrell@tousley.com; bkinsey@tousley.com; efile@tousley.com

13  Paul H Trinchero at ptrinchero@grebb.com

14  Michael C Tu at mtu@orrick.com; sspencer@orrick.com

15  Robert P Varian at rvarian@orrick.com

16  Fabrice Vincent at fvincent@lchb.com; dclevenger@lchb.com

17

18  Joshua Watts at jwatts@orrick.com; gjohnson@orrick.com

19  Christine Marie Weaver at cw@cweaverlaw.com

20  Diana L. Weiss at dlweiss@kslaw.com

21  Leslie Richard Weatherhead at lwlibertas@aol.com

22  Charles S Wright at charleswright@dwt.com; terriray@dwt.com

23

24

25

26

MEM. IN SUPPORT OF MOTION FOR
PRELIM. APPROVAL OF SETTLEMNT
BETWEEN CLASS AND ERNST & YOUNG -
14
No. CV-04-0025-FVS
001758-11 354641 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

| | |
|---|---|
| 1 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | By  s/ Tyler S. Weaver |
| 3 | Tyler S. Weaver, WSBA No. 29413 |
| 4 | 1918 8th Avenue, Suite 3300 |
|   | Seattle, WA 98101 |
| 5 | Telephone:  (206) 623-7292 |
|   | Facsimile:   (206) 623-0594 |
| 6 | |
| 7 | *Co-Lead Counsel for Plaintiffs* |

MEM. IN SUPPORT OF MOTION FOR PRELIM. APPROVAL OF SETTLEMNT BETWEEN CLASS AND ERNST & YOUNG - 15
No. CV-04-0025-FVS
001758-11  354641 V1

