UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-25-FVS<br><br>**AMENDED** ORDER DENYING RECONSIDERATION |

**THIS MATTER** comes before the Court upon its own motion. Having reflected further upon the plaintiffs' motion for reconsideration (Ct. Rec. 1064), the Court vacates its original order (Ct. Rec. 1086) and substitutes this order.

**BACKGROUND**

During the Fall of 2001, Metropolitan Mortgage & Securities Co., Inc., ("Met") filed a registration statement with the Securities and Exchange Commission ("SEC") seeking permission to offer Series E-7 preferred stock to the public. The SEC declared the registration statement effective on November 14, 2001. At that point in time, Met was barred by the law of the State of Washington from selling the Series E-7 preferred stock in this state. The bar was not lifted until January 25, 2002. The plaintiffs added Count VI to their complaint on December 17, 2004; which was more than three years after the effective date of the registration statement (November 14, 2001),

ORDER - 1

but less than three years after the plaintiffs began selling the Series E-7 preferred stock (January 25, 2002). PricewaterhouseCoopers ("PwC") asked the Court to dismiss, as time-barred, that part of Count VI which related to the Series E-7 preferred stock covered by the November 14th registration statement. 15 U.S.C. § 77m ("In no event shall . . . [an] action be brought to enforce a liability created under section 77k . . . more than three years after the security was bona fide offered to the public."). PwC argued, and the Court agreed, the clock began to run upon the effective date of the registration statement rather than upon the date Met was freed from the state restriction that had prevented Met from selling the securities in Washington. The plaintiffs think the Court erred. According to them, a security is not bona fide offered to the public within the meaning of § 77m until the security is genuinely offered to the public. *Cf. P. Stolz Family Partnership L.P. v. Daum*, 355 F.3d 92, 103 n. 6 (2d Cir.2004) ("The relevant question for § 13 is when was the stock really and truly (genuinely) being offered to the public, as opposed to, say, a simulated offering."). The plaintiffs maintain the Series E-7 preferred stock was not genuinely offered to the public until January 25, 2002.

**RULING**

The plaintiffs argue the legislative history and text of § 4(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77d(3)(B), demonstrate Congress anticipated a security might not be bona fide

ORDER - 2

offered to the public upon the date the SEC declares the registration statement effective. Section 77d states in pertinent part:

> The provisions of section 77e of this title shall not apply to --
> . . . .
> (3) transactions by a dealer (including an underwriter no longer acting as an underwriter in respect of the security involved in such transaction), except --
> . . . .
> (B) transactions in a security as to which a registration statement has been filed taking place prior to the expiration of forty days after the effective date of such registration statement or prior to the expiration of forty days after the first date upon which the security was bona fide offered to the public by the issuer or by or through an underwriter after such effective date, whichever is later[.]

15 U.S.C. § 77d(3)(B). In essence, "[s]ection 4(3) provides an exemption from the prospectus delivery requirements for certain transactions by dealers. . . . If a registration statement has been filed, section 4(3)(B) provides that the exemption applies during the first forty days after (1) the securities were offered to the public or (2) the effective date, whichever is later." Thomas Lee Hazen, *Federal Securities Law* at 50 (2d ed. Federal Judicial Center 2003). Thus, insofar as section 4(3)(B) is concerned, the effective date of a registration statement and the date upon which securities are offered to the public may be different dates. *Cf. Morse v. Peat, Marwick, Mitchell & Co.*, 445 F.Supp. 619, 622 n.5 (S.D.N.Y.1977) (quoting a passage from a House Report). The issue is whether Congress had something similar in mind when it enacted § 13. There is some support

ORDER - 3

for the plaintiffs' interpretation of the statute.  After all, § 13 does not say "more than three years after the registration statement was declared effective"; it says "more than three years after the security was bona fide offered to the public[.]"  15 U.S.C. § 77m.  Nevertheless, the Court is not convinced the plaintiffs are correct.  For one thing, the plaintiffs have not demonstrated the policy considerations upon which § 77d(3)(B) is based apply with equal force in the context of § 77m.  For another thing, those few courts that have discussed the question posed by the plaintiffs -- *viz.*, when is a registered security bona fide offered to the public for purposes of § 13? -- have agreed "a security is 'bona fide offered to the public' at the effective date of the registration statement[.]" *Griffin v. PaineWebber, Inc.*, 84 F.Supp.2d 508, 512 (S.D.N.Y.2000) (quoting *Finkel v. Stratton Corp.*, 962 F.2d 169, 173 (2d Cir.1992)).  As a result, the Court denies the plaintiffs' motion for reconsideration.

**IT IS HEREBY ORDERED:**

1. The plaintiffs' motion to expedite (**Ct. Rec. 1066**) is **granted**.

2. The plaintiffs' motion for reconsideration (**Ct. Rec. 1064**) is denied.

3. The plaintiffs' alternative request for clarification (**Ct. Rec. 1064**) is **granted**.  The Court's order of February 8, 2010 (Ct. Rec. 973) is limited to that part of Count VI which relates to the Series E-7 preferred stock covered by the November 14, 2001, registration statement.

ORDER - 4

1 **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___24th___ day of February, 2010.

                    _s/ Fred Van Sickle_
                      Fred Van Sickle
            Senior United States District Judge

ORDER - 5