STEVE W. BERMAN, WSBA No. 12536
ERIN K. FLORY, WSBA No. 16631
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292

BRADLEY B. JONES, WSBA No. 17197
KENNETH G. KIEFFER, WSBA No. 10850
F. MIKE SHAFFER, WSBA No. 18669
GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
(253) 620-6500

The Honorable Fred Van Sickle

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## AT SPOKANE

| | |
|---|---|
| In re METROPOLITAN SECURITIES LITIGATION | No. CV-04-0025-FVS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ORDER PRELIMINARILY APPROVING SETTLEMENT BETWEEN THE CLASS AND DEFENDANT ERNST & YOUNG LLP |

Having considered the Motion and Memorandum of Plaintiffs, pursuant to Fed. R. Civ. P. 23, for an Order preliminarily approving the proposed settlement (the "Settlement") between the Class and defendant Ernst & Young LLP ("EY") in accordance with the terms and provisions of the Settlement Agreement dated February 22, 2010.

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 353041 V1

**IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Settlement Agreement and the Judgment. Additionally, the following terms are defined herein: (i) "Non Settling Defendant" and "Non Settling Defendants" refer to those defendants other than Roth Capital Partners which or who were named in the Action as of January 1, 2010 other than EY (specifically, PricewaterhouseCoopers LLP, C. Paul Sandifur, Jr., Thomas Turner, Robert Ness, William Snider and Irv Marcus); and (ii) "Previously Settled Defendant" and "Previously Settled Defendants" refer to those defendants dismissed from the Action pursuant to the Court's Judgment and Order Finally Approving Partial Settlements filed October 6, 2006 (specifically, Robert K. Potter, Clayton E. Rudd, James V. Hawkins, Gregory S. Strate, Philip W. Sandifur, Samuel Smith, Bruce J. Blohowiak, B. Elaine Hoskin, Gary D. Brajcich, the Estate of Harold W. Erfurth, Reuel C. Swanson, William A. Smith, John T. Trimble and Erik E. Skaggs), and that defendant for whom a dismissal was preliminarily approved on February 16, 2010 (specifically Roth Capital LLP).

2. The Court has personal jurisdiction over all parties to the Action and the EY Action, including all Class Members and EY, and subject matter jurisdiction over the Action and the EY Action.

3. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 2

001758-11 353041 V1



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

4. In the interest of conserving expenses to the Class, pursuant to the terms of the Settlement Agreement, the Court shall defer approval of the form and manner of providing notice of the Settlement to the Class, and scheduling a hearing for final approval of the Settlement and Settlement Agreement (the "Final Approval Hearing").

5. The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Final Approval Hearing.

6. This Order shall become null and void, with the exception of the Bifurcation Order, and be without prejudice to the rights of the Settling Parties, all of whom shall be deemed to have reverted to their respective status in the Action and the EY Action as of February 7, 2010, if: (i) the Effective Date does not occur; or (ii) the proposed Settlement is terminated or does not become effective for any other reason. In such event, the Settlement Agreement shall become null and void and have no further force and effect, and the Settlement shall be without prejudice and none of its terms shall be effective or enforceable.

7. The Action is stayed as to EY in all respects until further order of the Court, except as may be necessary to implement and effectuate the Settlement and Settlement Agreement.

8. Pending final determination by the Court as to whether the Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved and whether the Judgment dismissing the Action and

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 3

001758-11 353041 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  the EY Action with prejudice as to EY and whether an order barring any claims for
2  contribution or indemnification against the EY Released Parties should be entered,
3  no Lead Plaintiff nor any Class Member, either directly, representatively or in any
4  other capacity, shall assert, commence or prosecute against any of the EY Released
5  Parties any of the EY Released Claims in this Action, the EY Action or any other
6  proceeding or forum.  This injunction is necessary to protect and effectuate the
7  Settlement, this Order, and the Court's flexibility and authority to effectuate the
8  Settlement and to enter judgment when appropriate, and is ordered in aid of the
9  Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

9.     Pursuant to the Settlement Agreement and applicable law, any and all claims arising out of any claims under the federal securities laws released by the Class, including, but not limited to, any claims based upon, arising out of or relating to the claims or allegations that were asserted or could have been asserted by the Class in the Action, the Class Action Complaint, Consolidated and Amended Class Action Complaint, Consolidated and Second Amended Class Action Complaint, Consolidated and Third Amended Class Action Complaint, Consolidated and Fourth Amended Class Action Complaint, or the EY Action, (a) by any person against the EY Released Parties, and (b) by the EY Released Parties as to any Non Settling Defendant, are hereby permanently barred, enjoined and restrained.  This bar shall apply whether or not the EY Released Parties are "covered persons" as defined in 15 U.S.C. § 78u-4(f)(10).  Accordingly, without limiting the above, any person (including any Non Settling Defendant and all

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 4

001758-11 353041 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

persons purporting to act on his, its or their behalf and all persons purporting to claim by or through him, it or them, whether under a subrogation theory or otherwise) is hereby permanently barred, enjoined and restrained from asserting, commencing or prosecuting against the EY Released Parties any such claims, and the EY Released Parties are hereby permanently barred, enjoined and restrained from asserting, commencing or prosecuting against any Non Settling Defendant any such claims.

10.  If any final verdict or judgment, or portion of any final verdict or judgment, under the federal securities laws is obtained by or on behalf of the Class or a Class Member against any Non Settling Defendant over matters for which EY would have been jointly and severally liable, as determined by the jury through special interrogatories allocating any liability for the expertised and non-expertised portions of the registration statements to EY, any Previously Settled Defendant and/or any Non Settling Defendant, then such final verdict or judgment, or portion of any final verdict or judgment, over matters for which EY would have been jointly and severally liable shall be reduced by the greater of: (a) an amount that corresponds to the percentage of fault or responsibility attributed to EY for the alleged loss to the Class or the Class Member as determined by the jury with regard to the portion of the judgment for which EY would have been jointly and

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 5



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 353041 V1

1  severally liable; or (b) the amounts paid by or on behalf of EY to the Class or the

2  Class Member in connection with the Settlement Agreement.

3

4  11. The Court finds that the Settlement represents a reasonable and good

5  faith settlement of all claims arising under state law, federal securities law, federal

6  non-securities law and common law released by the Class under the Settlement

7

8  Agreement and is sufficient to discharge the EY Released Parties from all such

9  claims.  The Court further finds that the EY Released Parties are entitled to

10 protection to the fullest extent permitted by applicable state and federal laws from

11

12 liability to third parties for contribution or indemnification or any other claim

13 where the claimant's injury is the claimant's liability to the Class.  These

14 protections include, without limitation, those provided by WASH. REV. CODE

15

16 § 4.22.060, CAL. CIV. PROC. §§ 877 and 877.6 and any comparable statute or

17 common law of any other state (the "Additional Contribution Protections").  The

18 Court further finds that, to the extent such Additional Contribution Protections

19

20 apply, any Non Settling Defendant shall have any final verdict or judgment

21 obtained by or on behalf of the Class or a Class Member against such Non Settling

22

23 Defendant reduced according to the corresponding judgment reduction provisions

24 applicable under such state law or federal non-securities law, including, but not

25

26

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 6



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001758-11 353041 V1

limited to, those provided by WASH. REV. CODE § 4.22.060, CAL. CIV. PROC. §§ 877 and 877.6 and any comparable statute or common law of any other state.

12.     Pursuant to the Settlement Agreement and applicable law, any person (including any Non Settling Defendant, and all persons and entities representing them or otherwise acting on their behalf), is permanently barred, enjoined and restrained from asserting, commencing or prosecuting any claim under state, federal or common law against the EY Released Parties, however styled, whether legal or equitable, whether known or unknown, whether for indemnification or contribution or otherwise denominated (including without limitation claims for breach of contract or misrepresentation), where the claim is based on, arises out of or relates in any way to claims or allegations that were asserted or could have been asserted in the Action or the EY Action (the "Barred Claims").

13.     Because the Non Settling Defendants, and all persons and entities representing them or otherwise acting on their behalf, are barred from asserting any Barred Claims against the EY Released Parties, any final verdict or judgment obtained by the Class or a Class Member against a Non Settling Defendant shall be reduced in accordance with the judgment reduction provisions under state law or federal non-securities law applicable to such Barred Claims.

14.     In the event the Action proceeds to trial as to a non-settling defendant(s):  (i) the Class may not use any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to EY, for any purpose whatsoever against EY in the Action or in any other proceeding or forum,

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 7

001758-11 353041 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

Case 2:04-cv-00025-FVS    Document 1097    Filed 02/25/10

or for any other purpose; (ii) any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to EY, shall not be admissible for any purpose whatsoever as against EY in the Action or in any other proceeding or forum; (iii) any finding, ruling, order, trial testimony, verdict or judgment or any attribution of fault or responsibility to EY, shall not constitute collateral estoppel or res judicata as to EY in the Action or the EY Action or in any other proceeding or forum; (iv) EY shall not be estopped from challenging liability in the Action or the EY Action or any other proceeding or forum as if no settlement had been negotiated or entered into; (v) EY shall not use any finding, ruling, order, trial testimony, verdict or judgment for any purpose whatsoever against the Class in the Action or the EY Action or against the Class in any other proceeding or forum, or for any other purpose; (vi) any finding, ruling, order, trial testimony, attribution of fault or responsibility to any other defendant, verdict or judgment shall not be admissible for any purpose against the Class in the Action or the EY Action or against the Class in any other proceeding or forum in any litigation between EY and the Class; (vii) any finding, ruling, order, trial testimony, attribution of fault or responsibility to any other defendant, verdict or judgment shall not constitute collateral estoppel or res judicata as to the Class in the Action or the EY Action or against the Class in any other proceeding or forum in any litigation between EY and the Class; and (viii) the Class shall not be estopped from asserting the liability of EY in the Action or the EY Action or any other proceeding or forum as if no settlement had been negotiated or entered into.

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 8

001758-11 353041 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Case 2:04-cv-00025-FVS    Document 1097    Filed 02/25/10

15. This Order shall not be construed or used as an admission, concession or declaration by or against EY of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against the Class Representatives or the Class, that their claims lack merit, that their damages are in any way limited, or that the relief requested in the Action or the EY Action is inappropriate, or as a waiver by any party of any defenses of claims he, she, or it may have.

16. The Class shall move the Court for an order approving and directing notice of the Settlement to the Class, and setting a Final Approval Hearing, no later than the earlier of either (i) final resolution of the Class's claims against the non-settling defendants in the Action, or (ii) June 15, 2010, or such continued date as the Class and EY may agree to in writing.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2010.

                                                   s/ Fred Van Sickle
                                       THE HONORABLE FRED VAN SICKLE
                                       UNITED STATES DISTRICT COURT

Presented by:

GORDON THOMAS HONEYWELL LLP


By /s Bradley B. Jones
    Bradley B. Jones
    Attorneys for Lead Plaintiffs and the Class

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 9

001758-11 353041 V1



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1

2  HAGENS BERMAN SOBOL SHAPIRO LLP

3

4
   By   /s Tyler S. Weaver
5      Tyler S. Weaver
       Attorneys for Lead Plaintiffs and the Class
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER PRELIMINARILY
APPROVING SETTLEMENT - 10

HAGENS BERMAN
1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594